IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA     PLAINTIFF

v.     Crim. No. 96-60022

JEFFREY WILLIAM PAUL     DEFENDANT

## ORDER

NOW on this 11 day of June, 1997, comes on for consideration the Report and Recommendation filed on May 5, 1997, by the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas, and the Court, being well and sufficiently advised, finds and orders as follows: Court, being well and sufficiently advised, finds as follows:

1. On December 10, 1996, defendant filed a motion to suppress (document #91) the following Rule 404(b) material:

> a. A statement(s) that "approximately two weeks before the homicide Jeff Paul possessed a .38 caliber handgun."
>
> b. A statement(s) that "approximately one week before the murder Jeff Paul was asked about the .38 caliber handgun. Paul said he and Ingle were going to rob two individuals as the Tri-Lakes Liquor store on Highway 70, but could not do it because the door was locked. Paul said they were going to shoot the two individuals and leave town."

Defendant argued that these "statements" are insufficient to be admissible under Federal Rule of Evidence 404(b).

2. The government responded that the statements would be admissible under Rule 404(b) and the motion was referred to Magistrate Judge Shepherd.

3. Magistrate Judge Shepherd held a hearing on the matter on March 31, 1997 and issued his Report and Recommendation on May 5, 1997.

Therein the Magistrate Judge commented that defendant's possession of a handgun of the same caliber as the murder weapon would certainly be a relevant matter, especially since the "act" of possession of the handgun allegedly occurred only one (1) week prior to the crime. He concluded, however, that it remains to be seen whether the government can prove the "act" of possession by a preponderance of the evidence and whether, in the context of a trial itself, such evidence will be more probative than prejudicial.

With respect to the "robbery" statement, the Magistrate Judge similarly commented that this evidence would also be relevant as to the defendant's intent and plan. However, as with the possession of the handgun, the Magistrate Judge stated that it remains to be seen whether the government can proof this alleged prior robbery plan by a preponderance of the evidence and whether, in the context of a trial itself, such evidence would be admissible under Rule 403.

The Magistrate Judge recommended that the pretrial motion to suppress be denied, without prejudice to the defendant to renew his motion at the proper time during trial.

4.  There has been no objection to the Report and Recommendation although time to object has now expired.

5.  The Court finds that the recommendation of the Magistrate Judge is sound. Accordingly, the Report and Recommendation of the Magistrate Judge will be adopted *in toto*.

IT IS THEREFORE ORDERED AND ADJUDGED that the Report and

AO 72A
(Rev. 8/82)

Recommendation filed on May 5, 1997, by the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas, be, and it hereby is, adopted in its entirety; and

IT IS FURTHER ORDERED that the defendant's motion to suppress (document #91) is denied, subject to the defendant's right to reassert the motion at the appropriate time during trial.

IT IS SO ORDERED.

JIMM LARRY HENDREN
U. S. DISTRICT JUDGE

U. S. DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

JUN 11 1997

CHRIS R. JOHNSON, CLERK
BY: _____
DEPUTY CLERK