IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.          Crim. No. 96-60022-001

JEFFERY WILLIAM PAUL                                         DEFENDANT

### JUDGMENT AND ORDER OF SENTENCE

NOW on this **25** day of June, 1997, comes on for consideration the above-captioned matter and the Court, being well and sufficiently advised, finds and orders as follows:

1. The defendant, Jeffery William Paul, represented by Lynn Williams and Steve Oliver, was found guilty on Counts One and Two by a jury after a plea of not guilty. Accordingly, the defendant is hereby adjudged guilty on both of the following counts:

> **Count One:** On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, Jeffery William Paul, and another individual known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to Title 18 U.S.C. § 7(3), did, with malice aforethought, kill Sherman Williams, by means of gunshot wounds, in the perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) and § 2.
>
> **Count Two:** On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, Jeffery William Paul, and another individual known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to Title 18 U.S.C. § 7(3), did, knowingly carry and use a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to-wit: a robbery in the National Park, Hot Springs, Arkansas, on

or about June 22, 1995 as set forth in Count 1 of this indictment which is realleged and incorporated by reference herein, in violation of Title 18 U.S.C. § 924(c)(1) and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18 U.S.C. § 1111, in that the defendant did unlawfully kill Sherman Williams by shooting him with the firearm in the perpetration of the robbery and attempted perpetration of the robbery in violation of Title 18 U.S.C. § 924(i)(1) and Title 18 U.S.C. § 2.

2. As pronounced on this date, June 25, 1997, the defendant is sentenced as provided herein below. This sentence is imposed pursuant to Title 18, United States Code, Sections 3591 through 3597, including particularly Sections 3594 and 3596. The Court declines to impose a fine on either Count due to the defendant's inability to pay. It is ordered that the defendant shall pay to the United States a special assessment of $100.00 For Count One and $100.00 For Count Two, which sums shall be due immediately.

3. Based upon the findings of the Special Verdict Form and Determination of the jury on June 15, 1997, the Court hereby imposes upon the defendant a sentence of death on Count One and a sentence of death on Count Two.

(a) The sentence shall be executed by a United States Marshal designated by the Director of the United States Marshals Service;

(b) The sentence shall be executed by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death;

(c) The sentence shall be executed on September 8, 1997, and at a place designated by the Director of the Federal Bureau of

Prisons, which date is not sooner than 60 days from entry of the judgment of death;

(d) If the date passes by reasons of a stay of execution, then a new date shall be designated promptly by the Director of the Federal Bureau of Prisons when the stay of execution is lifted;

(e) The sentence shall be executed at a federal penal or correctional institution designated by the Director of the Federal Bureau of Prisons, by a United States Marshal, designated by the Director of the United States Marshals Service, and assisted by additional personnel, selected by the Marshal and the Warden of the designated institution, acting at the direction of the Marshal;

(f) The sentence shall be executed by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death, such substances or substances to be determined by the Director of the Federal Bureau of Prisons and to be administered by qualified personnel selected by the Warden and acting at the direction of the Marshal;

(g) Unless the President of the United States interposes, the United States Marshal shall not stay execution of the sentence on the basis that the prisoner has filed a petition for executive clemency.

4. The Court directs and orders that implementation of the sentence of death shall be in accordance with the provisions of 18 U.S.C. § 3596 and that, pursuant thereto, the United States

Marshal charged with the said implementation shall supervise the same in the manner prescribed by the law of the State of Arkansas, as set forth in Ark. Code Ann. §§ 5-4-615, 5-4-617, and 16-90-502-504, and any other applicable provision of the law of the State of Arkansas governing the implementation of a sentence of death.

5. After the execution has been carried out, qualified personnel selected by the Warden of the designated institution shall conduct an examination of the body of the prisoner to determine that death has occurred and shall inform the Marshal and the Warden of his determination. Upon notification of the prisoner's death, the Marshal shall complete and sign the Return hereunder or any similar document and shall file such document with the sentencing court.

6. The remains of the prisoner shall be disposed of according to procedures established by the Director of the Federal Bureau of Prisons.

7. No officer or employee of the Department of Justice shall be required to be in attendance at or to participate in any execution if such attendance or participation is contrary to the moral or religious convictions of the officer or employee, or if the employee is a medical professional who considers such participation or attendance contrary to medical ethics. For purposes of this section, "participation" includes personal preparation of the condemned individual and the apparatus used for execution and supervision of the activities of other personnel in carrying out such activities.

-4-

8. The defendant, Jeffery William Paul, is hereby committed to the custody of the Attorney General or her authorized representative for appropriate detention pending execution of this sentence.

IT IS SO ORDERED.

JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE

U. S. DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

JUN 25 1997

CHRIS R. JOHNSON, CLERK
BY: _____
DEPUTY CLERK

-5-

This document entered on docket in compliance with Rule 32 (b) (1) and Rule 55 FRCrP.

on 6.25.97 by wht.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

         v.          Crim. No. 96-60022-001

JEFFERY WILLIAM PAUL                                        DEFENDANT


**RETURN**

I have executed this Judgment as follows:

_____
_____
_____


         Defendant was delivered on _____ to _____
at _____ with a certified
copy of this Judgment.


                                    _____
                                    United States Marshal
                                    Designated by Director,
                                    United States Marshal Service


                                    _____
                                    By:         Deputy Marshal


    I hereby inform this Honorable Court that the sentence of
death imposed herein has been executed.

         DATE:_____       _____
                                    United States Marshal
                                    Designated by Director,
                                    United States Marshal Service


-6-

AO 72A
(Rev. 8/82)