ORIGINAL
U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JAN 14 2002
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 96-60022-001 |
| | § | |
| JEFFERY WILLIAM PAUL | § | |
| | § | |
| | § | |

**MOTION FOR APPOINTMENT OF COUNSEL**
**TO PURSUE POST-CONVICTION REMEDIES, AND**
**MEMORANDUM OF LAW IN SUPPORT**

COMES NOW defendant Jeffery William Paul, and hereby moves this Court pursuant to 21 U.S.C. §848q for an Order appointing attorney Robert L. McGlasson and the Federal Defender Program, Inc., of Atlanta, Georgia, as lead counsel to pursue all available post-conviction remedies in the above-styled case. In support of same, Mr. Paul provides the following:

On June 25, 1997, Mr. Paul was convicted of murder in this Court under 18 U.S.C. §1111(a) and sentenced to death pursuant to 18 U.S.C. §3591, *et seq*. His direct appeal to the United States Court of Appeals for the Eighth Circuit was unsuccessful, *see* United States v. Paul, 217 F.3d 989 (8th Cir. 2000). On October 1, 2001, the United States Supreme Court denied review on certiorari, *see* Paul v. United States, ___ U.S. ___, 122 S.Ct. 71 (Oct. 1, 2001) No. 00-8635.

264

Having exhausted his avenues of relief on direct appeal, Mr. Paul now wishes to pursue all available post-conviction remedies, as well as clemency if necessary, and requires the assistance of counsel to do so. In this motion and memorandum he requests that this Court appoint lead counsel on direct appeal, Mr. Robert L. McGlasson, along with the office of the Federal Defender Program of Atlanta, Georgia, where Mr. McGlasson is currently employed. Mr. McGlasson has previously sent a letter to the Court indicating his willingness to remain as lead counsel in this matter, a copy of which is attached hereto as Exhibit "1" (12/12/01 Letter of Robert L. McGlasson to The Honorable Jimm Larry Hendren).

Applicable federal law requires the appointment of qualified counsel in this case. In 1988 Congress enacted the Anti-Drug Abuse Act. *See* 21 U.S.C. §848. In general the Act created a number of federal crimes involving drug trafficking, and provided for a federal death penalty in some cases.[1] Section 848(q)(4)(B) relates to the appointment of counsel (and related matters) in death penalty cases, including those arising from federal charges. That section requires, *inter alia*, the appointment of "one or more" attorneys for indigent inmates seeking relief from

---

[1] Although the law was clearly a federal criminal statute, because it related to drugs it was contained in Title 21 of the U.S. Code, dealing with food and drugs, rather than Title 18. Mr. Paul was sentenced to death under a later-enacted federal statute, 18 U.S.C. §3591 *et seq.*. The appointment of post-conviction counsel for §2255 and/or clemency proceedings in his case, however, is governed by 21 U.S.C. §848q(4)(B).

their federal capital convictions and sentences of death in §2255 proceedings or in any other post-conviction proceedings, including clemency.[2] Mr. Paul is such an inmate. His indigent status was previously determined by this Court. *See* Docket Entries Nos. 2, 3 (sealed) and 4. He is therefore entitled to the appointment of qualified counsel to pursue all available post-conviction remedies.

Since its enactment the U.S. Supreme Court has interpreted provisions of this statute, specifically holding that the appointment of qualified counsel in these cases is mandated by federal law: "[o]n its face, this statute grants indigent capital defendants a mandatory right to qualified legal counsel and related services '[i]n any [federal] post conviction proceeding.'" McFarland v. Scott, 512 U.S. 849, 114 S.Ct. 2568, 2571-74 (1994) (emphasis added).

The 1988 law also contains specific provisions regarding qualifications of counsel, *ex parte* proceedings for funds for experts, investigators and other

---

[2] The statute provides:

> (B) In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9).

21 U.S.C. §848(q)(4)(B).

necessary services, and payment of counsel. In particular the law requires that appointed counsel have sufficient experience and expertise in the appropriate area of law.[3] For a variety of reasons set forth herein and in the accompanying exhibits, the proper course in this case is for the Court to appoint undersigned counsel Robert L. McGlasson and his office as lead counsel in this matter.

As previously noted, and as set forth in Exhibit "1" attached to this Motion, the appointment of undersigned counsel makes sense for a variety of reasons. Mr. McGlasson was appointed by the U.S. Court of Appeals for the Eighth Circuit to represent Mr. Paul on direct appeal. Mr. McGlasson acted as lead counsel on appeal, working with appellate co-counsel Steven Oliver. Mr. Oliver was one of Mr. Paul's two trial attorneys and is therefore unable to continue acting as counsel

---

[3] In post-trial cases such as this, sub-section (6) provides:

> at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.

21 U.S.C. §848(q)(6). Sub-section (7) provides:

> With respect to paragraphs (5) and (6), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.

*Id.*

to Mr. Paul. (He has also become the district attorney for Garland County, Arkansas, during the intervening period of time).

For these reasons, Mr. McGlasson is familiar with the underlying record in this case. Appointment of Mr. McGlasson will thus avoid unnecessary duplication of efforts, as well as allow a more expeditious treatment of possible issues for adjudication in §2255 proceedings.

Mr. McGlasson also continues to have an ongoing attorney-client relationship with Mr. Paul, who has indicated his desire to have Mr. McGlasson continue acting as his lead counsel in this case. *See* Exhibit "2" attached hereto (Declaration of Robert L. McGlasson). Mr. McGlasson's appointment will therefore ensure continuity of counsel and promote an agreeable working relationship between attorney and client.

Appointment of Mr. McGlasson and his federal defender office will also further enhance the quality and efficiency of the representation in this case. Undersigned counsel will have access to defender resources, personnel, and training programs, and can call upon those resources to assist in developing and presenting his case to the Court.

With respect to undersigned counsel's qualifications, although Mr. McGlasson has not been admitted to practice in the Eighth Circuit Court of

Appeals, a fact normally contemplated in the statute, *see* 848q(6), it is clear he has the necessary experience and qualifications, coupled with his prior representation in the case, to ensure Mr. Paul receives the quality of counsel required by law, *see* 848(q)(7). A copy of Mr. McGlasson's resume, attached hereto as Exhibit "3", demonstrates why this is so.

After graduating from Yale Law School in 1981, undersigned counsel served as a law clerk for the Honorable Elbert P. Tuttle on the U.S. Court of Appeals for the Fifth/Eleventh Circuit.[4] Counsel thereafter was an associate at the Atlanta law firm of Trotter, Bondurant, Miller & Hishon (no longer in existence). In December, 1983, undersigned counsel began practicing full time in the area of death penalty defense litigation[5], and has practiced in this field continuously for over eighteen years, from 1983 until the present.

Between 1983 and 1987, counsel served as a staff attorney with the Southern Prisoners' Defense Committee in Atlanta, Georgia. At the Committee counsel represented numerous capital defendants at all stages of the pre-trial, trial, appeal, and post-conviction process. *See* Exhibit 3 (Resume of Robert L.

---

[4] Counsel's clerkship spanned the year during which the Fifth and the Eleventh Circuits formally split.

[5] During the year counsel was employed at Trotter, Bondurant, in response to a call from the federal judiciary for volunteer attorneys, undersigned counsel had undertaken the representation of a death-sentenced inmate in Georgia on a *pro bono* basis.

McGlasson, listing representative cases).

In 1987 undersigned counsel moved to Texas and founded the Capital Punishment Clinic at the University of Texas School of Law. Undersigned counsel taught continuously as an adjunct professor at UT Law School in the field of capital punishment law from 1987 through the Spring semester of 1993.

In 1988, while teaching at the University of Texas School of Law, undersigned counsel founded the Texas Resource Center, and was its Executive Director until the end of 1991. In December of 1991, counsel remained with the Resource Center as its Special Projects Director, and returned to the University of Texas Law School to increase his commitments and teaching time with the Capital Punishment Clinic. Throughout the time undersigned counsel was in Texas, he practiced solely in the field of habeas corpus capital representation.

In the summer of 1993, undersigned counsel returned to Atlanta, Georgia. He began a private practice and continued to work full time in the area of death penalty defense.

In January, 2000, undersigned counsel became employed with the Federal Defender Program of Atlanta, Georgia. He is supervising attorney for the Capital Habeas Unit, where he has continued in full time capital defense work.

In short, in addition to having represented Mr. Paul for over three years

while on direct appeal, as a general matter undersigned counsel has extensive experience in the relevant area of law. During the previous eighteen years of his practice counsel has represented numerous death row inmates at all levels of state and federal habeas corpus proceedings, in courts throughout the Fourth, Fifth, Ninth and Eleventh Circuits, and on several occasions before the U.S. Supreme Court. While in private practice he has been appointed as lead counsel in federal courts in California, Texas, and Georgia. In addition to his teaching experience at the University of Texas, undersigned counsel has taught seminars and conducted training conferences in this field throughout the country on numerous occasions. For all of these reasons, undersigned counsel qualifies under sub-section (7) of §848(q).

## Conclusion

This Court is required to appoint counsel in this case under applicable federal statute, 21 U.S.C. §848(q), and under governing federal case law, *see* McFarland v. Scott, *supra*. Counsel seeks nothing here that is not required by federal law. For reasons of quality of representation, continuity of counsel, and basic efficiency, the appointment of Mr. McGlasson and his office is demonstrably reasonable.

For these reasons, undersigned counsel respectfully requests that this Court appoint Robert L. McGlasson and the Federal Defender Program, Inc. of Atlanta, Georgia, in the above-styled case. A proposed Order is attached to this Motion, for the Court's convenience.

Respectfully submitted,

Robert L. McGlasson
Georgia Bar No. 492638
Federal Defender Program
100 Peachtree Suite NW, Suite 200
Atlanta, Georgia 30303
(404) 688-7530
Fax: (404) 688-0768

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 96-60022-001 |
| | § | |
| JEFFERY WILLIAM PAUL | § | |
| | § | |
| ________________________________ | § | |

**ORDER**

This matter comes before the Court on the motion of Robert L. McGlasson, on behalf of defendant Jeffery William Paul, requesting that the Court appoint Robert L. McGlasson and the Federal Defender Program, Inc., of Atlanta, Georgia, to represent Mr. Paul in any available post-conviction proceedings, including §2255 and, if necessary, clemency proceedings.

Good cause appearing therefore, it is ordered that Robert L. McGlasson and the Federal Defender Program, Inc., of Atlanta, Georgia, are hereby appointed to represent the defendant Jeffery William Paul, pursuant to 21 U.S.C. §848(q)(4)(B) in all available post-conviction proceedings, including clemency, if necessary. The effective date of his appointment is

SO ORDERED this __ day of ________, 2002.

________________________________
U.S. DISTRICT JUDGE