EXHIBIT 1

**FEDERAL DEFENDER PROGRAM, INC.**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

SUITE 200, THE EQUITABLE BUILDING
100 PEACHTREE STREET
ATLANTA, GEORGIA 30303

STEPHANIE KEARNS
EXECUTIVE DIRECTOR

*TELEPHONE*
404 688-7530
800 688-7538
FAX
404 688-0768

December 12, 2001

The Honorable Jimm Larry Hendren
Chief Judge, U.S. District Court,
Western District of Arkansas
P.O. Box 3487
Fayetteville, Arkansas 72702

Re: Appointment of Counsel - United States v. Paul

Dear Judge Hendren:

I am writing concerning the case of Jeffrey Paul, who as you know was convicted of §1111 murder and sentenced to death in your Court. I was appointed by the Eighth Circuit Court of Appeals to represent Mr. Paul on direct appeal, along with trial counsel Steve Oliver. (Mr. Lynn Williams, the other trial attorney in the case, had changed employment and was no longer able to continue working on the case). The Supreme Court recently denied certiorari. A petition for rehearing is still pending.

I am sending this letter to inform the Court of my willingness to continue representing Mr. Paul in federal habeas corpus proceedings under 28 U.S.C. §2255. When I undertook the appointment on appeal, I had agreed, subject to your approval, that I would continue to act as lead counsel for Mr. Paul in any potential federal habeas corpus proceedings in the case. I made these representations to the Eighth Circuit, the local federal defender and the federal resource counsel organization with the Administrative Office of the U.S. Courts. At the time it was important to those involved in the appointment decision that any new (non-trial) attorney tapped to replace Mr. Williams be willing to take the case into habeas proceedings (if necessary), so as to ensure continuity of counsel and for purposes of cost-savings and efficiency.

From the beginning I have also been clear with Mr. Paul that it was my intention, assuming your Honor agreed, to represent Mr. Paul in federal habeas proceedings should the need arise. I have maintained ongoing contact with Mr. Paul throughout the time his case has been pending on appeal and in certiorari proceedings. Just last week I confirmed with him *via* telephone that he would like for me to continue representing him, if the

Court is willing to appoint me. If the Court wishes I would be happy to obtain written documentation from Mr. Paul of his desire on this issue.

In the intervening period I have become employed with the Capital Habeas Section of the Federal Defender Program here in Atlanta, maintaining my practice in capital habeas litigation. At this time, in order for me to continue representing Mr. Paul in habeas proceedings, it would require the Court to appoint me as a part of our Federal Defender office. Before I started with this office, I informed our director, Ms. Stephanie Kearns, of my involvement in Mr. Paul's case (and my prior agreement to continue that representation into §2255 proceedings). After consulting with the Defender Services Division of the Administrative Office and obtaining its approval, Ms. Kearns has herself approved this proposed appointment arrangement, assuming the Court is agreeable.

I would respectfully suggest to the Court that this manner of handling the matter of counsel appointment in Mr. Paul's case makes sense for a variety of reasons. The obvious include the benefits to be derived from continuity of counsel and maintaining the existing attorney-client relationship. Such continuity avoids the inevitable cost and delay that would arise if the Court appointed new counsel completely unfamiliar with the voluminous record and the previously litigated legal issues in the case. Any new counsel will necessarily be required to spend substantial time reviewing the existing trial and appellate record in the case as an initial step, something I have already done as a part of my representation on appeal. My continued involvement will thus alleviate significant duplication in the work to be done in habeas corpus proceedings.

Appointment of the Federal Defender with whom I am currently employed will further reduce costs because local office resources can be utilized on the case. Expenses otherwise billable by a privately employed attorney can also be absorbed within our office's budget. And as a member of the federal defender system I will be able to use the local services of the Arkansas Federal Defender organization, thereby providing further cost-savings as well as drastically enhancing my ability adequately to represent Mr. Paul.

For the Court's consideration, I am enclosing with this letter a copy of my resume. I am also willing to come to Fayetteville to meet with your Honor about this matter should you deem it useful or necessary. If I can provide any further information, please do not hesitate to contact me.

Thank you for your attention, and best wishes.

Very truly yours,

/s/

Robert L. McGlasson

w/encl.

cc: Mr. Michael Gans, Clerk, U.S. Court of Appeals
for the Eighth Circuit
Mr. Steve Snyder, Assistant U.S. Attorney
Mr. Jeffrey Paul, USP, Terre Haute, Indiana