**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **Civil No. 96-60022-001**

**JEFFREY WILLIAM PAUL** **DEFENDANT**

**ORDER**

Now on this 20 day of May 2002, comes on for consideration Defendant's Motion for Appointment of Second Counsel to Pursue Post-Conviction Remedies, and the Court, being well and sufficiently advised and having reviewed the current Motion in light of Mr. McGlasson's earlier submissions, expresses its belief that defendant has failed to present a sustainable justification for the appointment of additional counsel in this matter, noting that simply because dual appointments may be "routine" or "commonplace" does not mean such appointments are sound judicial practice. Recognizing that defendant is entitled to one or more "qualified legal counsel" to assist him in petitioning for post-conviction relief, the Court believed in January 2002, as it continues to believe now, that Mr. McGlasson is qualified to represent defendant in this habeas matter and the Court will continue to so believe until such time as defendant presents compelling circumstances indicating that this matter is sufficiently complex to require more qualified and/or additional counsel. For these reasons, defendant's motion is **denied.**

**IT IS SO ORDERED.**

**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAY 20 2002

CHRIS R. JOHNSON, CLERK

BY
DEPUTY CLERK

AO 72A
(Rev.8/82)

268