U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
AUG 26 2002
CHRIS R. JOHNSON, CLERK
BY [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 96-60022-001 |
| | § | |
| JEFFERY WILLIAM PAUL | § | |
| | § | |
| | § | |

**UNOPPOSED** MOTION FOR EQUITABLE TOLLING
OF STATUTE OF LIMITATIONS
AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW defendant Jeffery William Paul, and hereby respectfully moves this Court pursuant to applicable federal authority for an order equitably tolling the one year statute of limitations period for the filing of Mr. Paul's §2255 motion in this matter. For the reasons set forth below, Mr. Paul seeks tolling for a period of 77 days, making his §2255 motion due to be filed on or before December 17, 2002. Undersigned counsel has spoken with opposing counsel, Assistant U.S. Attorney Steven Snyder, regarding this Motion, and is authorized to state that Mr. Snyder has no opposition to the Court's granting of the Motion. In support of same Mr. Paul provides the following:

On June 25, 1997, Mr. Paul was convicted of murder in this Court under 18 U.S.C. §1111(a) and sentenced to death pursuant to 18 U.S.C. §3591, *et seq*. His direct appeal to the United States Court of Appeals for the Eighth Circuit was

269

unsuccessful, *see* United States v. Paul, 217 F.3d 989 (8th Cir. 2000). On October 1, 2001, the United States Supreme Court denied review on certiorari, *see* Paul v. United States, ___ U.S. ___, 122 S.Ct. 71 (Oct. 1, 2001) No. 00-8635.

Under applicable federal law Mr. Paul is thus required to file any §2255 motion in this case on or before October 1, 2002, to be in compliance with the statute of limitations requirements contained in the Anti-terrorism and Effective Death Penalty Act [hereinafter "AEDPA"]. *See* 28 U.S.C. §2255. It is a brief tolling of that limitations period that he hereby respectfully seeks from this Court.

**Factual Basis**

This Court appointed undersigned counsel to represent Mr. Paul on January 30, 2002. Thereafter, with the exception of the period between the end of January and the middle of March, 2002, counsel has been diligently working on the investigation of facts and development of legal claims in this matter. (During the period shortly after undersigned counsel's appointment and running through the middle of March, 2002, undersigned counsel was required to spend virtually full time in the representation of a Georgia death row inmate, Tracy Housel, who was executed on March 12, 2002. Undersigned counsel was appointed to represent this inmate in federal habeas corpus and clemency proceedings. Throughout that period of time he was unable to spend significant time working on Mr. Paul's

case.) Since early April, 2002, undersigned counsel has spent substantial time gathering and reviewing relevant case documents, locating and speaking with relevant witnesses, and researching applicable law concerning a variety of potential legal claims in the case. Despite this diligent efforts, it has become apparent, due to a variety of factors over which counsel has little if any control, that he will be unable to complete his investigations, research, draft and file an adequate §2255 motion in this case within the applicable time period which currently ends on October 1, 2002.

For example, on April 3, 2002, undersigned counsel sent correspondence to all relevant offices of the Federal Bureau of Investigation seeking documents pertaining to Mr. Paul's case pursuant to the Freedom of Information Act. Since that date counsel has diligently followed up on these requests, sending several additional letters and making numerous telephone inquiries to both the pertinent field offices as well as to the central office of the FBI in Washington, D.C. Despite these efforts, undersigned counsel has yet to obtain any documents from the FBI, despite no dispute that he is entitled to such documents under relevant federal law. At present counsel has been told that such documents, which are apparently numerous, will only be made available to him, at the earliest, some time in August, 2002, almost four months after they were initially requested, and less than 60 days

from the end of the existing limitations period.

Access to these files is essential to undersigned counsel's ability adequately to investigate and pursue a number of potential legal claims in this case which counsel has a duty to develop at this time or risk waiving for any future review by this Court. *See* McCleskey v. Zant, 481 U.S. 279 (1991). Such claims include possible issues of prosecutorial misconduct, *see e.g.*, Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), as well as any claim of ineffective assistance of counsel, *see e.g.* Strickland v. Washington, 466 U.S. 668 (1984).

Once counsel receives the FBI files in this case presumably in August, substantial time thereafter will be required both to review and index their contents, and then pursue any investigations that may arise in light of such review. Depending upon when such files are actually turned over to undersigned counsel, he may have less than one month to review and index their contents as well as pursue all investigative leads contained therein, all while completing other investigative efforts and before the drafting of a §2255 motion. For this reason alone, counsel respectfully suggests that a brief tolling of the statute of limitations period is warranted.

Since his appointment undersigned counsel has also spent substantial time

consulting with trial counsel in this case. He has spoken and met with trial counsel on several occasions since January, 2002. In early April, 2002, counsel requested a copy of Mr. Paul's complete trial file from both trial attorneys. For reasons beyond the control of undersigned counsel, he did not receive a copy of the file until June 12, 2002. Immediately upon receipt of the file, which consists of over four bankers' boxes of materials and documents, counsel has been diligently reviewing and indexing its contents. That review is almost complete. It is clear from what has already been seen that substantial investigations will be necessary in light of the contents of the file. However most such investigations have not begun because counsel must complete his review of the files before doing so. As with the FBI files, it is clear to undersigned counsel that he will be unable to complete his review of the trial files and the investigations arising therefrom sufficiently before the current October 1, 2002 deadline to enable him to complete and file a thorough §2255 motion in this case.

**Legal Authority**

As a general matter federal courts have held that the statute of limitations period contained in the AEDPA is subject to equitable tolling under appropriate circumstances. Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998); Hoggro v. Boone, 150 F.3d 1223, 1225-27 (10th Cir. 1998); Lovasz v. Vaughn, 134 F.3d 146, 148-49

(3rd Cir. 1998).

More specifically, federal courts have granted equitable tolling of the statute of limitations period prior to the filing of a petition where the circumstances warrant it. *See e.g.* Calderon v. U.S. District Court, 128 F.3d 1283 (9th Cir. 1997). Counsel is aware of several unreported decisions of federal district courts granting equitable tolling in circumstances similar to those presented here. *See e.g.* * Cannady v. Cockrell, No. 2:01-CV-00273 (S.D. Tex., Corpus Christi Div.), Order of March 11, 2002 (motion for equitable tolling granted due to delay in obtaining investigative and expert funds); King v. Cockrell, No. 1:01-CV-435 (E.D. Tex., Beaumont Div.), Order of March 18, 2002 (same). Should the Court desire, undersigned counsel would be happy to secure and provide copies of such orders for the Court's consideration.

Here, where counsel was not appointed until almost four months after the limitations period began to run, and where he has exercised due diligence in his efforts to present to the Court any and all legal claims in a §2255 motion, and despite such diligence it is clear he will not have sufficient time adequately to complete and file such motion, it is respectfully suggested that the Court is well within its authority to grant him the brief period of equitable tolling he seeks.

**Conclusion**

For these reasons, and especially where counsel for the government is not opposed to this motion, undersigned counsel respectfully requests that this Court issue an Order equitably tolling the applicable one year statute of limitations period under 28 U.S.C. §2255 for a period of 77 days, making his §2255 motion due to be filed on or before December 17, 2002. A proposed Order is attached to this Motion, for the Court's consideration and convenience.

Respectfully submitted,

Robert L. McGlasson
Georgia Bar No. 492638
Federal Defender Program
100 Peachtree Suite NW, Suite 200
Atlanta, Georgia 30303
(404) 688-7530
Fax: (404) 688-0768

## CERTIFICATE OF SERVICE

I, Robert L. McGlasson, do hereby certify that a true and correct copy of the foregoing **Unopposed** Motion for Equitable Tolling of Statute of Limitations and Memorandum of Law In Support has been served upon counsel for Respondent, by sending a copy of same via facsimile to:

Mr. Steven N. Snyder, Esq.
Mr. Mark Webb, Esq.
Fax No.: (479) 783-7876

This 26th day of July, 2002.

Robert L. McGlasson