U. S. DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

DEC 10 1996

CHRIS R. JOHNSON, CLERK
BY: [signature]
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

**UNITED STATES OF AMERICA,** )
**Plaintiff** )
**vs.** ) **No. 6:96CR60022-001**
)
**JEFFERY WILLIAM PAUL,** )
**Defendant** )

**BRIEF IN SUPPORT OF MOTION TO SUPPRESS F.R.E. 404(b) MATERIAL**

F.R.E. 404(b) provides:

> "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial…of the general nature of any such evidence it intends to introduce at trial."

Defendant acknowledges that F.R.E. 404(b) is a rule of inclusion, that is, it prohibits "only evidence that tends solely to prove the defendant's criminal disposition." *United States v. Shoffner*, 71 F. 3d 1429, 1432(8th Cir. 1995). To be admissible, F.R.E. 404(b) evidence must be:

> "(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the crime charged."

See *United States v. Jones*, 990 F. 2d 1047, 1050 (8th Cir. 1993) and *United States v. Shoffner*, supra.

I. Defendant's Possession of .32 Caliber Handgun

At this time, the government does not have in its possession the murder weapon. It does have evidence that the weapon used was a .32 caliber handgun. The government is



9

seeking to tie the defendant to a gun it does not have and cannot produce. There is no proof that even if the allegation is true that the defendant was in possession of a .32 caliber handgun that this handgun is the murder weapon. Obviously, the prejudicial value far exceeds the probative value. F.R.E. 404(b) is a character driven rule. The mere possession of a .32 caliber handgun is not evidence in and of itself evidence of character and therefore not relevant to the material issue.

## II. ATTEMPTED TRI-LAKES ROBBERY

From the government's notice, it is very difficult to tell exactly what "prior bad act" the defendant did. On its face, it appears that the defendant and Ingles discussed the possibility of robbing a the Tri-Lakes Liquor store. It appears that the defendant and Ingles discussed shooting two individuals in or at the store. It appears that a locked door stopped the procedure, however, we do not know where we are in the procedure. The "bad act" did not occur.

The defendant would first propose there is no "bad act" to admit. Secondly, it is not similar to the present alleged homicide of Sherman Williams. Third, if it has probative value, it is hugely outweighed by its unfairly prejudicial effects.

Respectfully submitted,
Jeffery William Paul, Defendant

By:__________________________
Lynn Williams #83183

Wood, Smith, Schnipper & Clay
123 Market Street
Hot Springs National Park, Arkansas 71901
(501) 624-1252

Steven D. Oliver, #83138
Bachelor, Newell & Oliver
P.O. Box 1620
Hot Springs National Park, Arkansas 71902
(501) 321-2222

Attorneys for the Defendant

**CERTIFICATE OF SERVICE**

I, Lynn Williams, do hereby certify that I have served a copy of the foregoing brief on Mr. Steve Snyder, Assistant United States Attorney for the Western District of Arkansas, P.O. Box 1524, Fort Smith, Arkansas 72902-1524 by placing same in the United States Mail with sufficient postage prepaid, this 10th day of December, 1996.

Lynn Williams