U. S. DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

DEC 10 1996

CHRIS R. JOHNSON, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA PLAINTIFF

VS. CRIMINAL NO. 6:96CR60022-001

JEFFERY WILLIAM PAUL DEFENDANT

**MOTION TO PROHIBIT INTRODUCTION OF "VICTIM IMPACT" TESTIMONY AND TO DECLARE STATUTE PURPORTING TO PERMIT IT UNCONSTITUTIONAL**

Comes now the Defendant, JEFFERY WILLIAM PAUL, by and through his attorneys, Lynn Williams, of Wood, Smith, Schnipper & Clay, and Steven D. Oliver, of Bachelor, Newell & Oliver, and for his Motion to Prohibit Introduction of "Victim Impact" Testimony and to Declare Statute Purporting to Permit it Unconstitutional, states:

1. That it appears that the Government will attempt to introduce so-called "victim impact" evidence in the penalty phase of this trial, under the purported authority of 18 Subsection 3593(a)(2).

2. That this particular provision reads in pertinent part as follows: "...The factors for which notice is provided under this Subsection may include factors including the effect of the offense on the victim and the victim's family and may include oral testimony, a victim impact statement that identifies the victim of the offense and the extent and scope of the injury and loss suffered by the victim and the victim's family, and any other relevant information."



93

3. That the United States Supreme Court in Payne v. Tennessee, 111 S. Ct. 2597 (1991), permitted the prosecution to introduce victim impact evidence.

4. Payne, in overruling Booth v. Maryland, 482 U.S. 496 (1987) and South Carolina v. Gathers, 490 U.S. 805 (1989), merely holds as follows:

> We thus hold that if the State chooses to permit the admission of victim impact evidence and prosecutorial argument on the subject, the Eighth Amendment erects no per se bar.

5. Payne did not set forth detailed guidelines as to what was admissible. Payne merely did away with the Booth-Gathers per se bar. More importantly, it did not overrule the Supreme Court's cases mandating certainty of definition of aggravating circumstances in capital sentencing proceedings. Godfrey v. Georgia, 446 U.S. 420 (1980); Maynard v. Cartwright, 486 U.S. 356 (1988).

6. The United States Code at issue here does not at all define or describe "victim impact" evidence or "other evidence relevant to punishment." For instance, it does not define who is a victim. In this case, as in every capital case, the actual victims are all deceased. The statute does not say who else, if anyone, is a victim. Must the testifying "victim" be related to the deceased? If so, how closely related? Does it permit medical or psychiatric testimony about the witness? What about lay-

described medical or psychiatric testimony? Moreover, a concept called "other evidence relevant to punishment," when applied to evidence adduced by the prosecution for the purpose of seeking the death penalty, is precisely the sort of vague and open-ended criterion specifically prohibited by Furman v. Georgia and its progeny, most particularly the Godfrey line of cases.

7. Thus both facially and as applied, 18 Subsection 3593(a)(2) is void for vagueness in violation of due process guaranteed by the United States Code.

8. Additionally, because this involves a capital sentencing proceeding, the vagueness violates - both facially and as applied. Godfrey, supra. Maynard, supra. Richmond v. Lewis, 113 S.Ct. 528 (1993).

9. An Act is void for vagueness if one must speculate as to its meaning. Lanzetta v. New Jersey, 306 U.S. 451 (1939). Within the capital sentencing context, the Supreme Court wrote in Richmond:

> The relevant Eighth Amendment law is well-defined. First, a statutory aggravating factor is unconstitutionally vague if it fails to furnish principled guidance for the choice between death and a lesser penalty. [citations omitted] Second, in a "weighing state [Arkansas is a "weighing state"], where the aggravating and mitigating factors are balanced against each other, it is constitutional error for the sentencer to give weight to an unconstitutionally vague aggravating factor, even if other, valid aggravating factors obtain [citations

> omitted]. Third, a state appellate court may rely upon an adequate narrowing construction of the factor in curing the error...
> 113 S.Ct. at 534.

10. The statute and its application also violates due process and the Eighth Amendment, in that the Act does not give sufficient guidance to the jury and judge about how to consider the so-called evidence. Under 18 U.S.C. §3593(c)(d)(e), the jury is to determine if aggravators exist, weigh them against mitigators and determine whether they justify a death sentence. There is no place in the United States Code weighing process for the jury to constitutionally and legally consider and weigh prosecution evidence that does not go to an aggravating circumstance. This inherent contradiction between the substantive law and procedure specifically outlined in 18 U.S.C. §3593(c)(d)(e) and the substantive law and procedure rather casually referred to in United States Code 18 §3593(a)(2), renders this United States Code violative of due process and Eighth Amendment guarantees there as well.

WHEREFORE, the Defendant, JEFFERY WILLIAM PAUL, prays this Court to hold United States Code 18 §3593(a)(2) to be unconstitutional, both facially and as applied, insofar as it permits the Government's introduction of "victim impact" evidence and other evidence relevant to the punishment; to forbid the Government's introduction in the penalty phase of any evidence not

going to any aggravating circumstance and to forbid prosecution argument going to "victim impact" or "other evidence relevant to punishment."

Respectfully submitted,

JEFFERY WILLIAM PAUL, Defendant

WOOD, SMITH, SCHNIPPER & CLAY
Lynn Williams
123 Market Street
Hot Springs, Arkansas 71901
(501) 624-1252
State Bar No. 83183

BACHELOR, NEWELL & OLIVER
211 Hobson Avenue
P. O. Box 1620
Hot Springs, Arkansas 71902
(501) 321-2222

By: Steven D. Oliver
STEVEN D. OLIVER
State Bar No. 83138

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that the foregoing has been served upon the attorneys of record for all other parties in this proceeding and upon parties not represented by attorneys by delivering a copy of this pleading to the attorney or party personally, or to the offices of such attorney or party, or by placing a copy in the U.S. Mail addressed to such attorney or party at his/her office with sufficient prepaid postage on this 10 day of Dec., 1996.

Steven D. Oliver
STEVEN D. OLIVER

Mailed or Hand Delivered To:

Steven Snyder, Esq.
Assistant U.S. Attorney
P. O. box 1524
Fort Smith, Arkansas 72902-1524