U. S. DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

JAN 27 1997

CHRIS R. JOHNSON, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA )
)
vs. ) Cr. No. 6:96CR60022-001
)
JEFFERY WILLIAM PAUL )

NOTICE OF INTENT TO SEEK THE DEATH PENALTY

Comes now the United States of America, pursuant to 18 U.S.C. § 3593(a), by and through its undersigned counsel, and notifies the Court and the defendant in the above captioned case that the government believes the circumstances of the offenses charged in counts one and two of the indictment are such that, in the event of a conviction, a sentence of death is justified under Chapter 228 (Sections 3591 through 3598) of Title 18 of the United States Code, and that the government will seek the sentence of death for those offenses: murder in the perpetration of a robbery resulting in the death of Sherman Williams, in violation of 18 U.S.C. § 1111(a) and murder by use of a firearm during and in relation to a crime of violence which resulted in the death of Sherman Williams, in violation of 18 U.S.C. § 924(c), 924(I)(1) and 2, which both carry a possible sentence of death.

The government proposes to prove the following factors as justifying a sentence of death.

A. Statutory Proportionality Factors Enumerated Under 18 U.S.C. § 3591(a)(2)(A)-(D).

1. **Intentional Killing.** The defendant intentionally killed Sherman Williams. Section 3591 (a)(2)(A).



12

B. Statutory Aggravating Factors Enumerated Under 18 U.S.C. § 3592(c).

1. **Heinous, Cruel, or Depraved Manner of Committing Offense.** The defendant committed the offenses in an especially heinous, cruel, and depraved manner in that it involved torture and serious physical abuse to Sherman Williams, Section 3592(c)(6).

2. **Pecuniary Gain.** The defendant committed the offense in the expectation of the receipt of something of pecuniary value. Section 3592(c)(8).

3. **Vulnerability of Victim.** The victim was particularly vulnerable due to old age. Section 3592(c)(11).

C. Other, Non-Statutory, Aggravating Factors Identified Under 18 U.S.C. § 3593(a)(2).

1. **Future Dangerousness of the Defendant.** The defendant is likely to commit criminal acts of violence In the future which would be a continuing and serious threat to society. Simmons v. South Carolina, 114 S.Ct. 2187, 2193 (1994).

a. Other Acts of Violence. The defendant has committed, attempted to commit, and/or threatened to commit other acts of violence, in addition to the capital offenses committed in this case and the statutory factors alleged in this Notice, including but not limited to one or more of the following:

> An attempted armed robbery/murder at the Tri Lakes Liquor Store, Hot Springs, Arkansas, on or about June 8, 1995.

b. Successfully Eluding Capture. The defendant successfully eluded capture by the Federal Bureau of Investigation until his arrest in Mississippi on August 22, 1996.

c. Low Rehabilitative Potential. Efforts to rehabilitate and/or deter the defendant from violent conduct have failed, including but not limited to one or more of the following:

(1) Evaluation and treatment at the Child Study Center, Arkansas Children's Hospital, Little Rock, Arkansas, in 1991.

(2) Evaluation and treatment at Riverdell Psychiatric Center, Benton, Arkansas, in 1992.

(3) Evaluation and treatment at Riverdell Psychiatric Center, Benton, Arkansas, in 1993.

d. Lack of Remorse. The defendant has demonstrated a lack of remorse for the capital offenses committed in this case, by statements and/or actions, including but not limited to one or more of the following:

(1) The defendant stated he did not feel bad about the murder.

(2) The defendant stated the victim begged for his life.

(3) The defendant referred to the victim in vulgar terms.

e. Obstruction of Justice. The victim was killed to prevent the defendant from being identified as a participant in the robbery.

2. **Victim Impact Evidence.** The victim's personal characteristics as an individual human being and/or the impact of the death upon the victim's family. Payne v. Tennessee, 111 S. Ct. 2597, 2608-09 (1991).

a. Characteristics. The victim's personal characteristics as an individual human being include but are not limited to one or more of the following:

(1) Father
(2) Grandfather
(3) College graduate

(4) Retired State Director of the FmHA
(5) Avid fisherman, photographer and jogger
(6) United States army veteran

b. Impact of Death. The family of the victim has suffered injury and loss, as a result of the victim's death, including but not limited to one or more of the following:

(1) Disruption of order
(2) Reality of violence
(3) Wanting to be isolated
(4) A stunning troubling experience
(5) Indescribable feeling of loss

Respectfully submitted,

P.K. Holmes, III
United States Attorney

By: Steven N. Snyder
Steven N. Snyder
Senior Litigation Counsel
Assistant U.S. Attorney
Arkansas Bar No. 72101
P.O. Box 1524
Fort Smith, AR 72902
501-783-5125

CERTIFICATE OF SERVICE

This is to certify that I have mailed a copy of the forgoing Notice of Intent to Seek the Death Penalty to Mr. Lynn Williams, Wood, Smith, Schnipper & Clay, 123 Market Street, Hot Springs, Arkansas 71901, this 23 day of January, 1997.

Steven N. Snyder
Steven N. Snyder
Senior Litigation Counsel
Assistant U.S. Attorney