U.S. DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

MAY 05 1997

CHRIS R. JOHNSON, CLERK
by: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA PLAINTIFF

v. No. 6:96CR60022-001

JEFFERY WILLIAM PAUL DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the undersigned for report and recommendation is the motion to suppress F.R.E. 404(b) material, filed by Defendant on December 10, 1996. (Doc. # 91) The response of the United States was filed on December 16, 1996. (Doc. # 105) Due to the absence of the Defendant from this district for court ordered psychological evaluation, hearing could not be conducted until March 31, 1997. On that date, hearing was held, with Defendant present, represented by his attorneys Mr. Lynn Williams and Mr. Steve Oliver. The United States was represented by Assistant United State's Attorneys Steve Snyder and Mark Webb.

No evidence was presented by either party with respect to the motion. Accordingly, the court must evaluate the motion based only upon the pleadings and the applicable law.

**Discussion:**

The United States has provided notice to Defendant, pursuant to *F.R.E. 404(b)*, that it intends to offer as evidence at trial, the testimony of an individual to the following effect:

a. that two weeks prior to the murder, Defendant stated that he possessed a .38 caliber handgun; and

b. that one week prior to the murder, Defendant stated that he and Trinity Ingle intended to rob two individuals at the Tri Lakes Liquor



AO 72A

propensity to commit the crime charged.'" *United States v. Bryson*, ___ F.3d ___, ___ 97 WL 157432 (8th Cir. April 7, 1997)(quoting *United States v. Jones*, 990 F.2d 1047, 1050 (8th Cir. 1993), *cert. denied*, 510 U.S. 1048 (1994).

Applying these factors to the first statement, it appears that Defendant's possession of a handgun of the same caliber as the murder weapon is a relevant matter, and, the "act" of possession of the handgun allegedly occurred only one week prior to the crime. It remains to be seen whether the United States can prove the "act" by a preponderance of the evidence, and, whether, in the context of the trial itself, such evidence will be higher in probative value than in prejudicial effect. *F.R.E. 404(b)*.

Likewise, with respect to the second statement, that Defendant may have planned a similar robbery, murder and auto theft only two weeks prior to the subject crime would also appear to be relevant to intent and plan. However, it remains to be seen when this alleged prior plan was made, whether it can be proved by a preponderance of the evidence and whether its probative value will exceed its prejudicial effect.

Accordingly, we conclude that it can not be determined, as a threshold matter, that evidence of these statements will not be admissible at trial under *F.R.E. 404(b)*.

**Conclusion:**

Since it can not be determined, pre-trial, that evidence of the alleged statements made by Defendant, will be inadmissible at trial under *F.R.E. 404(b)*, we recommend that the motion to

suppress such material (Doc. # 91) be denied, without prejudice to Defendant renewing his motion and objection to such evidence at trial. **The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 5th day of May, 1997.

HON. BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE