IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED
MAY 20 1997
CHRIS R. JOHNSON, CLERK
BY: DEPUTY CLERK

UNITED STATES OF AMERICA PLAINTIFF

v. Civil No. 6:96CR60022-001

JEFFERY WILLIAM PAUL DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the undersigned for report and recommendation is the motion of Defendant to prohibit introduction of "victim impact" testimony and to declare statute purporting to permit it unconstitutional. (Doc. # 93) The United States has filed a response to the motion and this matter is ready for decision. (Doc. # 112)

**Discussion:**

The United States has provided written notice to Defendant of the statutory aggravating factors that it will offer should this case reach the penalty phase. (Doc. # 124) By this notice the United States has also advised Defendant that it intends to present the factor of "the victim's personal characteristics as an individual human being and/or the impact of the death upon the victim's family." (Doc. # 124)

The procedure to be followed at the penalty phase of a federal capital offense trial is set forth in *18 U.S.C. §§ 3591, 3592 and 3593*. Should Defendant be convicted requiring a penalty phase hearing, the following sequence will be followed: first, the jury will be called upon to determine if the United States has proven that Defendant acted with one of the four intentions described in *18 U.S.C. § 3591(a)(2)(A - D)*. If the jury does not



AO 72A

unanimously so find, the jury's task will be complete and the Court will sentence Defendant under the *Sentencing Guidelines*. If the jury unanimously finds that Defendant acted with the statutorily described intent, the jury will be asked whether they unanimously agree that the United States has proven that at least one of the aggravating factors, set forth in *18 U.S.C. § 3592(c)*, and identified in the government's notice, exists. If the jury unanimously so finds, it may then consider any other aggravating factors presented to them, if proven beyond a reasonable doubt. Each juror will be then required to weigh the aggravating factors so proven against such mitigating factors as each juror finds to exist by a preponderance of the information presented.

As noted above, unanimous findings are required with respect to the existence of aggravating factors and the jury may not return a recommendation of the death penalty unless the jury is unanimously agreed that the aggravating factor or factors sufficiently outweigh all of the mitigating factors found to exist to justify the death penalty. *18 U.S.C. §§ 3591, 3592, 3593(a) - (e); United States v. McVeigh*, 944 F.Supp. 1478, 1787 (D. Colo. 1996) (describing penalty hearing procedure).

In this case, the United States has provided notice that it will rely upon the following statutory aggravating factors under *18 U.S.C. § 3592(c)*:

1. that the offenses were committed in an especially heinous, cruel, and depraved manner in that it involved torture and serious physical abuse to the victim. *18 U.S.C. § 3592(c)(6)*

> 2. that the defendant committed the offense in the expectation of the receipt of something of pecuniary value. *18 U.S.C. § 3592(c)(8)*
>
> 3. that the victim was particularly vulnerable due to old age. *18 U.S.C. § 3592(c)(11)*

(Doc. # 124) The United States has also given notice that it will offer information as to the "victim's personal characteristics as an individual human being and/or the impact of the death upon the victim's family." *18 U.S.C. § 3593(a)* (Doc. # 124)

*18 U.S.C. § 3593(a)* provides:

> The factors for which notice is provided under this subsection may include factors concerning the effect of the offense on the victim and the victim's family, and may include oral testimony, a victim impact statement that identifies the victim of the offense and the extent and scope of the injury and loss suffered by the victim and the victim's family, and any other relevant information.

*18 U.S.C. § 3593(c)* specifically provides that although the government may present information relevant to an aggravating factor for which notice has been given, regardless of its admissibility under the rules of evidence, such "information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury."

Defendant contends that the portion of *18 U.S.C. § 3593(a)*, which authorizes and describes "victim impact" information, is void for vagueness, provides inadequate guidance with respect to the nature of "victim impact" information which may be presented and does not provide adequate guidance to judge and jury as to how such information is to be considered. Defendant asserts that

these alleged deficiencies make the statute violative of the Eighth Amendment and the "due process" provision of the Fifth Amendment to the Constitution of the United States.

Defendant cites no cases finding that the provision in question is unconstitutional. In fact, the cases considering the statute and "victim impact" information in federal capital proceedings, indicate that the statute and procedure permitted by it are constitutional.

In *Payne v. Tennessee*, 501 U.S. 808, 824 (1991), the United States Supreme Court found that the use of so called "victim impact evidence serves entirely legitimate purposes," and that such evidence does not lead to "the arbitrary imposition of the death penalty." Accordingly, the Court concluded that the use of such evidence in the penalty phase of a state capital case did not violate the Eighth Amendment. *Id.* The Court went on to observe, however, that due process might be implicated if victim-impact evidence is actually introduced "that is so unduly prejudicial that it renders the trial fundamentally unfair." *Id.* In such a circumstance, the court may intervene to prevent a due process violation. *Id.* (due process violation occurs where evidence is so unduly prejudicial that trial is rendered fundamentally unfair) (citing *Darden v. Wainwright*, 477 U.S. 168, 179-83 (1986).

The statute authorizing the consideration of victim-impact information specifically provides that the trial court may exclude such evidence if "its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading

the jury." *18 U.S.C. § 3593(c).*

As we have noted above, we are presented with no case holding that the statute in question is unconstitutional. Indeed, the statute appears narrowly drawn, referring, as it does, to "factors concerning the effect of the offense on the victim *and the victim's family.*" *18 U.S.C. § 3593(a).* This statute is not remotely similar to the sort of aggravating circumstance which has been held to be violative of the Eighth Amendment as being so broad and vague that the arbitrary and capricious infliction of the death penalty is likely. *Godfrey v. Georgia*, 446 U.S. 420, 432-33 (1980) (factor that offense was "outrageously or wantonly vile, horrible and inhuman," held unconstitutionally vague).

Defendant notes that the statute in question does not define the word "victim" or "victim's family," nor does it specify what type of information may be presented, i.e. expert, lay witness, etc. However, we believe that these questions can be adequately addressed at trial, where the trial court can exclude victim-impact information if its probative value is outweighed by the danger of "unfair prejudice." *18 U.S.C. § 3593(a); see United States v. McVeigh*, 944 F.Supp. at 1491 (victim impact evidence is relevant only to demonstrate the specific harm caused by a particular crime rather than the impact of trial proceedings).

In summary, we find that Defendant has presented no authority for the proposition that the statute in question is unconstitutionally vague or that it is otherwise constitutionally suspect. Victim impact evidence has been sustained against attack on Eighth

Amendment grounds. *Payne v. Tennessee, supra*. The statute includes a mechanism under which the trial court can assure due process by excluding such information if it would create the danger of "unfair prejudice." This is in accord with the observation of the United States Supreme Court that due process violations can be avoided with respect to the presentation of such evidence by rulings of the trial court at the penalty phase hearing. *Id.* at 825.

We recommend that Defendant's motion be denied.

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 20th day of May, 1997.

HON. BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE