U. S. DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

JUN 9 1997

CHRIS R. JOHNSON, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA PLAINTIFF

VS. CRIMINAL NO. 6:96CR60022-001

JEFFERY WILLIAM PAUL DEFENDANT

BRIEF IN SUPPORT OF
MOTION FOR PRETRIAL HEARING
TO DETERMINE ADMISSIBILITY OF
NONSTATUTORY AGGRAVATING CIRCUMSTANCES

Comes now the Defendant, JEFFERY WILLIAM PAUL, by and through his attorneys, Steven D. Oliver, of Bachelor, Newell & Oliver, and Lynn Williams, of Wood, Smith, Schnipper & Clay, and for his Brief in Support of Motion for Pretrial Hearing to Determine Admissibility of Nonstatutory Aggravating Circumstances, states:

The penalty phase of a capital case brings into direct and seemingly irreconcilable conflict two competing themes - the constitutional requirement of channeled and guided jury discretion versus the need for the jury to have as much information regarding the offender as possible in order to impose an individualized sentence. United States of America v. Len Davis, et al., 912 F. Supp. 938, 941 (U.S.D.C., E.D. Louisiana, 1996).

While 18 U.S.C. §3591, et seq., expressly defines both the "intent" requirement and the statutory aggravating factors necessary to allow the consideration of the death penalty, the statute provides no specific guidance as to what constitutes an appropriate nonstatutory aggravating factor. While the statute contains no specific guidelines for the nonstatutory factors, in does impose



19

substantial responsibility and considerable discretion to the trial judge in deciding the admissibility. The statute, as noted, requires that the proffered information be "relevant." Significantly the statute also provides that even relevant information "may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues or misleading the jury." Davis, supra, 941.

The statute itself requires that any such information be "relevant." And by relevant, it must mean sufficiently relevant to the consideration of who should live and who should die. What might be relevant in an administrative disciplinary proceeding, or even in a sentencing hearing where the choices are between varying terms of imprisonment, is not necessarily sufficiently relevant to deciding who should be sentenced to death. Also, a factor in weighing relevancy versus unfair prejudice is the reliability of the information. The United States Supreme Court has made it clear that heightened reliability is required in a capital sentencing hearing, since the consequences of a death verdict are so final and severe. Lockett v. Ohio, 438 U.S. 586, 602-04, 98 S.Ct. 2954, 2964, 57 L. Ed. 2d 973 (1978); Ford v. Wainwright, 477 U.S. 399, 410-11, 106 S. Ct. 2595, 2602, 91 L. Ed. 2d 335 (1986). Even if relevant and sufficiently reliable, the proffered information may still be excluded if its substantive probative value is outweighed by unfair prejudice, confusion of the issues or misleading the jury. Again, this balancing has to consider the purpose of the

hearing and the finality of the death sentence, if it is imposed.

In addition to these statutory restrictions, the Eighth Amendment and Due Process require procedural safeguards. This statute is a "weighing" statute. Once the evidence of all the aggravating and mitigating factors is in, the jury is to consider whether all of the former factors "outweigh" the latter. §3593(e). To carefully define the statutory aggravating factors, but then allow wholesale introduction of nonstatutory aggravating information, would defeat the goal of guided and measured jury discretion, and return us to an unconstitutional system where the death penalty is "wantonly" and "freakishly" imposed. It cannot be presumed that Congress intended to create a statute that is so self-defeating, much less one that would be unconstitutional. Additionally, as noted in Gregg v. Georgia, 428 U.S. 153, 188-89, 96 S. Ct. 2909, 2932, 49 L. Ed. 2d 859 (1976), juries have little, if any, experience with sentencing and "are unlikely to be skilled in dealing with the information they are given." 428 U.S. at 192, 96 S. Ct. at 2934. Any guidance that can be provided - particularly in a decision so fundamental and profound as that made in a capital case - must be provided. All of the above mandates that judicial discretion be exercised and the nonstatutory factors be carefully screened. In doing so, this Court must seek to fulfill the intent of Congress and at the same time construe the statute in a manner that maintains its constitutionality. Davis, supra, 943-944.

Respectfully submitted,

JEFFERY WILLIAM PAUL, Defendant

WOOD, SMITH, SCHNIPPER & CLAY
Lynn Williams
123 Market Street
Hot Springs, Arkansas 71901
(501) 624-1252
State Bar No. 83183

BACHELOR, NEWELL & OLIVER
211 Hobson Avenue
P. O. Box 1620
Hot Springs, Arkansas 71902
(501) 321-2222

By: Steven D. Oliver
STEVEN D. OLIVER
State Bar No. 83138

Attorney for Defendant

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that the foregoing has been served upon the attorneys of record for all other parties in this proceeding and upon parties not represented by attorneys by delivering a copy of this pleading to the attorney or party personally, or to the offices of such attorney or party, or by placing a copy in the U.S. Mail addressed to such attorney or party at his/her office with sufficient prepaid postage on this 9 day of June, 1997.

Steven D. Oliver
STEVEN D. OLIVER

Mailed or Hand Delivered To:

Steven Snyder, Esq.
Assistant U.S. Attorney
P. O. box 1524
Fort Smith, Arkansas 72902-1524