U. S. DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

JUN 9 1997

CHRIS R. JOHNSON, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA PLAINTIFF

VS. CRIMINAL NO. 6:96CR60022-001

JEFFERY WILLIAM PAUL DEFENDANT

# AMENDED MOTION TO ELECT

Comes now the Defendant, JEFFERY WILLIAM PAUL, by and through his attorneys, Lynn Williams, of Wood, Smith, Schnipper & Clay, and Steven D. Oliver, of Bachelor, Newell & Oliver, and for his Amended Motion to Elect, states:

1. That the Defendant has been charged in a two Count Superseding Indictment filed on December 4, 1996, alleging in Count One:

> "On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, JEFFERY WILLIAM PAUL, and another person known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to Title 18 U.S.C. §7(3), did, with malice aforethought, kill Sherman Williams, by means of gunshot wounds, in the perpetration of a robbery, in violation of 18 U.S.C. §1111(a) and 2."

And in Count Two:

> "On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, JEFFERY WILLIAM PAUL, and another individual known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to Title 18 U.S.C. §7(3), did



194

> knowingly carry and use a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to-wit: a robbery in the national park, Hot Springs, Arkansas, on or about June 22, 1995, as set forth in Count 1 of this indictment which is realleged and incorporated by reference herein, in violation of Title 18 U.S.C. §924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18 U.S.C. §1111, in that the defendant, did unlawfully kill Sherman Williams by shooting him with the firearm in the perpetration of the robbery and attempted perpetration of the robbery in violation of Title 18 U.S.C. §924(i)(1) and Title 18 U.S.C. §2."

2. That the Defendant was arraigned pursuant to the Superseding Indictment on December 6, 1996. That the Defendant has been notified that Janet Reno, Attorney General for the United States, has certified the above styled case to the United States Attorney for the Western District of Arkansas for seeking the imposition of the death penalty.

3. That a jury trial date has been set for June 16, 1997.

4. That the Indictment is multiplicious. The statutory elements of these offenses are not distinct.

5. That the Defendant will be prejudiced if the Government is allowed to proceed to trial on both Counts.

6. That appended to this brief as Exhibit "A" is a copy of the Government's Notice of Intention to Seek the Death Penalty as to the Defendant, JEFFERY WILLIAM PAUL. The Notice reveals the statutory and nonstatutory aggravating factors upon which the Government plans to rely in seeking Mr. Paul's death.

7. That counsel for the Government recognize that the death penalty may not be imposed on anyone without proof that the Defendant committed the homicide with an intent specified in 18 U.S.C. §3591(a)(2). That this "intent" requirement is a statutory aggravating circumstance.

8. That pursuant to 18 U.S.C. §3593(c)-(e), the jury will consider all information received during the sentencing hearing and will weigh the aggravating factors and the mitigating factors.

9. That the presentation of both of these counts in the guilt phase and a finding by the jury of guilty to both counts will create a situation where the jury may believe it is weighing more 18 U.S.C. §3591 and 3592(c)(a) factors than it should. This duplicative factor unfairly tips the sentencing balance by permitting the Government to argue something in aggravation that really adds nothing new to the crime of conviction.

10. That at the trial stage, election of a Count by the Government should be ordered by the Court.

WHEREFORE, the Defendant, JEFFERY WILLIAM PAUL, prays that at the trial stage, election of a Count by the Government be ordered by this Court.

Respectfully submitted,

JEFFERY WILLIAM PAUL, Defendant

WOOD, SMITH, SCHNIPPER & CLAY
Lynn Williams
123 Market Street
Hot Springs, Arkansas 71901
(501) 624-1252
State Bar No. 83183

BACHELOR, NEWELL & OLIVER
211 Hobson Avenue
P. O. Box 1620
Hot Springs, Arkansas 71902
(501) 321-2222

By: Steven D. Oliver
STEVEN D. OLIVER
State Bar No. 83138

Attorneys for Defendant

CERTIFICATE OF SERVICE

The undersigned attorney certifies that the foregoing has been served upon the attorneys of record for all other parties in this proceeding and upon parties not represented by attorneys by delivering a copy of this pleading to the attorney or party personally, or to the offices of such attorney or party, or by placing a copy in the U.S. Mail addressed to such attorney or party at his/her office with sufficient prepaid postage on this 4 day of June, 1997.

Steven D. Oliver
STEVEN D. OLIVER

Mailed or Hand Delivered To:

Steven Snyder, Esq.
Assistant U.S. Attorney
P. O. box 1524
Fort Smith, Arkansas 72902-1524