U. S. DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

JUN 9 1997

CHRIS R. JOHNSON, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA PLAINTIFF

VS. CRIMINAL NO. 6:96CR60022-001

JEFFERY WILLIAM PAUL DEFENDANT

AMENDED
MEMORANDUM IN SUPPORT
OF MOTION TO ELECT

That the Defendant, JEFFERY WILLIAM PAUL, has been charged in a two Count Superseding Indictment filed on December 4, 1996, alleging in Count One:

> "On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, JEFFERY WILLIAM PAUL, and another person known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to Title 18 U.S.C. §7(3), did, with malice aforethought, kill Sherman Williams, by means of gunshot wounds, in the perpetration of a robbery, in violation of 18 U.S.C. §1111(a) and 2."

And in Count Two:

> "On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, JEFFERY WILLIAM PAUL, and another individual known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to Title 18 U.S.C. §7(3), did knowingly carry and use a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to-wit: a robbery in the national park, Hot Springs, Arkansas, on or about June 22, 1995, as set forth in Count 1 of this indictment which is realleged and incorporated by reference herein, in violation of Title 18



195

> U.S.C. §924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18 U.S.C. §1111, in that the defendant, did unlawfully kill Sherman Williams by shooting him with the firearm in the perpetration of the robbery and attempted perpetration of the robbery in violation of Title 18 U.S.C. §924(i)(1) and Title 18 U.S.C. §2."

That the Defendant was arraigned pursuant to the Superseding Indictment on December 6, 1996. That the Defendant has been notified that Janet Reno, Attorney General for the United States, has certified the above styled case to the United States Attorney for the Western District of Arkansas for seeking the imposition of the death penalty.

That a jury trial date has been set for February 24, 1997.

That the Indictment is multiplicious. The statutory elements of these offenses are not distinct.

The Government is seeking the death penalty. Pursuant to 18 U.S.C. §3593(a)(2) and 21 U.S.C. §848(h)(1)(B), the Government is required to set forth the aggravating factor or factors that the Government, if the Defendant is convicted, proposes to prove justifies the sentence of death. That one of the aggravating factors listed is use of a firearm. 18 U.S.C. §3592(d)(4). That this factor is an element of the offense charged in Count Two.

That at the trial stage, election of counts by the Government is the proper remedy. United States of America v. Alvin Charles Sue, 586 F. 2d 70 [C.A. 8 (Ark.) 1978].

"That the Defendant will be prejudiced if the Government is allowed to proceed to trial on both counts. The prolix pleading may have some psychological effect upon a jury by suggesting to it that the Defendant has committed not one but several crimes." United States of America v. Ketchum, Supra 320 F. 2d at 8, quoting from United States of America v. Mamber, 127 F. Supp. 925, 927 (D. Mass. 1955).

Further, there remains a second source of prejudice caused by a multiplicious Indictment. "The principal danger raised by a multiplicious Indictment is the possibility that the Defendant will receive more than one sentence for a single offense." United States of America v. Hearod, Supra, 499 Fd. 2d at 1005.

That pursuant to the calendar attached to the two Count Superseding Indictment filed on December 4, 1996, if convicted of Count One, the Defendant would receive death or imprisonment for life, fined not more than $250,000.00 or both, and if convicted of Count Two, the Defendant would receive death or imprisonment for any term of years or for life, fined not more than $250,000.00 or both.

That the Government proposes to present evidence of the following statutory aggravating factors to justify the imposition of the death penalty in the penalty phase at trial:

(a) Intentional killing;

(b) Pecuniary gain.

These two statutory aggravating factors are duplicative of elements found in count 1 of the Indictment. A Motion to Strike the Aggravating Factors of Intentional Killing and Pecuniary Gain in the Penalty Phase has been filed as a separate Motion with an accompanying brief.

In United States v. Pitera, 795 F. Supp. 546, 557 (E.D.N.Y. 1992), the defense argued that the use of the aggravating factor of intentional killing was duplicative of an element of the crime and, therefore, was prejudicial to the defense in the sentencing phase because it would unduly influence the weight of the aggravating factors. The Court stated that this concern could be "easily assuaged" by an instruction telling the jury that the intent element duplicated an element of the crime and stressing the importance of the quality of the information adduced at the sentencing hearing rather than its quantity. Id.

That it is the defense's contention that a jury instruction will not be sufficient to assuage this concern when the Government is allowed to present both counts 1 and 2 in the guilt phase. If the jury returns a verdict of guilty to both counts, this will create a situation where the jury may believe it is weighing more 18 U.S.C. §3591 and 3592(c)(a) factors than it should. This duplicative factor unfairly tips the sentencing balance by permitting the Government to argue something in aggravation that really adds nothing new to the crime of conviction.

That at the trial stage, election of a count by the Government should be ordered by the Court.

Respectfully submitted,

JEFFERY WILLIAM PAUL, Defendant

WOOD, SMITH, SCHNIPPER & CLAY
Lynn Williams
123 Market Street
Hot Springs, Arkansas 71901
(501) 624-1252
State Bar No. 83183

BACHELOR, NEWELL & OLIVER
211 Hobson Avenue
P. O. Box 1620
Hot Springs, Arkansas 71902
(501) 321-2222

By: Steven D. Oliver
STEVEN D. OLIVER
State Bar No. 83138

Attorneys for Defendant

CERTIFICATE OF SERVICE

The undersigned attorney certifies that the foregoing has been served upon the attorneys of record for all other parties in this proceeding and upon parties not represented by attorneys by delivering a copy of this pleading to the attorney or party personally, or to the offices of such attorney or party, or by placing a copy in the U.S. Mail addressed to such attorney or party at his/her office with sufficient prepaid postage on this 9 day of June, 1997.

Steven D. Oliver
STEVEN D. OLIVER

Mailed or Hand Delivered To:

Steven Snyder, Esq.
Assistant U.S. Attorney
P. O. box 1524
Fort Smith, Arkansas 72902-1524