U. S. DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

JUN 9 1997

CHRIS R. JOHNSON, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA PLAINTIFF

VS. CRIMINAL NO. 6:96CR60022-001

JEFFERY WILLIAM PAUL DEFENDANT

MEMORANDUM BRIEF IN SUPPORT OF
MOTION TO STRIKE NON-STATUTORY
AGGRAVATING FACTORS OF LOW REHABILITATIVE
POTENTIAL AND LACK OF REMORSE IN THE PENALTY PHASE

The Government has placed the Defendant on notice that they intend to use the following non-statutory aggravating factors in the penalty phase at trial to justify the imposition of the death penalty:

1. Low rehabilitative potential of the Defendant; and,

2. Lack of remorse.

The Government alleges as its fourth (4th) non-statutory aggravating factor that Jeffery Paul exhibits a "low rehabilitative potential" as evidenced by (a) evaluation and treatment at the Child Study Center, Arkansas Children's Hospital, Little Rock, Arkansas, 1991; (b) evaluation and treatment at Rivendale Psychiatric Center, Benton, Arkansas, 1992; and (c) evaluation and treatment at Rivendale Psychiatric Center, Benton, Arkansas, 1993.

The term "low rehabilitative potential" is too vague. Rehabilitative potential for what? The only relevant issue would be Jeffery Paul's rehabilitative potential of becoming a non-threat



197

to the health and safety of others. With that limitation comes the converse of future dangerousness. It may, therefore, be combined with the first non-statutory factor but it is not appropriate as a separate free-standing factor. Since this is a statute in which the jury is to "weigh" aggravating factors versus mitigating factors, there is always a danger that one or more jurors will weigh by counting. Breaking out what is essentially one factor into separately itemized factors is unduly prejudicial and confusing. United States of America v. Len Davis, et al., 912 F. Supp. 938, 946 (U.S.D.C., E.D. LA, 1996). This holding is in line with United States v. McCullah, 76 F. 3rd at 1112, which stated that "future dangerousness" and "low potential for rehabilitation" are not identical, the two factors "substantially overlap with one another." Id. at 1111. The Court is hard pressed to imagine how a person convicted of murder who has a low potential for rehabilitation does not represent a continuing danger to the lives of others in the future. Also, in United States of America v. Phouc H. Nguyen, 928 F. Supp. 1525, U.S.D.C., D. of KS (1996), followed the opinion in Davis, supra, and granted the Defendant's Motions to strike the low potential for rehabilitation factor. The Court could not fathom how the evidence supporting two factors of future dangerousness and low rehabilitation could materially differ in the case at bar. Id. at 1544.

The Government's fifth (5th) proposed non-statutory aggravating

factor is Jeffery Paul's alleged lack of remorse for the offense. Lack of remorse is a subjective state of mind, difficult to gage objectively since behavior and words do not necessarily correlate with internal feelings. In a criminal context, it is particularly ambiguous since guilty persons have a constitutional right to be silent, to rest on a presumption of innocence and to require the Government to prove their guilt beyond a reasonable doubt. To allow the Government to highlight an offender's "lack of remorse" undermines those safeguards. The allegation of lack of remorse encroaches dangerously on an offender's constitutional right to put the Government to its proof. Davis, supra, at 946. The court in Phouc H. Nguyen, supra at 1541, acknowledges the concerns expressed by the Davis court and agreed with the Defendant's contention that silence cannot be an aggravating factor. But the court in Phouc H. Nguyen was hesitant to strike one of the Government's aggravating factors without first knowing what evidence the Government intended to introduce. The court cautioned the Government, however, that any evidence it intends to submit in support of this factor of lack of remorse must be more than mere silence. All of it must be relevant, reliable and its probative value must outweigh any danger of unfair prejudice. 18 U.S.C. §3593(c); Id. at 1542.

Respectfully submitted,

JEFFERY WILLIAM PAUL, Defendant

WOOD, SMITH, SCHNIPPER & CLAY
Lynn Williams
123 Market Street
Hot Springs, Arkansas 71901
(501) 624-1252
State Bar No. 83183

BACHELOR, NEWELL & OLIVER
211 Hobson Avenue
P. O. Box 1620
Hot Springs, Arkansas 71902
(501) 321-2222

By: Steven D. Oliver
STEVEN D. OLIVER
State Bar No. 83138

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that the foregoing has been served upon the attorneys of record for all other parties in this proceeding and upon parties not represented by attorneys by delivering a copy of this pleading to the attorney or party personally, or to the offices of such attorney or party, or by placing a copy in the U.S. Mail addressed to such attorney or party at his/her office with sufficient prepaid postage on this 9 day of June, 1997.

Steven D. Oliver
STEVEN D. OLIVER

Mailed or Hand Delivered To:

Mr. Steven Snyder
Mr. Mark Webb
Assistant U.S. Attorneys
P. O. box 1524
Fort Smith, Arkansas 72902-1524