U. S. DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

JUN 9 1997

CHRIS R. JOHNSON, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA PLAINTIFF

VS. CRIMINAL NO. 6:96CR60022-001

JEFFERY WILLIAM PAUL DEFENDANT

BRIEF IN SUPPORT OF
MOTION TO STRIKE THE AGGRAVATING
FACTORS OF INTENTIONAL KILLING
AND PECUNIARY GAIN IN THE PENALTY PHASE

Counsel for the Government recognize that the death penalty may not be imposed on anyone without proof that the Defendant committed a homicide with an intent specified in 18 U.S.C. §3591(a)(2). The Government charges that:

1. Mr. Paul did, with malice and forethought, kill Sherman Williams, by means of gunshot wounds in the perpetration of a robbery, in violation of 18 U.S.C. §1111(a) and Section 2.

Under the laws of the United States, there are two categories of statutory aggravating factors. Before a jury may consider whether a penalty of death is an appropriate punishment in a case, the jury as a preliminary matter, must unanimously agree that the Government has proved beyond a reasonable doubt the existence of the aggravating factor contained in 18 U.S.C. §3591(a)(2), that the Defendant did intentionally kill the victim, Sherman Williams. 18 U.S.C. §§3593(c)-(e); United States v. Chandler, 996 F.2d 1073, 1083, reh'g en banc, denied, 5 F. 1501(11th Cir. 1993), cert. denied, 114 S.Ct. 2724 (1994); United States v. Pitera, 795 F.Supp. 546, 552 (E.D.N.Y.), affirmed, 986 F.2d 499 (2nd Cir. 1992).

In addition, the Government must at least prove beyond a



19
9

reasonable doubt at least one statutory aggravating factor from 18 U.S.C. §3592(c). Under this Section, the Government has alleged as one of its aggravating factors pecuniary gain. 18 U.S.C. §3592(c)(8).

These aggravating factors are duplicative. If the jury should find the Defendant JEFFERY WILLIAM PAUL guilty of count I of the Indictment, they will have made a determination that he in fact did intentionally kill the victim, Sherman Williams, in the course of a robbery. Pursuant to 18 U.S.C. §1951(b)(1), the term "robbery" means "the unlawful taking or obtaining of personal property from the person or in the presence of another..."

The Tennessee Supreme Court expressly prohibited such double counting in Middlebrooks v. Tennessee, 84 S.W. 2d 317 (Tn. 1992), cert. dismissed, 113 S.Ct. 651 (1992). State v. Cherry, 257 S.E. 2d 551 (N.C. 1979), cert. denied, 446 U.S. 941, 100 S.Ct. 2165 (1980).

Although the penalty jury may have to find that at least one aggravating factor has been established in order to move towards a death verdict, 18 U.S.C. §3593, it would be quite unfair to allow the penalty jury to also weigh as an aggravating factor that which it necessarily had to find in order to return a guilt-phase verdict in the first place. Lowenfield v. Phelps, 484 U.S. 231, 108 S.Ct. 546 (1988), is not to the contrary.

In Lowenfield, the Court reiterated that, "[t]o pass

constitutional muster, a capital sentencing scheme must 'genuinely narrow the class of persons eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty or murder.'" Id. 244, quoting Zant v. Stephens, 462 U.S. 877, 103 S.Ct. 2742. The Louisiana statute reviewed in Lowenfield had specified by legislative definition a narrow class of murders for which the death penalty was available. Included within this class were murders in which the defendant "intended 'to kill or inflict great bodily harm upon more than one person.'" Lowenfield, 484 U.S. 231, 108 S.Ct. 547. At the penalty phase, the jury which convicted Lowenfield of the murder found, as the sole aggravating factor, that in committing the crime he had "knowingly created a risk of death or great bodily harm to more than one person." Id. 235, 108 S.Ct. 549-50. Thus, the only aggravating factor found by the jury simply duplicated an element of the offense.

In the Supreme Court, Lowenfield argued that since the lone aggravating factor found by the jury was identical to an element of the underlying offense, the penalty jury was free to simply repeat one of its earlier guilt-phase findings "and thus not narrow further in the sentencing phase the class of death-eligible murders." Id 241, 108 S.Ct. 553. In rejecting the argument, the Court discussed the various ways that the constitutionally necessary narrowing function could be performed:

> "It seems clear to us...that the narrowing function required by a regime of capital punishment may be provided in either of these two ways: The legislature may itself narrow the definition of capital offenses, as Texas and Louisiana have done, so that the jury finding of guilt response to this concern, or the legislature may more broadly define capital offenses and provide for narrowing by jury findings of aggravating circumstances at the penalty phase." Id. 246, 108 S.Ct. 555.

The Court concluded that the Louisiana legislature had performed the initial narrowing function by limiting the definition of capital murder. Thus the jury had performed its individual narrowing function when it returned a guilty verdict as to capital murder. The Court stated, "the fact that the sentencing jury is also required to find the existence of an aggravating circumstance in addition is not part of the constitutionally-required narrowing process, and so the fact that the aggravating circumstance duplicated one of the elements of the crime does not make this sentence constitutionally infirm." Id. 246, 108 S.Ct. 555.

This problem is exacerbated by the fact that the federal statute, unlike Louisiana's statute, is a weighing statute. Thus, not only do the §3592 and §3591 factors alleged here not serve a narrowing function; it may also be weighed in the balance by the jury in reaching its penalty decision. In Stringer v. Black, 503 U.S. 222, 112 S.Ct. 1130 (1993), the Court discussed at length the important distinctions which exist between weighing and non-weighing death penalty schemes:

> "[T]he difference between a weighing State and a non-weighing State is not one of "semantics" as the Court of Appeals thought,..., but of critical importance. In a non-weighing State, so long as the sentencing body finds at least one valid aggravating factor, the fact that it also finds an invalid aggravating factor does not infect the formal process of deciding...But when the sentencing body is told to weigh an invalid factor in its decision, a reviewing court may not assume it would have made no difference if the thumb had been removed from death's side of the scale. When the weighing process itself has been skewed, only constitutional harmless error analysis, or reweighing at the appellate level suffices to guarantee that the defendant received and individualized sentence."

503 U.S. 231-32, 112 S.Ct. 1137 (citation omitted).

That portion of the statute which permits the jury to weigh in the life/death balance that which the jury has per force previously found as an element of the offense unfairly places, in Justice O'Connor's words in Stringer, the thumb on death's side of the scale. To the extent that the statute in this case permits the jury to weigh a duplicate finding, the statute is unconstitutional.

To survive a constitutional challenge, the sentencing scheme detailed in the Federal Death Penalty Act of 1994 "must suitably direc[t] and limi[t] the discretion of the sentencer so as to minimize the risk of wholly arbitrary and capricious action." Arave v. Creech, 113 S.Ct. 1534, 1540 (1993). The statute "must channel the sentencer's discretion by clear and objective standards that provide specific and detailed guidance, and that make rationally reviewable the process for imposing a sentence of

death." Id.

Allowing the jury to impose a death sentence on the basis of the §3592(c)(8) and 18 U.S.C. §3591(2)(A) factors is rife with mischief. The cumulation of numerous offenses to support a single aggravating factor creates a grave peril that the jury will view each offense as a separate aggravating factor. This problem is greatly magnified in this case where the so-called "separate" offenses alleged in support of the aggravating factor all flow from the same criminal transaction or occurrence charged in the indictment. Perhaps worse, the statute creates a risk that different jurors will find different underlying crimes to support these aggravators and thus the jury will lack unanimity.

In a slightly different context, state courts considering weighing schemes have widely rejected the use of multiple aggravating factors based upon the same underlying evidence. See, e.g., Engberg v. Meyer, 820 P.2d 70, 89 (Wyo. 1991)(use as aggravating factor both that the murder was committed during felony and for pecuniary gain was unconstitutional); Kennedy v. State, 455 So.2d 351, 354 (Fla. 1984)[trial court erred in finding as separate aggravating circumstances (a) that the murder was committed to hinder law enforcement and avoiding arrest, because "it resulted in an automatic cumulation of aggravating circumstances against the defendant"]; Cook v. State, 360 So.2d 1251, 1256 (Ala. 1978) (disallowing use as aggravating factors both that murder was

committed during robbery and for pecuniary gain, because the defendant was "in effect condemn[ed] twice for the same culpable act").

JEFFERY WILLIAM PAUL, Defendant

WOOD, SMITH, SCHNIPPER & CLAY
Lynn Williams
123 Market Street
Hot Springs, Arkansas 71901
(501) 624-1252
State Bar No. 83183

BACHELOR, NEWELL & OLIVER
211 Hobson Avenue
P. O. Box 1620
Hot Springs, Arkansas 71902
(501) 321-2222

By: Steven D. Oliver
STEVEN D. OLIVER
State Bar No. 83138

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that the foregoing has been served upon the attorneys of record for all other parties in this proceeding and upon parties not represented by attorneys by delivering a copy of this pleading to the attorney or party personally, or to the offices of such attorney or party, or by placing a copy in the U.S. Mail addressed to such attorney or party at his/her office with sufficient prepaid postage on this 9 day of June, 1997.

Steven D. Oliver

STEVEN D. OLIVER

Mailed or Hand Delivered To:

Steven Snyder, Esq.
Assistant U.S. Attorney
P. O. box 1524
Fort Smith, Arkansas 72902-1524