# TRIAL TRANSCRIPT – GOVERNMENT'S SENTENCING OPENING ARGUMENT

be for us to hear the opening statements for this phase of the trial. The parties have asked for no more than 20 minutes per side and so we'll first hear from the Government and then when they've finished, we'll hear from the defense.

So Mr. Snyder, please.

BY MR. SNYDER: Thank You, judge. Ladies and gentlemen, there are certain aggravating factors that we've got to prove beyond a reasonable doubt before you can return a verdict of death against the defendant, Jeffery Paul. And these are contained in a pleading, a written pleading that's been filed with the court.

The first statutory aggravating factor that we have to prove beyond a reasonable doubt is intentional killing, and that is that the defendant intentionally killed Sherman Williams. That's the first statutory aggravating factor we have to prove.

Then ladies and gentlemen, we have to prove at least one of the following three factors:

Number 1 - Heinous, cruel or depraved manner of committing the offense, and that is that the defendant committed the offenses in an especially heinous, cruel and depraved manner and that it involved torture or serious physical abuse to Sherman Williams.

The second of the three factors that we can prove is pecuniary gain, and that is that the defendant commited the offense expecting to receive something of value; that is, a car

or money.

The third statutory aggravating factor is vulnerability of the victim, and that is the victim was particularly vulnerable due to old age.

Now we have to prove one of those three factors beyond a reasonable doubt, and I'll list them one more time: Heinous, cruel or depraved manner of committing the offense; pecuniary gain; or vulnerability of the victim.

Now there are what they call non-statutory aggravating factors that you can also consider, and they are the future dangerousness of the defendant. And in assessing the future dangerousness, you can consider other acts of violence; for example, the attempted armed robbery of the Tri-States Liquor Store on or about June 8 of 1995.

You can also consider the defendant successfully eluding capture from the FBI for 14 months until his arrest in Mississippi on August 22, 1996.

You can also consider lack of remorse in that the defendant stated he did not feel bad about the murder -- the victim begged for his life and the defendant referred to the victim in vulgar terms.

You can also consider victim impact evidence, and that is the manner in which the death of Sherman Williams directly impacted on his family. And in that respect, you're going to hear from his two daughters, Carole Sherman and Mary Ann McKuin.

Now the last factors that I listed are not factors -- are not what we call threshold factors that we have to prove. Those are factors that you can consider, and I'm going to name them one more time: Future dangerousness, and victim impact. And under future dangerousness, there are other acts of violence, successfully eluding capture, and lack of remorse. And under victim impact, it's the effect the murder had on the family.

Ladies and gentlemen, I'm confident that we will, in fact, prove the statutory aggravating factors that we're required to under the law and that being the intentional killing, and one of the three following statutory aggravating factors which were heinous, cruel or depraved manner, pecuniary gain, and vulnerability of the victim.

Thank you very much.

BY THE COURT: All right. Thank you, Mr. Snyder.

Mr. Williams, please.

BY MR. WILLIAMS: May it please the Court, ladies and gentlemen of the jury?

It's been seven days since I had an opportunity to address you. For a trial attorney that's a long time to remain silent in a trial. That's the first time I believe I've addressed a jury in a trial where the verdict already has been in. So I may be a little bit off of my stride and I'm going to catch up with everyone else who's been more involved and done more things and said more things to you in this trial.