U. S. DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

SEP 15 1997

CHRIS R. JOHNSON, CLERK
BY: [signature]
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff** | ) | |
| **vs.** | ) | **No. 6:96CR60022-001** |
| | ) | |
| **JEFFERY WILLIAM PAUL,** | ) | |
| **Defendant** | ) | |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL**

Federal Rule of Criminal Procedure 33 provides:

"The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice. If trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period."

**I. Jury's Failure to Find that an Equally Culpable Codefendant Will not be Punished by Death**

This new trial request is based on the issue of the jury's failure to find by a 12 to 0 vote that there was an equally culpable co-defendant, Mr. Ingle. Therefore, the defendant on this issue is not requesting for whole new trial but a new sentencing hearing on this mitigator and its balance with the other mitigators and aggravators to determine if the death penalty is appropriate. Defendant acknowledges there is no provision for such a request in the Federal Rules of Criminal Procedure, the federal death penalty statutes or the case law. However, as we have discovered in previous issues in this relatively new



245

field of federal death penalty law, the Court can promulgate its own procedures when necessary; Federal Rules of Criminal Procedure 57(b) states that:

> "(b) Procedure When There Is No Controlling Law. A judge may regulate practice in any manner consistent with federal law, these rules, and local rules of the district. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local district rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement."

Additionally, this court has relied upon *U.S. vs. Beckford*, 1997 WL 168634 (E.D. Va. 1997). *Beckford* is a discovery issue, but the defendant believes it also as applicable to the new sentencing hearing. *Beckford* stated:

> "That where no law or rule is directly applicable, [a] judge may regulate practice in any manner consistent with federal law, these rules, and local rules of the district. (citation omitted) ... Hence, it seems rather clear that th inherent powers of the court to fashion rules of discovery has been incorporated in the Rules by FRCRP 57(b)

As previously cited by the government in document 165 in our case "...the word trial is not limiting one in the area of death penalty litigation, See *Lockhart v. McCree*, 476 U.S. 162, 164, 106 S.Ct. 1758, 1760, 90 L.Ed. 2d 137 (1986) (court speaks of the first half of a bifurcated trial - guilty/innocence phase in a death penalty case); *Antwine v. Delo*, 54 F.3d 1357, 1365 (8th Cir. 1995) (court speaks of both the guilty and penalty phase of defendant's bifurcated trial in a death penalty case); *Lesko v. Lehman*, 925 F. 2d 1527, 1541 (3rd Cir. 1991) (found rule applicable in both the guilt and penalty phases of a death penalty trial.);".

Finally, the death penalty statutes seem to contemplate the possibility of a new sentencing hearing without a totally new trial. In 18 U.S.C. 3593(b)(2)(D) states:

> The [sentencing] hearing shall be conducted ... before a jury impaneled for the purpose of the hearing if ... after initial imposition of a sentence under this section ... reconsideration of the sentence under this section is necessary;"

Alternatively, if the court believes that it does not have the power under 57(b) or any other rule to grant a new sentencing hearing, the defense therefore would rely on Rule 33 and request a complete new trial on all issues.

The case law interpreting the granting of new trials in this circuit is found in *U.S. v. Lincoln*, 630 F.2d 1313 (8th Cir. 1980). There the Court wrote:

> "When a motion for new trial is made on the ground that the verdict is contrary to the weight of the evidence, the issues are far different from those raised by a motion for judgment of acquittal. The question is not whether the defendant should be acquitted outright, but only whether he should have a new trial. The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses. If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury. This authority should be exercised sparingly and with caution; nevertheless, the trial court has wide discretion in deciding whether to grant a new trial in the interest of justice. Corresponding to the district court's broad discretion is the limited scope of our review: we will reverse the district court's ruling on the motion for new trial only if we find that ruling to be a clear and manifest abuse of discretion. *See United States v. Bohn*, 508 F.2d 1145, 1150 (8th Cir. 1975); *United States v. Robinson*, supra, 71 F.Supp. at 10-11; 2 Wright, Federal Practice and Procedure: Criminal, s 553 at 486-87."

The Court has reaffirmed its opinion as late as *United States v. Davis*, 103 F. 3d 660 (8th Cir. 1996).

Had not the defendant's made certain statement against each other, Ingles and Paul would have been joined for trial. Although Paul did not, nor does not now ask for joinder, the purpose of joinder of co-defendant is illustrative. It is possible that two different

outcomes can occur on the same evidence and as such is not favor in the law as remarked upon in *U.S. v. Delpit*, 94 F.3d 1134, (8th Cir. 1996)

> "We read Rules 8 and 14 in favor of joinder. Id. at 1528 ("[A] joint trial 'gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.' "); *Zafiro v. United States*, 506 U.S. 534, 537, 113 S.Ct. 933, 937, 122 L.Ed.2d 317 (1993) (joint trials ***"avoid[ ] the scandal and inequity of inconsistent verdicts"***).(Emphasis added)"

Considering these circumstances a new sentencing hearing should be ordered or in the alternative, a completely new trial.

Respectfully submitted,
Jeffery William Paul, Defendant

By:____________________
Lynn Williams #83183

Wood, Smith, Schnipper & Clay
123 Market Street
Hot Springs National Park, Arkansas 71901
(501) 624-1252

Steven D. Oliver, #83138
Bachelor, Newell & Oliver
P.O. Box 1620
Hot Springs National Park, Arkansas 71902
(501) 321-2222

Attorneys for the Defendant

## CERTIFICATE OF SERVICE

I, Lynn Williams, do hereby certify that I have served a copy of the foregoing brief on Mr. Steve Snyder, Assistant United States Attorney for the Western District of Arkansas, P.O. Box 1524, Fort Smith, Arkansas 72902-1524 by placing same in the United States Mail with sufficient postage prepaid, this 15th day of September, 1997.

____________________
Lynn Williams