U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
MAY 15 2003
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK
ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA §
§
v. § CRIMINAL NO. 96-60022-001
§
JEFFERY WILLIAM PAUL §
§
§

**DEFENDANT'S REPLY TO GOVERNMENT'S MOTION TO UNSEAL DEFENDANT PAUL'S EX PARTE PRE-TRIAL MOTIONS AND THE ORDERS PERTAINING THERETO, AND SUPPORTING MEMORANDUM**

Jeffery Paul, by undersigned counsel, pursuant to the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and pursuant to Rule 6 of the Rules Governing §2255Proceedings, files this his reply to respondent's pending motion requesting that this Court unseal all previously sealed transcripts and orders in the trial record in his case. For the reasons that follow, Mr. Paul opposes this Court's unsealing of those items at this time.

Mr. Paul believes respondent's motion is premature in the circumstances of this case. Currently pending before the Court are Mr. Paul's §2255 Motion and an accompanying Motion for Discovery. The Court has ordered respondent to file a response to the motion. So far the Court has taken no action with respect to Mr. Paul's extensive discovery motion.

283

In both the discovery motion and the §2255 motion itself, Mr. Paul repeatedly emphasizes that, until the Court addresses and resolves his numerous requests for access to information that is both relevant and material to the underlying constitutional claims and/or potential claims, Mr. Paul cannot affirmatively conclude that all claims for §2255 relief, and all facts in support thereof, have been either uncovered or presented to the Court, despite his desire to do so in this litigation, and despite his diligence in seeking all such information *prior to* the filing of his §2255 motion. He also asserts many claims and supporting facts upon information and belief, in part due to the fact that, at present, he has still been prohibited access to the aforementioned information notwithstanding his diligent attempts to gain access to such information.

Before this Court entertains any request by the *government* for further information, it would seem prudent, both as a matter of efficiency, and as a matter of fairness, to entertain and consider *Mr. Paul's* request for relevant and material information. As for efficiency, Mr. Paul has attempted to discover, investigate, develop and present all known bases for attacking his underlying conviction and sentences in his case. He has candidly admitted, however, that his attempt is thus far incomplete, due in part to his inability, without this Court's assistance under Rule 6 of the Rules Governing §2255 Habeas Cases, to obtain relevant information.

For that reason, when he filed his §2255 Motion, he simultaneously filed a request for discovery from the Court. That request cited voluminous law which, he believes, entitles him to the discovery he seeks.

It is possible, indeed likely, that both the nature and contours of Mr. Paul's legal claims and the bases therefore will change once he has been provided access to the information he seeks. In essence then, ordering the government to respond to Mr. Paul's underlying legal and factual assertions, and permitting the government to develop potentially relevant facts for their response, before ascertaining whether, and if so to what extent, Mr. Paul is entitled to develop facts, seems, respectfully, to put the cart before the horse. This is especially true in a lawsuit that is driven by the scope and nature of the underlying claims for relief. Assuming those claims change due to the uncovering of new information *via* Court-ordered discovery, then, respectfully, it seems premature to focus attention on any response to those claims, including allowing factual development on aspects of the response. Such a procedure will likely lead to inefficiencies in the litigation of the case.

As a matter of fairness, Mr. Paul respectfully suggests that it does seem inappropriate for this Court to consider and permit *pre-filing* discovery on the part of one party, when the Court has yet even to address whether *post-filing* discovery on the part of the other party will be allowed. This latter point is underscored by

the nature of the stakes at issue with respondent's request here, which, as respondent acknowledges, touch on issues of the attorney-client privilege and confidentiality of attorney/client communications that are central to the fair administration of our legal system.

"The attorney-client privilege is one of the oldest recognized privileges for confidential communications. The privilege is intended to encourage 'full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.'" Swidler & Berlin v. United States, 524 U.S. 399, 118 S.Ct. 2081, 2084 (1998) (internal citations omitted). The work-product privilege, though not of ancient origin, is just as important to the effectiveness of the adversarial system. Recognized by the United States Supreme Court in Hickman v. Taylor, 329 U.S. 495 (1947), the work product doctrine protects from discovery materials created by an attorney, in the anticipation of litigation.

The attorney-client privilege and client confidentiality are critical components of the present day judicial process without which the adversary system would fail. They are based upon a simple premise: without the assurance that an attorney-client communication will remain confidential, a client may not be willing to freely disclose complete facts to his counsel. Without an assurance that an

attorney (or in this case, the Court) cannot be required to reveal privileged material to a third-party, attorneys would likewise be reluctant to elicit complete facts from their clients, or conduct complete investigations of cases. The effect would be to chill attorney-client communications and severely hamper the ends of justice. Full and free communication is essential in any criminal case, and even more critical in a capital case where sensitive information such as other crimes, alcoholism, child abuse, and sexual abuse can mean the difference between life and death. The work-product privilege allows lawyers to effectively represent their clients without worrying that their opponents will later use all of their efforts against them. The work product privilege is designed to prevent parties from discovering the facts of a matter, simply by perusing their opponents' files. A counsel's mental impressions and strategic planning must remain secret, otherwise opposing counsel, with little effort, could wrongly make use of the efforts of more studious and diligent attorneys.

It is well settled that this Court is obligated to protect the attorney-client privilege and the work-product doctrine in order to assure the viability of the adversary system. This important systemic need should not be undervalued in comparison to the particular, case-oriented "needs" of a single litigant in a single case. Courts and parties are always searching for the truth. Privileges are always

used to shield information from the Court and opposing parties. To overcome a privilege, it is not sufficient that privileged documents may be relevant or useful to the opposing party; rather, respondent must show that he or she cannot find substantially similar information anywhere else. Even if respondent can overcome the privileges to some degree, the waiver or exception must be narrowly construed to protect the privileges as much as possible.

This is so because, contrary to the implication of respondent's submission, the mere pleading of an ineffective assistance of counsel claim in the context of habeas corpus litigation does not in itself constitute a blanket waiver of the attorney-client and work-product privilege.[1] In re Dean, 142 N.H. 889, 890-91, 711 A.2d 257, 258 (1998); Reed v. State, 640 So.2d 1094, 1097 (Florida 1994); Bryan v. State, 848 S.W.2d 72, 81 (Tenn. 1992); State v. Taylor, 327 N.C. 147, 155, 393 S.E. 2d 801, 807 (1990). Respondent cites no cases which so hold; in fact, relevant case law is clear that any waiver of privilege due to a claim of ineffective assistance of counsel is necessarily limited to those documents which are specifically relevant to arguing that claim. Reed, 640 So.2d at 1097; Taylor,

---

[1] Conversely, Mr. Paul does not waive his claims of ineffective assistance of counsel by asserting the privilege. Respondent is in no way hindered from ascertaining most of the facts on which Mr. Paul's ineffectiveness claim will be based by seeking to speak with Mr. Paul's former counsel and/or questioning them on the stand at an evidentiary hearing or Court-ordered deposition.

327 N.C. at 155, 393 S.E. 2d at 807; *see also* Laughner v. United States, 373 F.2d 326, 327 (5th Cir. 1967) (holding that scope of waiver can be exceeded by a court's order for too much disclosure).

In Taylor, the Supreme Court of North Carolina found that the trial court had exceeded its authority and had ordered the petitioner to disclose too much, even though the waiver was "broad." Taylor, 393 S.E.2d at 805. The Court stated:

> Therefore, we concede that the defendant made a fairly broad waiver of the privileges in question; but we nevertheless conclude that his waiver was not an unlimited waiver. As the order of the Superior Court directed the defendant to provide the State access to "all files relating to these cases" without limiting the ordered disclosure to matters relevant to issues raised by the defendant's allegations of ineffective assistance of counsel, the order of the Superior Court was overbroad and exceeded its authority.

*Id.* Likewise, while the court in Reed found that petitioner had waived his attorney-client and work-product privileges, the Court held that petitioner must be given the opportunity to move to exclude unrelated documents from the production to the State. Reed, 640 So.2d at 1097 ("However, the defendant may move to exclude from discovery any portion of the file which contains matters unrelated to the crimes for which the defendant was convicted, such as evidence of other crimes.").

The Supreme Court of New Hampshire, in Dean, held that a claim of ineffectiveness only waives the attorney-client privilege to the extent that

communications and documents were relevant to the claim. Dean, 142 N.H. at 890-91. In a appeal from a denial of a motion for new trial, the Court said:

> We hold that claims of ineffective assistance of counsel, whether brought in a motion for new trial or in a habeas corpus proceeding, constitute a waiver of the attorney-client privilege to the extent relevant to the ineffectiveness claim; the waiver is a limited one . . . . Fairness dictates a limited waiver . . . .

*Id.* (internal citations omitted).

Finally, in the present case, Mr. Paul has not asserted any claim directly related to the Court's treatment of his trial counsels' pre-trial requests for funds, for experts, investigative assistance, or other matters. Thus even assuming the validity of the underlying premise of respondent's request for disclosure, those materials should not be unsealed.

For all of these reasons, Mr. Paul respectfully urges the Court to withhold ruling on respondent's motion until the Court has addressed the pending motion for discovery. In the alternative, Mr. Paul respectfully requests that the Court deny respondent's motion.

This the 12th day of May, 2003.

Respectfully submitted,

ROBERT L. MCGLASSON

Attorney at Law
Federal Defender Program, Inc.
100 Peachtree St. NW, Suite 200
Atlanta, Georgia 30303
(404) 688-7530

Attorney for Mr. Paul

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of defendant's Reply to Government's Motion to Unseal Defendant Paul's Ex Parte Pre-trial Motions and the Orders Pertaining Thereto, and Supporting Memorandum upon counsel for the United States in this case, by faxing a copy, as well as placing a copy of same in the U.S. mail, with proper postage affixed thereto, and addressing it to the following:

Mr. Steven N. Snyder, Esq.
Mr. Mark Webb, Esq.
Assistant U.S. Attorneys
P.O. Box 1524
Fort Smith, Arkansas 72901
Fax: (479) 783-7876

Ms. Margaret P. Griffey, Esq.
Chief, Capital Case Unit
Criminal Division
U.S. Department of Justice
Room 6140, Patrick Henry Bldg.
601 D. Street, N.W.
Washington, D.C. 20530
Fax: (202) 353-9779

This 12th day of May, 2003.

Robert L. McGlasson