U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
MAY 20 2002
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 96-60022-001 |
| | § | |
| JEFFERY WILLIAM PAUL | § | |
| | § | |
| | § | |

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
MAY 25 2002
AUG 21 2003
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

**MOTION FOR APPOINTMENT OF SECOND COUNSEL TO PURSUE POST-CONVICTION REMEDIES, AND MEMORANDUM OF LAW IN SUPPORT**

COMES NOW defendant Jeffery William Paul, and hereby moves this Court pursuant to 21 U.S.C. §848q for an Order appointing attorney Sean O'Brien as second counsel to assist in pursuing all available post-conviction remedies in the above-styled case. In support of same, Mr. Paul provides the following:

On June 25, 1997, Mr. Paul was convicted of murder in this Court under 18 U.S.C. §1111(a) and sentenced to death pursuant to 18 U.S.C. §3591, *et seq*. His direct appeal to the United States Court of Appeals for the Eighth Circuit was unsuccessful, *see* United States v. Paul, 217 F.3d 989 (8th Cir. 2000). On October 1, 2001, the United States Supreme Court denied review on certiorari, *see* Paul v. United States, ___ U.S. ___, 122 S.Ct. 71 (Oct. 1, 2001) No. 00-8635.

Having exhausted his avenues of relief on direct appeal, Mr. Paul is currently pursuing all available post-conviction remedies, as well as clemency if necessary.

285

This Court recently appointed undersigned counsel to represent Mr. Paul at this stage in the proceedings. He now seeks the assistance of second counsel to aid in the representation.

As noted in the initial appointment motion, federal law requires the appointment of qualified counsel in this case. *See* 21 U.S.C. §848(q); McFarland v. Scott, 512 U.S. 849, 114 S.Ct. 2568, 2571-74 (1994)("[o]n its face, this statute grants indigent capital defendants a mandatory right to qualified legal counsel and related services '[i]n any post conviction proceeding.'"). Sub-section 848(q)(4)(B) specifically requires the appointment of "one or more" attorneys for indigent inmates seeking relief from their federal capital convictions and sentences of death in §2255 proceedings or in any other post-conviction proceedings, including clemency.[1] By its express wording the statute thus evinces Congress' anticipation that more than one attorney would be needed to represent defendants such as Mr.

---

[1] The statute provides:

(B) In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9).

21 U.S.C. §848(q)(4)(B).

Paul who are under a federal sentence of death and seek to challenge its constitutionality in post-conviction proceedings.

Importantly here, after passage of the 1988 law, the federal Judicial Conference promulgated guidelines regarding the provisions of §848(q) concerning the appointment of counsel in federal capital habeas corpus cases. *See generally* Guidelines for the Administration of the Criminal Justice Act. Those Guidelines specifically recommend that federal district courts in capital §2254 cases appoint two attorneys and pay them at a rate of between $75 and $125 per hour. *See* Guidelines §§6.01 & 6.02(B). Thus the requested appointment of second counsel in this case is the recommended course of action in such cases. The Guidelines also strongly recommend that federal courts pay attorneys in these capital habeas corpus cases on an interim basis, due to the often lengthy nature of the entire process and the amount of work involved. *Id.* at 2.30(B) & §6.02(C).

While undersigned counsel is aware that the appointment of two expert capital defense attorneys is now routine in capital cases in §2254 and §2255 proceedings,[2] the need for second counsel in this case is particularly crucial, owing

---

[2] As for §2255 capital cases, undersigned counsel recently spoke with the Federal Death Penalty Resource Counsel Project, and learned that in every federal capital case currently in §2255 proceedings (there are now eleven in addition to Mr. Paul's), the federal district courts have appointed two expert capital habeas attorneys. In §2254 cases, undersigned counsel, who has been appointed by federal judges throughout the country, is generally aware that the appointment of two expert attorneys is commonplace, including

to the relative geographic locations of the scene of the crime/trial, the defendant, and the offices of undersigned counsel. Moreover, proposed second counsel, Mr. Sean O'Brien, and undersigned counsel have known one another for over a decade, and have worked together on numerous training seminars and other capital defense related matters. Should the Court choose to grant this motion and appoint Mr. O'Brien as second counsel in this matter, undersigned counsel is wholly confident that the defense team will work well together. Such a good working relationship is essential in the context of capital case litigation, and undersigned counsel has complete trust both in Mr. O'Brien's expertise and in his ability to consult and assist constructively in this case.

To permit the Court to assess Mr. O'Brien's qualifications as required by law, *see* 848(q)(7), a copy of Mr. O'Brien's resume is attached hereto as Exhibit "A." Exhibit A makes clear that Mr. O'Brien is fully qualified to represent Mr. Paul in this matter.

Mr. O'Brien has been involved in capital defense representation his entire career after graduating law school in 1980, first as a public defender in Kansas City, Missouri, then as the director of the federally funded Missouri Resource

---

in those circumstances where one of the attorneys is employed at a federal defender office.

Center, and now as the director of the Public Interest Litigation Center (which succeeded the Resource Center in 1995). Mr. O'Brien has represented capital defendants during all stages of a capital case, at trial, on appeal, and in post-conviction proceedings. Mr. O'Brien has been appointed as lead or co-counsel in many capital cases in both state and federal courts throughout the country. He has successfully defended several capital defendants before the U.S. Supreme Court.

Mr. O'Brien is a renowned legal expert on capital defense in the United States. He regularly lectures and teaches at capital defense seminars, workshops, symposia, etc., and has done so for much of his career. He has also published numerous articles in the field of death penalty defense.

Mr. O'Brien would respectfully request to be paid at the rate of $125.00 per hour. This rate has become standard throughout the country for such appointments. In addition, as Mr. O'Brien's resume establishes, the maximum rate under the Guidelines is wholly justified given his longstanding experience and expertise is such cases.

Finally, undersigned counsel has conferred with the defendant, Jeffery Paul, and is authorized to state that Mr. Paul personally desires that Mr. O'Brien be appointed as second counsel to represent him in this matter.

Conclusion

Petitioner seeks nothing more than that which federal statutory law contemplates, duly promulgated Guidelines governing the statute strongly encourage, and general practice throughout the country makes commonplace. While Mr. McGlasson and his office will continue as lead counsel in this matter, the appointment of Sean O'Brien as second counsel will facilitate all work conducted on the case, especially in the Arkansas area. Moreover, due to the complexity of any capital case, including this one, and the comparatively large amount of work entailed in the representation of a death sentenced inmate, qualified second counsel is necessary to ensure that the highest quality legal work is conducted.

For these reasons, undersigned counsel respectfully requests that this Court appoint Sean O'Brien as second counsel in the above-styled case. A proposed Order is attached to this Motion, for the Court's convenience.

Respectfully submitted,

Robert L. McGlasson
Georgia Bar No. 492638
Federal Defender Program
100 Peachtree Suite NW, Suite 200

Atlanta, Georgia 30303
(404) 688-7530
Fax: (404) 688-0768

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 96-60022-001 |
| | § | |
| JEFFERY WILLIAM PAUL | § | |
| | § | |
| ________________________________ | § | |

(PROPOSED) **ORDER**

This matter comes before the Court on the defendant's motion for the appointment of second counsel in this case. This Court has previously appointed Robert L. McGlasson as counsel in this matter.

Good cause appearing therefore, it is ordered that Sean O'Brien is hereby appointed to represent the defendant Jeffery William Paul, pursuant to 21 U.S.C. §848(q)(4)(B), in all available post-conviction proceedings, including clemency, if necessary. The effective date of his appointment is ________________.

Mr. O'Brien will be compensated at the rate of $125.00 per hour for his services. He is authorized to bill the Court on an interim basis, no more than every two months, or less frequently if desired.

SO ORDERED this __ day of ________, 2002.

________________________________
U.S. DISTRICT JUDGE