EXHIBIT B

County of Pulaski

State of Arkansas

Declaration of Cathleen V. Compton

1. My name is Cathleen Compton. I am over the age of eighteen and am competent to provide the information contained in this declaration, based upon personal knowledge.

2. I am an attorney licensed to practice law in the State of Arkansas. My offices are located in Little Rock, Arkansas.

3. In June, 1997, I attended the Arkansas State Bar meeting, which was held in Hot Springs, Arkansas, at the Arlington Hotel. Each evening during the conference various law firms hosted cocktail parties in the lobby of hotel.

4. At one point during one of these cocktail parties, I was in a conversation in which Judge Jimm Larry Hendren, U.S. District Judge for the Western District of Arkansas, discussed the federal capital case of Jeffery Paul. I was familiar with Mr. Paul's case, because I represented Mr. Paul's co-defendant, Trinity Ingle. Like Mr. Paul, Mr. Ingle had been charged with murder under federal law, and the government had sought the death penalty against him. Just days before the State Bar meeting the jury in Mr. Ingle's case had returned a sentence of life in prison. Mr. Ingle's case had been tried before Judge Hendren; at the time of the Bar

meeting, Mr. Paul's case was set to begin trial the next week.

5. During this conversation, Judge Hendren stated that the federal Department of Justice death penalty review committee in Washington had just "de-certified" Mr. Paul's case because a life verdict had just been returned in Mr. Ingle's case; that is, the committee had voted to withdraw the death notice in the Paul case in light of the life verdict in the Ingle case.

6. During this same conversation Judge Hendren stated that he did not believe it was the government's prerogative to make the decision to de-certify the death notice in the Paul case. Instead, Judge Hendren indicated that he believed this was his decision to make.

7. Judge Hendren was visibly upset with and angered by the DOJ committee's decision to de-certify Jeff Paul's death penalty case. Judge Hendren made clear during this conversation that if he was right and that he had control over whether the case would proceed as a death penalty case, he would not allow the death notice in Mr. Paul's case to be withdrawn.

Under penalty of perjury the foregoing is true and correct to the best of my information and belief.

This 29th day of December, 2003.

Cathleen V. Compton

**CERTIFICATE OF SERVICE**

I do hereby certify that I have served a copy of defendant's Motion to Disqualify the Honorable Jimm Larry Hendren by placing a copy of same in the U.S. mail, with proper postage affixed thereto, and addressing it to the following:

Mr. Steven N. Snyder, Esq.
Assistant U.S. Attorney
P.O. Box 1524
Fort Smith, Arkansas 72901

Ms. Margaret P. Griffey, Esq.
Chief, Capital Case Unit
Criminal Division
U.S. Department of Justice
Room 6140, Patrick Henry Bldg.
601 D. Street, N.W.
Washington, D.C. 20530

This 23rd day of January, 2004.

Robert L. McGlasson