U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
FEB 02 2004
CHRIS R. JOHNSON, CLERK
BY [signature] DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Respondent | § | |
| | § | |
| v. | § | Criminal No. 6:96CR60022-001 |
| | § | |
| JEFFREY WILLIAM PAUL | § | |
| | § | |
| Petitioner | § | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S VACILLATION REGARDING SEEKING RELIEF UNDER 28 U.S.C. § 2255**

Now comes the United States of America and files this response to the Notice of Defendant's Withdrawal of Uncounseled Expression of His Desire to Waive His Appeal, filed by Paul on December 9, 2003, and received by counsel for the United States on December 15, 2003.

On December 4, 2003, the Court before whom Paul's § 2255 motion is pending received a letter from Paul as follows:

> I, Jeffery William Paul,
> Do hereby declare that I understand myself to be incarcerated on Federal Death Row awaiting the outcome of my appellate claims asking for relief from a sentence of death. I would ask the Court for me to be declared competent to waive further appeals hindering the imposition of this sentence upon me. Even though it is painful to me, I do know that I am guilty of the crime which resulted in Mr. Williams (Sherman) untimely and unnatural death. Please know I regret the pain caused by my robbing, kicking and incapacitating Mr. Williams. Both for him and his family. Please consider my appeals dropped.
>
> Sinserely,
> /s/ 105170
> 42
> Jeffery W. Paul

On December 8, 2003, after meeting with his defense counsel, Paul signed a Notice of Defendant's Withdrawal of Uncounseled Expression of His Desire to Waive His Appeal drafted

297

by counsel appointed to represent him in § 2255 review.

While not the norm, it is not entirely unusual for a death-sentenced inmate to vacillate in his desire to pursue relief. *See Smith v. Armantrout*, 812 F.2d 1050, 1054 (8th Cir. 1987); *Mata v. Johnson*, 210 F.3d at 333. Some death-sentenced inmates repeatedly notify courts that they wish to waive their appeals or post-conviction review, only to be persuaded by counsel to continue or reinstate their challenges. *See United States v. Hammer*, 226 F.3d 229 (3rd Circuit 2000). Under such circumstances, it could be appropriate for the Court to inquire whether the defendant in fact wishes to continue his appeals or collateral review. *Id.*

*Competence to waive review*

It is well established that a competent defendant can voluntarily waive his right to pursue relief under § 2255, and if he does so, his counsel is without authority to seek relief on his behalf unless he changes his mind. *Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999); *Smith v. Armontrout*, 812 F.2d 1050, 1059 (8th Cir. 1987)(counsel's next-friend petition dismissed for lack of standing). In order for counsel or anyone else to proceed on a defendant's behalf in "next friend" standing, that person must demonstrate that the defendant "is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore v. Arkansas*, 459 U.S. 149, 164 (1990).

The standard for determining an inmate's competence to withdraw an appeal was established by the Supreme Court in *Rees v. Peyton*: "whether he has capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises." *Rees v. Peyton*, 384 U.S. 312, 314 (1966). From *Rees v. Peyton*, both the Eleventh and Fifth Circuits have derived a three-part test for determining whether a petitioner is competent to waive or abandon collateral review, that is (1)

whether that person suffers from a mental disease, disorder or defect; (2) whether a mental disease, disorder or defect prevents that person from understanding his legal position and the options available to him; and (3) whether a mental disease or defect prevents that person from making a rational choice among his options. *Ford v. Haley*, 195 F.3d 603, 617 (11th Cir. 1999), *citing Lonchar v. Zant*, 978 F.2d 637, 641 (11th Cir. 1993); *Mata v. Johnson*, 210 F.3d at 328, *citing Rumbaugh v. Procunier*, 753 F.2d 395, 396 (5th Cir. 1985).

The level of inquiry into a petitioner's competence to waive review depends on the evidence before the Court. The Court is entitled to presume a prior determination of competence correct "unless some substantial reason to the contrary appears." *Smith v. Armontrout*, 865 F.2d 1502, 1505-06 (8th Cir. 1988), *citing Ford v. Wainwright*, 477 U.S. 399, 426 (1986)(Once a finding as to mental condition has been fairly and properly made, "[t]he State . . . may properly presume that petitioner remains sane at the time sentence is to be carried out, and may require a substantial threshold showing of insanity merely to trigger the process."). Only if there is a genuine issue of material fact as to the petitioner's capacity is additional inquiry or a hearing necessary. *Smith v. Armontrout*, 857 F.2d 1128, 1230 (8th Cir. 1988); *see also Mata v. Johnson*, 210 F.3d at 330 (court must conduct an inquiry into the defendant's mental capacity, either *sua sponte* or in response to a motion by defendant's counsel, if the evidence raises a bona fide doubt as to his competency).

*Voluntary waiver*

A requirement that the waiver of appeal or collateral review be voluntary seems to be inherent in the *Rees v. Peyton* requirement that the petitioner not be prevented by mental disease, disorder, or defect from understanding his legal position and the options available to him or from making a rational choice among his options. Nonetheless, both the Eighth and Fifth Circuits have identified a requirement separate from the competency requirement that the waiver satisfy

the standard of *Johnson v. Zerbst*, 304 U.S. 458 (1983)–the waiver must not only be "voluntary but also 'knowing and intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'" *Mata v. Johnson*, 210 F.3d at 329, *citing Brady v. Maryland*, 397 U.S. 742, 748 (1970), (construing *Johnson v. Zerbst*); *Smith v. Armontrout*, 812 F.2d at 1053.

Based upon the pre-trial determinations of competency and mental evaluations, the Court may presume that Paul remains competent to decide to pursue or waive Section 2255 review. *Smith v. Armontrout*, 865 F.2d at 1505-06. Counsel for Paul must make a substantial showing sufficient to raise a genuine issue of material fact before it is incumbent upon the Court to make additional factual inquiry or conduct a hearing. Counsel for Paul have provided no basis for reassessing Paul's competence.

Although certain actual or potential diagnoses (antisocial personality disorder, borderline psychotic panic or acutely psychotic decompensation) resulted from the pre-trial mental health evaluations of Paul, there is no evidence that these or any other mental condition meet the *Rees v. Peyton* requirements that they impair his ability to understand his legal position and the options available to him or prevent his being able to make a rational choice among his options. Paul's letter to the Court clearly demonstrates that Paul recognizes "that the crime he was convicted of is murder; the penalty that has been handed down is execution; and the ultimate outcome of the penalty will be death." *Ford v. Haley*, 195 F.3d at 619. Paul recognizes that "if he withdraws his appeal, he will be executed." *Id.* It is not necessary that Paul "understand the particulars of each legal issue framed into the petition or the likelihood of prevailing on any or all of them." *Id.*

Although the Court may properly presume Paul's continued competency and there is no evidence to call into question Paul's ability to understand his legal position and the options available to him or to make a rational choice among his options, if Paul should again seek to

dismiss his Section 2255 motion, it would be appropriate for the Court to conduct a hearing to assess Paul's understanding of his position and options and whether he has made a rational choice between these options that is knowing, intelligent, and voluntary. Such a hearing could be conducted via video-conferencing with Paul in Terre Haute. *See United States v. Hammer*, 226 F.3d at 232 (inmate could be clearly seen and heard from video-conferencing facility in Terre Haute).

The United States respectfully submits this, its response to Paul's "Notice of Defendant's Withdrawal of Uncounseled Expression of His Desire to Waive His Appeal."

Respectfully submitted,

THOMAS C. GEAN
United States Attorney
Western District of Arkansas

STEVEN N. SNYDER
WILLIAM M. CROMWELL
Assistant U.S. Attorneys
Western District of Arkansas

Margaret P. Griffey

MARGARET P. GRIFFEY
Chief, Capital Case Unit
Criminal Division
U.S. Department of Justice
1331 F Street, N.W.
Room 337
Washington, D.C. 20004
Tel: (202) 353-7172

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the Government's Response to Petitioner's Vacillation Regarding Seeking Relief under 18 U.S.C. § 2255 were mailed to Paul's counsel at the following addresses:

Robert L. McGlasson
Attorney at Law
Federal Defender Program, Inc.
100 Peachtree St. NW, Suite 200
Atlanta, Georgia 30303

Sean D. O'Brien
Attorney at Law
Public Interest Litigation Clinic
305 East 63rd St.
Kansas City, MO 64113

Date: January 28, 2004

Margaret P. Griffey

Margaret P. Griffey
Attorney
U.S. Department of Justice
1331 F Street, N.W.
Room 337
Washington, D.C. 20004
Tel: (202) 353-7172