U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUL 26 2004
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Respondent | § | |
| | § | |
| v. | § | Criminal No. 6:96CR60022-001 |
| | § | |
| JEFFREY WILLIAM PAUL | § | |
| | § | |
| Petitioner | § | |

**RESPONSE TO COURT'S INQUIRY REGARDING THE CONDUCTING OF A HEARING INTO PAUL'S EXPRESSED DESIRE TO WAIVE REVIEW UNDER 18 U.S.C. § 2255 AND OPPOSITION TO DEFENSE REQUEST FOR EXTENSION OF TIME TO RESPOND TO COURT'S INQUIRY**

Now comes the United States of America and files this response to the request of the Court to be advised whether the government believes that the Court should conduct a hearing regarding Paul's renewed waiver of his right to review of his conviction and sentence under 28 § U.S.C. § 2255. As set forth herein, the government recommends that the Court conduct a hearing to resolve any issues relating to Paul's competency to waive review and to determine that Paul has made a knowing and voluntary waiver of his right to review under Section 2255. The government also opposes the extension of time requested by defense counsel to respond to the Court's inquiry.

It should be noted that Paul first attempted to waive review under Section 2255 in a letter to the Court received on December 4, 2003. On December 8, 2003, after meeting with his defense counsel, Paul signed a Notice of Defendant's Withdrawal of Uncounseled Expression of His Desire to Waive His Appeal drafted by counsel appointed to represent him in Section 2255 review. In letters received by the Court on July 14 and 15, 2004, Paul has renewed his request to waive Section 2255 review and for his death sentence to be carried out.

3

7

_Competence to waive review_

It is well established that a competent defendant can voluntarily waive his right to pursue relief under § 2255, and if he does so, his counsel is without authority to seek relief on his behalf unless he changes his mind. *Ford v. Haley,* 195 F.3d 603, 624 (11th Cir. 1999); *Smith v. Armontrout*, 812 F.2d 1050, 1059 (8th Cir. 1987)(counsel's next-friend petition dismissed for lack of standing). In order for counsel or anyone else to proceed on a defendant's behalf in "next friend" standing, that person must demonstrate that the defendant "is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore v Arkansas*, 459 U.S. 149, 164 (1990).

The standard for determining an inmate's competence to withdraw an appeal was established by the Supreme Court in *Rees v. Peyton*: "whether he has capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises." *Rees v. Peyton*, 384 U.S. 312, 314 (1966). From *Rees v. Peyton*, both the Eleventh and Fifth Circuits have derived a three-part test for determining whether a petitioner is competent to waive or abandon collateral review, that is (1) whether that person suffers from a mental disease, disorder or defect; (2) whether a mental disease, disorder or defect prevents that person from understanding his legal position and the options available to him; and (3) whether a mental disease or defect prevents that person from making a rational choice among his options. *Ford v. Haley*, 195 F.3d 603, 617 (11th Cir. 1999), *citing Lonchar v. Zant*, 978 F.2d 637,641 (11th Cir. 1993); *Mata v. Johnson*, 210 F.3d at 328, *citing Rumbaugh v. Procunier*, 753 F.2d 395, 396 (5th Cir. 1985).

The level of inquiry into a petitioner's competence to waive review depends on the evidence before the Court. The court is entitled to presume a prior determination of competence

correct "unless some substantial reason to the contrary appears." *Smith v. Armontrout*, 865 F.2d 1502, 1505-06 (8th cir. 1988), *citing Ford v. Wainwright*, 477 U.S. 399, 426 (1986) (Once a finding as to mental condition has been fairly and properly made, "[t]he State...may properly presume that petitioner remains sane at the time sentence is to be carried out, and may require a substantial threshold showing of insanity merely to trigger the process."). Only if there is a genuine issue of material fact as to the petitioner's capacity is additional inquiry or a hearing necessary. *Smith v. Armontrout*, 857 F.2d 1128, 1230 (8th Cir. 1988); *see also Mata v. Johnson,* 210 F.3d at 330 (court must conduct an inquiry into the defendant's mental capacity either *sua sponte* or in response to a motion by defendant's counsel, if the evidence raises a bona fide doubt as to his competency).

*Voluntary waiver*

A requirement that the waiver of appeal or collateral review be voluntary seems to be inherent in the *Rees v. Peyton* requirement that the petitioner not be prevented by mental disease, disorder, or defect from understanding his legal position and the options available to him or from making a rational choice among his options. Nonetheless, both the Eighth and Fifth Circuits have identified a requirement separate from the competency requirement that the waiver satisfy the standard of *Johson v. Zerbst*, 304 U.S. 458 (1983)-the waiver must not only be "voluntary but also 'knowing and intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'" *Mata v. Johnson*, 210 F.3d at 329, *citing Brady v. Maryland*, 397 U.S. 742, 748 (1970), (construing *Johnson v. Zerbst*); *Smith v. Armontrout*, 812 F.2d at 1053.

Based upon the pre-trial determinations of competency and mental evaluations, the Court may presume that Paul remains competent to decide to pursue or waive Section 2255 review. *Smith v. Armontrout*, 865 F.2d at 1505-06. Counsel for Paul must make a substantial showing sufficient to raise a genuine issue of material fact before it is incumbent upon the court to make

additional factual inquiry or conduct a hearing. Counsel for Paul have provided no bases for reassessing Paul's competence.

Although certain actual or potential diagnoses (antisocial personality disorder, borderline psychotic panic or acutely psychotic decompensation) resulted from the pre-trial mental health evaluations of Paul, there is no evidence that these or any other mental condition meet the *Rees v. Peyton* requirements that they impair his ability to understand his legal position and the options available to him or prevent his being able to make a rational choice among his options. Paul's letter to the Court clearly demonstrates that Paul recognizes "that the crime he was convicted of is murder; the penalty that has been handed down is execution; and the ultimate outcome of the penalty will be death." *Ford v Haley*, 195 F.3d at 619. Paul recognizes that "if he withdraws his appeal, he will be executed." *Id.* It is not necessary that Paul "understand the particulars of each legal issue framed into the petition or the likelihood of prevailing on any or all of them." *Id.*

Although the court may properly presume Paul's continued competency and there is no evidence to call into question Paul's ability to understand his legal position and the options available to him or to make a rational choice among his options, it would be appropriate for the Court to conduct a hearing to assess Paul's understanding of his position and options and whether he has made a rational choice between these options that is knowing, intelligent, and voluntary. Such a hearing could be conducted via video-conferencing with Paul in Terre Haute. *See United States v. Hammer*, 226 F.3d at 232 (inmate could be clearly seen and heard from video-conferencing facility in Terre Haute).

**Conclusion**

The government opposes the extension of time requested by counsel for Paul, Sean D. O'Brien. The inquiry before the Court is limited and succinct, that is whether Paul's repeatedly expressed desire to waive review under Section 2255 warrants an inquiry or hearing by the Court

as to whether that is in fact his decision, whether he is competent to make that decision, and whether the decision is knowing and voluntary. In light of Paul's repeated and emphatic expressions to this effect, there can be no doubt that a hearing is warranted. There is no need to delay the decision to conduct a hearing until Robert McGlasson is available to travel to Terre Haute with Sean O"Brien on August 5, 2004. It is Paul's intent and decision with regard to pursuing appeals that is controlling, not counsel's interests. Even if counsel prevail with Paul and persuade him to withdraw his waiver, in light of Paul's repeated waivers, it would be appropriate for the Court to inquire into the matter.

The United States respectfully submits an extension of time is not needed for defense counsel to respond with regard to whether it is appropriate for the Court to conduct a hearing in this matter. The Government believes that a hearing in this case is appropriate to determine whether Paul wants to continue to litigate his Section 2255 motion for relief, and if not whether his decision is knowing and voluntary.

Respectfully submitted,

WILLIAM M. CROMWELL
United States Attorney
Western District of Arkansas

STEVEN N. SNYDER
Assistant U.S. Attorneys
Western District of Arkansas

Margaret P. Griffey
MARGARET P. GRIFFEY
Chief, Capital Case Unit
Criminal Division
U.S. Department of Justice
1331 F. Street, N.W.
Room 337
Washington, D.C. 20004
Tel: (202) 353- 7172

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the Government's Response to Court's Inquiry Regarding the Conducting of a Hearing Into Paul's Expressed Desire to Waive Review Under 18 U.S.C. § 2255 and Opposition to Defense Request for Extension of Time to Respond to Court's Inquiry were mailed to Paul's counsel at the following addresses:

Robert L. McGlasson
Attorney at Law
Federal Defender Program, Inc.
100 Peachtree St. NW, Suite 200
Atlanta, Georgia 30303

Sean D. O'Brien
Attorney at Law
Public Interest Litigation Clinic
305 East 63rd St.
Kansas City, MO 64113

Date: July 26, 2004

Margaret P. Griffey
Attorney
U.S. Department of Justice
1331 F Street, N.W.
Room 337
Washington, D.C. 20004
Tel: (202) 353-7172