IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA PLAINTIFF

v. Civil No. 96-60022-001

JEFFREY WILLIAM PAUL DEFENDANT

**ORDER**

Now on this 27 day of July 2004, comes on for consideration the Motion for Additional Time Within Which to Respond to the Court's Letter of July 19, 2004 (document #305), filed by the defendant on July 22, 2004, and the government's response thereto, and the Court, being well and sufficiently advised, finds and orders as follows:

1. This Court received two letters from Jeffrey William Paul on July 14, 2004 (post-marked July 12, 2004) and July 15, 2004 (post-marked July 13, 2004). In its letter of July 19, 2004, the Court provided copies of the letters to all counsel of record. Further, noting the Court was considering a hearing in light of the history of this case and Mr. Paul's most recent correspondence to the Court, the Court requested counsel to advise the Court of their positions on or before Monday, July 26, 2004.

2. On July 22, 2004, Sean D. O'Brien, attorney of record for Jeffrey William Paul, moves the Court for additional time within which to respond to the Court's letter of July 19, 2004. O'Brien stated that he and Robert McGlasson would like to meet with Mr. Paul prior to responding to the Court's letter, and tha



3

8

due to scheduling conflicts, such a meeting can not be arranged until Thursday, August 5, 2004. O'Brien therefore requests until Monday, August 9, 2004 within which to respond to this Court's letter.

3. The government, in its response, urges the Court to conduct a hearing on the matter and argues against any extension of time for O'Brien's response to this Court's letter. The government points out that "[t]he inquiry before the Court is limited and succinct, that is whether Paul's repeatedly expressed desire to waive review under Section 2255 warrants an inquiry or hearing by the Court . . . ."

4. Considering arguments by all parties, the pleadings herein filed, and the history of this case, this Court finds that the motion for extension of time should be, and it hereby is, **denied**, as this Court's inquiry is limited to whether a hearing is warranted, and such an inquiry does not necessitate the additional expenditure of time as requested by O'Brien.

**IT IS SO ORDERED.**

**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JUL 2 7 2004

CHRIS R. JOHNSON, CLERK
BY Connie Test
DEPUTY CLERK



AO 72A
(Rev. 8/82)