U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
SEP 1 7 2004
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 96-60022-001
)
JEFFERY WILLIAM PAUL )

**GOVERNMENT'S RESPONSE TO COURT'S**
**ORDER OF AUGUST 6, 2004**

Comes now the United States and for its response states:

On December 4, 2003, Jeffrey William Paul began writing a series of letters to Chief United States District Judge Jimm Larry Hendren asking that his appeals (sic) be terminated and for the death sentence to be carried out.

On December 8, 2003, Paul filed an affidavit with the court which gave notice to the court that Paul wished to continue with his motion for relief and he expressly repudiated his earlier requests to drop his appeals (sic).

On May 26, 2004, Paul again wrote a letter to the court. Paul asked the court to consider his case in light of the holding of Banks v. Dretke. In this letter Paul wrote that should the court find that Banks did not provide a basis for relief, he wished to have the death sentence carried out.

On June 22, 2004, Paul wrote to the court and asked that a copy of the court's order relevant to his request on Banks be sent directly to him.

On July 15, 2004, Paul wrote a letter to the court and in part he stated as follows:

". . . am moving the court that the sentence, as described to myself be carried out."

On July 19, 2004, Paul wrote a letter to the court and in part he stated as follows:

3
2
1

> "I would request that I be declared competent to waive the petition before you now. And proceed with the sentence handed down by the court in conjunction with the American Medical Association's procedures that I am under the impression have been approved by the B.O.P. and congress."

On August 6, 2004, a video conference was held by the court. Paul and his attorneys took part in this hearing as well as personnel from this office. During this hearing, Paul, over the strident objections of his attorneys, made repeated requests to be executed. Paul pressed the court to set an execution date before November of 2004.

During that hearing, Paul told the court:

(1) I would like to - - my attorneys are emotionally close to me in this case, and - - and I love them dearly, but I'm - - I'm fully competent to make this decision on my own. Although I'm not going to sit up here and try to speak legalese with you, the decision that I've made is to forego the habeas 2255 petition, waive it, and I would like to proceed forward with an execution date before November, as per the judgment rendered against me by the jury in your court and upheld by you through your rulings on my direct appeal and the rulings, the concurrent rulings, of the Eighth Circuit. That's what I want to do. (TR 21-22)

(2) . . . this is the decision that I'm making after having been convicted of aiding and abetting murder . . . I was sentenced to death . . . If you could help me facilitate an execution date for some closure before November, that's all I'm asking. (TR 36-37)

(3) . . . That's my home. If I can't be there, I'd rather die, you know? I mean, as man-to-man, that's - - that's the truth. (TR 37)

(4) . . . I'm ready . . . that's all there is to it . . . I feel favorably about my counsel. If they have to be released from - - from appointment in order to facilitate this before November, then please consider this a verbal request to do so. (TR 38-39)

(5) Please, I'm - - I'm asking you to facilitate this before November . . . I'm - - I'm asking you to act on this decision that was suggested to you by the jury . . . I'm asking you man-to-man, to please do it before November. (TR 49)

(6) . . . I do know from other rulings that you can facilitate this in a actually

immensely quick way . . . I know that much, and I know that you - - you know that, too, and I'm - - I'm asking - - and I'm asking you to if that's - - if that's the - - you know, that can happen. (TR 51)

On August 18, 2004, Paul withdrew his request to terminate the proceedings stating in an affidavit:

"My earlier decisions were made before consulting with my attorneys and without understanding what I was doing."

Based on the numerous letters Paul wrote to the court, together with his repeated requests to be executed made at the August 6, 2004, hearing, the government would suggest that a second teleconference call might be in order to clear up the discrepancies and to affirm that Paul does in fact want to withdraw his petition for relief under § 2255.

Absent a second teleconference, the government would request a ruling on the merits of Paul's petition.

Respectfully submitted,

WILLIAM M. CROMWELL
ACTING UNITED STATES ATTORNEY

MARGARET P. GRIFFEY
Chief, Capital Case Unit
U.S. Department of Justice
Room 6140, Patrick Henry Building
601 D Street N.W.
Washington, D.C. 20530

By: Steven N. Snyder
Steven N. Snyder
Assistant United States Attorney
Arkansas Bar No. 72101
P.O. Box 1524
Fort Smith, AR 72902
(479) 783-5125

**CERTIFICATE OF SERVICE**

I, Steven N. Snyder, Assistant U.S. Attorney for the Western District of Arkansas, hereby certify that a true and correct copy of the foregoing pleading was mailed this 14th day of September, 2004, to:

Mr. Robert L. McGlasson
Federal Defender Program, Inc.
100 Peachtree, Suite 200
Decatur, GA 30303

Mr. Sean D. O'Brien
Attorney at Law
305 East 63rd Street
Kansas City, MO 64113.

Steven N. Snyder
Steven N. Snyder
Assistant United States Attorney