U S DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
MAR 2 2 2005
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Respondent | § | |
| | § | |
| v. | § | Criminal No. 6:96CR60022-001 |
| | § | |
| JEFFREY WILLIAM PAUL | § | |
| | § | |
| Petitioner | § | |

---

**GOVERNMENT'S RESPONSE TO PETITIONER'S "MOTION TO RECONSIDER MEMORANDUM AND ORDERS, OR IN THE ALTERNATIVE TO VACATE, SET ASIDE OR CORRECT MEMORANDUM AND ORDER DENYING RELIEF PURSUANT TO RULE 59(E) AND RULE 60(B)."**

---

Now comes the United States of America and files this response to Jeffrey William Paul's "motion to reconsider memorandum and orders, or in the alternative to vacate, set aside or correct memorandum and order denying relief pursuant to Rule 59(e) and Rule 60(b)." In support of his motion, Paul provides a plethora of affidavits from the family and friends of Paul, as well as affidavits from mental health personnel, a mitigation expert, and Paul's codefendant, Trinity Ingle, who now seeks to exonerate Paul. None of the affidavits and arguments advanced by Paul constitute a persuasive reason for the Court to reconsider its disposition.

Paul asks the Court to reconsider its denial of relief and failure to grant discovery and investigative expenses with regard to certain claims raised in his motion under 28 U.S.C. § 2255 to correct his conviction and death sentence. As characterized by Paul, the vast majority of the affidavits appended to his motion reflect his social and developmental history, his character, and his emotional and mental condition. In Paul's view, the affidavits are relevant to certain claims raised in his motion for relief under 28 U.S.C. 2255, including: (1) whether trial counsel's

331

investigation into Paul's background and mental health was inadequate to allow them to competently litigate (a) Paul's state of mind at the time of the offense, (b) his competence to stand trial, and (c) potential evidence in mitigation of punishment; (2) whether Paul was or became incompetent to stand trial, (3) whether the Eighth Amendment was violated by the jury's failure to unanimously consider his youth in mitigation; and (4) whether the Government based the decision to seek the death penalty on false information as to the nature and extent of Paul's role in the offense. *** Paul makes no attempt to identify the manner in which a particular affidavit or affidavits call into question the Court's disposition with respect to any of the claims asserted in his Section 2255 motion.

**I.**

**Paul's motion to reconsider falls within the scope of Rule 59(e).**

As an initial matter, Paul mistakenly argues that the Court retains complete discretion to vacate, set aside or amend its memorandum and order because a judgement set forth in a separate document as required by Federal Rules of Civil Procedure 58(a)(1) has not yet been filed. In advancing this argument, Paul entirely disregards the fact that the Court, "by separate order entered contemporaneously herewith, [denied] petitioner's Motion for New Trial and To Vacate, Set aside and Correct Conviction and Death Sentence, And For Relief From Judgment, Made pursuant to 28 U.S.C. 2255, and Rule 33 Of The Federal Rules of Criminal" Procedure. Memorandum Opinion and Order at 93.

Paul asks the Court to vacate, set aside or correct the memorandum and order denying relief pursuant to Rule 59(e) and Rule 60(b) without distinguishing between the two. Because Paul seems

---

[1] It should be noted that certain of the affidavits are not signed by the purported affiant but rather are designated as "approved" and initialed by Section 2255 counsel. This includes the affidavits of Dr. Seymore Halleck, initialed by Section 2255 counsel on February 12, 2005, and Richard McCaslin, initialed by Section 2255 counsel on February 12, 2005.

to have timely filed his motion within 10 days from entry of judgment as required by Rule 59(e) and because Rule 60(b) would not afford him review beyond that allowed by Rule 59(e), the government will respond to his motion as having been filed pursuant to Rule 59(e). There is a great deal of overlap in the operation of the two rules. *See Taumby v. United States*, 919 F.2d 69, 71 (8th Cir. 1990)(and citations therein). Although some Circuits have adopted the rule that any substantive post-judgment motion that questions the correctness of the judgment and is filed within ten days of the judgment shall be treated as a Rule 59(e) motion, *see Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166-67 (7th Cir. 1995), the Eighth Circuit has declined to adopt this bright line rule. *Taumby v. United States*, 919 F.2d at 71. However, a motion to alter or amend a judgment filed within ten days from the entry of judgment is generally treated as a Rule 59(e) motion. *See A.D. Weiss Lithograph Company, Inc. v. Illinois Adhesive Products Company*, 705 F.2d 249, 250 (8th Cir. 1983).

Rule 59(e) provides a mechanism for courts to correct manifest errors of law or fact or to present newly discovered evidence. *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs.*, 141 F. 3d 1284, 1286 (8th Cir. 1998)(citations omitted). A Rule 59(e) motion cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been offered or raised prior to entry of judgment, *Id.* at 1286, as Paul has done here.

To the extent that Paul's Rule 59(e) motion not only relies on new (and previously available) evidence, but also on new legal theories, his claims are clearly foreclosed not only because they are beyond the ambit of a Rule 59(e) motion, but also because they have been advanced long after the expiration of the one-year period of limitation applicable to Section 2255 motions. 28 U.S.C. § 2255, ¶ 6. In addition, new claims would be subject to dismissal unless they

---

[2] Paul's claim that the Court erred as a matter of law in entering judgment does not fall within the scope of Rule 60(b)(1), which permits a court to grant relief "from a final judgment, order or proceeding . . . for mistake, inadvertence, surprise, or excusable neglect." *Spinar v. South Dakota Board of Regents*, 796 F.2d 1060, 1062-63 (8th Cir. 1986).

met the requirements set forth in Section 2255 for successive applications, which none of Paul's claims do. 28 U.S.C. § 2255, ¶ 8. *See Bannister v. Armontrout*, 4 F.3d 1434, 1445 (8th Cir. 1993); *see also Simmons v. Caspari*, No. 03-1651, 1003 WL 22014742 (8th Cir. August 26, 2003).

The ease with which Paul produced the affidavits accompanying his motion to reconsider makes it readily apparent that there was no impediment to the production of the affidavits in support of his initial Section 2255 motion. The factual assertions set forth in the affidavits were clearly available when the initial Section 2255 motion was filed, are cumulative of factual assertions contained in that initial motion and, in the case of the affidavit of Trinity Ingle, are patently incredible. For that reason alone, the Court should deny Paul's Rule 59(e) motion.

## II

**Even if the factual assertions contained in the affidavits appended to Paul's motion to reconsider had been presented in his original Section 2255 motion, he would not have been entitled to relief from his conviction or sentence.**

1.a. In his motion to reconsider, Paul argues for the first time that counsel provided ineffective assistance of counsel by failing to adequately investigate Paul's background and mental health for purposes of litigating Paul's state of mind at the time of the offense. Although Paul claimed in his original Section 2255 motion that there had been inadequate investigation in this regard, he only identified this alleged inadequacy as purportedly impacting on counsel's ability to litigate his competency and the identification and presentation of mitigating evidence. Section 2255 counsel never referenced Paul's state of mind at the time of the offense except perhaps in the most conclusory fashion. For example, in the original Section 2255 motion, Paul asserts: "Had they performed sufficient investigations, they would have learned of substantial exonerating and/or exculpatory and/or mitigating evidence, as well as evidence of his incompetence to stand trial, and they would have investigated, developed and presented such evidence to the Court and/or the jury during one/or both phase of trial, either through lay witnesses and/or expert witnesses." Only the

most strained interpretation of Paul's motion would allow for the conclusion that he was challenging counsel's investigation as it impacted on the ability to litigate Paul's state of mind at the time of the offense.

New claims cannot be raised in Rule 59(e) motions. Moreover, because it is being presented for the first time in a Rule 59(e) motion, long after the expiration of the one-year period of limitation applicable to Section 2255 motions, 28 U.S.C. § 2255, ¶ 6, it is foreclosed from review unless it satisfies the requirements for a successive application, 28 U.S.C. § 2255, ¶ 8, which it does not.

Moreover, even if Paul's claim were properly before the Court on its merits, he would not be entitled to relief. Paul's claim that counsel's inadequate investigation rendered them unable to litigate his state of mind at the time of the offense presents a conclusion rather than a claim founded on facts. *A § 2255 petition can be dismissed without a hearing if* (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) *the allegations cannot be accepted as true because they are* contradicted by the record, inherently incredible, or *conclusions rather that statements of fact.*" *Delgado v.United States*, 162 F.3d 981, 983 (8th Cir. 1998) (emphasis added).

1.b. Based on the affidavits attached to his motion to reconsider, Paul seeks to reopen the issue of whether, prior to and during trial, counsel adequately investigated and urged his purported incompetency to stand trial. To be entitled to relief on a claim of ineffective assistance of counsel, Paul was required to establish both that counsel's performance was deficient and that he was prejudiced by the deficient performance. *Strickland v. Washington* standard. 466 U.S. 668, 687 (1984). The affidavits are insufficient to call into question the Court's basis for rejecting Paul's claim of ineffective assistance of counsel.

As set forth in the Court's order and the government's response to the Section 2255 motion, counsel extensively investigated and reinvestigated Paul's competency to stand trial. On counsel's motion, the Court ordered Paul admitted to the Mental Health Division of the Federal Correctional Institution at Butner, North Carolina, (FCI Butner) for a psychiatric evaluation to determine

competency. At FCI Butner, Dr. Bruce R. Berger and Angela Walden, Ph.D. concluded that Paul was not suffering from a mental disease or defect that rendered him incompetent to stand trial, but rather had an antisocial personality disorder. With respect to Paul's purported inability to control his disruptive conduct, which Section 2255 counsel now identify as evidence that he was incompetent to stand trial, Drs. Berger and Walden concluded that Paul "ha[d] the ability to work cooperatively with an attorney should he so choose, and the emotional stability to conform his behavior to proper courtroom decorum." Dkt 140 at 8.

Before trial, Dr. H. Anthony Semone, Ph.D., was appointed to conduct a forensic neuro-psychological examination of Paul for mitigation purposes. *See* Appendix B, May 12, 1997, Ex Parte Under Seal Motion for Appointment of Psychiatrist. Dr. Semone informed defense counsel that it was his professional opinion that Mr. Paul was unable to understand the charges against him or to cooperate sufficiently with counsel in effectively assisting in his own defense. Dr. Semone "also regard[ed] him [as] at serious risk of being unable to control himself throughout the rigors of trial." *Id.* In accordance with Dr. Semone's recommendation, Paul's counsel requested the appointment of a psychiatrist, Dr. Irving Kuo, to verify Dr. Semone's findings and make further recommendations to defense counsel and the Court. Appendix B. As made apparent by counsel's failure to further press the issue of Paul's competency, and as expressly recognized by Dr. Semone in his affidavit filed in support of Paul's motion to reconsider, Dr. Kuo concluded that Paul was competent to stand trial.

Despite trial counsel's extensive inquiry into Paul's competency and counsel's reliance on two separate determinations that Paul was competent to stand trial, Paul asks the Court to credit Dr. Semone's conclusion that Paul's behavior reflected an unspecified severe mental disease. Exh. 12, Paul's Motion to Reconsider. An affidavit from Dr. Semone reiterating his previous conclusion is appended to Paul's Rule 59(e) motion. In addition, the affidavits of friends, family, and others contain some observations of Paul's state of mind at the time of trial.

At the heart of Paul's arguments with respect to his competency to stand trial is the assumption that he was incompetent to stand trial if he was unable to control his disruptive behavior. However, even accepting for the sake of argument Dr. Semone's conclusion that Paul's disruptive behavior resulted from an as yet unspecified mental disease and was beyond his control, that would not necessarily equate to an inability to consult with his lawyer with a reasonable degree of understanding or render him unable to have a rational as well as factual understanding of the proceedings against him. *Dusky v. United States*, 362 U.S. 402 (1960). As the Court concluded, "the suggestion that [Paul's] conduct made him incompetent to stand trial is unsupportable. If that were a legitimate evaluation of courtroom disruption, then any defendant who disrupted his trial might well expect to avoid a conviction by contending that it was merely evidence that he was incompetent. The medical evidence does not support petitioner's contention nor does other evidence known to the Court." Memorandum Opinion and Order at 70.

Moreover, as noted by the Court, Paul's disruptive and uncooperative behavior was readily explained by the diagnosed antisocial personality disorder. Memorandum Opinion and Order at 70. From the Court's own observations, petitioner was not uncontrollable. Memorandum Opinion and Order at 69.

Trial counsel properly relied on the conclusion of the majority of experts who evaluated Paul at the time of trial that he was competent to stand trial. The affidavits appended to Paul's motion for reconsideration only relate characteristics that were readily apparent to counsel and the Court, but which did not translate into incompetency to stand trial. Moreover, "[i]t is highly unlikely (as no doubt perceived by trial defense counsel) that the trial court would have interrupted the trial to order yet another competency hearing even if defense counsel had asked for the same – because petitioner's behavior, while unwise and detrimental to him and his cause, did not indicate that he was uncontrollable, or that he did not understand his situation." Memorandum Opinion and Order at 84. Paul's affidavits do not enable him to establish either a deficient performance by counsel or

resulting prejudice, and he must establish both to be entitled to relief.

1c. The affidavits are also offered in support of the assertion that inadequate investigation by trial counsel resulted in their failing to identify and present mitigating evidence. In the affidavits, friends, family and acquaintances portray Paul as a likeable and kind, but troubled, youth who was the victim of unconcerned and, in the case of his father, abusive parents. In his original Section 2255 motion, Paul claimed that <u>unidentified</u> "[a]ssociates and friends knew [Paul] as a caring, protective, kind, and insecure person. They could see how powerless [Paul] felt in the face of his family's chaotic instability, how he struggled to assist them, how ashamed he was of his inability to effect positive change in his family, and how his efforts led him down a dangerous path of criminal activity." Paul's § 2255 motion at 322, ¶ 554. Paul'Section 2255 counsel clearly withheld the identity of the associates and friends from the Section 2255 motion only to identify them for the first time in his Rule 59(e) motion. For this reason, the affidavits cannot provide a basis under rule 59(e) to vacate the judgment.

However, even if Paul had identified the affiants and their potential testimony in his original submission, neither a hearing nor a grant of relief would have been required. As noted in the government's response to Paul's Section 2255 motion, disclosure of the identity of witnesses and the substance of their testimony would have been but a starting point in the ineffective assistance analysis. Paul would also have had to demonstrate that counsel's failure to identify or call the witnesses at the time of trial was professionally unreasonable, or deficient performance, and that the testimony of the uncalled witnesses would have created a reasonable probability of a different outcome, or prejudice. An assessment of prejudice would require consideration of: (1) the credibility of all witnesses, including the likely impeachment of the uncalled defense witnesses; (2) the interplay of the uncalled witnesses with the actual defense witnesses called; and (3) the strength of the evidence actually presented by the prosecution. *See McCauley-Bey v. Delo*, 97 F.3d 1104, 1106 (8th Cir. 1996), *cert. denied sub nom. McCauley-Bey v. Bowersox*, 520 U.S. 1178 (1997).

Even if Paul could establish that the affiants would have testified at trial as they do now in the affidavits provided by his counsel, he could not establish that it was professionally unreasonable to limit the defense at the punishment phase to the testimony of Paul's mother. There are two reasons for this. First, the proposed testimony was merely cumulative. The aspects of Paul's background encompassed by the additional evidence suggested by Paul's § 2255 counsel were placed before the jury by Mrs. Paul's testimony and placed in the precise context proposed by § 2255 counsel in defense counsel's closing punishment phase arguments. Second, although counsel had Dr. Semone ready to take the stand when Mrs. Paul concluded her testimony, Paul's behavior had become such that, upon consultation with Dr. Semone, defense counsel decided to close with no further testimony.

The affidavits merely substantiate the conclusion of the Court in its Memorandum Opinion and Order that, "[i]n light of the content of the testimony of the petitioner's mother and the fact that the jury apparently accepted it, the proposed additional testimony would have been cumulative at best . . .." Memorandum Opinion and Order at 89. The Court then noted the numerous affirmative findings by the jury of mitigating factors based on Mrs. Paul's testimony. The affidavits do not undermine the Court's conclusion that counsel did not render ineffective assistance by failing to introduce the affiants' proposed testimony at trial. First, given content of Mrs. Paul's testimony and the likely negative effect on the jury of additional exposure to Paul's disruptive and uncooperative behavior, counsel made the professionally reasonable decision not to introduce testimony that would have been merely cumulative of Mrs. Paul's testimony. Moreover, Mrs. Paul's testimony clearly persuaded the jury to find extensive mitigation in Paul's background. Nonetheless, the jury found the balance of aggravation and mitigation to require a death sentence. The affidavits belatedly produced by Paul do not provide a basis for the concluding that the affiants were actually willing to testify at the time of trial, that their tesimony would in fact have been consistent with the affidavits, and the substance of the affidavits would likely have produced a different sentencing verdict.

(2) Paul claims that the affidavits are relevant to his claim that he was or became incompetent to stand trial. Again, the fact that they do not constitute newly discovered evidence renders them an inappropriate basis for relief from judgment under Rule 59(e). Moreover, as set forth supra, in addressing Paul's claim that the affidavits require the Court to revisit his ineffective assistance of counsel claim, the affidavits do not alter the fact that the majority of mental health experts to examine Paul before trial found him competent to stand trial. The affidavits do not expand upon the observations available to counsel and the Court, that Paul engaged in disruptive conduct that was not in his best interests. But disruptive or inappropriate conduct does not equate to incompetence to stand trial. Nor does repetition of observed behavior from the viewpoint of various friends and family render it any more viable as a basis for finding incompetency to stand trial than it was when majority of the examining mental health experts at the time of trial found Paul competent to stand trial.

(3) Paul also argues that the affidavits are relevant to the issue of whether the Eighth Amendment was violated by the jury's failure to unanimously consider his youth in mitigation. On Paul's direct appeal, the Court of Appeals rejected this claim on the merits. The Court concluded in its Memorandum Opinion and Order that the claim was foreclosed in Section 2255 review because it had been raised and rejected on direct appeal. In addition, the government noted in its response to the Section 2255 motion that Paul's challenge to the jury's failure to unanimously find and give mitigating weight to his youthful age was also foreclosed (1) under the *Teague v. Lane*, 489 U.S. 288 (1989), prohibition against retroactive application of new rules, and (2) because he cannot demonstrate that the purported error had a substantial and injurious effect on the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 683 (1993). The issue of whether the Eighth Amendment required a jury to give mitigating weight to his youth or only required that the jury be allowed to give it such mitigating weight as jurors felt proper was a legal conclusion to which the affidavits are irrelevant. Although Paul did not claim on direct appeal or in the Section 2255 motion that there

was additional lay evidence bearing on this question, there is little to any information in the affidavits that would bear directly on a jury's assessment of Paul's youth, versus other aspects of his character and background. Accordingly, even counsel had advanced such evidence in support of an ineffective assistance of counsel claim in the Section 2255 motion, Paul would be unable to establish a deficient performance by trial counsel resulting from the failure to introduce the evidence at trial or prejudice based on a reasonable likelihood of a different outcome.

(4) Paul also argues that the information contained in the affidavits is relevant to an issue of whether the Government based the decision to seek the death penalty on false information regarding the nature and extent of Paul's role in the offense, an issue which was not raised in the original Section 2255 motion and which cannot provide the basis for the Court to alter or amend the judgment.

In his Section 2255 motion, in ground 8, Paul argued that, although he was present at the scene of the murder, he was in fact innocent because he did not participate in the homicide but rather attempted to stop Trinity Ingle from shooting and killing the victim. In ground 9, Paul focused almost exclusively on an allegation that the decision to seek the death penalty against him was racially based because the death penalty is allegedly sought at a higher rate for white offenders than minority offenders. In the context of ground 9, however, Paul also argued that the decision to seek the death penalty was based on what he characterized as false information, noting a law review article by a former member of the Attorney General's Review Committee on Capital Cases in which it was reported that "the impact of one kick [from Paul] dislodged the victim's eyeball from the socket and it "hung" on his cheek." Although this description of one of injuries inflicted on the victim by Paul corresponds to known admissions made by Paul to his friend Kris Rogers, counsel nonetheless claimed in the Section 2255 motion, as they did previously on direct appeal, that the statement was false because at trial the medical examiner confirmed that there was no sign of trauma to the victim's head or neck other than the single gunshot wound that caused death. In advancing

this assertion, Paul again conveniently ignored, as he did on direct appeal, the report of the deputy chief coroner for Garland County that the victim's "[s]kin, muscle, eyes, cranial matter [were] mostly missing on face and head except for scalp. Head was nearly detached from spine." 3 T 579. The physical evidence didn't exist to either refute or verify Paul's statement to Kris Rogers.

In apparent reliance on Trinity Ingle's affidavit attempting to exonerate Paul, Paul now apparently, but not expressly, contends that the government relied on false information regarding Paul's participation in the murder rather than on misinformation regarding the injuries inflicted. The claim identified in his Rule 59(e) motion was not raised in his Section 2255 motion and therefore does not provide a basis for altering or amending the judgment in that case. Moreover, even if Paul's reliance on Ingle's affidavit were deemed to fall within the ambit of a previously raised claim, it would not provide a basis for overturning his conviction. Ingle's attempt to exonerate Paul and assume principal responsibility for the offense, after he (Ingle) has received a life sentence, is neither credible nor constitutes newly discovered evidence for the purposes of review.

Although Paul does not directly urge Ingle's affidavit as a basis for revisiting his claim of factual innocence, advanced in ground 8, the affidavit bears most relevance to that claim. But as noted in the government's response to Paul's Section 2255 motion, in which he speculated that Ingle would exonerate him, Ingle's statements are not "newly discovered" and, for the reasons set forth in the government's response to Paul's Section 2255 motion, cannot provide a basis for relief. "When a defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a co-defendant, the evidence is not 'newly discovered.'" *Meadows v. Delo*, 99 F.3d at 280, 282 (8th Cir. 1996), *quoting United States v. Rogers*, 982 F.2d 1241, 1245 (8th Cir. 1993).

Paul also asserts that the affidavits are relevant to whether the jury was misled by the evidence and the Government's advocacy of inconsistent positions in the Ingle and Paul trials. Even if timely presented, the affidavits appended to the Rule 59(e) motion would have no relevance to Paul's challenge to the Government's so-called advocacy of inconsistent positions in the Ingle and

Paul trials.

5. Even if the facts set forth in the affidavits had been presented to the Court during the pendency of Paul's Section 2255 motion, it would not have been incumbent upon the Court to grant his miscellaneous requests for discovery or to conduct an evidentiary hearing. A § 2255 movant is entitled to discovery under Rule 6 of the Rules Governing Section 2255 Proceedings "where specific allegations before the court show reason to believe that petitioner may, if the facts are fully developed, be able to demonstrate that he is, entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997). The specific allegations that Paul has untimely placed before the Court in his Rule 59(e) motion show no more basis for concluding that upon further factual development he would be entitled to relief than did the original conclusions asserted in his Section 2255 motion. A hearing is not required if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United* States, 68 F.3d 238, 240 (8th Cir. 1995), *citing United States v. Rodriguez Rodriguez*, 929 F.2d 747, 749-50 (1st Cir. 1991). As demonstrated supra, even if the facts contained in the affidavits had been put before the Court in a timely fashion and assumed true, Paul claims for relief would not have presented a persuasive basis for relief.

**Conclusion**

It is clear that all of the information contained in the affidavits was available at the time Paul filed his original Section 2255 motion and during the pendency of that motion. Previously existing evidence does not provide a valid basis for a Rule 59(e) motion to vacate judgment. Moreover, even if Paul had advanced the affidavits in support of his Section 2255 motion while it was pending, they would not have justified different conclusions with respect to any claim from those set forth in the Memorandum Opinion and Order. For the reasons set forth herein, Paul's "motion to reconsider memorandum and orders, or in the alternative to vacate, set aside or correct memorandum and order

denying relief pursuant to Rule 59(e) and Rule 60(b)" should be denied.

Respectfully submitted,

ROBERT C. BALFE
United States Attorney
Western District of Arkansas

STEVEN N. SNYDER
WILLIAM M. CROMWELL
Assistant U.S. Attorneys
Western District of Arkansas

MARGARET P. GRIFFEY
Chief, Capital Case Unit
Criminal Division
U.S. Department of Justice
1331 F. St. NW
Room 337
Washington, D.C. 20530
Tel: (202) 353-7172

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the Government's Response to Petitioner's 'Motion to Reconsider Memorandum and Orders, or in the Alternative to Vacate, Set Aside or Correct Memorandum and Order Denying Relief Pursuant to Rule 59(e) and Rule 60(b) were mailed to Paul's counsel at the following addresses:

Robert L. McGlasson
Attorney at Law
Federal Defender Program, Inc.
100 Peachtree St. NW, Suite 200
Atlanta, Georgia 30303

Sean D. O'Brien
Attorney at Law
Public Interest Litigation Clinic
305 East 63rd St.
Kansas City, MO 64113

Date: March 18, 2004

Margaret P. Griffey
Attorney
U.S. Department of Justice
1331 F Street, N.W.
Room 337
Washington, D.C. 20004
Tel: (202) 353-7172