# EIGHTH CIRCUIT

# PLAN TO EXPEDITE CRIMINAL APPEALS

## I. AUTHORIZATION AND OBJECTIVE

The Court of Appeals for the Eighth Circuit adopts the following revised Plan to Expedite Criminal Appeals, applicable to appeals filed on and after December 1, 1991. Court reporters, attorneys, district court clerks, the clerk of this court, and judges shall give priority to all criminal appeals. The plan's objective is to ensure that criminal appeals are decided within five months after the notice of appeal is filed.

## II. DUTIES OF TRIAL COUNSEL ON APPEAL

Defendant's trial counsel, whether retained or appointed, shall represent the defendant on appeal. A motion to withdraw will not be granted absent unusual circumstances. Counsel seeking to withdraw should file a motion to withdraw identified as a court of appeals pleading with the district court clerk when the notice of appeal is filed. The district court clerk shall forward the motion to the clerk of this court. The motion to withdraw, however, may be filed directly with the court of appeals. The clerk of this court may grant retained counsel's motion to withdraw only if another attorney has entered an appearance for the defendant, or if the motion states another attorney has agreed to represent the defendant and the defendant has consented to the appearance of the new attorney.

## III. PROCEDURES AND TIME LIMITATIONS

Counsel and court reporters shall comply with the provisions of this plan, the Eighth Circuit Rules of Appellate Procedure (8th Cir. R.), and the Federal Rules of Appellate Procedure (FRAP).

## A. PREPARING THE RECORD

### 1. *All Appeals*

#### a. *Transcript*

The district court clerk shall order the transcript from the court reporter within two working days after the notice of appeal is filed, unless the transcript was ordered earlier or appellant's counsel informs the clerk when the notice of appeal is filed that the transcript, or sections of it, is not necessary for the appeal. When filing the notice of appeal, appellant's counsel shall inform the district court clerk of transcripts of other proceedings necessary for the appeal, and the clerk shall order those transcripts from the court reporter. The clerk shall record the ordering of the transcripts on the district court docket. Unless the appeal is in forma pauperis, counsel shall arrange with the court reporter for payment of the transcript cost. *See* FRAP 10(b).

#### b. *Contents of Record*

Counsel is not required to prepare and file a designation of the record. *See* 8th Cir. R. 3OA(a)(2). The district court clerk shall prepare and index the record on appeal, which shall include: (1) the transcript; (2) the notice of appeal]; (3) the docket entries; (4) the indictment or information; (5) any district court memorandum opinions; (6) the judgment and sentence; and (7) the presentence investigative report and sentencing transcript if the appeal is from the sentence of the district court.

The district court clerk shall forward one copy of the transcript and three copies of the remaining record on appeal to the court of appeals and shall send a copy of the index to all counsel in the case.

Appellant's counsel may request the district court clerk to supplement the record on appeal with additional materials deemed necessary within seven days after the notice of appeal is filed. Appellee's counsel may supplement the record on appeal by making a similar request to the district court clerk within fourteen days after the notice of appeal is filed.

#### c. *Addendum*

Appellant need not file an appendix and may rely solely on the designated record. Counsel may file an addendum with their brief to highlight relevant portions of the record. *See* 8th Cir.
R. 3OA(a)(2), (d).

2. *In Forma Pauperis Appeals*

Counsel for appellant shall file a completed CJA Form 24, which authorizes government payment of transcript costs, with the district court clerk when the notice of appeal is filed.

If counsel was privately retained at trial and the appellant is unable to bear the costs of the appeal, counsel shall file a motion for leave to proceed in forma pauperis with the district court clerk when the notice of appeal is filed.

**B. BRIEFS**

Appellant shall file its brief within fourteen days after the district court clerk files the record, including transcript, with this court. Appellee shall file its brief on the date the clerk of this court establishes, which shall be no later than twenty-one days after appellant's brief is filed. Appellant shall file its reply brief within seven days after appellee's brief is filed.

All briefs shall comply with FRAP 28, 29, 31, and 32, and 8th Cir. R. 28A.

**C. DUTIES OF THE DISTRICT COURT CLERK**

Within two working days after the notice of appeal is filed, the district court clerk shall serve a copy of the notice of appeal on the court reporter in the same manner as other persons are served under FRAP 3(d), and shall record the service and the name, address, and telephone number of the court reporter on the district court docket before transmitting the docket entries to this court.

The district court clerk shall transmit two copies of the notice of appeal, the judgment from which the appeal is taken, and the docket entries to the clerk of this court within two working days after the notice of appeal is filed. The district court clerk shall also transmit to this court three copies of the designated record within two working days after the transcript is filed.

**D. DUTIES OF THE COURT REPORTER**

In appeals of cases not tried or tried in three days or less, the court reporter shall complete the transcript within twenty days after the notice of appeal is filed. In all other cases, the transcript shall be completed within the time the clerk of this court establishes, which shall be no later than forty days after the notice of appeal is filed.

The court reporter shall retain assistance, including that of other reporters, readers, and transcribers, to enable the reporter to comply with the time limits set forth in this plan. Contract reporters and transcribing services shall be subject to the provisions of this plan.

The clerk of this court will strictly enforce FRAP 11(b), which relates to extensions of time for preparing transcripts. Only in compelling circumstances will extensions of time be authorized for filing transcripts.

### E. STAY OF ISSUANCE OF THE MANDATE

The court of appeals will not grant a stay of issuance of the mandate pending the filing of a writ of certiorari in the Supreme Court of the United States unless the applicant shows extraordinary need or demonstrates that a substantial question is to be presented to the Supreme Court.

## IV. ENFORCEMENT OF PLAN

### A. DEADLINES AND CALENDARING

When the clerk of this court receives the notice of appeal and docket entries, the clerk shall establish the dates by which the transcript, record, and briefs shall be filed. Deadlines shall not extend beyond the time periods this plan establishes.

The clerk of this court shall send a notice of the scheduled deadlines for filing documents to the court reporter, the district court clerk, and counsel for the parties. The clerk shall grant extensions of time only in extraordinary circumstances.

The clerk shall immediately screen all cases when the appellant's brief is filed. If the case is screened for oral argument, the clerk shall place the appeal on the calendar as soon as can reasonably be permitted under court policies.

### B. MONITORING UNIT

The clerk shall establish and supervise a criminal appeals monitoring unit within the office to ensure criminal appeals are processed as this plan provides. The clerk shall designate a supervisor within the monitoring unit to work with counsel, the court reporter, and the district court clerk in determining which portions of the trial testimony should be transcribed and when the transcript and briefs should be filed with the court of appeals.

### C. FAILURE TO COMPLY

The clerk shall notify the court if an attorney or court reporter fails to comply with the Federal Rules of Appellate Procedure, the Eighth Circuit Rules, this plan, or any other legal or professional obligation. The court may take action deemed appropriate in the circumstances. See FRAP 46; 8th Cir. R. 46A.