**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 6:96CR60022 |
| | ) | |
| JEFFERY WILLIAM PAUL | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Comes now the United States of America, acting by and through Conner Eldridge, United States Attorney for the Western District of Arkansas, and for its Response to Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody states:

***Factual and Procedural History***

On June 25, 1997, Jeffrey William Paul ("Paul") was convicted of aiding and abetting the murder of Sherman Williams on federal land and sentenced to death. (Doc. 238). The evidence adduced at Jeffery Paul's trial established that on June 22,1995, Paul and an acquaintance, Trinity Ingle, followed Mr. Williams, an 82-year-old man, from downtown Hot Springs, Arkansas, to a walking trail in Hot Springs National Park. Paul and Ingle robbed and beat Mr. Williams, and then shot him in the head and shoulder.

On September 25, 1998, Paul filed a notice of appeal. (Doc. 249). On appeal, Paul contended among other allegations that:

1) the prosecutor took inconsistent actions at his trial and at Ingles trial by arguing that the defendant in each trial pulled the trigger;

2) his rights under the Federal Death Penalty Act and the Constitution were violated because the jury failed to unanimously find and consider as a relevant mitigating factor that Ingle only received a life sentence;

3) the prosecution relied upon unadjudicated bad act evidence at trial and at sentencing in violation of his statutory and constitutional rights;

4) the government presented unnecessary and prejudicial testimony during the guilt phase of the trial regarding Williams life; and

5) there was error in the prosecutor's closing argument.

On June 27, 2000, the Eighth Circuit filed its opinion affirming Paul's conviction. *United States v. Paul*, 217 F.3d 989 (8th Cir.2000).

Paul then sought a *writ of certiorari* with the Supreme Court on January 29, 2001, which was denied on October 1, 2001. *Paul v. United States*, 534 U.S. 829 (2001). Subsequently, on February 19, 2002, the Supreme Court denied Paul's petition for rehearing. *Paul v. United States*, 534 U.S. 1156 (2002).

Thereafter, on December 17, 2002, Paul filed a Motion for New Trial or to Vacate Defendant's Conviction and Death Sentence Under 28 U.S.C. § 2255. (Doc. 271). Among Paul's grounds for relief were:

1) the government relied on inconsistent theories at Paul and Ingle's trials which violated Paul's right to a fair trial and due process;

2) he was actually innocent of killing Mr. Williams;

3) the jury failed to unanimously find and consider as a mitigating factor that Ingle was equally culpable and did not receive a death sentence; and

4) a myriad of conclusory assertions of alleged prosecutorial misconduct only one claim of which he identified any purported factual basis (that witnesses were paid for their testimony).

The United States filed its response on June 2, 2003. (Doc. 284). The Court denied Paul's motion pursuant to 28 U.S.C. § 2255 on January 31, 2005. (Doc. 323).

On August 24, 2005, Paul filed a notice of appeal. (Doc. 334). Paul further moved pursuant to 28 U.S.C. § 2253 and Fed. R. App. Pro. 22 (b)(1), for a Certificate of Appealability ("COA"). (Doc. 338).

On September 6, 2005, the Eighth Circuit remanded Paul's case for consideration in light of *Tiedeman v. Benson*, 122 F.3d 518 (8th Cir.1997), with directions that if granted, the COA specify the issue or issues that are to be considered on appeal. (Doc. 341).

After reviewing Paul's application for a COA and finding it to be essentially a restatement and re-argument of contentions the Court had previously addressed and rejected, the Court, on October 26, 2005, declined to issue a COA. (Doc. 345).

However, on January 25, 2007, the Eighth Circuit granted Paul a COA to address three issues:

1) Whether trial counsel were ineffective for failing to investigate and present evidence of Appellant's mental, medical and physical history;

2) Whether trial counsel were ineffective for failing to investigate and assert Appellant's incompetence to stand trial; and

3) Whether Appellant has a constitutional right to competence during federal habeas corpus proceedings and, if so, whether that constitutional right was violated.

(Doc. 351). On appeal, Paul argued:

1) trial counsel were ineffective for failing to investigate and present evidence of his mental, medical, and physical history;

2) trail counsel were ineffective for failing to investigate and assert his incompetence to stand trial;

3) federal law guaranteeing meaningful access to the courts requires that a prisoner challenging a capital conviction and sentence be mentally competent during habeas corpus proceedings and that guarantee was violated in his case;

4) his right to due process of law was violated when key government witnesses clandestinely received cash rewards after the jury was told no such rewards would be forthcoming; and

5) improper *ex parte* communications between the government and the district court warranted assignment of a different judge pursuant to 28 U.S.C. § 2106.

The Eighth Circuit affirmed the Court's denial of Paul's petition on July 22, 2008. *Paul v. United States*, 534 F.3d 832 (8th Cir.2008). Paul then sought a *writ of certiorari* which was denied on October 5, 2009. *Paul v. United States*, 130 S.Ct. 51, 175 L.Ed.2d 43, 78 USLW 3171 (2009).

On February 7, 2013, Paul filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the § 2255 Motion). (Doc. 362). The United States was ordered to file its answer by April 9, 2013. (Doc. 364).

***Argument***

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The court may grant the motion if it finds "that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement on the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). In his § 2255 Motion, Paul seeks relief based on:

1) His actual innocense;

2) His sentence is unfair because his co-defendant was given a life sentence; and

3) Prosecutorial Misconduct.

Additionally, Paul requests this Court to order a bankruptcy evaluation. As discussed below, Paul's claims are without merit and should be dismissed.

**I. An Evidentiary Hearing Is Not Required and a Certificate of Appealablity Should Not issue**

28 U.S.C. § 2255 provides in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

28 U.S.C. § 2255.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under § 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing, the court must take many of petitioner's factual averments as true but the court need not give weight to conclusory allegations, self interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir.1993). "A section 2255 petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.1998) (*quoting Engelen v. United States*, 68 F.3d 238, 240 (8th Cir.1995)).

When the information necessary for the court to make a decision with regard to claims raised in a § 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir.1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir.2005). Here, a review of the motion, files, and record conclusively show Paul is not entitled to relief because he has failed to comply with the certification requirements of 28 U.S.C. § 2255(h) as his claims have previously been submitted in a § 2255 Motion that was denied by this Court and because his request for a Court

ordered bankruptcy evaluation does not attack the conviction or sentence for which he was incarcerated. Therefore, Paul is not entitled to an evidentiary hearing, nor is one necessary.

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.1997). In this case, Paul has not made a substantial showing of the denial of a constitutional right. Accordingly, this Court should deny any request for a certificate of appealability.

**II. The Motion Is A Second or Successive § 2255 Motion That Should Be Dismissed**

Paul's motion must be dismissed because he has not complied with the certification requirements of 28 U.S.C. § 2255(h). Since Paul's Petition to file a new § 2255 was filed subsequent to the passing of the Anti-Terrorism and Death Penalty Act (April 1996) ("AEDPA"), it is subject to the "gate-keeping" provisions of AEDPA for second or successive motions brought pursuant to § 2255. 1996, Pub.L. No. 104-132; 28 U.S.C. § 2241 *et seq*; *Lindh v. Murphy*, 117 U.S. 2059 (1997). The AEDPA severely curtailed the filing of second and successive § 2255 motions. *See* 28 U.S.C. §§ 2244(a)-(b), 2255. Petitioners who have previously filed § 2255 motions face long odds proceeding under § 2255 a second time. *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061 (8th Cir. 2002).

28 U.S.C. § 2244(a) imposes severe limits on the availability of successive collateral review. That provision provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

A second or successive motion must be certified under 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255(h); *Rodgers v. United States*, 229 F.3d 704 (8th Cir. 2000). A district court lacks jurisdiction to entertain a second or successive § 2255 motion absent such certification from the appropriate court of appeals. *United States v. Matlock*, 107 Fed.Appx. 697, 2004 WL 1809451 (8th Cir. Aug. 13, 2004) ("[t]he district court properly dismissed the motion"); *Boykin v. United States*, 242 F.3d 373, 2000 WL 1610732 (8th Cir. 2000) (the district court lacked the power and authority to entertain the defendant's second or successive § 2255 motion and the Eighth Circuit Court of Appeals remanded the case with directions to dismiss the motion for lack of jurisdiction). Additionally, a claim presented in a second or successive habeas corpus application that was presented in a prior application shall be dismissed. 28 U.S.C. § 2244(b)(1); *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir.2009).

In this case, Paul's § 2255 Motion is a "second or successive" § 2255 motion as Paul has previously filed a motion pursuant to § 2255. (Doc. 271). Claims 1 through 3 were raised in his January 31, 2002, Motion for New Trial or to Vacate Defendant's Conviction and Death Sentence under 28 U.S.C. § 2255. (Doc. 271). This Court denied Paul relief on January 31, 2005 (Doc. 323), and the Eighth Circuit subsequently affirmed. United States v. Paul, 534 F.3d 832 (8th Cir.2008).

Because Paul's current § 2255 Motion rests on "grounds identical to grounds heard and decided on the merits in [his] previous motion," it constitutes a "second or successive" § 2255 motion. 28 U.S.C. § 2255(h); *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992). As such, this Court has no jurisdiction to consider his motion absent an appropriate certification from the Eighth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Furthermore, because Paul has previously presented Claims 1 through 3 in a § 2255 motion denied by this Court, these claims should be dismissed. Accordingly, the Court should dismiss Paul's motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

**III. Request for Court to Order Bankruptcy Evaluation Is Not Cognizable Under § 2255**

Finally, Paul requests this Court to order a bankruptcy evaluation based on his assertion that he is in a "pattern of debt denial" which is causing him extreme deprivation comparable to "torture," and "civil rights violations of anti trust relevance." According to Paul, he is currently being charged 60 percent of all income, leaving him no money for any substantial/essential hygiene or personal expenditures.

Although Paul's request is not the model of clarity, it is quite apparent he is not attacking the legality of his incarceration or seek release from physical restraint, "claiming the right to be

released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Instead, Paul is seeking a court ordered bankruptcy evaluation presumably because he is in a "pattern of debt denial." Thus, he is neither challenging his conviction, his sentence, nor the fact that he is in custody. Such relief is not available under 28 U.S.C. § 2255 and his request should be denied.

## ***Conclusion***

For the foregoing reasons, the United States respectfully requests that Paul's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be ***DENIED*** and requests the Court deny any motion by Paul for a certificate of appealability for his failure to make a substantial showing that he was denied a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

Respectfully Submitted,

Conner Eldridge
United States Attorney

By: /s/ Steven N. Snyder

Steven N. Snyder
Assistant U.S. Attorney
Arkansas Bar No. 72101
414 Parker Avenue
Fort Smith, AR 72901
(479) 783-5125

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF System which will send notification of such filing and I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/ECF participants:

Jeffery W. Paul
Register No. 10517-042
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

/s/ Steven N. Snyder
Steven N. Snyder
Assistant U.S. Attorney