4/25/2013 The Western District of Arkansas

Jeffery Paul
10517042
P.O. Box 33
Terre Haute, IN.
47808

①

The U.S. of America
Plaintiff

V.

Case No. 6:96 CR 60022

Jeffery Paul
Defendant

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

APR 25 2013

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

- Motion - T.18; FCC$R Ch. 227;

Comes now the Petitioner Does submit this Motion for a review of Sentence Due to imminent, material injustice ($) duress; cruel ($) unusual penalty.

① Pursuant to relief of; Corruption of Blood; Ch. 227 § 3563 Petitioners beloved wife of real; consummate record is barren at 38 yrs old ($) lost to me, in contempt of law ($) what any reasonable person would know to be a life of note; objectively; when we consummated that marriage; Aug. 95'. ($) petitioner has no children.

② Petitioner has still been unable to recover intellectual property relevant to partnership liens applied to units, in algorithms processed by Lineales Computer Company to produce accruals on financial statements, Arbitrage of unique sequences ($) survey certifications, (via); Clearsystems, A Debt-Consolidation ($) accounting service. ®

③ Raping Petitioners wife ($) obstructing / infringing Copyrights while petitioner appeals penalty; as a Disabled American; is a grave breach of peace, oppressive ($) constitutes a peonage in violation of my fundamental due-process rights; ($) that loss is extensible to my family as well ($) candidly; a disservice to the United States.

(4.) Petitioner has been in Captivity since; Aug. 22 1996; ; pursuant to §3568, (ie); 17 years 8 months; (&); appearently has a Conviction from Jan. 1, 1987; which he does not recall, but constitutes. 26 years - credit; Please note.

(5.) Petitioner has no genuine criminal record; relevant to the conviction of Williams; due to entrapment defense; if the Court recalls; petitioner was a Youth; Associate - deputy; law Enforcement (&) NJROTC, Recruit; on March 1995 when he was released from ADC; to develop informant Miguel Garcia; alleged CA. Gangmember who had agreed to provide information about Marijuana propagation in Arkansas.

(6.) Pursuant to §3553; Imposition (&) (a) factors; (1); although the Courts Abstraction Record seems heinous; the facts are forensic (&) exclusive to the Brutality described; the subjects; nose (&) Teeth (&) Neck were intact (&) only wound was (2) gunshots from; Target pistol; which my Codefendant admits to firing; (3) total at scene; which was result of being pushed off-balance during attempt to release subject of exigent stop; there was (1) victim, tragic certainly; but (2) defendants, (1) Pistol (&) no premeditation byway of evidentiary rules (&) preponderance (&) eyewitness testimony, the shooter was disturbed (&) suffering from exposure to samples of LSD / PCP laced Marijuana (&) this petitioner was in a constructive custody from point of shooting to his friends house where he pledged to turn himself in (&) Plead insanity (&) Self Defense.

(7) (2.) Prosecutors decision to Nullify Jury was cruel (&) constitutes misconduct because prosecutor chose to pursue death penalty; or refused to downward departure with that effect; despite a

(*) certain knowledge that Petitioners codefendant was the actual perpetrator of killing ($) respondent during a brief altercation; not Petitioner; which is statutorily the requirement to depart a spontaneous; wrongful death; (ie); petitioner did not strike; incite (or) propose to do anything to subject ($) deny's stealing distinguished but slow; late model car with no power (or) tinted windows in broad daylight, with no masks (or) gloves (or) pistol of my own; as motive ($) claims that's preposterous ($) out of character for premeditation claim; but wholly consistent with codefendants panicked flight from scene due to immediate threat of armed subjects in area.

(8) Petitioner believes that the convictions was irregular ($) the penalty inciting ($) essentially unfair; consider that the pistol is codefendants property (ie), not in petitioners possession ($) petitioner is leaving the scene of an altercation occurring between two people who had not agreed to meet each other when shooting occurred; so was a technical by-stander; unarmed, in presence of disturbed associate who may be experiencing induced delusions relevant to local gangmember alleged to have ordered his death; petitioner did not receive pistol; property ($) did report incident accordingly;

(9.) Deputy (acting), who received initial report was antagonistic ($) bias; referenced incidental aggravators as allegations of his own opinion, not petitioners ($) those were denied. using terms ($) extrapolation from report in paper; was perjury because that was denied; ($) comment to material witness potential was exculpatory to me ($) only general description.

(10.) All confessional witness testimony was omitted ($) perjured by way of intent.

(11.) Petitioner was relocated; not running from law enforcement; although admittedly; reticence to use vital information was result of concern of integrity of filing systems at the Garland County facility (&) retaliation for cooperating with law enforcement; (ID) discovered at 21 yrs of age was obtained by Coast Guard supervisor to allow petitioner to develop investigation in club area in downtown Key West, Fl. (&) only used to purchase wine at request of wife who was 20; I was 19.

(12) Petitioner has experienced a litany of procedural defaults (&) is disabled (&) believes prisons refusal to allow access to filing (&) retrieval (&) communication options at discretion-necessary intervals is non feasance.

(13.) Petitioner has indeterminate sentence with no discretion so cannot raise violations of marriage (&) due process with any effect because of consecutive exceptions of policy to maintain safety (or) other premise.

(14.) Petitioner claims that; pursuant to § 3582; (a) (b); (c)(1) (A) (i) (ii) (B) (2) T. 18, extraordinary or compelling reasons; (&) 3592; Mitigation; (a) (1) (2) (3) (4) (5) (6) (7) (8);
(§) 3595; (a) (B) (1) (2) (3) (4) (C) (1) (2) (A) (B) (C) ...

Summary

Petitioner does claim that Trinity did shoot to stop victim (&) his missed shot shows conclusively that occurs in a reciprical altercation during a state of heightened sense of danger, both parties; (&) although; there may have been some post-mortem circumstances constituting robbery; initial contact

(12.) was made under mistaken identity / suspicious subject in area; disappearing up obscured trail moments after carload of gang members were scrutinizing Trint ($) petitioner; the victim was indignant about being frisked for gun but his property was not stolen ($) altercation (not initial confrontation which I did not see); was reactionary ($) reciprical; ($) over fast, without my assistance, or comment. (1) Trinity was suffering a lingering effect of LSD/PCP exposure; (2) petitioner was not armed ($) not in control of Trints behavior; (3) petitioner agreed to move body off immediate area; due to concerns armed subjects may be approaching; (4.) The fact that Trint subdued ($) shot subject should immediately depart indictment; (5.) I was a Youth Conscript, military ($) law Enforcement; so was Trint. (6) He was delusional ($) inconsolable; Bigot. (7.) Victim was indignant ($) chose to argue when he obviously seemed threatening to Trint ($) Trint was obviously letting him go. (8) Petitioner has suffered indignity of infamous nature; historically proscribed ($) precedent; fundamentally unconstitutional; including; estate reversion, chronic health; psychological torments; Rape of my wife; Family Bankruptcy ($) genocidal deprivation; despite being innocent.

(13) Currently, according to T.18 FCC$R; § 4205; prisoners do 1/3 of time/Nominal; 10 yrs of life ($) 30 yrs, if otherwise noted so if someone has (3) 25, years they may not do more than 30 yrs before review.

(14). Petitioner claims that Ch. 51 18 § 1111, is appropriate for Trint but should be downward departed to Involuntary, § 1112 (b) due to exposure to LSD/PCP ($) imminent duress. ($) that petitioner denies Attempt; § 1113 but would demur ($)

(14.) Plea to § 928 Ch. 44 T. 18; § 930 underage possession (a); a Class A misdemeanor.

(15.) Petitioner claims that action to be necessary (&) proper (&) requests Court do so (&) if; upholding Death Sentence then allow petitioner to pay filing fees for Registration of Copyright Notice (&) posterity; including criminal Complaints of Marital violations (&) Peonage against prison; this captivity is a miserable, blatant violation of Constitutional proscriptions (&) wife (&) family are not available for restitution at any time, so must be counted.

Sinecerely;

[signature]
Jeffery Paul 10517042
PO Box 33
Terre Haute IN.
47808

4/23/2013

Certificate;
I hereby swear I sent this to the Western District of Arkansas.

Jeffery Paul
10517 042
P.O. Box 33
Terre Haute IN
47808

INDIANAPOLIS IN 460
23 APR 2013 PM 4 L

U.S. CLERK'S OFFICE

For; Hon. S. Larry Hendren
C/o The Clerk / Prose Officer
U.S. District Court
Western District of AR.
35 E. Mountain; Room 510
Fayetteville AR. 72701

Legal Mail

72701535335