IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA RESPONDENT

v. Crim. No. 6:96-CR-60022-JLH
Civil No. 6:13-CV-06014

JEFFERY WILLIAM PAUL MOVANT

**ORDER**

BEFORE the Court are several motions filed herein by JEFFERY WILLIAM PAUL, (hereinafter referred to as "Paul") an inmate currently confined in the Federal Bureau of Prisons. These motions were referred to the undersigned for disposition by U.S. District Judge Jimm Larry Hendren.

**1. Procedural Background**:

On June 23, 1997, in the United States District Court for the Western District of Arkansas, Paul was convicted of killing a man in Hot Springs National Park, Hot Springs, Arkansas. His co-defendant was sentenced to life in a separate trial. On June 25, 1997, Paul was sentenced to death. ECF No. 238.[1]

On August 30, 2000, the United States Court of Appeals for the Eighth Circuit affirmed Paul's conviction and death sentence. *See United States v. Paul*, 217 F.3d 989 (8th Cir. 2000). A Petition for a Writ of Certiorari was denied on October 1, 2001. *See Paul v. United States*, 534 U.S. 829 (2001). A motion to rehear the denial of certiorari was denied on February 19, 2002. *See Paul v. United States*, 534 U.S. 1156 (2002).

[1] Documents from the Court's file are referred to by docket number and referenced "ECF. No. __."

Paul filed a Motion to Vacate, Set Aside or Correct Judgment pursuant to 28 U.S.C. § 2255 on December 17, 2002. ECF No. 271. This Cout denied the motion on January 31, 2005. ECF No. 322. The Eighth Circuit remanded with instructions to consider the motion in light of *Tiedeman vs. Benson,* 122 F.3d 518 (8th Cir. 1997). On remand this Court denied Paul's request for a Certificate of Appealability. ECF No. 345. The U.S. Court of Appeals for the Eighth Circuit then granted a Certificate of Appealability and denied relief. *See Paul v. United States*, 534 U.S. 832 (8th Cir. 2008). Paul petitioned the United States Supreme Court for writ of certiorari on February 20, 2009. The United States Supreme Court denied his petition, October 5, 2009. ECF No. 361.

**2. Pending Motions**:

Paul has now filed a second § 2255 Motion along with various other motions. The Court will consider those additional motions here:

a. Motions for Order, (ECF Nos. 366 and 370): In Docket No. 366, Paul again raises issues of wrongful conviction and his co-defendant's conviction as defenses to his own sentence. He asserts various claims for hypertension, rape of his wife, ineffective assistance of counsel and other unnamed "civil rights" violations. In Docket No. 370 he seeks compensation for various claimed intellectual property rights he as been denied. He also seeks compsenation for the alleged rape of his wife. These Motions are **DENIED**.

b. Motion for Effective Assistance, (ECF No. 367), Motion for Effective Assistance of Counsel, (ECF No. 371): In these motions, Paul requests a conference with is appellate counsel, Jennifer Merrigan. He also requests that this Court "certify whether that office is competent to proceed." He also asserts that the aforementioned counsel are not competent. He then raises the

same issues raised in his appeal, first § 2255 Motion and the pending second § 2255 motion. Finally, he raises other issues such as lack of basic hygiene, mental health issues and lack of funds. These Motions are **DENIED**.

c. <u>Motion for Order of Estoppel of Criminal Complaint</u>, (ECF No. 368): Paul again raises issues of the alleged illegality of his conviction. To the extent he raises any issues not addressed in the Court's Report and Recommendation regarding his second § 2255 Motion this Motion is **DENIED**.

d. <u>Motion for Hearing</u>, (ECF No. 373): In this Motion Paul requests either discovery or a hearing on his § 2255 Motion. As set out in the Court's Report and Recommendation, no hearing is necessary in this case, accordingly this Motion is **DENIED**.

e. <u>Motion for Due Process</u> (ECF No. 375): Paul claims a right to certify an "exonerating affidavit." He also claims his co-defendant was threatened with death or torture and that ceratin evidence was destroyed in his criminal trial. Most of the claims made in this motion have been addressed on direct appeal or in his previous § 2255 Motion. To the extent he raises any issues not addressed in the Court's Report and Recommendation regarding his second § 2255 Motion this Motion is **DENIED**.

f. <u>Motion for Due Process</u> (ECF No. 376): In this Motion, Paul claims the right to a copyright in a debt consolidation service, and a specialty computer keyboard. These claims are not cognizable in a criminal matter or a § 2255 proceeding. This Motion is **DENIED**.

g. <u>Motion for Order to Revise Chapter 12 Petition</u> (ECF No. 377): In this Motion, Paul requests revsion of a claimed Chapter 12 Bankruptcy Petition as well as various other contractual

claims. These claims are not cognizable in a criminal matter or a § 2255 proceeding. This Motion is **DENIED**.

h. Motions for Emergency Injunctive Relief (ECF Nos. 378, 379, and 380): Despite being styled as motions for injunctive relief none of these three motions actually seek such relief. In Docket No. 378, Paul requests his wife be taken into custody and claims that he will produce evidence of actual innocence. In Docket No. 379, he again claims his co-defendant gave an affidavit exonerating him from the crime for which he was convicted, and requests immediate relief. In Docket No. 380 he asks for an order to the Federal Bureau of Prison to "cease remitting money orders sent to petitioner, allow petitioner to receive Ch. 7 Bkrptcy, action to relieve chronic austerity and injury." He also again claims lack of personal hygiene and medical care. To the extent he raises any issues not addressed in the Court's Report and Recommendation regarding his second § 2255 Motion these Motions are **DENIED**.

**DATED** this **17th day of June 2013**.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE