IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA RESPONDENT

v. Crim. No. 6:96-CR-60022-JLH
Civil No. 6:13-CV-06014

JEFFERY WILLIAM PAUL MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed herein by JEFFERY WILLIAM PAUL, (hereinafter referred to as "Paul") an inmate currently confined in the Federal Bureau of Prisons. ECF No. 362.[1] The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

**1. Procedural Background**:

On June 23, 1997, in the United States District Court for the Western District of Arkansas, Paul was convicted of murder in the killing of a man in Hot Springs National Park, Hot Springs, Arkansas. His co-defendant was sentenced to life in a separate trial. On June 25, 1997, Paul was sentenced to death. ECF No. 238. On direct appeal he raised the following points:

a) the Government took inconsistent actions at his trial and at the co-defendant's trial by arguing that each of the two defendants actually killed the victim;

b) his rights under the Federal Death Penalty Act and the Constitution were violated because the jury failed to unanimously find and consider as a relevant mitigating factor that the co-defendant only received a life sentence;

c) the prosecution relied upon unadjudicated bad act evidence at trial and at sentencing in violation of his statutory and constitutional rights;

[1] Documents from the Court's file are referred to by docket number and referenced "ECF. No. __."

d) the government presented unnecessary and prejudicial testimony during the guilt phase of the trial; and

e) there was error in the prosecutor's closing argument.

On August 30, 2000, the United States Court of Appeals for the Eighth Circuit affirmed Paul's conviction and death sentence. *See United States v. Paul*, 217 F.3d 989 (8th Cir. 2000). A Petition for a Writ of Certiorari was denied on October 1, 2001. *See Paul v. United States*, 534 U.S. 829 (2001). A motion to rehear the denial of certiorari was denied on February 19, 2002. *See Paul v. United States*, 534 U.S. 1156 (2002).

Paul filed a Motion to Vacate, Set Aside or Correct Judgment pursuant to 28 U.S.C. § 2255 on December 17, 2002. ECF No. 271. He raised the following issues in his first § 2255 motion:

a) the government relied on inconsistent theories at the separate trials of the two co-defendants which violated Paul's right to a fair trial and due process;

b) he was actually innocent of killing the victim;

c) the jury failed to unanimously find and consider as a mitigating factor that his co-defendant was equally culpable and did not receive a death sentence; and

d) prosecutorial misconduct.

This Court denied the motion on January 31, 2005. ECF No. 322. The Eighth Circuit remanded with instructions to consider in light of *Tiedeman v. Benson,* 122 F.3d 518 (8th Cir. 1997). This Court then reconsidered Paul's claim and denied his request for a Certificate of Appealability. ECF No. 345. The U.S. Court of Appeals for the Eighth Circuit then granted a certificate of appealability regarding the following issues:

a) Whether trial counsel were ineffective for failing to investigate and present evidence of Appellant's mental, medical and physical history?

b) Whether trial counsel were ineffective for failing to investigate and assert

> Appellant's incompetence to stand trial?
>
> c) Whether Appellant has a constitutional right to competence during federal habeas corpus proceedings and, if so, whether that constitutional right was violated?

ECF No. 351. Upon consideration of these issues, the Eighth Circuit then denied relief. *See Paul v. United States*, 534 U.S. 832 (8th Cir. 2008). Paul petitioned the United States Supreme Court for writ of certiorari on February 20, 2009. The United States Supreme Court denied his petition on October 5, 2009. ECF No. 361.

**2. <u>Current Motion to Vacate, Set Aside or Correct Sentence</u>**:

Paul filed the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on February 7, 2013. ECF No. 362. In this Motion to Vacate, Set Aside or Correct Sentence he asserts the following:

> a) Actual innocence, in that he claims he did not commit "any actionable element" of the offense, as another person confessed to and was convicted of the crime for which Paul was convicted. (Paul refers here to his co-defendant who was convicted in a separate trial).
>
> b) Death sentence was unfairly applied to him, when the co-defendant and "actual perpetrator" of the murder was given a life sentence.
>
> c) Prosecutorial misconduct by presenting false testimony of the cause of death of the victim. Improper exclusion of certain testimony at trial.

He also acknowledges he has previously raised these three issues on either direct appeal or in the previous § 2255 proceeding. Paul also states he wants to file criminal complaints for alienation of affection, his need to file bankruptcy, and his being denied basic hygiene while in prison because of his lack of income.[2]

---

[2] Paul has filed numerous other motions since the filing of this § 2255 Motion. The Court will address those motions by separate order(s).

The Respondent asserts the Motion should be denied because (1) it is successive and Paul has not received permission from the Eighth Circuit to file such Motion; and (2) the other relief requested is not available in a § 2255 proceeding.

**3. <u>Discussion</u>**

**a. <u>Successive 2255 Motion</u>**:

As a preliminary matter, it should be noted that a motion pursuant to 28 U.S. C. § 2255 is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005). Section 2255 provides that a prisoner “in custody under sentence” of a federal court may file a motion in the "court which imposed the sentence to vacate, set aside or correct the sentence." The statute states four grounds upon which such relief may be claimed:

> (1) "that the sentence was imposed in violation of the Constitution or laws of the United States,"
>
> (2) "that the court was without jurisdiction to impose such sentence;"
>
> (3) "that the sentence was in excess of the maximum authorized by law;" and
>
> (4) that the sentence "is otherwise subject to collateral attack."

Section 2255 provides in pertinent part:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Federal prisoners may not file "second or successive" § 2255 motions without an appropriate certification from the circuit court. *See Boykin v. United States*, 242 F.3d 373 (8th Cir. 2000)(*per curium*). Where a federal prisoner fails to comply with the certification requirement for a second or successive § 2255 motion , the district court lacks the authority to entertain such motion. *See Burton v. Stewart,* 549 U.S. 147, 152 (2007) (a second § 2254 petition where "Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place.").

Paul previously appealed his conviction and sentence. The conviction and sentence were affirmed. He then filed a § 2255 motion which was denied. He appealed that denial, and the appellate court affirmed the denial of his § 2255 motion. Here, Paul raises grounds previously raised either on direct appeal or during the first § 2255 proceeding. His current § 2255 Motion therefore constitutes a second or successive motion within the meaning of 28 U.S.C. § 2255. He has not sought or received authorization from the United States Court of Appeals for the Eighth Circuit to files a second or successive § 2255 motion. This Court therefore lacks jurisdiction over any claim presented here. Accordingly, the instant Motion should be denied.

**b. <u>Other Claims</u>**:

Within his current § 2255 Motion and in subsequent motions, Paul also asks this Court to issue various criminal complaints, have his wife detained, order a "bankruptcy evaluation" and take various other actions. None of these present claims for relief which can

be granted in a § 2255 proceeding. Accordingly, all other claims should likewise be denied.

**4. Recommendation**:

For the foregoing reasons, it is recommended the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 372) be denied.[3] Further, there has been no substantial showing of the denial of a constitutional right by Paul and thus no certificate of appealability should be granted. *See* 28 U.S.C. § 2253(c).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **17th day of June 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

[3] No evidentiary hearing is necessary in this case as the record is clear the movant is not entitled to relief. The "clarity of the existing record" may make an evidentiary hearing unnecessary. *See Latorre v. United States*, 193 F.3d 1035 (8th Cir. 1999). Further, the rules clearly contemplate dismissal without a hearing in this instance: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing § 2255 Proceedings.