In the USDC, In Dist. of Western District of AR. (FSD)

Jeffery Paul
Plaintiff

CV. 6:13 CV. 06014

v.

The United States of America;
Department of Justice (USP) Terre Haute, IN;
Warden JF. Caraway,
Defendant

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUL 11 2013
CHRIS R. JOHNSON, CLERK
BY [illegible] DEPUTY CLERK

- Motion for immediate Relief; full faith (&) credit -

Comes now petitioner does submit this motion for a reasonable damage assessment; relief with full faith (&) credit.

(1) Petitioner does claim to have suffered mental (&) physical injury of personal, (&) future (or) other appropriate term; reasonably cites the following number, from an alienation of Affection Complaint; Hutelmyer v. Cox, 514 S.E. 2d 554 (N.C. Ct. App. 1999); cases, Husband (&) wife key 322-327); where 3rd party required to pay $1.000.000 (mn) in Damages to injured party.

(2) Petitioner submits a Complaint of Alienation of Affection against 27 parties elsewhere but reasonably asserts that personal injury of the type I've suffered is more than comparable (&) requests Court review each year for pain (&) suffering of false imprisonment (&) Discrimination for 15 years, since Aug. 22, 96 (to) date; for treble damages, per year; So $3.000.000 (mn) (x) 15; for $45.000.000 (mn) / (10%) (=) $40.5 (mn) (Cash); (&) doesn't exclude a separate claim for the forcible separation; resulting in rape of wife.

(3) Petitioner also requests a wage payment of at least; $7.25 per. hr.; 40 hrs. per wk. for; $290 (x) 4 (=) $1,160 (mo.) (x) 12 for $13.920 Yr. (x) 15; for $208.800 (th) / 10% for; $187.920 (th) (Cash)

(4) Petitioner also requests a hearing; pursuant to actual loss of dilatory; default petition including copyright notice; Court costs (&) Attorney's fees.

Respectfully Submitted;
[signature] Jeffery Paul (c)
Jeffery Paul 10517042
P.O. Box 33
Terre Haute, IN.
47808

Certify; I hereby certify that a copy of this motion was sent to USDC. IN. (via) US postal service.

IN the USDC, INDIANA / western District / Page 2 of 12

- Table of Contents -


(1.) 1/one page Summary/Brief
(2.) Exhibit of FCC(&) R; offense definition; for; Homicide. ch. 51 T. 18 § 1111
(3.) (1) of two pages; sentence Computation page.
(4.) (2) of two pages; certified
(5.) Program Review page
(6.) Math Synopsis; Titled "TrickyMath";
(7.) Exhibit of FCC&R, offense definition; for; War crimes, ch. 118 T. 18 § 2441; (pg. 1) of (2)
(8.) pg. 2 of two.
(9.) Administrative Remedy form
(10.) USC landmark decision, excerpt.
(11.) Motion for immediate Relief, full faith & credit.


(Pro sé)

Respectfully Submitted

[signature]

Jeffery Paul 10517042
PO. Box 33
Terre Haute, IN. 47808

## CHAPTER 51—HOMICIDE

Sec.
1111. Murder.
1112. Manslaughter.
1113. Attempt to commit murder or manslaughter.
1114. Protection of officers and employees of the United States.
1115. Misconduct or neglect of ship officers.
1116. Murder or manslaughter of foreign officials, official guests, or internationally protected persons.
1117. Conspiracy to murder.
1118. Murder by a Federal prisoner.
1119. Foreign murder of United States nationals.
1120. Murder by escaped prisoners.
1121. Killing persons aiding Federal investigations or State correctional officers.
1122. Protection against the human immunodeficiency virus.

### § 1111. Murder

(a) Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

Any other murder is murder in the second degree.

(b) Within the special maritime and territorial jurisdiction of the United States,

Whoever is guilty of murder in the first degree shall be punished by death or by imprisonment for life;

Whoever is guilty of murder in the second degree, shall be imprisoned for any term of years or for life.

(c) For purposes of this section—

(1) the term "assault" has the same meaning as given that term in section 113;

(2) the term "child" means a person who has not attained the age of 18 years and is—

(A) under the perpetrator's care or control; or

(B) at least six years younger than the perpetrator;

(3) the term "child abuse" means intentionally or knowingly causing death or serious bodily injury to a child;

(4) the term "pattern or practice of assault or torture" means assault or torture engaged in on at least two occasions;

(5) the term "serious bodily injury" has the meaning set forth in section 1365; and

(6) the term "torture" means conduct, whether or not committed under the color of law, that otherwise satisfies the definition set forth in section 2340(1).

(June 25, 1948, c. 645, 62 Stat. 756; Oct. 12, 1984, Pub.L. 98–473, Title II, § 1004, 98 Stat. 2138; Nov. 10, 1986, Pub.L. 99–646, § 87(c)(4), 100 Stat. 3623; Nov. 14, 1986, Pub.L. 99–654, § 3(a)(4), 100 Stat. 3663; Nov. 18, 1988, Pub.L. 100–690, Title VII, § 7025, 102 Stat. 4397; Sept. 13, 1994, Pub.L. 103–322, Title VI, § 60003(a)(4), 108 Stat. 1969; Apr. 30, 2003, Pub.L. 108–21, Title I, § 102, 117 Stat. 652.)

#### HISTORICAL AND STATUTORY NOTES

**Effective and Applicability Provisions**

**1986 Acts.** Amendment by section 87 of Pub.L. 99–646 effective 30 days after Nov. 10, 1986, see section 87(e) of Pub.L. 99–646, set out as a note under section 2241 of this title.

### § 1112. Manslaughter

(a) Manslaughter is the unlawful killing of a human being without malice. It is of two kinds:

Voluntary—Upon a sudden quarrel or heat of passion.

Involuntary—In the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or without due caution and circumspection, of a lawful act which might produce death.

(b) Within the special maritime and territorial jurisdiction of the United States,

Whoever is guilty of voluntary manslaughter, shall be fined under this title or imprisoned not more than 15 years, or both;

Whoever is guilty of involuntary manslaughter, shall be fined under this title or imprisoned not more than 8 years, or both.

(June 25, 1948, c. 645, 62 Stat. 756; Sept. 13, 1994, Pub.L. 103–322, Title XXXII, § 320102, Title XXXIII, § 330016(1)(H), 108 Stat. 2109, 2147; Oct. 11, 1996, Pub.L. 104–294, Title VI, § 604(b)(13), 110 Stat. 3507; Jan. 7, 2008, Pub.L. 110–177, Title II, § 207, 121 Stat. 2538.)

#### HISTORICAL AND STATUTORY NOTES

**Effective and Applicability Provisions**

**1996 Acts.** Amendment by section 604 of Pub.L. 104–294 effective Sept. 13, 1994, see section 604(d) of Pub.L. 104–294, set out as a note under section 13 of this title.



(Doc. 1)

```
  THP49  540*23 *            SENTENCE MONITORING              *      03-26-2013
 PAGE 001       *             COMPUTATION DATA                *      09:11:33
                              AS OF 03-26-2013

 REGNO..: 10517-042 NAME: PAUL, JEFFERY WILLIAM

 FBI NO...........: 220926WA9                  DATE OF BIRTH: 09-02-1976
 ARS1.............: THP/A-DES
 UNIT.............: SCU                        QUARTERS.....: X03-310L
 DETAINERS........: NO                         NOTIFICATIONS: NO

 THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
 THE INMATE IS PROJECTED FOR RELEASE:  DEATH SENT

 ---------------------CURRENT JUDGMENT/WARRANT NO: 020     -----------------

 COURT OF JURISDICTION...........: ARKANSAS, WESTERN DISTRICT
 DOCKET NUMBER...................: 96-60022-001
 JUDGE...........................: HENDREN
 DATE SENTENCED/PROBATION IMPOSED: 06-25-1997
 DATE COMMITTED..................: 07-01-1997
 HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
 PROBATION IMPOSED...............: NO

                  FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
 NON-COMMITTED.:  $200.00        $00.00          $00.00       $00.00

 RESTITUTION...:  PROPERTY: NO   SERVICES: NO        AMOUNT:  $00.00

 -------------------------CURRENT OBLIGATION NO: 010 -------------------------
 OFFENSE CODE....: 721
 OFF/CHG: T18:1111(A) & 2; KILL IN THE PERPETRATION OF A ROBBERY, AIDING
          AND ABETTING (COUNT 1). T18:924(C)(1),924(I)(1) & 2; KNOWINGLY
          CARRY AND USE A FIREARM, DEATH OF A PERSON THROUGH THE USE OF
          A FIREARM & AIDING AND ABETTING (COUNT 2)

 SENTENCE PROCEDURE.............: 3559 VCCLEA VIOLENT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.: DEATH
 DATE OF OFFENSE................: 06-22-1995
```

(Deb)   1976 (=) 3 months 29 days
1995 (=) 5 months 22 days

1994 - 1977 (=) 17 years

G0002   MORE PAGES TO FOLLOW . . .   for ; Maximum age (=) 17 yrs 9 mos 21 days

(Doc (2))

THP82 540*23 * SENTENCE MONITORING * 06-11-2013
PAGE 001 * COMPUTATION DATA * 13:00:53
AS OF 06-11-2013

REGNO..: 10517-042 NAME: PAUL, JEFFERY WILLIAM

FBI NO...........: 220926WA9 DATE OF BIRTH: 09-02-1976
ARS1.............: THP/A-DES
UNIT.............: SCU QUARTERS.....: X03-310L
DETAINERS........: NO NOTIFICATIONS: NO

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: DEATH SENT

----------------------CURRENT JUDGMENT/WARRANT NO: 020 ------------------------

COURT OF JURISDICTION...........: ARKANSAS, WESTERN DISTRICT
DOCKET NUMBER...................: 96-60022-001
JUDGE...........................: HENDREN
DATE SENTENCED/PROBATION IMPOSED: 06-25-1997
DATE COMMITTED..................: 07-01-1997
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

| | FELONY ASSESS | MISDMNR ASSESS | FINES | COSTS |
|---|---|---|---|---|
| NON-COMMITTED.: | $200.00 | $00.00 | $00.00 | $00.00 |

RESTITUTION...: PROPERTY: NO SERVICES: NO AMOUNT: $00.00

-------------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....: 721
OFF/CHG: T18:1111(A) & 2; KILL IN THE PERPETRATION OF A ROBBERY, AIDING AND ABETTING (COUNT 1). T18:924(C)(1),924(I)(1) & 2; KNOWINGLY CARRY AND USE A FIREARM, DEATH OF A PERSON THROUGH THE USE OF A FIREARM & AIDING AND ABETTING (COUNT 2)

SENTENCE PROCEDURE.............: 3559 VCCLEA VIOLENT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.: DEATH
DATE OF OFFENSE................: 06-22-1995

G0002 MORE PAGES TO FOLLOW . . .

Authorized by the Act
July 7, 1955 to Administer
Oaths (18 U.S.C. 4004)

[signature]

Case Manager

Doc (3)

# INMATE SKILLS DEVELOPMENT PLAN    Current Program Review: 06-07-2013



| | | | |
|---|---|---|---|
| **Name:** | PAUL, JEFFERY WILLIAM | **Institution:** | TERRE HAUTE USP<br>4700 BUREAU ROAD<br>SOUTH<br>TERRE HAUTE, IN 47802 |
| **Register Number:** | 10517-042 | | |
| **Security/Custody:** | HIGH/MAX | **Telephone:** | (812) 244-4400 |
| **Projected Release:** | / DEATH SENT | **Fax:** | 812-244-4791 |

| | | | |
|---|---|---|---|
| **Next Review Date:** | 12-03-2013 | **Driver's License/State:** | / |
| **Next Custody Review Date:** | 06-05-2014 | **FBI Number:** | 220926WA9 |
| **Age/DOB/Sex:** | 36 / 09-02-1976 / M | **DCDC Number:** | |
| **CIM Status:** | Y<br>If yes, reconciled: Y | **INS Number:** | |
| | | **PDID Number:** | |
| | | **Other IDs:** | |

| | | | |
|---|---|---|---|
| **Release Residence:** | No residence, Homeless, No residence.<br>730 UNITED ST<br>KEY WEST, FL 33040 | **Release Employer:** | *[Name]*<br>*[Address]* |
| | | **Contact** | *[POC]* |
| **Telephone:** | [Phone] | **Telephone:** | |

| | | | |
|---|---|---|---|
| **Primary Emergency Contact:** | Paula Paul, Mother<br>Rt. 1 Box 93D<br>Paris, MS 38949 | **Secondary Emergency Contact:** | *[POC]*<br>*[Address]* |
| **Telephone:** | (662) 234-3152 | **Telephone:** | |

**Mentor Information:**

**Sentence/Supervision:** Death / No Supervision Term - 3559 VCCLEA Violent Sentence
**Special Parole Term:** No Special Parole Term

| Sentence Began | Time Served/Jail Credit/Inoperative Time | Days GCT/EGT/SGT | Days FSGT/WSGT/DGCT | Parole Status |
|---|---|---|---|---|
| 06-25-1997 | 191 Months 13 Days / 307 Days / 0 Days | 0 / 0 / 0 | 0 / 0 / 0 | **Parole Information not applicable** |

**Detainers:** N
**Pending Charges:** None known

| Financial Responsibility | Imposed | Balance | Case No./Court of Jurisdiction | Assgn/Schedule Payment |
|---|---|---|---|---|
| ASSESSMENT USDC | $200.00 | $25.00 | 96-60022-001 (expired) | FINANC RESP-COMPLETED |

| | | | | | |
|---|---|---|---|---|---|
| **Financial Plan Active:** | N | **Comm Dep-6 mos:** | $410.00 | **Cost of Incarceration Fee:** | *[Choices]* |
| **Financial Plan Date:** | *[Date]* | **Commissary Balance:** | $0.04 | | |

## Payments

**Commensurate:** *[Y,N]*
**Missed:** *[Y,N]*

**Judicial Recommendations:** None / None / None

**Special Conditions of Supervision:** See J&C.

| | | | |
|---|---|---|---|
| **USPO Sentencing:** | Scott Thibodeaux, Chief<br>Arkansas Western Probation Office<br>Judge Isaac C. Parker Federal Building<br>30 South Sixth Street Room 1064<br>Fort Smith, AR 72901 | **USPO Relocation:** | *[POC]*<br>*[District]*<br>*[Street Address/Suite]*<br>*[City], [State] [Zip]* |
| | | **Phone/Fax:** | *[Phone] / [Fax]* |

Tricky Math Synopsis;

Subject; 19 Years (Proxy) 1995 - 1976 (=) (19) Years

Summary;

I do understand that Math is precise but Calendar Years create potential for Miscalculations; I believe My Date of Birth indicates that I was 18 yrs at the Offense date, June 22, 1995... but I was actually less than 18 years; 17 yrs. 9 mos. (&) 27 days; I am counting the days of each Year; the Year must be complete; So Minus 95' (&) Minus 76' as incomplete Years leaves 77' (&) 94'; both 77' (&) 94' are full face-value; 365 days; if You count those wrong; You get 18; but 94 - 77 (=) 17 (&) at full-value; (or) New Years day 77 (&) New Years eve 94'; (ie); the number of full days, per Year; 17 (x) 365 (=) 16,205 (+) 4 leap Years for; 6,209 (+) 76' (=) 3 mos. 28 days for (120 days) (&) 95' (=) 5 mos. 22 days for; 173 days So thats; 293 days total (+) 6,209 for 6,502 (÷) 365 for; a 17 year 297 days (or) 17 yr. 9 mos (27 days); age.

/s/ [signature]

Terre Haute; IN.

6/15/2013

Doc. 5

# CHAPTER 118—WAR CRIMES

Sec.
2441. War crimes.

## § 2441. War crimes

(a) **Offense.**—Whoever, whether inside or outside the United States, commits a war crime, in any of the circumstances described in subsection (b), shall be fined under this title or imprisoned for life or any term of years, or both, and if death results to the victim, shall also be subject to the penalty of death.

(b) **Circumstances.**—The circumstances referred to in subsection (a) are that the person committing such war crime or the victim of such war crime is a member of the Armed Forces of the United States or a national of the United States (as defined in section 101 of the Immigration and Nationality Act).

(c) **Definition.**—As used in this section the term "war crime" means any conduct—

(1) defined as a grave breach in any of the international conventions signed at Geneva 12 August 1949, or any protocol to such convention to which the United States is a party;

(2) prohibited by Article 23, 25, 27, or 28 of the Annex to the Hague Convention IV, Respecting the Laws and Customs of War on Land, signed 18 October 1907;

(3) which constitutes a grave breach of common Article 3 (as defined in subsection (d)) when committed in the context of and in association with an armed conflict not of an international character; or

(4) of a person who, in relation to an armed conflict and contrary to the provisions of the Protocol on Prohibitions or Restrictions on the Use of Mines, Booby-Traps and Other Devices as amended at Geneva on 3 May 1996 (Protocol II as amended on 3 May 1996), when the United States is a party to such Protocol, willfully kills or causes serious injury to civilians.

(d) **Common Article 3 violations.**—

(1) **Prohibited conduct.**—In subsection (c)(3), the term "grave breach of common Article 3" means any conduct (such conduct constituting a grave breach of common Article 3 of the international conventions done at Geneva August 12, 1949), as follows:

(A) **Torture.**—The act of a person who commits, or conspires or attempts to commit, an act specifically intended to inflict severe physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions) upon another person within his custody or physical control for the purpose of obtaining information or a confession, punishment, intimidation, coercion, or any reason based on discrimination of any kind.

(Doc 6)

(B) **Cruel or inhuman treatment.**—The act of a person who commits, or conspires or attempts to commit, an act intended to inflict severe or serious physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions), including serious physical abuse, upon another within his custody or control.

(C) **Performing biological experiments.**—The act of a person who subjects, or conspires or attempts to subject, one or more persons within his custody or physical control to biological experiments without a legitimate medical or dental purpose and in so doing endangers the body or health of such person or persons.

(D) **Murder.**—The act of a person who intentionally kills, or conspires or attempts to kill, or kills whether intentionally or unintentionally in the course of committing any other offense under this subsection, one or more persons taking no active part in the hostilities, including those placed out of combat by sickness, wounds, detention, or any other cause.

(E) **Mutilation or maiming.**—The act of a person who intentionally injures, or conspires or attempts to injure, or injures whether intentionally or unintentionally in the course of committing any other offense under this subsection, one or more persons taking no active part in the hostilities, including those placed out of combat by sickness, wounds, detention, or any other cause, by disfiguring the person or persons by any mutilation thereof or by permanently disabling any member, limb, or organ of his body, without any legitimate medical or dental purpose.

(F) **Intentionally causing serious bodily injury.**—The act of a person who intentionally causes, or conspires or attempts to cause, serious bodily injury to one or more persons, including lawful combatants, in violation of the law of war.

(G) **Rape.**—The act of a person who forcibly or with coercion or threat of force wrongfully invades, or conspires or attempts to invade, the body of a person by penetrating, however slightly, the anal or genital opening of the victim with any part of the body of the accused, or with any foreign object.

(H) **Sexual assault or abuse.**—The act of a person who forcibly or with coercion or threat of force engages, or conspires or attempts to engage, in sexual contact with one or more persons, or causes, or conspires or attempts to cause, one or more persons to engage in sexual contact.

(I) **Taking hostages.**—The act of a person who, having knowingly seized or detained one or more persons, threatens to kill, injure, or continue to detain such person or persons with the intent of compelling any nation, person other than the hostage, or group of persons to act or refrain from acting as an explicit or implicit condition for the safety or release of such person or persons.

(2) **Definitions.**—In the case of an offense under subsection (a) by reason of subsection (c)(3)—

(A) the term "severe mental pain or suffering" shall be applied for purposes of paragraphs (1)(A) and (1)(B) in accordance with the meaning given that term in section 2340(2) of this title;

(B) the term "serious bodily injury" shall be applied for purposes of paragraph (1)(F) in accordance with the meaning given that term in section 113(b)(2) of this title;

(C) the term "sexual contact" shall be applied for purposes of paragraph (1)(G) in accordance with the meaning given that term in section 2246(3) of this title;

(D) the term "serious physical pain or suffering" shall be applied for purposes of paragraph (1)(B) as meaning bodily injury that involves—

(i) a substantial risk of death;

(ii) extreme physical pain;

(iii) a burn or physical disfigurement of a serious nature (other than cuts, abrasions, or bruises); or

(iv) significant loss or impairment of the function of a bodily member, organ, or mental faculty; and

(E) the term "serious mental pain or suffering" shall be applied for purposes of paragraph (1)(b) in accordance with the meaning given the term "severe mental pain or suffering" (as defined in section 2340(2) of this title), except that—

(i) the term "serious" shall replace the term "severe" where it appears; and

(ii) as to conduct occurring after the date of the enactment of the Military Commissions Act of 2006, the term "serious and non-transitory mental harm (which need not be prolonged)" shall replace the term "prolonged mental harm" where it appears.

DOC 17

THABO *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL * 05-14-2013
PAGE 006 OF * FULL SCREEN FORMAT * 14:42:56

REGNO: 10517-042 NAME: PAUL, JEFFERY
RSP OF...: THP UNT/LOC/DST: SCU QTR.: X03-310L RCV OFC: NCR
REMEDY ID: 305277-R2 SUB1: 26BS SUB2: DATE RCV: 11-07-2003
UNT RCV..:SCU QTR RCV.: D03-026L FACL RCV: THA
UNT ORG..:SCU QTR ORG.: D03-027L FACL ORG: THA
EVT FACL.: THA ACC LEV: THA 1 NCR 1 RESP DUE:
ABSTRACT.: DENIED TREATMENT FOR HIS SEBACEOUS CYST
STATUS DT: 11-07-2003 STATUS CODE: REJ STATUS REASON: WRL
INCRPTNO.: RCT: EXT: DATE ENTD: 11-07-2003
REMARKS..:

REGNO: 10517-042 NAME: PAUL, JEFFERY
RSP OF...: THP UNT/LOC/DST: SCU QTR.: X03-310L RCV OFC: THP
REMEDY ID: 541896-F1 SUB1: 13ZS SUB2: DATE RCV: 06-03-2009
UNT RCV..:SCU QTR RCV.: X03-401L FACL RCV: THP
UNT ORG..:SCU QTR ORG.: X03-401L FACL ORG: THP
EVT FACL.: THP ACC LEV: THP 1 NCR 2 BOP 1 RESP DUE: TUE 06-23-2009
ABSTRACT.: SAYS RIGHTS BEING VIOLATED
STATUS DT: 06-15-2009 STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.: RCT: P EXT: DATE ENTD: 06-08-2009
REMARKS..:

G0002 MORE PAGES TO FOLLOW . . .

Doc. (8)

**1990:** ***Cruzan v. Missouri.*** The Court ruled that a person had the right to refuse life-sustaining medical treatment. However, the Court also ruled that, before treatment could be withheld from a comatose patient, a state could require "clear and convincing evidence" that the patient would not have wanted to live. In two 1997 rulings, ***Washington v. Glucksberg*** and ***Vacco v. Quill***, the Court ruled that states could ban doctor-assisted suicide.

**1995:** ***Adarand Constructors, Inc., v. Peña.*** The Court held that federal programs that classify people by race, unless "narrowly tailored" to accomplish a "compelling governmental interest," may violate the right to equal protection.

**1995:** ***U.S. Term Limits Inc. v. Thornton.*** The Court ruled that neither states nor Congress could limit terms of members of Congress, since the Constitution reserves to the people the right to choose federal lawmakers.

**1997:** ***Clinton v. Jones.*** Rejecting an appeal by Pres. Clinton in a sexual harassment suit, the Court ruled that a sitting president did not have temporary immunity from a lawsuit for actions outside the realm of official duties.

**1997:** ***City of Boerne v. Flores.*** The Court overturned a 1993 law banning enforcement of laws that "substantially burden" religious practice unless there is a "compelling need" to do so. The Court held that the act was an unwarranted intrusion by Congress on states' prerogatives and an infringement of the judiciary's role.

**1997:** ***Reno v. ACLU.*** Citing the right to free expression, the Court overturned a provision making it a crime to display or distribute "indecent" or "patently offensive" material on the Internet. The Court ruled, however, in ***NEA v. Finley*** **(1998)** that "general standards of decency" may be used as a criterion in federal arts funding.

**1998:** ***Clinton v. City of New York.*** The Court struck down the Line-Item Veto Act (1996), holding that it unconstitutionally gave the president "the unilateral power to change the text of duly enacted statutes."

**1998:** ***Faragher v. City of Boca Raton; Burlington Industries, Inc. v. Ellerth.*** The Court issued new guidelines for workplace sexual harassment suits, holding employers responsible for misconduct by supervisory employees. And in ***Oncale v. Sundowner Offshore Services***, the Court ruled that the law against sexual harassment applies regardless of whether harasser and victim are the same sex.

**1999:** ***Dept. of Commerce v. U.S. House.*** Upholding a challenge to plans for the 2000 census, the Court prohibited statistical sampling, favored by Democrats, in the apportioning of seats in the U.S. House of Representatives. The Court maintained that an actual head count was required.

**1999:** ***Alden v. Maine; Florida Prepaid v. College Savings Bank; College Savings Bank v. Florida.*** In a series of rulings, the Court applied the principle of "sovereign immunity" to shield states in large part from being sued under federal law.

**2000:** ***Boy Scouts of America v. Dale.*** The Court ruled that the Boy Scouts could dismiss a troop leader after learning he was gay, holding that the right to freedom of association outweighed a New Jersey antidiscrimination statute.

**2000:** ***Stenberg v. Carhart.*** The Court struck down a Nebraska law that banned so-called partial-birth abortion. It argued that the law could be interpreted as banning other abortion procedures and that it should have made exception for reasons of health. (*See* ***1973: Roe v. Wade.***)

**2000:** ***Bush v. Gore.*** The Court ruled that manual recounts of presidential ballots in the Nov. 2000 election could not proceed because inconsistent evaluation standards in different counties violated the equal protection clause. In effect, the ruling meant existing official results leaving George W. Bush as narrow winner of the election would prevail.

**2001:** ***Easley v. Cromartie.*** The Court ruled that North Carolina's 12th Congressional District, whose irregular shape had been challenged as an unconstitutional racial gerrymander, was the permissible result of attempts to create a majority-Democrat district.

**2001:** ***Good News Club v. Milford Central School.*** The justices found that religious and secular organizations were entitled to equal access to public elementary school grounds for after-school meetings.

**2002:** ***Atkins v. Virginia.*** The Court ruled that the execution of mentally retarded felons violated the 8th Amendment ban on "cruel and unusual punishment."

**2002:** ***Ring v. Arizona.*** The Court found that only a jury, not a judge, could decide to impose the death penalty.

**2002:** ***Zelman v. Simmons-Harris.*** The Court ruled that publicly funded tuition vouchers could be used at religious schools without violating the separation of church and state.

**2002:** ***Federal Maritime Commission v. South Carolina State Ports Authority.*** The Court ruled that the 11th Amendment gave states immunity from private lawsuits involving federal agencies.

**2003:** ***Grotter v. Bollinger; Gratz v. Bollinger.*** The Court upheld affirmative action in admission policies at the Univ. of Michigan Law School. However, in a second decision, the Court ruled against a strict point system based on racial and ethnic backgrounds, as used in the university's undergraduate admissions process.

**2004:** ***Tennessee v. Lane.*** The Court ruled that disabled individuals could sue states under the Americans with Disabilities Act for failing to provide adequate access to state courthouses, despite states' usual immunity from private lawsuits in federal court.

**2004:** ***Locke v. Davey.*** The justices decided that a scholarship program provided by the state of Washington did not violate the right to free exercise of religion in denying aid to students preparing for the clergy.

**2004:** ***Ashcroft v. ACLU et al.*** The Court struck down the Child Online Protection Act, which Congress passed in 1998 to restrict access to online pornography by minors, on the basis that the law, as written, violated the 1st Amendment right of free speech.

**2005:** ***Kelo v. City of New London.*** The Court ruled that local governments could force property owners to sell their land in order to facilitate private development projects deemed to be economically beneficial to the community.

**2005:** ***Roper v. Simmons.*** The Court ruled that executions of convicts who committed their crimes before age 18 were prohibited under the 8th Amendment ban on cruel and unusual punishment.

**2006:** ***Garcetti v. Ceballos.*** The Court ruled that the 1st Amendment guarantee of free speech did not protect statements made by public employees in the course of their official duties.

**2006:** ***Hamdan v. Rumsfeld.*** The Court ruled that Pres. George W. Bush's system for trying terrorism detainees at the U.S. military base in Guantanamo Bay, Cuba, was unauthorized under both federal law and the international Geneva Conventions.

**2007:** ***Gonzales v. Carhart et al.; Gonzales v. Planned Parenthood Federation of America.*** The Court upheld a 2003 federal law prohibiting the abortion procedure known as intact dilation and extraction, or "partial-birth" abortion.

**2007:** ***Parents Involved in Community Schools v. Seattle School District No. 1; Madison v. Jefferson County Board of Education.*** The Court ruled that two school districts could not, to encourage diversity, use "racial classifications in making school assignments."

**2008:** ***Boumediene v. Bush.*** The Court ruled that the guarantee of habeas corpus applied at the U.S. naval base at Guantanamo Bay, Cuba, and that detainees had a constitutional right to challenge their detention in federal court.

**2008:** ***Kennedy v. Louisiana.*** The Court ruled that death was a disproportionate penalty, and prohibited by the Constitution, in cases of child rape that did not result in the death of the victim.

**2008:** ***District of Columbia vs. Heller.*** The Court overturned Washington, DC's handgun ban, ruling that the 2nd Amendment protected individuals' right to own guns for personal use.

Jeffery Paul 10517-042
Po. Box 33
Terre Haute, IN.
47808

JUN 2 4 2013

**Federal Correctional Complex**
**Terre Haute, IN 47802**
**Date:**____________

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence to be forwarded to another individual, please return to the above listed address.