IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                              RESPONDENT

v.            Crim. No. 6:96-CR-60022-JLH
              Civil No. 6:13-CV-06014

JEFFERY WILLIAM PAUL                                                       MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are the *pro se* Motion to Vacate (ECF No. 383), Motion for Immediate Relief (ECF No. 384), Motion for Relief (ECF No. 385), Motion for Hearing (ECF No. 387), and Motion to Amend (ECF No. 388), filed herein by JEFFERY WILLIAM PAUL (hereinafter referred to as "Paul"), an inmate currently confined in the Federal Bureau of Prisons.  ECF No. 362.[1]  These Motions were referred for a recommendation as to whether this Court should entertain them in light of the fact Paul is currently represented by counsel.  ECF No. 389.

**1. Procedural Background**:

On June 23, 1997, in the United States District Court for the Western District of Arkansas, Paul was convicted of murder in the killing of a man in Hot Springs National Park, Hot Springs, Arkansas. Paul was sentenced to death as a result of that conviction.  ECF No. 238.[2]

This Court appointed counsel to represent Paul on all post-conviction matters.[3]  On February

---

[1] Documents from the Court's file are referred to by docket number and referenced "ECF. No. __."

[2] The procedural history of Paul's conviction, direct appeal, and post conviction proceedings can be found in the Report and Recommendation filed June 17, 2013.  ECF No. 282.

[3] Robert McGlasson was appointed on January 30, 2002 (ECF No. 265) and Sean O'Brien was appointed on September 15, 2003 (ECF No. 286).

26, 2007, the United States Court of Appeal for the Eighth Circuit appointed additional counsel to represent Paul.[4]  All three court-appointed counsel remain counsel of record for Paul as of the date of this Report and Recommendation.  Subsequent to those appointments, Paul, acting *pro se*, filed a motion to vacate or set aside his conviction (ECF No. 362) as well as numerous other motions.  On June 17, 2013, the undersigned entered an order denying the miscellaneous motions (ECF No. 381) and a Report and Recommendation recommending denial of the motion to vacate as successive (ECF No. 382).  Following the entry of those orders, Paul filed the instant motions, again acting *pro se*.  His court-appointed counsel remain his counsel of record in this case but did not join in any of the recent *pro se* filings.

## 2. Discussion

This matter has been referred to the undersigned for a report and recommendation regarding the issue of whether the Court should continue to consider Paul's *pro se* filings, in light of the fact he is represented by counsel.  As noted above, Paul received appointed counsel by virtue of the orders of this Court and of the Eighth Circuit.

A litigant has no constitutional or statutory right to simultaneously proceed *pro se* and with benefit of counsel.  *See Brasier v. Jeary*, 256 F.2d 474, 478 (8th Cir. 1958), *cert. denied*, 358 U.S. 867 (1958).  "A district court has no obligation to entertain *pro se* motions filed by a represented party."  *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001), *citing United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994) (holding that a court commits no error in refusing to rule on *pro se* motions raised by a represented party), *cert. denied*, 513 U.S. 909 (1994).  The Eighth Circuit has

---

[4] Jennifer Merrigan was appointed by the Eighth Circuit on February 26, 2007.  ECF No. 354.

more recently stated "[i]t is typically not our practice to consider *pro se* arguments where the defendant is represented by counsel." *United States v. Johnson*, 648 F.3d 940, 942 n. 2 (8th Cir. 2011), *cert. denied*, 132 S. Ct. 1051 (U.S. 2012), *quoting United States v. Moore*, 481 F.3d 1113, 1114 n. 2 (8th Cir.2007).

Here, the Court previously considered Paul's *pro se* filings despite his being represented by counsel. His motions were denied. He has now filed four (4) additional *pro se* motions seeking essentially the same relief as was denied one month ago by this Court. He has also filed a new *pro se* motion to vacate regarding his underlying criminal sentence, despite the fact this Court has recommended denial of his previous motion to vacate as successive. This Court has no obligation to consider *pro se* filings by litigants represented by counsel and should decline to do so in this case going forward. *See Abdullah,* 240 F.3d at 686.

**3. Recommendation**:

For the foregoing reasons, it is recommended (1) the Motion to Vacate (ECF No. 383), Motion for Immediate Relief (ECF No. 384), Motion for Relief (ECF No. 385), Motion for Hearing (ECF No. 387), and Motion to Amend (ECF No. 388) be DENIED; (2) the Clerk of this Court be directed to forward copies of all of the *pro se* filings made by Paul since February 7, 2013 to his counsel of record; and (3) the Clerk of this Court be directed to accept no further *pro se* filings by Paul in this matter until further notice by this Court.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

DATED this **22nd day of July 2013.**

      /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE