In The Western District of Arkansas
US District Court

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
FEB 18 2014
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN REM

United States
Plaintiff

V.

Jeffery Paul
Defendant

Case No#6:96-cr-60022
Hot Springs Division

CAPITAL-CASE

PRO-SE/Represented by Counsel

-Motion for Discovery(&)assignment of Case no#-

Comes now the Petitioner does submit this motion to discover (&)recover copies pursuant to the record on appeal(&)enter the new number which was filed in The Southern District of IN. Terre Haute Division,pursuant to Habeas Corpus,Title 28,ch.153 relief/remedy of conviction due to fundamental miscarriage of justice.

1.Petitioner was convicted of Aiding(&)Abetting Murder in a National Park on or about(6/22/95-6/27/97)(&)sentenced to death by Lethal Injection,(&)Appellate Councel Robert L.Mc-Glasson was appointed due to Petitioners Learning Disability.

2.Trial Councel refused to call Material Witness who repeatedly exonerated Petitioner during a Jailhouse confession recorded at Van Buren Cty Jail,April 3,96',during an attempt to get an inform-ant;acting as Jailhouse Counsel,to advise FBI that he wanted to stay in State Court(&)Plea but Person of interest really had no idea what was going to happen(&)did not perpetrate crime or receive thereof,any property removed...trial concel was told that perpetrator Ingle had been instructed to remain silent when US Attorney refused to depart the Offense...(&)then was told that allegations of Physical evidence would not be allowed due to exclusive LABWORK(&),FRE General Provisions Rules 101-6,applicable sections(Rules:103(a)(2)(b)(d) ...);(ie) Plain Error.

3.Petitioner asserts that Trial Councel advised him to remain silent upon the weight of exclusive Physical Evidence but that when Prosecutor announced that expanded testimony would be allowed from confessed accomplice suspect who'd provided LSD/Marijauna,.38 Caliber Pistol(&)Option to convert Stolen Property into Parts to Perpetrator,I asserted that I would have to testify on my own behalf (&)was repeatedly shocked by gaurds(&)struck in the head during a fight in jail over comments about my wifes spousal misconduct(&) aggravated a preexisting condition...resulting in a state of confusion during trial.

4.Trial Councel complained of lack of funds(&)did not present the agreed upon exibits relevant to eyewitnesses(&)timelines(&)supporting affidavits readily available from Public Officials(&)Venues confirming activity of note,including after alerts of gunshots were made(&)miss-ing persons reports were published which excluded consideration of crucial facts.

5.Trial Councel did not properly cross at least 4 eyewitnesses who stated they did not see Physical evidence reported by eyewitness on same day,in same room in same context.

6.Trial Councel did not adequately relate complaints of leading(&) coercive contact with FBI/Other Law Enforcement Agents reported during phone conversations pretrial with spouse(&)former spouse(&)US Coast Guard detail who was being promised a mere discharge instead of a Court Martial for providing I.D.s to Persons under the impression they were being considered for witness protection(&)for abetting a Possible Sexual Abuse(&)Battery in Florida.

7.Trial Councel did not redress grievance Petitioner made as a result of inhumane conditions of captivity including medical default of a critical nature(&)stalking by other prisoners,pursuant to sexual humiliation of a person in a traditional spousal relationship(&)pursuant to developing options to act as paid informants...during pretrial(&)continuing into post 9/11 orientation for prisoners appealing from Special Confinement Units under NEW LAWS.

8.Petitioner asserts that a copy of Pro-se filings is necessary(&) Proper(&)subject to entitlement cite;Noll V.Carlson,809 F2d 1446 (9th Cir.1987):Pro Se litigant bringing civil rights suit Informa Pauperis is entitled to 5 Procedural Protections,(1.)Process issued (&)Served.(2.)Notice of any motion thereafter made by defendant or Court to dismiss complaint(&)grounds therefore.(3.)Opportunity to submit written opposition to such motion.(4.)Statement for grounds of Dismissal.(5.)Opportunity to aamend complaint to overcome deficiency unless it appears that the deficiency cannot be overcome by amendment.

9.Petitioner asserts as follows;The Court is Obligated to remedy a fundamental miscarriage of justice(&)do so within a reasonable amount of time not to exceed as soon as it can,lawfully do so,see:Lee V. City of Los Angeles 250 F3d 668(9th Cir.2001),which states that a Person has a right to be released when its reasonably known they SHOULD be...also;Salahaddin V.Mead 174 F3d 271(2nd Cir.1999),US V. Meyers 106 F3d 936(10th Cir.1997)..which states that it is basic canon that using the word SHALL/SHOULD indicates the mandatory intent (&)futurity of the statute/law..(&)that;see...Silviera V.Lockyer 312 F3d 1052(9th Cir.2002),Court SHALL give every weight to statutes,(ie) pursuant to Constitutional due process which guarantees liberty interest is the only cure for a fundamental miscarriage of justice.

10.Pursuant to assignments,Please attach new case no#(&)Heading,as described on next page.

In The Western District of Arkansas
US District Court

11.Jeffery W. Paul
Petitioner

V.

Case NO#2:13 cv 304
WTL/WGH

Superintendent
Respondent

Respectfully Submitted

* [signature]

Jeffery W.Paul 10517042
PO Box 33
Terre Haute,IN.
47808-0033

Certificate of service

I,do hereby note,swear that this motion was placed in the US Postal Service on (~~2/11~~/14)to The Western District Court of AR.

*(2/14/14)

Submitted via,Counsel of Record:
Attorney at Law
Federal Public Defender of Deleware
MS.Jennifer A.Merrigan(et al...)

Signed______________________* ★

At USP Terre Haute,IN.during legal visitation in The Special Confinement

Unavailable; 2/13/14; was informed of Pro-Se Petition (via) Telephone; 11:45 AM;

Paul, Jeffery
Reg. No. 10517-042
Unit: SCU

INMATE REQUEST TO STAFF MEMBER RESPONSE

Your correspondence to the North Central Regional Office has been referred to this office for response. You request to be immediately released and provided restitution for your confinement.

Records indicate you were sentenced to Death on June 25, 1997, in the United States District Court, Western District of Arkansas. Your sentence can not be changed unless an amended criminal judgment, or some other type of order, is issued by the appropriate court. A review of Administrative Remedies you recently filed reveals you have received responses from the Institution and Regional level concerning your rights. If you are unsatisfied with these responses you may further utilize the Administrative Remedy Program.

I trust this has been responsive to your request.

9/10/09
Date

H. J. Marberry
Complex Warden

(Exibit Pg. 1)

FILED
SEP 24 1996
CHRIS R. JOHNSON, CLERK
BY [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 6:96CR60022-001 |
| vs. | ) | 18 U.S.C. § 1111(a) |
| | ) | 18 U.S.C. § 924(c) |
| JEFFERY WILLIAM PAUL | ) | 18 U.S.C. § 924(i)(1) |
| | | 18 U.S.C. § 2 |

## INDICTMENT

The Grand Jury charges:

### COUNT 1

On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, JEFFERY WILLIAM PAUL, and another person known to the grand jury, while aiding and abetting each other, did, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to Title 18 U.S.C. § 7(3), kill Sherman Williams, by means of gunshot wounds, in the perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) and § 2.

### COUNT 2

On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, JEFFERY WILLIAM PAUL, and another person known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant

(Exibit Pg. 2)

to Title 18 U.S.C. § 7(3), during and in relation to a crime of violence, did knowingly use a firearm which caused the death of Sherman Williams, in violation of 18 U.S.C. §§ 924(c), 924(i)(1) and § 2.

A True Bill.

G. L. Cuthbert
Foreperson

P. K. Holmes III
United States Attorney

By: B. M. Cromwell
William M. Cromwell
FAUSA/Criminal Chief
Ark. Bar No. 76023
P. O. Box 1524
Fort Smith, AR 72902-1524
(501) 783-5125



(Exibit Pg. 3)

OFFICE OF THE
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF DELAWARE

800 KING STREET, SUITE 200
WILMINGTON, DE 19801

X 03-417L

$0.46 0
US POSTAGE
FIRST-CLASS
062S0007246923
19801
B16341.16

**Jeffery Paul, # 10517-042**
**United States Penitentiary**
**P.O.Box 33**
**Terre Haute, IN 47808-0033**

SPECIAL MAIL - OPEN ONLY IN THE
PRESENCE OF THE INMATE PERSON
ENTITLED TO INVOKE PROTECTION OF
SPECIAL MAIL 28 C.F.R. § 540.18

47808X0033

SPECIAL MAIL - OPEN ONLY IN THE
PRESENCE OF THE INMATE PERSON
ENTITLED TO INVOKE PROTECTION OF
SPECIAL MAIL 28 C.F.R. § 540.18

(Exibit pg4)

OFFICE OF THE FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF DELAWARE

EDSON A. BOSTIC
FEDERAL PUBLIC DEFENDER

KARL D. SCHWARTZ
CHIEF, CAPITAL HABEAS UNIT

JENNIFER A. MERRIGAN
ASSISTANT DEFENDER,
CAPITAL HABEAS UNIT

July 11, 2013

Jeffery Paul, # 10517-042
United States Penitentiary
P.O.Box 33
Terre Haute, IN 47808-0033

Jeff,

It was good to talk to you today. I am enclosing the affidavit you requested. I ordered you the Almanac and Dictionary, you should receive them soon. I know that you have requested other books, and I have let the team know.

Sincerely,

[signature]

Jennifer Merrigan

Enclosures

M.S. Jennifer Merrigan
800 King Street, Suite 200
Wilmington, DE. 19801

(Cell Ph) 302/573/6010

Western District of
Arkansas; Hot Springs Division
U.S. v. Ingle
Case no. 97 3443
157 F3d 1147
(8th Cir. 1998)

(Exibit Pg.5)

County of Jefferson

State of Texas

Declaration of Trinity E. Ingle

My name is Trinity Ingle. I am over the age of 18 and competent to make the declarations contained herein.

On June 22, 1995 me and Jeff were downtown in Hot Springs by the Arlington Hotel. I was wanting to rob a shop downstairs. Jeff was high and was pretty much just following me where I was going to. I was high too otherwise I would not have been wanting to rob a shop in broad daylight. But so we're standing outside of the mall when Mr. Williams drove by. I had not slept for days and was high on Methamphetamine which can make you paranoid and was making me paranoid after ten days of it and not sleeping. It was one of those times where if things had gone different, if a cop car had come by or something like that, I would have just left, but when Mr. Williams drove by he looked at me and I just locked in on him. In my paranoia I knew he had seen the gun in my waistband and knew that now he knew what I was thinking to do by robbing the shop downstairs. So when he got out of the car I told Jeff to come on and follow me. At this point Jeff did not know what I was doing and so he wasn't arguing any about it yet. As far as I knew, Jeff did not know that I had a gun. I didn't tell Jeff about my suspicions of Mr. Williams, nor did I say anything to him about what I planned to do.

I followed Mr. Williams up the trail and Jeff was following me. I stopped him by asking him if he had the time. After he told us the time I pulled the gun out and told him to give up everything he had. When he didn't, I hit him and kicked him on the ground. By this time, Jeff was getting very nervous. He was trying to get me to leave, saying, "come on, let's go." But I wasn't about to leave, but I still had the gun in my hand and Jeff knew it.

I told Jeff to keep quiet and I tied the guy up with the tape. Then Jeff and I started back down the trail but when I looked back at him the guy was looking right at me. I turned to go back but Jeff grabbed me by the arm and said, "let's just leave him and get out of here." Jeff kept arguing with me but I yanked free of him holding me. I still had the gun in my hand and Jeff was looking at it as I held it in his direction. Even though Jeff didn't know what it was I was going back up the mountain for, I made sure he knew if he put his hands on me again trying to stop me I would have shot him, too, and it would have been two people left up on that mountain.

So I walked back up the trail and asked the guy if he was going to call the cops. He said no but of course I knew he was lying. So I stood over him and shot him in the chest but one shot was rat shot which I had forgot was in the chamber. I heard Jeff yelling at me to stop, but I turned back around and shot Mr. Williams



A02254

(Exibit PS. 7)

with the real bullet in the head.

Everything else I believe is already known which followed that.

The gun I got from a burglary off Higden Ferry Road, New Oscar Point and Amity. It was a brown and yellow house and part of the yard was fences. It was in the morning that I broke into the house and found the guns in a closet. I think I recall that they were in a box on the closet floor. I also took some things out of the ice box and some change and silver dollars. Actually I had gotten two guns from there, a .357 and the .38 I used to shoot Mr. Williams. The .357 I had already sold.

Under penalty of perjury I hereby swear that the foregoing is true and correct to the best of my information and belief.

Trinity E. Ingle

Dated this 11 day of February, 2005.

IN THE SOUTHERN DISTRICT OF INDIANA
US DISTRICT COURT



Jeffery W.Paul Reg.10517042
Plaintiff Pro-Se

V.

The Southern District
Of Indiana
Defendant

Case No. 6:96 CR 60022-001 *

-CAPITAL CASE-

PRO-SE

-Motion for Due-Process,Summary Judgement,pursuant to Habeas Corpus,Title 28,Ch.153,Federal Criminal Code(&)Rulebook-

Comes now the Petitioner does submit this motion for due-process in pro-se pleading pursuant to relief,remedy of redress by Court authority to vacate,set-aside or correct a sentence/Judgement of a United States Court.

1.This Motion is submitted byway of new law/cite,see:United States Supreme Court:Mcquiggen V.Perkins 133 Sct.1924,1928,1933 -36(&)N.4 185 LEd2d 1019(2013),which states that ACTUAL INNOCENCE is a gateway to redress a fundamental miscarriage of justice.

2.Petitioner asserts that all USC cases are applicable in retrospect at,US V.Matthews(USC)178 F3d 295(5th Cir.1999)(&) authoritive,byway of equal protection clause,Rouse V.Benson 193 F3d 936(8th Cir.1999)(&)that I have a right to file a successive Motion,Valona V.US 138 F3d 693(7th Cir.1998)(1.)without prior approval(&)that includes Federal Prisoners.

3.Petitioner asserts that a Fundamental Miscarriage of Justice constitutes a violation of my 2nd,3rd,8th(&)14th amendment rights(&)Court is obligated to cure procedural bar(&)form of pleading,Ross V.Ward 165 F3d 793(10th Cir.1999)(&)Caldwell V. Russell 181 F3d 731(6th Cir.1999)(&)Bateman V.US Postal Service 231 F3d 1220(9th Cir.2000).

4.Petitioner moves Court to vacate conviction,pursuant to due-process pursuant to cure Fundamental Miscarriage of Justice,see, Lee V.City of Los Angeles250 F3d 668(9th Cir.2001)which states that Prisoner shall be released when it was or should have been known that they were entitled to relief(&)Silveira V.Lockyer, 312 F3d 1052(9th Cir.2002)Court is required to give force to each statute(&)constitutional provision,always mindful of the Govt.'s duty to protect with respect to abridgement.

5.Petitioner asserts that district shall hold evidentiary on motion to vacate due to actual evidence due to meritorious claims involving factual issues,Biami V.US 144 F3d 1096(7th Cir.1998).

6.Petitioner moves Court to appoint Counsel of Record,Ms. Jennifer A.Merrigan,if shes agreeable but Petitioner wishes to proceed pro-se(&)has that right,with Counsel retained,US V.Kind 194 F3d 900(8th Cir.1999),pro-se defendants have right to assistance from person trained in law.

(Exibit Pg. 9)

IN THE SOUTHERN DISTRICT OF INDIANA
US DISTRICT COURT



-Summary in Brief Form-

1.Petitioner was arrested for the June 22,95"Shooting of a Person in Hot Springs,AR.National Park,on August 22,1996 in MS.State.
2.Petitioner was cooperative with FBI but statements made were in duress(&)misconstrued which constitutes sentence entrapment(&),concisely were lead(&)responsory(&)not given the established speech submitted thereof request to confirm previous ID of shooter Petitioner had made to acting deputy/vice informent in Hot Springs(&)denials duly of any blame.
3.FBI Agent John Lavoie stated that perpetrator had placed me at scene but stated that I had nothing to do with it(&)Petitioner was told that the officer arresting him,the perpetrator,was told the same(&)then on or about Nov.96",my trial attorney stated that his lawyers confirmed he made the wholly exonerating statements but that because I had attempted to get bail by opening discussion for departure to receipt of stolen property,it seemed suspicious so Prosecutors were talking to him again so there was no guarantee that he'd confirm the statements during my trial,which Prosecutor chose to proceed with when petitioner refused to confirm allegation of aggravating factors.

4.Prosecutor relied on perjured testimony to indicate an alternative Cause of death(&)Counsel failed to demonstrate Defense claim for Prima Facie rebuttal because evidence submitted was supposedly barred due to Expert Testimony(&)Crime Lab reports,but due to separate trial,Witness was allowed to expand testimony(&)petitioner could not confront that or call(&)confront perpetrator(&)could not effectively assist Consels attempt to revise defense,though I had assisted preliminarily,because my wife was repeatedly disobedient(&)Staff at Prison(&)Jail,non-responsive resulting in injury which aggravated concussion I suffered 10mos.previously.

5.Due to Secrecy of Extradition from AR.State Prison during Operation Golden Eagle,which was in 1999,moving Federal Prisoners to Death Row from all over the Country petitioner was estranged from appellate Counsel.

6.Due to Moratorium after 9/11/2001 attacks petitioner was estranged from appellate Counsel.

7.Due to discrimination against impoverished petitioner with ADHD,learning disability,petitioner had to reestablish familiarity with Counsel(&) Transcripts(&)requested copies of the perpetrators statements.

8.The Eighth Cir.of Appeals appointed Attorney Sean O'Brien(&)Ms. Jennifer A.Merrigan,who had been contacted by perpetrator/Counsel(&) they received a Copy of The Declaration of Trinity E.Ingle-,which was received through special mail by petitioner,see exibit pg 1.through 5. (&)petitioner attempted to append evidentiary already submitted,but that was unsuccsessful,after Prison impugned the authenticity of the documents,Petitioner complained about Counsel(&)ordered Counsel to conform authenticity of documents which occurred during visitation on 9/17/13,at USP Terre Haute,IN.with Attorney Jennifer A.Merrigan,

9.Petitioner does request that Court review document,which is wholly exonerating(&)credible,with context(&)order Court to redress this wrongfull conviction,avoiding a Fundamental Miscarriage of Justice.

Pro-Se

Respectfully Submitted,

Signed [signature]
Jeffery W.Paul 1/9/14 (Exibit Pg. 10)

IN THE SOUTHERN DISTRICT OF INDIANA



Jeffery William Paul
Plaintiff/Pro-Se
Signed [signature] *
P.O. Box 33
Terre Haute, IN.
47808

Certificate of Service

I, Jeffery Paul, do hereby swear this motion was placed in the institutional mail(1/9 /14)to the Southern District of IN. (via)certified mail, pursuant to Habeas Corpus, T.28-Ch.153 Appeals.

-Information TO Appoint Counsel-

ON EVIDENTIARY DOCUMENT 1.,2.

(Exibit Pg. 11)

In The Southern District of Indiana

Jeffery W.Paul Reg.10517042
Plaintiff Pro-Se

V. Case No. 6:96 CR 60022-001 *

The Southern District
Of Indiana
Defendant

-CAPITAL CASE-

Pro-Se

-Motion for Due-Process, amending Motion previously submitted (&)to expidite ruling,pursuant to remedy fundamental miscarriage of justice-Habeas Corpus,Title 28,Dh.153,Federal Criminal Code(&) Rulebook-

Comes now the petitioner does submit this motion to amend(&) expidite my right to due-process(&)remedy of a fundamental miscarriage of justice by a United States Court.

1.This Motion is to amend a Motion submitted in The Southern District of Indiana,pursuant to remedy,citing new law:Mcquiggen V.Perkins 133 Sct.1924,1928,1933-36(&)N.4 185 LEd2d 1019(2013) which is a Supreme Court case stating that ACTUAL INNOCENCE is a gateway to to redress;via inneffective assistance of Counsel, Petitioner does not know if Counsel raised issues that are substantially different in objectives but did not receive an intelligible evidentiary hearing in 2004 when legal advisors reported that the physical evidence had been estopped in my case meaning I would never be"ALLOWED" to prove my innocence with or without the Affidavits requested relevant to pretrial statements(&)context of Trinity(all) of which exonerated petitioner(&)alleged informants were coercive (&)leading,but with respect to Counsel,I am in extremely austere(&) punitive conditions(&)sustained irreconcilable injury so must move this Court to rule upon the merits(&)grant the due-process required by law to remedy a fundamental miscarriage of justice.

2.Petitioner does cite older Supreme Court law which is not ambiguous (&)collaterally authoritive,Williams V.Illinois 91 Crl 357(US 2012) which states a primary purpose test may be applied but affidavits are protected by confrontation clauses,RCP/Federal Criminal Code(&)Rules; IX-General Provisions-Rule 43 (a)(2)(3);1st,4th,5th,6th,7th,8th,(&) 14th Amendments of The US Constitution(&)Articles 1 Sec.9§3:ex post-facto laws(&)bills of attainders...that is to say,Trinity did relate a message to that effect pretrial when he was trying to negotiate a plea for lenity(&)complained that informants were pressuring him to inculpate this petitioner which was previous to his May 97 trial(&)not protected by Double Jeopardy clause;one of a couple dubious misstatements made by prosecuters,but attributed to my Counsel...but with regard to my due process rights,I was not allowed at Trinitys trial,despite being convicted circumstantially(&)explicitly,by name on Warrants(&)He was instructed to remain silent by his counsel(&)my Counsel refused to allow me to Call/Cross because the Bill of Particulars had been found(&)were supposedly exclusive,resulting in Prosecutions reliance upon a false police report including injury,equated with cause of death(&)physical evidence rebutted by the Courts own Lab...all of which may be considered with respect to new standards of evidence(&)intent of that,as submitted.

(Cv.h.+Ds. 12)

In The Southern District of Indiana

3.Petitioner asserts that the content of the affidavit is consistant with Trinitys previously stated intention(&)that he was unduly influenced by informants provided with money,privileges(&)immunity from what would generally be coercive rhetoric(&)demeanor(&)that the Documents titled;The Declaration of Trinity E.Ingle ;received by credible sources through mailing systems regularly screened for fraud or any other policy violation,is genuine(&)accurate to his knowledge according to his statement(&)thus,authentic(&)confirmed by Ms.Jennifer A.Merrigan an 8th Circuit appointee accepted by the bar of at least(1)State,(&) The Supreme Court(on)9/17/13;during prison visit...(&)that should merit an expidited docket due to petitioners duress(&)blatant illegality of my current conditions of captivity...(&)that my Due Process is guaranteed by the US Supreme Court,Nevius V.Summer 105 F.3d 453(9th Cir.1996)... which states that a new rule of constitutional law,made retroactive on review,grants collateral remedy on review in prima facie claims(&)that the Brady clause requires evidentiary hearing on any statements by co-defendants that co-defendant was innocent of charge;US V.Yizar 956 F 2d 230(11th Cir.1992);a case that I cite here to relate to the Williams V. Illinois 91 Crl 357(US 2012)(USC)case,because its really not the intent of The Justice Department/LAW to omit exculpatory evidence or confrontation thereof any certain ommissions/contradictions...(&)that statement confirms Trinity had agreed to exonerate petitioner previous to petitioners transfer to a psychiatric facility resulting from spousal misconduct(&)incidents at The Garland County Jail,during which I sustained injury(&)was told that my Guilt or Innocence would be determined by the perpetrator because hed already confessed(&)that he was being given privileges for indicating that hed inculpate me;that was reported in Prison legal circles to such an extent that I was alerted that I"belonged"to HIM;(Trinity),(&)I(&)another prisoner had to pay for protection at the facility,they tattooed CODE for GUILTY on me(&) a Penis on him(His Head),(&)knew my wifes name...which altogether caused a psychological breakdown excluding my participation in my own defense including during sentencing;which is Plain Error,not reviewed for Harmless error,see:Mayes V.Gibson 210 F3d 1284(10th Cir.2000) (&)constitutes a structural error,US V.Delgado 256 F3d 264(5th Cir.2001) which requires automatic reversal;Brown V.Artuz 283 F3d 492(2nd Cir. 2002).

4.Petitioner does hearby motion for remedy,Habeas Corpus,move the Court to relieve a fundamental miscarriage of justice(&)order any action determinable to be necessary(&)proper(&)duty of the court,pursuant to a wrongful murder conviction;Thomas V.Hubbard 273 F3d 1164(9th Cir.2001)(&) reverse this prejudicial indictment;US V.Choy 309 F3d 602(9th Cir.2002), cure my pleas,pursuant to Bateman V.US Postal Service 231 F3d 1220(9th Cir.2000)(&)procedural default/bars resulting;from prejudiced jury(&) failure of government to cure the record,see;Lam V.Kelchner 304 F3d 256 (3rd Cir.2002)(&)cede that petitiner suffered a substantial error by not being allowed to proceed during trial;US V.Riddle 249 F3d 529(6th Cir.2001) as a present/participating defendant(&)allow petitioner to be granted relief as requested in this Motion for due process;forgiving procedural default;Duggar V.Adams 489 US 401,411 N.6,109 S.ct 1211,1217 N.6 L ED 435 (1989)(&)remedying a Fundamental Miscarriage of Justice,which is chronic (&)a direct result of Govt.failure to perform duty upon the record on appeal which is a litany of false,physical evidence(&)one unintelligible plead after another;US V.Goodson 165 f3d 610(8th Cir.1999)...still not corrected.

Respectfully Submitted,

Signed [signature] *

Jeffery W.Paul

(Exibit Pg 13) Pg.2

In The Southern District of Indiana

Jeffery W.Paul 10517042
PO Box 33
Terre Haute,IN.47808

Certificate of service,I Jeffery Paul W. do hereby swear that this Motion for T.28,Ch.153 Habeas, amending(&)expiditing was Placed in the mail,on /1/21/14

Jeffery William Paul

In The Southern District of Indiana
Terre Haute,Division
United States District Court

FEDERAL DEATH-PENALTY

Jeffery W.Paul
Petitioner

V.

Superintendent
Respondent

Case No.2:13-cv-304
WTL/WGH

CAPITAL-CASE

PRO-SE

-Motion for Court to reconsider previous 2/two motions(&) request that Court allow indigent prisoner to proceed without paying filing fees upfront to reopen case-

Comes now the Petitioner Pro-Se does submit this Motion for due process pursuant to meaningful access to Court,redress of grievance(&)financial consideration- T.28,Ch.153,Habeas Corpus-

1.Petitioner asserts that Court is obligated to redress a wrongful conviction referenced herein a simple plea(&)that petitioner has a right to due-process via precedent cites considering the nature of the claim,(&)that it is necessary(&)proper to resubmit the plea in a Pro-Se petition because of the cruel(&)unusual,excessive amount of time passing with no response elsewhere,of plea filed by Councel of record...which is an inexplicable violation of my 1st,2nd,3rd,4th, 5th,6th,7th,8th(&)14th Amendment rights.

2.Petitioner cites Salahaddin V.Mead 174 F3d 271(2nd Cir.1999),US V. Myers 106 F3d 936(10th Cir.1997)...which states that,"it is basic canon of statutory construction that using the word"shall"indicate mandatory intent"(&)Silveria V.Lockyer 312 F3d 1052(9th Cir.2002)"Court shall give weight to every statute"...(ie)pursuant to cure a Fundamental Miscarriage of Justice.

3.Petitioner asserts that,accordingly,the definition of SHOULD(is): Past of Shall,...used as an auxiliary to express condition,obligation or propriety,probability or futurity,from a point of view in the past; (ie)from:MERRIAM/WEBSTERS 11th Ed.Collegiate Dictionary;®2004 version Pg.666,ISBN-13 978-0-87779-930-6,Published from,Springfield,MO.

4.Petitioner does hereby cite,Shapiro V.Cantor,123 F3d 717(2nd Cir. 1997);"District Court SHOULD freely give leave to amend complaint",I do resubmit Petition filed under the following form,as well as the motion to amend that petition,(&)Move Court to grant redress as necessary(&) proper further citing cause(&)collateral authority in this motion;see: exibit,copy of TWO Motions,Pgs./Doc#( )through( ).

5.Petitioner asserts that Court has an obligation to consider the petition see:Aron V.US 291 F3d 708(11th Cir.2002)(&)Urbina V.Thomas 270 F3d 292(6th Cir.2001);"Federal Court SHOULD construe a Habeas Petition filed by Pro-Se Litigant more Liberally...(&)McCormick V.City of Chicago,230 F3d 319(7th Cir.2000),Boag V.MacDougall,454 US 364,70 LEd 551, 102 SCt 700(1982)(&)Haines V.Kerner,404 US 519,30 LEd2d 652,92 SCt 594 (1972),"Pro-Se Litigants pleadings are to be construed liberally(&)held to less stringent standard than formal plea drafted by Assisting Councel, (ie)if Court can read pleas(&)reasonably determine that there is a valid claim on which litigant could prevail,it SHOULD do so,despite failure to cite proper legal authority,confusion of legal theories,poor syntax(&) composition,or unfamiliarity with requirements in pleads...Petitioner further asserts that he has a right to assist Councel(&)submit pleas as



(Exibit Pg.15)

In The Southern District of Indiana
Terre Haute,Division
United States District Court

5.Continued...necessary(&)proper to facilitate the objective in the appeals,hereby avoiding contention(&)retaining Councel,to assist with my 1st,4th,5th,6th,7th,8th(&)14th amendment rights,to..."Have the ASSISTANCE of Councel for MY defence"...6th Amendment USC Bill of Rights Quote...(&)cite,US V.Majors 329 F3d 791(5th Cir.2003)defendants have an absolute right to participate in defence(&)denial of that right is never harmless error(&)requires automatic reversal,(&)further;Vega V.Johnson, 149 F3d 354(5th Cir.1998)(&)US V.KIND,194 F3d 900(8th Cir.1999)...,Pro-Sē defendants have rights to submit briefs(&)have effective assistance from person trained in law.

6.Petitioner does hereby petition for due process,move court to grant relief via summary judgement(&)recommend conviction be vacated in light of ACTUAL INNOCENCE,see...cite;Frost V.Symington,197 F3d 348(9th Cir.1999)...(&)claims US Supreme Court grants Collateral Authority which requires evidentiary relevant to ACTUAL INNOCENCE Claims,see...Mcquiggen V. Perkins 133 SCt 1924,1928,1933,-36(&)N.4 185 LEd2d 1019(2013)...(&)that is Superseding;Hohn V.US 524 US 236 141 LEd2d 242 118 SCt 1969(1998).

7.Petitioner claims that The USDC of Southern District of Indiana may grant any Motion for any writ,sua sponte,Edwards V.US 114 F3d 1083 (11th Cir.1997)(&)that accordingly,Petitioner asserts conduct never reached level of Federal Offense,Howard V.US 135 F3d 506(7th Cir.1998) (&)that this Court is the only appropriate recourse for relief,see... Lee V.Wetzel 244 F3d 370(5th Cir.2001),as "District Court of Place of incarceration is only Court with Jurisdiction to entertain petitioner under T.28 Ch.153 Habeas Corpus,Federal Criminal Code (&)Rules.

Respectfully Submitted,

Signed Jeffery W. Paul *

Jeffery W.Paul 10517042
PO Box 33 Terre Haute,IN.47808-0033

Certificate of Service,
This motion was placed in the US Postal Service to The USDC,Southern District of IN. via,Institutional Mail from USP/Terre Haute,IN.(SCU/ Special Confinement Unit.)(2 / 5 /14

(Exibit pg.16)

7006 0100 0003 7176 3261

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ $1.84 |
| Certified Fee | $3.10 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ $5.66 |

Postmark Here

TERRE HAUTE IN 47802

Sent To: Clerk, Southern District, IN. Ctr. 2014
Street, Apt. No.; or PO Box No. 921 OHIO St. Rm. 104
City, State, ZIP+4: Terre Haute, IN. 47807

PS Form 3800, June 2002 See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Clerk of The Court
U.S. District Court
Southern District of IN.
921 OHIO St. Rm. 104
Terre, Haute, IN. 47807

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X C. Ellis ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Ellis
C. Date of Delivery 1-13-14

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number *(Transfer from service label)* 7006 0100 0003 7176 3261

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

(Exibit Pg. 17)

CERTIFIED MAIL

7009 1680 0000 7041

Jeffery W. Paul 10517042
Po Box 33
Terre Haute, IN. 47808-0033

Fe

ATTENTION: Return Receipt Requested

- Legal mail -

CAPITAL CASE

INMATE IDENTIFICATION CONFIRMED