**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 6:96CR60022 |
| | ) | |
| JEFFERY WILLIAM PAUL | ) | |

**UNITED STATES' MOTION TO STRIKE THE**
**DEFENDANT'S *PRO SE* MOTION FOR DISCOVERY**

Comes now the United States of America, acting by and through Conner Eldridge, United States Attorney for the Western District of Arkansas, and for its Motion to Strike the Defendant's *Pro Se* Motion for Discovery states:

***BACKGROUND***

On June 23, 1997, in the United States District Court for the Western District of Arkansas, Jeffery William Paul ("Paul") was convicted of murder in the killing of a man in Hot Springs National Park, Hot Springs, Arkansas. Paul was sentenced to death as a result of that conviction.

This Court appointed counsel to represent Paul on all post-conviction matters. Robert McGlasson was appointed on January 30, 2002 (Doc. 265) and Sean O'Brien was appointed on September 15, 2003. (Doc. 286).

On February 26, 2007, the United States Court of Appeal for the Eighth Circuit appointed Jennifer Merrigan to represent Paul. (Doc. 354).

Beginning on February 17, 2013, Paul filed numerous *pro se* motions including:

1) Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 362);

2) Motion for Order (Doc. 366);

3) Motion for Order for Effective Assistance (Doc. 367);

4) Motion for Order for Estoppel of Criminal Complaint, to Redact Abstraction of Record and Review Proceedings (Doc. 368);

5) Motion for Order (Doc. 370);

6) Motion for effective assistance of counsel (Doc. 371);

7) Motion for Due Process (Doc. 375);

8) Motion for Due Process (Doc. 376);

9) Motion for Order to revise Chapter 12 Petition (Doc. 377);

10) Motion for Emergency Injunction and Restraining Order (Doc. 378);

11) Motion for Emergency Injunction for Relief and Release in Good Faith (Doc. 379); and

12) MOTION for Emergency Injunction (Doc. 380).

After the Magistrate issued his Order denying Paul's miscellaneous motions (Doc. 381) and his Report and Recommendations (Doc. 382) recommending denial of Paul's § 2255 Motion, Paul again filed numerous motions, including:

1) Motion to Vacate (Doc. 383);

2) Motion for Immediate Relief (Doc. 384);

3) Motion for Relief (Doc. 385);

4) Motion for Hearing (Doc. 387); and

5) Motion to Amend (Doc. 388).

On July 17, 2013, the Court referred these matters to the Honorable Barry A. Bryant, United States Magistrate Judge, for a report and recommendation as to whether the Court should address Paul's *pro se* filings when he appeared to be represented by counsel, namely attorneys

Sean O'Brien, Robert McGlasson, and Jennifer Merrigan. (Doc. 389).

The Honorable Barry A. Bryant issued his Report and Recommendations on July 22, 2013, recommending Paul's motions to be denied, that the Clerk forward copies of his *pro se* filings made since February 7, 2013, to his counsel of record, and for the Clerk not to accept further *pro se* filings by Paul in this matter until further notice of the Court. (Doc. 390).

On August 26, 2013, the Court approved and adopted the Magistrate's Report and Recommendation. (Doc. 392).

Paul now files the instant Motion for Discovery. (Doc. 398).

## ***ARGUMENT***

**This Court Should Strike the Defendant's Pro Se Motion Because He Is Represented By Counsel**

"A district court has no obligation to entertain *pro se* motions filed by a represented party." *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir.2001). Indeed, in all United States Courts, "parties may plead and conduct their own cases personally **or** by counsel . . . ." 28 U.S.C. § 1654 (emphasis added). The Eighth circuit has recognized, "[t]here is no constitutional or statutory right to simultaneously proceed *pro se* and with benefit of counsel." *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir.1994) (holding that a court commits "no error" in refusing to rule on *pro se* motions raised by a represented party). *See also United States v. Oakey*, 853 F.2d 551, 553 (7th Cir. 1988) ("[A] defendant may not engage in 'hybrid' representation by acting as co-counsel along with either a court-appointed attorney or with his own attorney.").

The nature of Paul's motion appears to be one contemplated in Habeas Corpus. While it does not appear that the Eighth Circuit has yet to issue an opinion regarding hybrid representation in habeas corpus cases, other courts have held that no such right exists. In *Lee v. State of*

*Alabama*, 406 F.2d 466, 469 (5th Cir.1969), the Fifth Circuit found that a habeas petitioner could proceed *pro se* or through counsel but had no right to hybrid representation). Other courts have held similarly. *See Keenan v. Bagley*, No. 1:01CV2139, 2010 WL 1133238, at *1 (N.D.Ohio, Mar.19, 2010) (granting respondent's motion to strike after finding the petitioner was represented by counsel, he could not file a *pro se* supplemental traverse when appointed counsel already had filed one); *Estrada v. Cockrell*, No. 3:01-CV-0371-P, 2003 WL 21488224, at *2 (N.D.Tex., Apr.23, 2003) (following Lee ); *Donovan v. State*, No. 00-268-P-H, 2001 WL 179887, at *1 (D.Me., Feb.16, 2001) (following criminal case jurisprudence and holding that a habeas corpus petitioner was not entitled to hybrid representation under § 1654).

The above findings and holdings are grounded in strong public policy. One purpose of legal counsel is to ensure that only meritorious motions are filed. Allowing defendants to circumvent this process through the filing of *pro se* motions both undermine appointed counsel and wastes precious resources, which is certainly the case here. By its Order of August 26, 2013, this Court recognized Paul has been appointed counsel to represent him on all post-conviction matters. (Doc. 392). The Court further recognized that all three court-appointed counsel remain counsel of record and ordered the Clerk to accept no further *pro se* filings by Paul. (Id.) Thus, this Court should enforce its Order and not allow Paul to proceed *pro se*. Paul will not prejudiced by this Court striking his motion since his counsel can file any non-frivolous motions. Thus, the Court should strike Paul's current motion.

## ***<u>CONCLUSION</u>***

For the foregoing reasons, the United States respectfully requests that this Court **STRIKE** Paul's Motion for Discovery.

Respectfully Submitted,

Conner Eldridge
United States Attorney

By: /s/ Steven N. Snyder
Steven N. Snyder
Assistant U.S. Attorney
Arkansas Bar No. 72101
414 Parker Avenue
Fort Smith, AR 72901
(479) 783-5125

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF System which will send notification of such filing and I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/EC. participants:

Jeffery W. Paul
Register No. 10517-042
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

/s/ Steven N. Snyder
Steven N. Snyder
Assistant U.S. Attorney