IN THE EIGHTH CIRCUIT COURT OF APPEALS
(8th Circuit)
United States of America Federal Court

* IN REM *

-On Appeal-

---

In The United States District Court
For The Western District of Arkansas
HOT SPRINGS DIVISION/GARLAND COUNTY

- PRO-SE Plea
CAPITAL CASE -

14-1832

United States of America
Plaintiff

v.

Jeffery William Paul
Defendant

Case No-6:96cr60022-001
(ct.1)18 U.S.C.§1111(a)
(ct.2)18 U.S.C.§924(c)
(ct.3)18 U.S.C.§924(i)(1)
(ct.4)18 U.S.C.§2

---

A Criminal Complaint(&)Conviction by Jury Trial from,June 22 1995(to)June 27 1997-Guilty on both ct.'s -Sentenced by Judge to Death By LETHAL INJECTION-(via) Superseding Indictment under NEW LAW-AEDPA 1996-

---

Comes now the Petitioner Pro-Se does duly submit this Motion for redress(&)Petition for Due Process(&)remedy of a wrongful conviction byway of Grounds,TITLE 28,Ch.153-HABEAS CORPUS-see: The United States Federal Criminal Code(&)Rulebook-

---

FILED
APR - 9 2014
MICHAEL GANS
CLERK OF COURT

Appellant-
Pro-Se Pleading,

Jeffery William Paul
Rg#10517-042(S.C.U.)
P.O.Box 33
Terre Haute,IN.
47808-0033

RECEIVED
APR - 7 2014
U.S. COURT OF APPEALS
EIGHTH CIRCUIT

IN EIGHTH CIRCUIT COURT OF APPEALS
(8th Circuit)
United States of America-Federal court

-WORKING TITLE-

(1.)ON APPEAL-Case No# 98-3497 *

(2.)ON APPEAL-Case No# 05-3431 *

(3.)ON APPEAL-Case No# 13-2987 *

---

-Pursuant to MANDAMUS-ALL WRITS ACT-

-Motion to APPEND-Motion for due process to redress a FUNDAMENTAL MISCARRIAGE OF JUSTICE in A CAPITAL CASE-filed/received(3/5/14),see: (Sec. 2 /Doc.# 94 - 97 )-(&)Request for Extraordinary Writ due to CONFLICT OF INTEREST,Jurisdictionally(&)with Councel,in a Multi-Party complaint whereby Petitioner does assert conditions of captivity are CRUEL(&)UNUSUAL,Obstructing appellate procedures in a Capital Case(&) Motion to dismiss Attorneys of Record(&)Proceed Pro-Se,with assistance to ensure DEFENSE SUMMATION survives Legal Theory-

---

- APPELLANT PRO-SE-

Jeffery William Paul(Rg#10517-042)

White/Native American D.O.B.(9/2/76)-Pontotoc,MS.

Male SS#4127

Separated

---

RECEIVED
APR - 7 2014
U.S. COURT OF APPEALS
EIGHTH CIRCUIT

IN THE EIGHTH CIRCUIT COURT OF APPEALS
(8th Circuit)
United States of America-Federal Court

Comes now the Petitioner Pro-Se does submit this Motion for redress of a Fundamental Miscarriage of Justice-(via)Title 28, Ch.153,§2241-55-

(1.)Petitoner does hereby summary in motion submit the following Plea to Court,that on 3/10/14,The Clerk of the Court for The Western District of Arkansas did receive a Copy of My Appeal to This Appeals Court,which is consequence of a series of filings I attempted to file to expidite my release,having Proven that impugned evidence of my INNOCENCE HAS BEEN Confirmed by AUTHENTICATED(&) SWORN AFFIDAVITS to EXONERATE an ACTUALLY INNOCENT PRISONER...(&) that The Clerk was duly ordered to cease filing my Pro Se Pleas because I have 3/Three-Court Appointed Attorneys(&)The Judge,Chief of The Western District is biased,refusing to accept due process Pleas(&)currently,releases no intelligible statement as to the reason for that...so The Appeals Court is appropriate,see:IN RE ANTAR,71 F3d 97(3rd Cir.1995)...MANDAMUS is Proper means for Court of Appeals to review District Courts refusal to recuse from case...(&)because Petitioner is in TWO/2-JURISDICTIONS(&)filed in BOTH due to custody Proscriptions contributing to REAL PROCEDURAL DEFAULTS in Filing(&) Fiduciary obligations...Petitioner requested by WRIT/Motion,that the Court consolidate Previous submitted Motions under new heading,which was issued by THE SOUTHERN DISTRICT COURT OF INDIANA/FEDERAL COURT-(C/O:Honorable William T.lawrence(as)Jeffery W.Paul V.Superintendent Case No#2:13cv304-)...which he also denied(&)was sent on appeal to the 7th/SEVENTH CIRCUIT COURT OF APPEALS for Review due to disparate(&) Chronic discrimination of Prison strictures,austerity(&)accrued filing fees...which effects every aspect of my Appellate Procedure,by diminishing my Communication with Family,Spouse(&)Councel(&)Court,due to substandard Presentations(&)diminished quality of life for my family (&)I(&)Aggravated Sexual Offenses of my wife(&)Genocidal effects of that to me...Please review option to Consolidate(&)Redress,see:IN RE Providence Journal Co.293 F3d 1(1st Cir.2002)...Under ALL WRITS ACT, Federal Court of Appeals has Power to treat Attempted Appeal from the unappealable,or Possibly unappealable,as order for WRIT of MANDAMUS...

(2.)Petitioner asserts that The US Attorneys Office did object(&)did move to strike my Motion to Discover status of Case(&)Assign the new number from Indiana(&)therein his Motion,Mr.Steven Snyder(AUSA)did srike to DIMINISH my right to assist my Councel with my defense,in a deliberate act to curtail the Appellate Procedure,which is a violation of my EQUAL PROTECTION RIGHTS/INCORPORATION Doctrine of the 14th 1st(&)6th Amendments,see:Washington V.Davis(1976)SCt.(&)Personnel Administrator of Massachusetts V.Feeney(1979)SCt...which states that to determine whether a Policy is disparate/discriminatory,not only does the effect,constitute evidence,but the intent to diminish/adversely effect(or)in spite of that effect,may constitute discrimination...a Due Process violation...(&)Mr.Snyder(&)Judge Hendren both,unequivically state that briefs submitted Pro Se,does constitute HYBRID REPRESENTATION which is Proscribed under one Premise or another...(&)did order The Clerk,Mr.Christopher Johnson,to refuse Petition(&)have refused to give any meaningful LIBERAL review to any of my Pleas to date,which is the same Treatment I get in INDIANA,with or without Councel.

(3.)Petitioner Asserts for the Court to Consider The Office of The (AUSA)Mr.Steven Snyder to be in Contempt(&)for Judge Hendren to be suffering a Conflict of Interest due to sensationalization of that case(&)I understand that Mr.Williams is Missed but I did not KILL the man or shoot/Assault etcetera(&)Cannot Prove that without my due process rights...accordingly,Petitioner cites as follows:Biami V.US 144 F3d 1096(7th Cir.1998)...DISTRICT (MAY)HOLD EVIDENTIARY ON MOTION TO VACATE (&)MUST DO SO ORDINARILY IF THE ISSUES PRESENT FACTS WITH MERIT..(&) see:US V.Gunning 339 F3d 948(9th Cir.2003),sentence Court must make clear all disputed matters...which Petitioner does not claim to interpret... but does supplement,as follows,see:JOHN FRANCIS FRY V.CHERYL K.PLILER 551,U.S.-127 SCt 2321,168 L.Ed 2d 16 2007-US Lexis 7715[No.06-5247]- ...holding...28 Title,Habeas Corpus Proceedings in Federal Court,are required to assess prejudicial impact of constitutional error under a "Substantial(&)Injurious Effect",standard,regardless of whether a state courts /appellate courts had recognised error(&)reviewed it under "Harm-less beyond a reasonable doubt"standard...Prior History:209 Fed.Appx. 622,2006 US App.-Lexis 2694.

(4.)Petitioner asserts that Districts Procedural Bars(&)effect of a dilatory cycle of denials(&)death threat is causing irreparable injury to my body(&)mind(&)that Court is Obligated to Rule in my benefit,with respect to comity(&)in a timely manner because I am innocent(&)that Court not only can,but did prove that(&)then initiated a dialogue of TERROR(&)TORMENT,asserting that Procedural Bars may supersede Actual Innocence Claims...

(5.)Petitioner requires a Certificate of appealibility from final order in Motion to vacate,see;US V.Johnson 254 F3d 279,(&)suggests that an extraordinary injunction be entered to protect Petitioner from vindictive Judge(**&)Prosecution** with respect to the records,the Judge had to Arbitrate the constructive Indictment to incorporate the substantial evidentiary stipulations from the AEDPA/1996 Act,because Petitioner was Indicted in 1995,which is allegedly a Prima Facie cause to vacate the conviction as well,so he refused(&)that is biased,but according to rules,the entry of,§2243,Title 28,Ch.153,Habeas Corpus from Southern District of INDIANA,or The 8th Circuit,must be entered into the court of sentencing,see:IVY V.Pontesso,328 F3d 1057,(9th Cir. 2003)...(&)with respect to suppositions,The USA/AUSA Office in Fayette-ville has a INDEX of EXCLUSIONARY Clause,relevant to every claim I did Make(&)they do use that despite having repeatedly rejected,byway of delegation,opportunity to remedy the FUNDAMENTAL MISCARRIAGE OF JUSTICE or prove the defense claims have no weight,see:US V.Charley,189 F3d 1251(10th Cir.1999)

(6.)Petitioner asserts that none of the briefs Ive submitted on Plea in appeals surpassed the requisite objective to cure previously sub-mitted but inchoate pleas/motions...(&)accordingly,the Motion to append (&)resolve Jurisdiction is necessary(&)Proper(&)available,see:ALL WRITS ACT,cites,see:In Re Glassworkers Local No3173 983 F2d 725(6th Cir.1993) (&)Mallard V.U.S.Dist.Court for S.District of Iowa,490 US 296 104 LEd2d 318 109 Sct 1814(1984)-;Petitioner does hereby move Court to consolidate Appeals for new number(or)declare that Petition for second/successive Habeas Petition is not subject to Dismissal,but a continuation(or)append-ing DOCUMENT of an earlier Petition to be reviewed with respect to the requisites for surpassing bars byway of newly discovered or revised(&) correctly presented evidence,meriting review,see:McWilliams V.State of Colo.121 F3d 573(10th Cir.1997).

(7.)Petitioner does intend to submit supplementary brief(&)motions with Table of contents(&)documents in support to be numbered as(1) document in a number of which shall be totaled in the text of the Table of Contents for the Brief(&)Petitioner does intend to submit that Brief Pro-Se,for the Purpose of Review(&)DUE PROCESS...having made claim,see:In Re Davis,121 F3d 952(5th Cir.1997)...DEATH ROW inmates claim to be incompetent to be executed stated basis for relief, in Federal Habeas Procedings...Article 4§1(&)2,...Comity.

(8.)Petitioner claims to be suffering the effect of Civil Tort-clause which curtails restitution(or)relief of Bankruptcy proceedings(&)leaves indigent Prisoners without essential supplementals,including healthcare despite constituting,PRIMA FACIE Tort Claims,which cannot be separated from the effect on Appellate procedures in Capital Cases,exposing Petitioners to extreme risk,due to Mental(&)Physical deterioration(&)estrangement from Councel,family(&)Spouse,suffering inadequate healthcare (&)bloody injurys from confrontation with Personnel,not excluding months of exposure to Tear Gas(&)alarms(&)nutritional default...no redress.

(9.)Petitioner asserts that THE SOUTHERN DISTRICT OF INDIANA is remiss for failing to estop remittance from Prisoners who dont qualify as earners(or)whose support comes from Persons who qualify as working Poor (&)that The PLRA Act of 1995's designed to CURTAIL PRISON TORT,CIVIL RIGHTS (&)CONDITIONS LITIGATIONS...see:Anderson V.Singletary,111 F3d 801 (11th Cir.1997)...(&)that is a violation of the EQUAL PROTECTION ACT,see: INCORPORATION DOCTRINE,of 1st-14th Amendments(&)that,although,it seems like People who are being Punished for their crimes should not be paid for suffering the consequences of their actions,the facts are that I have repeatedly,for 17.7 Years now,asserted that I need a C.D.of my Transcripts (&)Word Processor to compose analytical statements in brief(&)if given that opportunity,I need to be allowed to use a restroom(&)have a schedule that I can prepare for...(&)not be shot bloody by Pepperspray Balls...for trying to conserve LEGAL WORK...(&)Money to Pay for Calls to 2/TWO lawyers who dont accept collect calls(&)Money for an investigator to find my wife because shes been missing for 12(+) Years,with or without my child which still may not have been born...none of which is concern or Purview for both Lawyers(&)B.O.P.,The F.B.I.do not respond(&)so there is no real grievance or effective remedy for 17.7 Years...which causes a diminished resource(&)heightened state of penalty(&)altogether,unconstitutionally obstructive(&)Cruel(&)Unusual Condition of Captivity.

(10.)Petitioner does hereby Move Court to review,...SOUTHERN DISTRICT OF INDIANA's decision to allow accruals of filing fees to be remitted without assessment adjustments for covering costs of Prima Facie complaints... US V.DAVIS 117 F3d 459(11th Cir.1997)(&)Mahers V.Halford 76 F3d 951(8th Cir.1996)(&)1st Amendment Violations of USP Terre Haute,IN...having excluded any due process rights for Prisoner with Learning Disability(&)Prima Facie claims..effectively estopping intelligible access to Courts,Family (&)Spouse...see:Bieber V.Dept.of Army 287 F3d 1358(Fed.Cir.2002)(&)Garrett Stratman,254 F3d 946(10th Cir.2001)...USP/DOJ/Govt...is 3rd Party Principal Party liable byway of causal negligence(&)malice...though malice is not necessary where a cognizable Tort claim can be made,see:Blyden V.Mancusti, 186 F3d 252(2nd Cir.1999)..concisely,Petitioner suffered malnutrition(&) chronic pain,hygiene problems(&)medical developments...as well as estrangement of wife resulting in sexual offenses(&)genocide,including abject familial poverty...excluding crucial support systems.

The 8th/Eighth Circuit Court of Appeals-

(11.)Petitioner does,concisely claim that INDIGENCY is a class for the purpose of DISPARATE IMPACT TEST of complaints,(&)that my PRO-SE Pleadings were submitted in good faith(&)wouldve required restitution(&)due-process,especially for Prima Facie claims(ie)... ALIENATION OF AFFECTION(&)GENOCIDE...Corruption of Blood,Cruel(&) Unusual,Excessive Penalty,Copyright Infringement(&)Obstruction of Justice,against a Person with A LEARNING DISABILITY,see:Ross V.Moffit (1974)SCt.(&)Boddie V.Connecticut(1971)SCt.Zablocki V.Redhail(1978) SCt...(ie)My indigency was in grievance(&)complaints submitted for criminal due process(&)only one relevant STANDARD OF REVIEW survives State/DOJ Policy(&)that is DISPARATE IMPACT,see:Craig V.Boren(1976) SCt...the consequence of DOJ/STATE Oversight(&)remiss Court Rules,is (independent of wrongful conviction)...The abject Poverty I suffer(&) that my family suffer(&)the sexual abuse(et al,OTHER CRIMES),involved in disparaging(&)facilitating the estrangement(&)complete dissolution of a consensual,commonlaw marriage(&)estate...(no children)from my wife due to DOJ's deference to the will of HER RAPIST HUSBAND/INTERLOPER, (&)thats racially disparate,because my wife was Asian/Biracial...(&)a Unique,beloved Person(&)Personality...which is plain injurious,crime.

(12.)Petitioner claims Courts impoverishment is Remiss(at best),but likely designed to estop"convicts",perceived to be abusing Courts,but I am innocent(&)NEVER agreed to give quarters to insurrectionist white-slavers(&)assert that is exactly what The Bureau of Prisons has opted as a Punitive Guarantee(&)is sufficient to create a irreconcilable breach of Peace,which Court is repeatedly refusing to redress or assess in its delegated Powers,see:CLASS-Shapiro V.Thompson,SCt.(1969),San Antonio School Dist.V.Rodriguez,SCt.(1973)...INDIGENCY(&)MARRIAGE(&)EQUAL-PROTECTION CLAUSE...which is plain injurious,crime.

(13.)Petitioner asserts that any Administrative Policy that creates a Substantative rule is subject to DUE PROCESS CLAUSE,Protections...(ie), anytime Bureau/Courts reject Pleas(or)deny review(or)Proscribe Liberty Interests or Civil Rights,Petitioner has a right to Know,see:Mapp V. Ohio,SCt.(1969)(&)thats understood to retain appellate rights...Petitioner does,hereby cause stated as,FAILURE TO PERFORM EFFECTIVELY,request Court dismiss Attorney Steve Oliver,Attorney Lynn Williams,Attorney Robert L. McGlasson(&)Attorney Sean O'Brien,due to inability to maintain contact (&)fiduciary default...extensible to family BANKRUPTCY PROCEEDINGS for My MATERNAL share/estate of Great Grandfathers Commercial Farm(&)My Uncles Computer Modem Co.,...which Petitioner(&)Father,Brother(&)Mother did also,attempt to supplement...but failed due to being,incommunicado... (&)thats actionable cause,see:US V.Nguyen,262 F3d 998(9th Cir.2001),additionally,Petitioner asserts that the accrual of filing fees is directly caused by the conflict of interest between Councel(&)I because of delegated Prioritization...which results in Petitioner being committed to 17.7 Years of infantilization,byway of miniscule financial resources...those Petitions were filed Pro Se after Years of being told the Ch.11(&)Complaints of the initial spousal violations would be filed...but were not(&) that breach of allowance,fiduciary duty,directly diminishes my familial(&) spousal consortium to none(&)little usually...see:Bell V.Eastman Kodak Co. 214 F3d 798(7th Cir.2000)...Petitioner asserts that Mr.McGlasson(&)Mr. O'Brien,do regularly assume casework of Civil Rights complaints,but chose to not pursue my complaints despite having cause...Possibly because of THE HABEAS CORPUS/CAPITAL CASEWORK,they are also responsible for but in Motion,Petitioner did assert(&)does standby the claim that Mr.McGlassons appropriation of Prosecutorial Summation in brief constitutes a breach of

(13.)Continued...LOYALTY or Negligence which resulted in adverse underlying consequences when Mr.O'Brien attempted to submit a brief to cure the Procedure...which is essentially a list of points in a summary to illustrate Prima Facie Claims of a nature that conclusively shows Petitioner suffered a FUNDAMENTAL MISCARRIAGE OF JUSTICE due to constitutional violations,that may include Inneffective Councel Claims at this point due to Probability that 8th Circuit actually has components of an ACTUAL INNOCENCE Claim in their own records but could not review claims not raised(or)ceded in brief I could not review thoroughly due to symptom of electroshock(&)malnutrition(&)lingering suicidal rage resulting from being forced to accept the separation(&)RAPE of my wife as a Legitimate Penalty or Consequence Bureau had authority to accept on my behalf...(ie)a Prima Facie Civil Rights complaint I demanded my Lawyer assume(&)maintain for posterity which ALL agreed but,failed to pursue on my behalf...see:US V.Mannino,212 F3d 835(3rd Cir.2000),cause for the dismissals of Mr.McGlasson(&)O'Brien...(&)for restitution upfront from The 8th Circuit(&)order for recusal at The Western District of AR.(&) joinder of Claims for The Southern District,IN.(&)The 7th Circuit...as Mandamus to Cure chronic Obstruction of Justice...

(14.)Petitioner asserts,again,that The DOJ has Known(&)both Southern District(&)Western District(&)Both 7th(&)8th Circuits are aware that US ATTORNEYS OFFICE did receive evidence which,in concert with available evidence reviewed in a new light(or)alone,constitutes Prima Facie evidence of my Actual Innocence...in Feb.2005,which must be a violation of my due process rights relevant to one clause or another...because I am still on Death Row,still have no release date or Hearing scheduled (&)am filing the same complaints,consequence of the same chronic injury with no redress...which is a violation of my due process rights,because if any Plaintiff received due process then I deserve that as well,see: Fraternal Order of Police V.US,152 F3d 998(D.C.Cir.1998)(&)Jacobs Visosi (&)Jacobs Co.V.City of Lawrence,KS.927 F2d 1111(10th Cir.1991),City of Cleburne V.Cleburne Living Center,473 US 432,87 LEd2d 313 105 SCt 3249 (1985)...(1.)The Equal Protection Clause essentially requires that all persons similarly situated be treated alike.(2.)Equal Protection violation Occurs when GOVERNMENT treats someone differently than another who is similarly situated...(et al),Rouse V.Benson,193 F3d 936(8th Cir.1999).

(15.)Petitioner asserts that US Attorney did,with Bureau,interdict(&) Preempt my Wifes testimony,after Trial lawyers failed to Present the agreed upon rebuttal(&)that the only reason I agreed to allow her to testify was to illustrate that I was aware of a Material Witness obligation in Arkansas,while in Florida,(&)had agreed to vouch for defendant if Prosecutor refused to Drop Offense Class,but I was nervous because Person I accused of inciting the offense,had threatened to inculpate me as well(&)that it was possible the shooter may transpose blame as well because of his substantial record(&)new GUN LAWS...thats my wifes testimony,see:US V.Bad Wound,203 F3d 1072(8th Cir.2000),Trammel V.US 445 US 40 63 LEd2d 186 100 SCt 906(1980)...(&)Court affirmed Bureaus discrete transgressions by refusing to attach controlling authority for initial complaints,see:Martin V.Snyder,329 F3d 919(7th Cir.2003),which states that the §1983,is the appropriate authority for prisoners marital complaints ...though complaints under any other statute cost $350 dollars to file... (&)apparently recover no costs or restitution,despite constituting egregious 1st-14th amendment violations,see:P.O.P.S. V.Gardner 998 F2d 764 (9th Cir.1993),Montgomery V.Carr 101 F3d 1117(6th Cir.1996),Douzado V. U.S..105 F3d 1389(11th Cir.1997)(&)McCreary V.libby-Owens-Ford Co.132 F3d 1159(7th Cir.1997).

(16.) Petitioner claims as follows,that Conditions of Captivity do Constitute Cruel(&)Unusual,Excessive Penalty(&)filing fee schedule is effectively Punitive(&)that Attorneys are ineffective in explicit duty I requested as assistance stipulations,leaving Petitioner with no way to compensate for Prison austerity,resulting in remiss filings(&) consequently,default Procedures in District Court in Indiana which is the only Authority available for immediate injunction of Prison strict-ures,complaints are,inadequate filing(&)retrieval equipment(&)supple-mental provisions,including medical,hygiene(&)food,communications,all of which are necessary to maintain accuity(&)posterity for Persons wrongfully detained but experience delays...violation of my rights which constitutes a comprehensive impediment,see:Murray V.Dosal,150 F3d 814 (8th Cir.1998),Toolasprashad V.Bureau of Prisons,286 F3d 576(D.C.Cir. 2002)(&)Tarpley V.Allen County,INDIANA,312 F3d 895(7th Cir.2002)...(&) an equal protection violation,see:Tennessee V.Lane,SCt.(2004).

(17.)Petitioner asserts that on or about 2003-4,Attorney R.McGlasson did include Evidentiary material which was in form of Audio/Video(&) was requested to file a Jencks Rule Petition for discovery relevant to omissions,(&)failed to do that(&)Prison rejected the C.D.form inclusion to Transcripts,which had a 41 minute recording of codefendant describing attempt by F.B.I. to solicit inculpatory statements from him against a person they knew to be innocent(&)that included description of alibi relevant to Presence at scene(&)attempt to dissuade(&)remove self from that incident...all of which constitutes a BRADY Violation,see:Brady V. Maryland,373 US 83 10 LEd2d 215 83 SCt 1194(1963)...US V.Hodgkiss,116 F3d 116(5th Cir.1997)...Obstructing Justice.

(18.)Petitioner has a right to proceed Pro-Se(&)with due process where due Process is merited,see:McCormick V.City of Chicago 230 F3d 319(7th Cir.2000),Boag V.MacDougall 454 US 364 70 LEd2d 551 102 SCt 700(1982)(&) Haines V.Kerner 404 US 519 30 LEd2d 652 92 SCt 594(1972)...Pro Se lit-igants Pleas are to be Liberally Construed,held to a less stringent stan-dard than formal pleadings drafted by lawyers;if court CAN reasonably read Pleas to state a claim upon which litigant COULD prevail,then it SHOULD prevail,(&)do so despite failure to cite legal authority,confusion of legal theory,poor syntax,consruction(or)unfamiliarity with requirement in Pleas...(ie)statutory canon,see:Salahuddin V.Mead 174 F3d 271(2nd Cir. 1999),US V.Myers106 F3d 936(10th Cir.1997)...it is BASIC CANON,of statut-ory construction that use of word"SHALL",indicates mandatory intent... accordingly,...see:Silveira V.Lockyer312 F3d 1052(9th Cir.2002)...Court is required to give full force to each word in every statute or constit-utional provision wherever possible.

(19.)Petitioner does hereby assert that the complaints,inchoate or not should not have been dismissed,see:Amoco Oil Co.V.US 234 F3d 1374(FED. 2000),Herron V.Harrison,203 F3d 410(6th Cir.2000),US EX REL Thompson V. Columbia/HCA Healthcare Corp.125 F3d 899(5th Cir 1997),Haines V.Kerner 404 US 519 30 LEd2d 652 92 SCt 594(1972)...Complaints should not be dis-missed unless no set of facts would entitle him to relief...Petitioners litany of dismissals,does constitute discrimination,(&)a violation of my 1st amendment rights,see:Southworth V.Grebe 151 F3d 717(7th Cir.1998)... (&)Courts assessment of fees is prohibitive(&)constitutes penalty,which is a violation of my Liberal Due Process Rights(&)Equal Protection Rights, see:US V.Aregbeyen 251 F3d 337(2nd Cir.2001)...Indigency should obligate court to waive fines(fees)in favor of Defendant...(&)that The DOJ has willfully ignored ACTUAL INNOCENCE CLAIMS,of a CAPITAL CASE,to defend indefensible proscriptions directed at familial,spousal(&)propertyrights,

(19.)Continued...to an extent that Obstructed Councel(&)Pro Se Pleas for over 17.7 Years now,violation of my 1st-14th amendments,see: Garland V.US,837 F2d 1563(11th Cir.1988)...Federal Prisoners may obtain relief under statute,to vacate,set aside or correct sentence,providing that sentence is unconstitutional,in violation of laws(or)that Court lacked jurisdiction to impose sentence,sentence is excessive(in)violation of laws(or)subject to collateral attack...none of which is possible without communication(&)resources(&)response where response is due!

(20.)Petitioner asserts that DOJ is REMISS(&)RECIDIVIST by excluding Prompt due process as a factor in Petition(&)that Petitioners INNOCENCE Claim is Prima Facie,(&)warrants REDRESS,see:Chriceol V.Phillips,169 F3d 313(5th Cir.1999),Gentala V.City of Tuscon 213 F3d 1055(9th Cir.2000) Lerman V.Board of Elections in City of New York,232 F3d 135(2nd Cir.2000), Capps V.Sullivan,13 F3d 350(10th Cir.1993),Estelle V.Gamble 429 US 97 SCt 285(1976),(&)Lee V.City of Los Angeles 250 F3d 668(9th Cir.2001),all of which state...Prisoners HABEAS CORPUS PLEAS are to redress wrongful convictions,release Prisoners when it is Known they SHOULD be released,a duty The DOJ SHALL Perform...see:Yong V.INS 208 F3d 1116(9th Cir.2000), ...Special solicitude is REQUIRED from Courts in HABEAS PROCEEDINGS because the writ is intended to be a SWIFT(&)IMPERITIVE REMEDY in ALL cases of ILLEGAL RESTRAINT(or)CONFINEMENT...violations of 1st,4th,5th, 6th,7th,8th(&)14th Amendments,Articles 4,§1(&)2,EQUAL PROTECTION CLAUSE (&)Federal Comity.

(21.)Petitioner states for Posterity that insufficient funds,causing austerity(&)estrangement,extensible in effect to my family(&)spouse(&) Councel,has caused a substantial injury(via)prohibiting effect,resulting in inability of Petitioner to achieve competency in Pro Se Pleas,which is exacerbated by Councel(&)Court omissions relevant to the record on Appeal(&)Judicial Admissions,constituting Prima Facie grounds for reversal (&)Vacating Convictions but are not raised properly...which is also remiss see:Ross V.Ward,165 F3d 793(10th Cir.1999),Lam V.Kelchner 304 F3d 256 (3rd Cir.2002)(&)US V.Prentiss 206 F3d 960(10th Cir.2000).

-Request for Restitution(&)Injunction-

(1.)Petitioner requests record of captivity be reviewed for inchoate attempts to access redress byway of Prison grievance Procedure,stating that Petitioners relegation was systemic,includes interference(&)omission of vital medical care,including improper(&)unavailable eyecare,forced electroshocks,blood draws,injections,sensory deterrents(&)force,psych-logical discombobulation(&)provokation...malnourishment(&)estrangement, powerful drug cycles...often not pleasant...(&)to Assess DAMAGES.

(2.)Petitioner requests record of criminal complaints made as a result of punitive sanctions that constitute genocide,peonage(&)OTHER SERIOUS (&)UNBELIEVABLE BUT REAL Trangressions of a nature proscribed in our fundamental(&)guiding charters,including The US Constitution,Amendments (&)THE GENEVA CONVENTION,be reviewed in Posterity!!!(&)to Assess DAMAGES.

(3.)Petitioner requests that Court Order a"Markman Hearing",see: Markman V.Westview Instruments,INC.52 F3d 967,984-85,(Fed.Cir.1995) aff'd,517 US 370,116 SCt 1384(1996)(&)..determine extent of(&)nature of Copyright Infringement(&)loss,for restitution statement...(ie)for, subsidiary/intracorporate D.B.A.(do business as)title-Clearsystems:

(3.)Continued...A Debt Consolidation(&)Accounting Service/(Csd)®
which is registered to apply systems analysis,source code for
determining values of certain subjects performing in BOND statements
resolved from survey certification(&)service sales maintained in
Computer Databases as Control Subjects(of)Business Management purview;
petitioner does own submitted(&)revised algol developed in part as a
juvenile,which is protected INTELLECTUAL PROPERTY,see:State St.Bank(&)
Trust Co.V.Signature Fin.Group 149 F3d 1368,1373(Fed.Cir.1998)(&)
Gottschalk V.Benson 409 US 63 93 SCt 253(1972)...which protects invoice
resolutions of Warranty Datasets...Petitioner does claim First to Invent
Priority(&)did assert,byway of notice,my intention to lien Ford Motor Co®
for their ASSEMBLY LINE PATENT,(via)(D.B.A.)Title,Ford Financial Systems,
/(FFS)®...(&)does require retention of 33.345% of that company...yielding
a dividend Plan which compensates Ford for both the Technical(&)Intellect-
ual property liens...also copyrighted,(&)requiring an abstraction test...
see:Computer associates Int'l.Inc.V Altai Inc.982 F2d 693(2nd Cir.1992)
(&)Nichols V.Universal Pictures Corp.45 F2d 119(2nd Cir.1930)...that
Copyright registration has been in my family for decades(&)still has no
readily available Product or Equitible account status,despite representing
REAL PATENTS FOR Computer MODEMS(&)Algorithms for SYSTEMS ANALYSIS(&)
Specialty CARRIAGE FUNCTIONS for Datasets...Petitioner wants the entire
claim reviewed for DAMAGES ASSESSMENT of LITERAL INFRINGEMENT Claims...
see:LC Copyright 00427126821-form TX,5/29/2013,No.61 US Patent Application
796,740 Confirmation No.7361,filing(c)date:11/19/2012-

(4.)Petitioner requests assessment for back ALIMONY,from CINDY LINN
WALLACE,pursuant to,Orr V.Orr 440 US 208 99 SCt 1102(1979),(&)requests
DOJ be Assessed for Damages totalling,$1.000.000(mn)Per Year for Alien-
ation of Affection(&)Genocide...see:Hutelmyer V.Cox 514 S.E.2d 554(N.C.
ct.App.(1999)(&)for criminal complaints to be filed(&)diligently pursued
accordingly,Article 4§1(&)2(&)Article 5...(ie)$17.000.000(mn)Nominal.

(5.)Petitioner requests Court consider Pro Se filing history(&)oblig-
ation to be ready to appear at Hearings(&)defend in Criminal(Appellate),
Civil(&)Quasi Legal Administrative Hearings a undue burden for Plaintiff
with Learning Disability(&)Grant BACKPAY for Paralegal Service(Costs)
in the Amount of $7.25hr.(&)$350(USD)Per Petition Pro Se ,that I had to
file as a direct result of Prisons refusal to redress grievances...(ie)
$250.560(ths)(USD)Cash...before taxes.

(6.)Petitioner requests injunction to Preclude any Non Consensual
Health Care(&)for Prison to allow LAWYERS to send Quality Eyecare,
Skincare,(&)Postage Supplementals regularly(&)especially,a Laptop
or otherly compatible Word Processor(&)Filing(&)Retrieval Computer
set,with appropriate PC Mover software options to compose analytical
presentations.

(7.)Petitioner requests that my death be treated as a Homicide,even
if it appears to be a suicide because I am innocent,but suffer from
ADD/ADHD(&)Estrangement(&)simply dont believe my captivity is Legal...
I Proved my innocence(&)proved(I HAD TO PROVE)that I still have a right
to appeal as an innocent Petitioner(&)then had to Prove that would
make a difference wherein a Jury returned a procedurally correct verdict...
(&)believe my Posterity has been Offended(&)Precedents established to
completely enslave(&)murder citizens after DECADES of Torment(&)Abuse.

(8.)Petitioner does move court to vacate wrongfull Conviction byway of Actual Innocence(&)summary in brief,see:BRIEF-(&)Grounds,Title 28 Habeas Corpus,Ch.153 §2241-55...A PRIMA FACIE CLAIM!!!

(9.)Petitioner does move court to asses DAMAGES for 17.8 Years of wrongful Captivity byway of TORTURE,which is also a Prima facie claim,see:supplemental Motion(#1),byway of Title 28,Ch.153,Habeas Corpus §2241-55.

Respectfully Submitted,

Signed [signature]

Jeffery William Paul(SCU/Death Row)
Rg#10517-042
P.O.Box 33
Terre Haute,IN.
47808-0033

-PRO-SE-

Certificate of Service,I Jeffery W.Paul,do hereby swear a True(&)Correct Copy of This Motion was sent to The United States Court of Appeals for The 8th/Eighth Circuit-

( / /14)

In The 8th/Eighth Circuit Court of Appeals

* IN REM *

-On Appeal-

In The United States District Court
For The Western District of Arkansas
HOT SPRINGS DIVISION/Garland County

United States of America
Plaintiff

V. Case No#6:96cr60022-001 JLH

Jeffery W.Paul
Defendant PRO-SE/CAPITAL-CASE

(Motion #1)

---

[IN REM:SECTION#1-Doc.#1-93]

Supplementary Motion to The 8th Circuit to recuse both Judge (&)Prosecutions Office(&)have Circuit Court review Case for Prima-Facie claims,with cause to support statements showing a risk of a Fundamental Miscarriage of Justice-

Comes now the Petitioner Pro-Se does submit this supplementary Motion claiming as follows-(Sec.#1/Support Documents)-

(1.)Petitioner asserts that The Circuit is remiss to allow The Chief of The Western District(&)Little Rock,AR. US Attorneys Office to remain on this case(&)does Move Court to review(&)redress the Appeal independently,wherein there is foreseeable conflict of interest Court would be negligent(&)claims Presented already constitute Prima-Facie cause to redress both Conviction(&)Penalty,statutorialy,but Judge declines to act(&)Prosecution CHOOSES to assert a rebutted evidentiary list in remonstration,which's Plainly erroneous(&)result of bias/vindictiveness...so,Motion to recuse is necessary(&)proper in this case,see:Haupt V.Dillard 17 F3d 285(9th cir.1994),Liljerberg V. Health Serv.corp.486 US 847 100 LEd2d 855 108 SCt 2194(1988)...

(2.)Petitioner asserts that objectively,Prosecution(&)judge were obligated to toll the applicability of the AEDPA(Antiterrorism(&) Effective Death Penalty Act of 1996),with respect to Double Jeopardy (&)Articles of The US Constitution(1-7)(&)Amendments(1-27)...especially EX POST FACTO stipulations,(ie)a Prima Facie claim Court repeatedly fails to account for,see:Corjasso V.Ayers 278 F3d 874(9th Cir.2002), (§1)of(2)...(In Re)EQUITABLE TOLLING...Petitioner asserts that failure to appropriately TOLL Statute,is Plain Error,see:US V.Innamorati 996 F2d 456(1st Cir.1993),Chapman V.california 386 US 18 23-24 17 LEd2d 705 87 SCt 824(1967),(§1-3)"Harmless Beyond A Reasonable Doubt",test...

(3.)Petitioner asserts that failure to appropriately toll violation of EX POST FACTO Clause is reversable error,occurring byway of a Bill of particulars which was conceived to cure an INDICTMENT(&)perempt insufficient cause of action on Grand Jury Bill(&)does constitute a deliberate effort to ensure the Jury returned a DEATH PENALTY(&)does objectively qualify as vindictiveness whereby a equally culpable co-defendant was given a lesser penalty but had a demonstrably greater criminal record,see:Bragan V.Poindexter 249 F3d 476(6th Cir.2001)(§1-2),US V.o'Hara 301 F3d 563(7th Cir.2002)...which is a violation of my Constitutional Rights,see:Article 4,§1-2(&)Amdts-1st-14th...see: Kinzer V.Jackson 316 F3d 139(2nd Cir.2003)...

(4.)Petitioner further asserts that Prosecution argued a false evidentiary list which is Plain misconduct,see:Marshall V.Hendricks 307 F3d 36(3rd Cir.2002)...Perjured Remonstration...which demonstrates BAD FAITH(&)Should exclude that Office from further review,see:US V. Twilley 222 F3d 1092(9th Cir.2000)(&)Doc#5-10/13-30)Sec.#1-...wherein, Prosecution repeatedly cites applicable standards for relief,yet prop-oses to deny(&)pursue Death Penalty(&)fails to correct the record upon review,further corrupting THE 8th/EIGHTH CIRCUITS Rational Basis refer-ence,see:Doc#46-Sec.#1,line-29(&)30,...injury reference is alternative Cause of DEATH,by broken neck,which is Plainly not true,see;Sec.2 Doc#147-156,57458..(ie)A pathology report,see:US V.Goodson 165 F3d 610(8th Cir.1999).

(5.)Petitioner asserts that by definition,The AEDPA is a limitation(&) Constitutes a Materially disadvantaging clause,see:Flores-Leon V.INS, 272 F3d 433(7th Cir.2001)(&)that for the Purpose of determining WHICH statute was The Controlling statute,The date on the INDICTMENT from the offense,was the effective date,see:US v.Karro 257 F3d 112(2nd Cir. 2001)...(&)according to the Rule of Lenity,Petitioner was to receive the benefit of that where NEW LAW created ambiguity,see:US V.Gay 240 F3d 1222(10th Cir.2001),Huddleston V.US 415 US 831 39 LEd2d 782 94 SCt 1262 (1974)(&)US V.Bass 404 US 336 30 LEd2d 488 92 SCt 515(1971)...whereby law of Equal Protection obligates Court to return lesser of Two Penalties.

(6.)Petitioner does humbly move this Court to redress this Fundamental Miscarriage of Justice with respect to Habeas Corpus,Title 28,§2241-55, (&)recuse that Office(&)Judge to allow for a Good Faith review... pursuant to VACATE Conviction(&)Penalty(&)assess damages...Petitioner asserts that the Penalty was Plainly excessive(&)constitutes an illegal departure because although the Statutory Penalty is available,the expect-ation of Penalty starts at Principal Inculpatory Due Process...see:Equal Protection Clause(&)Double Jeopardy,see:US V.McClain 133 F3d 1191(9th Cir. 1998),US V.DiFrancesco 449 US 117 66 LEd2d 328 101 SCt 426(1980),Double Jeopardy Attaches when legitimate expectation of finality has attached to sentence(&)prohibits increase in penalty when finality has attached...(&), Turner V.Glickman 207 F3d 419(7th Cir.2000),statute challenged on Double Jeopardy grounds serves as a Punishment in Purpose or Effect,court must disregard Congress'intent to create a sanction...thus,Petitioner was not eligible to stand trial/sentence under the 1996 AEDPA Act(&)imposition of Penalty is "Plain ERROR",see:US V.Malone 222 F3d 1286(10th Cir.2000), (&)objectively,constitutes a EQUAL PROTECTION VIOLATION,see:Eagleston V. Guido 41 F3d 865(2nd Cir.1994),requirement of Equal Protection Claim,is to show Discrimination among Groups/Classifications in similar situations which is DISPARATE IMPACT,so according to that clause,Petitioners penalty was arbitrary(&)excessive relatively(&)constitutes retaliation for refu-sing to Plea Guilty to a crime I did not commit,see:Paradise V.CCI Warden, 136 F3d 331(2nd Cir.1998)(&)independently proves bias(&)vindictiveness, see:US V.Hasan 205 F3d 1072(8th Cir.2000)...which states that The Rule of Lenity requires Court to resolve any ambiguity about sentencing statute in favor of Defendant...(&)is INCORPORATED DOCTRINE,of The US Constitution Articles 4 §1,2(&)4,(&)Amendments 1,5,6,8(&)14...so not discretionary.

(7.)Petitioner asserts that Aggravating factors constituted at least 3 Felony Offenses not included on The INDICTMENT,(ie)TORTURE,Witness Tampering(&)Assault...(&)that impermissably shifted the burden of Proof to trial councel,(&)violated statutory provisions for 1st,4th,5th,6th, 7th,8th(&)14th Amendments,INCORPORATED DOCTRINE...by subverting my right to be informed of The Nature of The Offense Alleged(&)Prepare a defense,

(7.)Continued...which is a violation of APPRENDI Rules,see:US V.Sullivan, 242 F3d 407(7th Cir.2001),Apprendi V.New Jersey 530 US 466 147 LEd2d 435 120 SCt 2348(2000)(&)Jones V.US 526 US 227 143 LEd2d 311 119 SCt(1999)... other than prior conviction,any crime used to increase the penalty beyond the statutory maximum must be submitted to a jury(&)proved beyond a reasonable doubt...Comity determines the Range for EQUALLY CULPABLE CODEFENDANTS.

(8.)Petitioner does hereby move Court to Order Judge recused(&)allow Petitioner to proceed Pro-Se with a different Judge(&)Prosecutor,due to a Pattern of vindictiveness(&)negligence resulting in violations of my substantive due process rights,see:Chireceol V.Phillips 169 F3d 313(5th Cir.1999),interference with access to redress may constitute delay,which is a Constitutional Deprivation...(&)North Carolina V.Pearce 395 US 711 23 LEd2d 656 89 SCt 2072(1969)(&)Blackledge V.Perry 417 US 21 40 LED2d 628 94 SCt 2098(1974)...(&)Both Judge Hendren,Bryant(&)US Attorney Snyder(&) Co.,are remiss(&)willful,see:Chavez V.Illinois State Police 251 F3d 612 (7th Cir.2001),whose actions did cause disproportionate delay upon appellate review as well...(&)should be subject to liability,see:Bivens V. Six Unknown Agents 403 US 388 29 LEd2d 619 91 SCt.1999(1970),(&)ordered to redress both unlawfull conviction(&)penalty...see:US V.Gomez-Orduno,235 F3d 453(9th Cir.2000).

(9.)Petitioner asserts that The Western District of AR.(&)Co.,USAO-are still discriminating against this petitioner,see:Doc.51-55,sec#1...by refusing to process Motions for redress relevant to a Fundamental Miscarriage of Justice,SCt.cite,McQuiggens V. Perkins,185 LEd2d 1019 Sct., (2013),which is superseding authority(&)cause required to proceed beyond Procedural Bars,limitations...via Actual Innocence,that case also features rediscovered evidence in Affidavit form which is relevant but Judge refuses to honor Pro Se(or)Actual Innocence Precedents,collateral or direct...see: Doc.1-4,sec#1...

(10.)Petitioner asserts that bias is undermining attempts to Appeal elsewhere(&)constitutes substantial cause(&)evidence of prejudice to effectively estop Petitioners Right to Redress with Substantive Due Process for ACTUAL INNOCENCE CLAIMS...including evidentiary...(&)that a DIRECT ORDER from APPELLATE COURTS MAY BE REQUIRED TO CURE PREJUDICE,see:Lott V.Coyle 261 F3d 594(6th Cir.2001),Fann V.Bowersox 247 F3d 841(8th Cir 2001),(&) McCleskey V.Zant 499 US 497 113 LEd2d 517 111 SCt 1454 1471-72(1991)... see.Doc.56-93,sec#1.,which includes a appeal to the 7th cir.Court of Appeals for relief from Debt cycles which resulted from Petitioners attempt to get BOP/Custody Purview to redress conditions of Captivity(&)facilitate other Councel,because Councel of record has repeatedly created a state of anticipation(&)denial,by asserting to have superlative evidence of my innocence,only to have Court Procedurally Bar(&)relegate Claims for 17.8 Years which is a malicious injury to me,my family(&)posterity...which still makes no sense...see:Montenegro V.US 248 F3d 585(7th Cir.2001),(&)Simpson V. Matesanz 175 F3d 20091st Cir.1999),Caldwell V.Russell 181 F3d 731(6th Cir. 1999)...

(11.)Petitioner does move court to Order Court to accept Pro Se pleas,(&) asserts right to Represent myself WITH Assistance,see:Faretta V.California, (1975)422 US 806 45 LEd2d 562 95 SCt 2525(1975)..."Counsel,like other tools guaranteed for DEFENSE,(are to be),an AID to a WILLING Defendant,...not an organ of The State interposed between an unwilling defendant(&)his right to defend Hisself,PERSONALLY."...(ie)pursuant to substantive due process...

(11.)continued...see:Lee V.City of los Angeles,250 F3d 668(9th Cir.2001) which states..."Due Process"requires a Prisoners right to be released when it is known they SHOULD be released...(&)although I understand the Language in the Statute,Title 28,§2241-55,HABEAS CORPUS,repeatedly opts to delegate Judicial Discretion,where there is a substantial burden,it should not be construed as anything other than a convenience for Courts that may not CALL the Persons(&)Host a RETRIAL of EVERY Case showing error requiring redress...(ie)Liberal Due Process,supposing Plainly Injured(&) Innocent Persons have right to redress...The Southern District of IN.(&) Western District of AR...seem to require Proof that I HAVE a Right to be presenting INNOCENCE Claims because Rules supersede Prima Facie evid-ence(&)may not allow further review...so they dont hold evidentiary proc-eedings to discover merit of claims being denied...leaving People estran-ged from resource,family(&)rights for 17.8 Years...while remitting money to Pay filing fees for claims they did not redress.

(12.)Petitioner asserts that,but for austerity(&)inability to maintain contact with support,that due process wouldve been in order(&)that the Bureau of Prisons(&)Southern District of IN.,are remiss(&)liable(&)owe Petitioner DAMAGES(&)REDRESS of Grievance(&)Complaint,which would be available if either COURT OBEYED or Considered with weight,the Precedents set forth to Guide those decisions by The US Supreme Court,see:US V. Dabeit 231 F3d 979(5th Cir.2000)(&)US V.Matthews 178 F3d 295(5th Cir.1999) duty,precedents(&)retroactivity...on direct review.

(13.)Petitioner requested,REPEATEDLY that Court cease remitting from Prison Accounts due to disparate impact to no avail(&)claims that Ive suffered over a decade of insufficient hygiene,inadequate materials for redress(&)living(&)NO Amenities...(&)I AM INNOCENT,so that is an irreparable injury among a list of injuries including the estrangement (&)sexual abuse of my wife,Genocide(&)Familial bankruptcy(abject poverty). ..in violation of reason(&)precedent,see:Murray V.dosal 150 F3d 814(8th Cir.1998)Mahers V.Halford 76 F3d 951(8th Cir.1996)(&)US V.Aregbeyen,251 F3d 337(2nd Cir.2001)...Once a defendant has shown hes indigent,Court SHOULD generally waive fine,in favor of defendant...(ie)Lenity for a criminally culpable finding,but should be analogous with respect to the standards of review under the APA/Administrative Procedures Act,because any Prohibition is an effective sanction...thus,leaving Petitioner with less than $4.00(USD)(ie)FOUR DOLLARS a Week for 9 YEARS is Prohibitive (&)direct cause of health problems(&)estrangement under PRO SE,remitt-ance scheme,In Forma Pauperis...please review request for remedy,(&) note that I was explicitly told that I would be able to recover costs of complaint,but did not receive due process for meritorious claims...see: Lathen V.Dept.of Children(&)Youth Services 172 F3d 786(11th Cir.1999),(&) Thomas V.Roach,165 F3d 137(2nd Cir.1999).

(14.)Additionally,petitioner asserts that The Western Districts rulings are not Available(or)Intelligible(&)neither The western Dist.of AR.(or) The Southern Dist.of IN.,offer ways to comply(or)surpass default of Plea sufficiency of standards of review...see;Garland V.US 837 F2d 1563(11th Cir.1988)(&)US V.Flores 135 F3d 1000(5th Cir.1998)...wholly constituting Robinson V.Jones 142 F3d 905(6th Cir.1998),HECK V.Humphrey 512 US 477 486 129 LEd2d 383 114 SCt 2364(1994)... A 1st-14th amdt.violation.

-Request for Relief-

(1.)Petitioner requests Conviction(&)Sentence be vacated,pursuant to Title 28,HABEAS CORPUS §2241-55(&)for money damages to be awarded in a Partial upfront settlement against The Western District of AR., Southern District of IN.(&)USP Terre Haute,IN./D.O.J...as the sole

(1.)Continued...3rd party liable Respondant of record.

(2.)Petitioner requests Criminal complaints be filed(&)agencies receiving grievance,including F.B.I.Office in Terre Haute,IN. (&)Indianapolis be summoned(&)reviewed for liability of dereliction of duty,relevant to repeated denials of Guaranteed protections(&) delegation of purview to non responsive Offices,relevant to the ongoing breach of Appellate Rights,Due Process(&)Inhumane Conditions of captivity.

Respectfully Submitted,

signed *Jeffery W. Paul* *

Jeffery W.Paul Rg#10517-042
P.O.Box 33
Terre Haute,IN.
47808-0033

-Certificate of service-I hereby submit this true copy of Motion to the 8th Circuit Court of appeals-Jeffery Paul(Pro Se)-( / /14)

IN THE EIGHTH CIRCUIT COURT OF APPEALS
(8th Circuit)
United States of America-Federal Court

-Evidentiary Sub-Section/14 Pages- Sec. 2

Pursuant to Title 28,HABEAS CORPUS-§2241-55

Table of contents:

Pg.1(&)2-Indictment

Pg.3-Excerpt support for date reference,see:AEDPA 1996(ACT) Ex Post facto clause...

Pg.4-9-Excerpt from statutory Jury Poll,Code(&)Brief,with Documents to Support Prima Facie Claim of Innocence,from Pathology...

Pg.9-12-Jury Poll(&)support code for Prima Facie claim...

Pg.13-14 Jury Poll(&)support code for Prima Facie claim...

-Supplementary Subsection for cross reference to support claims-

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

FILED SEP 24 1996
CHRIS R. JOHNSON, CLERK
BY [signature] DEPUTY CLERK

UNITED STATES OF AMERICA )
) Criminal No. 6:96CR60022-001
vs. ) 18 U.S.C. § 1111(a)
) 18 U.S.C. § 924(c)
JEFFERY WILLIAM PAUL ) 18 U.S.C. § 924(i)(1)
18 U.S.C. § 2
(Aiding Abetting)

INDICTMENT

The Grand Jury charges:

COUNT 1

On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, JEFFERY WILLIAM PAUL, and another person known to the grand jury, while aiding and abetting each other, did, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to Title 18 U.S.C. § 7(3), kill Sherman Williams, by means of gunshot wounds, in the perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) and § 2.

COUNT 2

On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, JEFFERY WILLIAM PAUL, and another person known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant

to Title 18 U.S.C. § 7(3), during and in relation to a crime of violence, did knowingly use a firearm which caused the death of Sherman Williams, in violation of 18 U.S.C. §§ 924(c), 924(i)(1) and § 2.

A True Bill.

G. L. [signature]
Foreperson

P. K. Holmes III
United States Attorney

By: [signature]
William M. Cromwell
FAUSA/Criminal Chief
Ark. Bar No. 76023
P. O. Box 1524
Fort Smith, AR 72902-1524
(501) 783-5125



(Doc. 105)

(Page 2)

innocence and ineligibility for the death penalty based on his age at the time of the murder.

## LEGAL ANALYSIS

### *A. Anti-Terrorism and Death Penalty Act Requirements*

Since Paul's Petition to file a new § 2255 was filed subsequent to the passing of the Anti-Terrorism and Death Penalty Act (April 1996) ("AEDPA"), it is subject to the "gate-keeping" provisions of AEDPA for second or successive motions brought pursuant to § 2255. 1996, Pub.L. No. 104-132; 28 U.S.C. § 2241 *et seq*; *Lindh v. Murphy*, 117 U.S. 2059 (1997). The AEDPA severely curtailed the filing of second and successive § 2255 motions. *See* 28 U.S.C. §§ 2244(a)-(b), 2255. Petitioners who have previously filed § 2255 motions face long odds proceeding under § 2255 a second time. *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061 (8th Cir. 2002).

Under AEDPA, a second or successive motion must be certified as provided in Section 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the

III. STATUTORY AGGRAVATING FACTORS

Instructions : For each of the following, answer "YES" or "NO."

Do you, the jury, unanimously find that the government has established the existence of any of the following aggravating factors beyond a reasonable doubt:

(1) That the defendant committed the offenses in an especially heinous, cruel or depraved manner in that they involved torture or serious physical abuse to Sherman Williams?

YES ✓

NO ____

viol. 1st, 4th, 5th, 6th, 7th, 14th (8th)

[signature]
FOREPERSON



(Page 4.)

(Doc. 110)

Pub.L. 100–204, Title I, § 140(d)(2), Dec. 22, 1987, 101 Stat. 1347, as amended, which is classified to 22 U.S.C.A. § 2656f(d)(2).

101(a)(22) of the Immigration and Nationality Act, referred to in subsec. (b)(1), is Act June 27, 1952, c. 477, Title I, § 101(a)(22), 66 Stat. 166, as amended, which is classified to 8 U.S.C.A. § 1101(a)(22).

Section 101(a)(20) of the Immigration and Nationality Act, referred to in subsec. (b)(1), is Act June 27, 1952, c. 477, Title I, § 101(a)(20), 66 Stat. 166, as amended, which is classified to 8 U.S.C.A. § 1101(a)(20).

## CHAPTER 113C—TORTURE

Sec.
2340. Definitions.
2340A. Torture.
2340B. Exclusive remedies.

### HISTORICAL AND STATUTORY NOTES

**Codifications**

Pub.L. 104–294, Title VI, § 601(j)(1), Oct. 11, 1996, 110 Stat. 3501, which directed that chapter 113B, relating to torture, be redesignated chapter 113C, was incapable of execution due to prior identical amendment by section 303(c)(1) of Pub.L. 104–132.

**Effective and Applicability Provisions**

**2002 Acts.** Amendment by section 4002(c)(1) of Pub.L. 107–273, as therein provided, effective Oct. 11, 1996, which is the date of enactment of Pub.L. 104–294, to which such amendment relates.

## § 2340. Definitions

As used in this chapter—

(1) "torture" means an act committed by a person acting under the color of law specifically intended to inflict severe physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions) upon another person within his custody or physical control;

(2) "severe mental pain or suffering" means the prolonged mental harm caused by or resulting from—

(A) the intentional infliction or threatened infliction of severe physical pain or suffering;

(B) the administration or application, or threatened administration or application, of mind-altering substances or other procedures calculated to disrupt profoundly the senses or the personality;

(C) the threat of imminent death; or

(D) the threat that another person will imminently be subjected to death, severe physical pain or suffering, or the administration or application of mind-altering substances or other procedures calculated to disrupt profoundly the senses or personality; and

(3) "United States" means the several States of the United States, the District of Columbia, and the commonwealths, territories, and possessions of the United States.

(Added Pub.L. 103–236, Title V, § 506(a), Apr. 30, 1994, 108 Stat. 463, and amended Pub.L. 103–415, § 1(k), Oct. 25, 1994, 108 Stat. 4301; Pub.L. 103–429, § 2(2), Oct. 31, 1994, 108 Stat. 4377; Pub.L. 108–375, Div. A, Title X, § 1089, Oct. 28, 2004, 118 Stat. 2067.)

### HISTORICAL AND STATUTORY NOTES

**Effective and Applicability Provisions**

**1994 Acts.** Section 506(c) of Pub.L. 103–236 provided that: "The amendments made by this section [enacting this chapter] shall take effect on the later of—

"(1) the date of enactment of this Act [Apr. 30, 1994]; or

"(2) the date on which the United States has become a party to the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment."

[Convention entered into force with respect to the United States Nov. 20, 1994, Treaty Doc. 100–20.]

## § 2340A. Torture

**(a) Offense.**—Whoever outside the United States commits or attempts to commit torture shall be fined under this title or imprisoned not more than 20 years, or both, and if death results to any person from conduct prohibited by this subsection, shall be punished by death or imprisoned for any term of years or for life.

**(b) Jurisdiction.**—There is jurisdiction over the activity prohibited in subsection (a) if—

(1) the alleged offender is a national of the United States; or

(2) the alleged offender is present in the United States, irrespective of the nationality of the victim or alleged offender.

**(c) Conspiracy.**—A person who conspires to commit an offense under this section shall be subject to the same penalties (other than the penalty of death) as the penalties prescribed for the offense, the commission of which was the object of the conspiracy.

(Added Pub.L. 103–236, Title V, § 506(a), Apr. 30, 1994, 108 Stat. 463, and amended Pub.L. 103–322, Title VI, § 60020, Sept. 13, 1994, 108 Stat. 1979; Pub.L. 107–56, Title VIII, § 811(g), Oct. 26, 2001, 115 Stat. 381.)

### HISTORICAL AND STATUTORY NOTES

**Effective and Applicability Provisions**

**1994 Acts.** Section effective on the later of Apr. 30, 1994, or the date on which the United States has become a party to the Convention Against Torture and Other Cruel, Inhuman

According to a doctor with the State Medical Examiner's office who performed the autopsy on the body recovered from the National Park, the victim died of a gunshot wound to the head. T. 597. Relying upon dental records, he was able positively to identify the body as being that of Sherman Williams. T. 591. Although the chest area showed no signs of external damage, an x-ray revealed small lead shot present. T. 596. There was no evidence of trauma to the head or neck area other than that caused by the entrance and exit wounds from the bullet that caused the death of the victim. T. 598-600.

government's medical examiner testified that there was no evidence of any other trauma to the victim's head or neck other than the single gunshot wound. T. 598-99. In fact all trauma to the victim's head was associated with and caused by "exit wounding," namely, wounding caused as the bullet left the victim's skull. T. 600.

(3.) (Doc. 147)

Page 6

NECK:

As previously noted, extensive decomposition changes involved the soft tissues of the neck. The hyoid bone, larynx, and proximal trachea were all still relatively intact. There were no fractures involving the hyoid bone or thyroid cartilage. Soft tissues immediately surrounding these structures were markedly decomposed and infiltrated by maggots. The great vessels of the neck were not identified.

ALIMENTARY TRACT:

The tongue had completely decomposed. Marked decomposition changes also involved the proximal half of the esophagus. The stomach was identifiable, but did not contain recognizable food material. Marked decomposition changes involved the small and large bowel. The rectum and anus were identifiable, but unremarkable apart from decomposition changes. The appendix was not grossly identified.

LIVER AND BILIARY SYSTEM:

The liver was covered by an intact capsule. Cut surfaces of the liver parenchyma were dark gray-black and displayed the presence of numerous gas bubbles. No other focal changes were noted on the cut surfaces of the liver. The gallbladder was identified, but was empty.

PANCREAS:

The pancreas had completely autolyzed.

GENITOURINARY SYSTEM:

Each kidney was covered by an intact capsule that stripped away easily. Marked decomposition changes involved both kidneys. Both kidneys appeared to have an irregular cortical surface, although this could not be ascertained with certainty due to the decomposition changes. Cut surfaces of both kidneys displayed uniform, pale brown-tan coloration, with very poor corticomedullary demarcation present. The calyces and pelves appeared normally formed. The urinary bladder was empty. The mucosa was gray-tan. Marked decomposition changes involved the prostate. The testes were not grossly identified.

RETICULOENDOTHELIAL SYSTEM:

The spleen was not grossly identified.

There was complete absence of skin and soft tissues over most of the forehead, all of the anterior face, the left temporal scalp, and the left anterior parietal scalp. This had resulted in exposure of the underlying calvarium and facial bones. There was near complete exposure of the mandible and complete exposure of the maxilla. Evidence of gunshot injury involving the head will be described in more detail below. The ocular globes had completely decomposed. The external ears had also completely decomposed. Most of the soft tissues of the face had also completely decomposed. All of the natural teeth were present and exposed, except for the left upper incisors and canine tooth. The alveoli corresponding to these teeth were empty and had an appearance consistent with postmortem loss. Extensive, circumferential skin loss due to decomposition involved the surfaces of the neck. This had resulted in exposure of the deep structures of the neck, including the larynx. Great vessels of the neck were no longer identifiable. The skin and soft tissue loss on the anterior neck extended inferiorly to the level of the clavicles, with exposure of the medial right clavicle. The remainder of the body surfaces were relatively intact, although most areas displayed marked skin slippage and the presence of maggots. Mottled, dark brown-black discoloration extended over the surfaces of the anterior chest and abdomen. Examination of these areas did not reveal the presence of any evidence of antemortem injury. In particular, the left anterolateral chest displayed no evidence of antemortem injury. Scars were not visible on the abdomen, however, postmortem changes in these area were such that scarring could have been obscured. Body surfaces covered by the swimsuit were a relatively lighter tan-brown color, but still retained a mottled appearance. Brown-gray pubic hair was present. The genitalia were recognizable as those of an adult male. Due to decomposition changes, it could not be ascertained whether or not this individual was circumcised. Although the scrotum was identifiable, testes were not palpable. The lower extremities distal to the area covered by the swimsuit displayed dark brown-black, mottled, circumferential discoloration. There was no evidence of antemortem trauma involving the lower extremities. The body surfaces covered by the shoes and socks displayed relatively lighter tan-brown to brown-black coloration, with no evidence of acute injury present. Dark, mottled, brown-black coloration involved both upper extremities. Some of the skin remained attached to the fingertips bilaterally. There was no gross evidence of injury involving either hand. Mottled tan-brown coloration extended over the surfaces of the back and buttocks. There was no evidence of antemortem trauma involving these areas. The anus was without evidence of antemortem trauma. Tattoos were not visible on any of the body surfaces.

EVIDENCE OF MEDICAL ATTENTION:

None.

(5) That Sherman Williams was killed to prevent the defendant from being identified as a participant in the robbery?

YES ✓

NO ______

______________________
FOREPERSON

vic. 4th, 6th, 14th



(Doc. 111)

§ 1512. Tampering with a witness, victim, or an informant

(a) (1) Whoever kills or attempts to kill another person, with intent to--
(A) prevent the attendance or testimony of any person in an official proceeding;
(B) prevent the production of a record, document, or other object, in an official proceeding; or
(C) prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings;
shall be punished as provided in paragraph (3).
(2) Whoever uses physical force or the threat of physical force against any person, or attempts to do so, with intent to--
(A) influence, delay, or prevent the testimony of any person in an official proceeding;
(B) cause or induce any person to--
(i) withhold testimony, or withhold a record, document, or other object, from an official proceeding;
(ii) alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official proceeding;
(iii) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or
(iv) be absent from an official proceeding to which that person has been summoned by legal process; or
(C) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings;
shall be punished as provided in paragraph (3).
(3) The punishment for an offense under this subsection is--
(A) in the case of a killing, the punishment provided in sections 1111 and 1112 [18 USCS §§ 1111 and 1112];
(B) in the case of--
(i) an attempt to murder; or
(ii) the use or attempted use of physical force against any person;
imprisonment for not more than 30 years; and
(C) in the case of the threat of use of physical force against any person, imprisonment for not more than 20 years.

(b) Whoever knowingly uses intimidation, threatens or corruptly persuades another person, or



© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Page 16 (Doc. 210)

attempts to do so, or engages in misleading conduct toward another person, with intent to--

(1) influence, delay or prevent the testimony of any person in an official proceeding;

(2) cause or induce any person to--

(A) withhold testimony, or withhold a record, document, or other object, from an official proceeding;

(B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;

(C) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or

(D) be absent from an official proceeding to which such person has been summoned by legal process; or

(3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings;

shall be fined under this title or imprisoned not more than 20 years, or both.

(c) Whoever corruptly--

(1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or

(2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,

shall be fined under this title or imprisoned not more than 20 years, or both.

(d) Whoever intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from--

(1) attending or testifying in an official proceeding;

(2) reporting to a law enforcement officer or judge of the United States the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings;

(3) arresting or seeking the arrest of another person in connection with a Federal offense; or

(4) causing a criminal prosecution, or a parole or probation revocation proceeding, to be sought or instituted, or assisting in such prosecution or proceeding;

or attempts to do so, shall be fined under this title or imprisoned not more than 3 years, or both.

(e) In a prosecution for an offense under this section, it is an affirmative defense, as to which the defendant has the burden of proof by a preponderance of the evidence, that the conduct consisted solely of lawful conduct and that the defendant's sole intention was to encourage, induce, or cause



© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Page 11 (Doc 211)

the other person to testify truthfully.

(f) For the purposes of this section--

(1) an official proceeding need not be pending or about to be instituted at the time of the offense; and

(2) the testimony, or the record, document, or other object need not be admissible in evidence or free of a claim of privilege.

(g) In a prosecution for an offense under this section, no state of mind need be proved with respect to the circumstance--

(1) that the official proceeding before a judge, court, magistrate, grand jury, or government agency is before a judge or court of the United States, a United States magistrate [United States magistrate judge], a bankruptcy judge, a Federal grand jury, or a Federal Government agency; or

(2) that the judge is a judge of the United States or that the law enforcement officer is an officer or employee of the Federal Government or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an adviser or consultant.

(h) There is extraterritorial Federal jurisdiction over an offense under this section.

(i) A prosecution under this section or section 1503 [18 USCS § 1503] may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected or in the district in which the conduct constituting the alleged offense occurred.

(j) If the offense under this section occurs in connection with a trial of a criminal case, the maximum term of imprisonment which may be imposed for the offense shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case.

(k) Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

(Oct. 12, 1982, P. L. 97-291, § 4(a) in part, 96 Stat. 1249; Nov. 10, 1986, P. L. 99-646, § 61, 100 Stat. 3614; Nov. 18, 1988, P. L. 100-690, Title VII, Subtitle B, § 7029(a), (c), 102 Stat. 4397, 4398; Sept. 13, 1994, P. L. 103-322, Title VI, § 60018, Title XXXIII, § 330016(1)(O), (U), 108 Stat. 1975, 2148; Oct. 1, 1996, P. L. 104-214, § 1(2), 110 Stat. 3017; Oct. 11, 1996, P. L. 104-294, Title VI, § 604(b)(31), 110 Stat. 3508; July 30, 2002, P. L. 107-204, Title XI, § 1102, 116 Stat. 807; Nov. 2, 2002, P. L. 107-273, Div B, Title III, § 3001(a), (c)(1), 116 Stat. 1803, 1804; Jan. 7, 2008, P. L. 110-177, Title II, § 205, 121 Stat. 2537.)



© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Page 12. (Doc.212)

II. REQUISITE MENTAL STATE

Instructions: For the following, answer "YES" or "NO."

Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant intentionally aided and abetted in the killing of Sherman Williams?

YES ✓

NO ______

FOREPERSON

§ 2. Principals

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

(June 25, 1948, ch 645, § 1, 62 Stat. 684; Oct. 31, 1951, ch 655, § 17b, 65 Stat. 717.)

## HISTORY; ANCILLARY LAWS AND DIRECTIVES

**Prior law and revision:**

Based on title 18, U.S.C., 1940 ed., § 550 (March 4, 1909, ch. 321, § 332, 35 Stat. 1152).

Section 2(a) comprises section 550 of title 18, U.S.C., 1940 ed., without change except in minor matters of phraseology.

Section 2(b) is added to permit the deletion from many sections throughout the revision of such phrases as "causes or procures".

The section as revised makes clear the legislative intent to punish as a principal not only one who directly commits an offense and one who "aids, abets, counsels, commands, induces or procures" another to commit an offense, but also anyone who causes the doing of an act which if done by him directly would render him guilty of an offense against the United States.

It removes all doubt that one who puts in motion or assists in the illegal enterprise but causes the commission of an indispensable element of the offense by an innocent agent or instrumentality, is guilty as a principal even though he intentionally refrained from the direct act constituting the completed offense.

This accords with the following decisions: Rothenburg v. United States, 1918, 38 S. Ct. 18, 245 U.S. 480, 62 L. Ed. 414, and United States v. Hodorowicz, C. C. A. Ill. 1939, 105 F.2d 218, certiorari denied, 60 S. Ct. 108, 308 U.S. 584, 84 L. Ed. 489. United States v. Giles, 1937, 57 S. Ct. 340, 300 U.S. 41, 81 L. Ed. 493, rehearing denied, 57 S. Ct. 505, 300 U.S. 687, 81 L. Ed. 888.

**Amendments:**

**1951.** Act Oct. 31, 1951, in subsec. (a), inserted "punishable as"; and in subsec. (b), inserted "willfully" and "or another", and substituted "is punishable as a principal" for "is also a principal and punishable as such".



© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(Doc. 213)

IN THE EIGHTH CIRCUIT COURT OF APPEALS
(8th Circuit)
United States of America-Federal Court

-Evidentiary Section/Supporting Exibits-

Section(1/ONE)

[ Docs: 1 through 93 ]

Title 28-HABEAS CORPUS-Ch.153 APPEAL
- §2241-55-

- 93 -Pages

## Orders on Motions

6:96-cr-60022-JLH USA v. Paul
**CASE CLOSED on 02/01/2005**

CLOSED,AWL,CRT LV to FILE,DEATH,R/R

**U. S. District Court**

**Western District of Arkansas**

## Notice of Electronic Filing

The following transaction was entered on 3/10/2014 at 10:14 AM CDT and filed on 3/10/2014

**Case Name:** USA v. Paul
**Case Number:** 6:96-cr-60022-JLH
**Filer:**
**Document Number:** 400

**Docket Text:**
**ORDER; based on the Courts previous order, and the fact that Paulremains represented by three attorneys of record, the Court declines toaddress the instant motion and orders that [398] Motion for Discovery be stricken, as pro se filings by Paul will not be accepted in this matter. Signed by Honorable Jimm Larry Hendren on March 10, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (lw)**

**6:96-cr-60022-JLH-1 Notice has been electronically mailed to:**

W. M. Cromwell, AUSA kenny.elser@usdoj.gov, janie.slader@usdoj.gov, kathleen.d.hogan@usdoj.gov

Steven N. Snyder Steve.Snyder@usdoj.gov, Kathleen.D.Hogan@usdoj.gov, janie.slader@usdoj.gov

Robert L McGlasson rlmcglasson@comcast.net

**6:96-cr-60022-JLH-1 Notice has been delivered by other means to:**

Jeffery William Paul(Terminated)
10517-042

TERRE HAUTE-USP
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Jennifer Merrigan
Federal Public Defender
District of Delaware
715 N. King St.
Wilmington, DE 19801

Margaret P. Griffey
Chief, Capital Case Unit - Criminal Unit
U.S. Department of Justice
Room 6140, Patrick Henry Bldg.
601 D. Street, N.W.
Washington, DC 20530

Richard Broughton
United States Department of Justice
Capital Case Unit
Criminal Division
1331 F Street, NW
Washington, DC 20530

Sean D. O'Brien
UMKC Law School
500 E. 52nd St.
Kansas City, MO 64110

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1094675213 [Date=3/10/2014] [FileNumber=1028291-0] [b13d527a49e92d2ac5821af535934797c206f5b31c3e06a753eb8b578df562fa6f0c8da33cd5ba3a6f44c93f3c5e8009cc5741f5c22b388e32c7ebcf6bb03bbc]]

(Doc 2)

## Responses & Replies

6:96-cr-60022-JLH USA v. Paul
**CASE CLOSED on 02/01/2005**

CLOSED,AWL,CRT LV to FILE,DEATH,R/R

**U. S. District Court**

**Western District of Arkansas**

## Notice of Electronic Filing

The following transaction was entered by Snyder, Steven on 2/28/2014 at 3:09 PM CST and filed on 2/28/2014

**Case Name:** USA v. Paul
**Case Number:** 6:96-cr-60022-JLH
**Filer:** USA
**Document Number:** 399

**Docket Text:**
**RESPONSE to Motion by USA as to Jeffery William Paul re [398] MOTION for Discovery (Snyder, Steven)**

**6:96-cr-60022-JLH-1 Notice has been electronically mailed to:**

Robert L McGlasson rlmcglasson@comcast.net

Steven N. Snyder Steve.Snyder@usdoj.gov, janie.slader@usdoj.gov, Kathleen.D.Hogan@usdoj.gov

W. M. Cromwell , AUSA kenny.elser@usdoj.gov, janie.slader@usdoj.gov, kathleen.d.hogan@usdoj.gov

**6:96-cr-60022-JLH-1 Notice has been delivered by other means to:**

Jeffery William Paul(Terminated)
10517-042
TERRE HAUTE-USP
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Jennifer Merrigan
Federal Public Defender
District of Delaware
715 N. King St.
Wilmington, DE 19801

(Doc 3)

Margaret P. Griffey
Chief, Capital Case Unit - Criminal Unit
U.S. Department of Justice
Room 6140, Patrick Henry Bldg.
601 D. Street, N.W.
Washington, DC 20530

Richard Broughton
United States Department of Justice
Capital Case Unit
Criminal Division
1331 F Street, NW
Washington, DC 20530

Sean D. O'Brien
UMKC Law School
500 E. 52nd St.
Kansas City, MO 64110

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1094675213 [Date=2/28/2014] [FileNumber=1025024-0
] [5f1c254e0ce5b26e715d6683f5b9d673ae41f0e87a5d3c010ec3395d799f9cd04ba
d73f95dea9659738bcc59b3f43b80188cc5c7c6f5cedd68e91d2d1328ff2b]]

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 6:96CR60022 |
| | ) | |
| JEFFERY WILLIAM PAUL | ) | |

**UNITED STATES' MOTION TO STRIKE THE DEFENDANT'S *PRO SE* MOTION FOR DISCOVERY**

Comes now the United States of America, acting by and through Conner Eldridge, United States Attorney for the Western District of Arkansas, and for its Motion to Strike the Defendant's *Pro Se* Motion for Discovery states:

***BACKGROUND***

On June 23, 1997, in the United States District Court for the Western District of Arkansas, Jeffery William Paul ("Paul") was convicted of murder in the killing of a man in Hot Springs National Park, Hot Springs, Arkansas. Paul was sentenced to death as a result of that conviction.

This Court appointed counsel to represent Paul on all post-conviction matters. Robert McGlasson was appointed on January 30, 2002 (Doc. 265) and Sean O'Brien was appointed on September 15, 2003. (Doc. 286).

On February 26, 2007, the United States Court of Appeal for the Eighth Circuit appointed Jennifer Merrigan to represent Paul. (Doc. 354).

Beginning on February 17, 2013, Paul filed numerous *pro se* motions including:

1) Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 362);

2) Motion for Order (Doc. 366);



*7th Circuit*
(Doc. 10) (Doc. 5)

3) Motion for Order for Effective Assistance (Doc. 367);

4) Motion for Order for Estoppel of Criminal Complaint, to Redact Abstraction of Record and Review Proceedings (Doc. 368);

5) Motion for Order (Doc. 370);

6) Motion for effective assistance of counsel (Doc. 371);

7) Motion for Due Process (Doc. 375);

8) Motion for Due Process (Doc. 376);

9) Motion for Order to revise Chapter 12 Petition (Doc. 377);

10) Motion for Emergency Injunction and Restraining Order (Doc. 378);

11) Motion for Emergency Injunction for Relief and Release in Good Faith (Doc. 379); and

12) MOTION for Emergency Injunction (Doc. 380).

After the Magistrate issued his Order denying Paul's miscellaneous motions (Doc. 381) and his Report and Recommendations (Doc. 382) recommending denial of Paul's § 2255 Motion, Paul again filed numerous motions, including:

1) Motion to Vacate (Doc. 383);

2) Motion for Immediate Relief (Doc. 384);

3) Motion for Relief (Doc. 385);

4) Motion for Hearing (Doc. 387); and

5) Motion to Amend (Doc. 388).

On July 17, 2013, the Court referred these matters to the Honorable Barry A. Bryant, United States Magistrate Judge, for a report and recommendation as to whether the Court should address Paul's *pro se* filings when he appeared to be represented by counsel, namely attorneys



*7th Circuit*
(Doc 11) (Doc 6)

Sean O'Brien, Robert McGlasson, and Jennifer Merrigan. (Doc. 389).

The Honorable Barry A. Bryant issued his Report and Recommendations on July 22, 2013, recommending Paul's motions to be denied, that the Clerk forward copies of his *pro se* filings made since February 7, 2013, to his counsel of record, and for the Clerk not to accept further *pro se* filings by Paul in this matter until further notice of the Court. (Doc. 390).

On August 26, 2013, the Court approved and adopted the Magistrate's Report and Recommendation. (Doc. 392).

Paul now files the instant Motion for Discovery. (Doc. 398).

## ***ARGUMENT***

**This Court Should Strike the Defendant's Pro Se Motion Because He Is Represented By Counsel**

"A district court has no obligation to entertain *pro se* motions filed by a represented party." *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir.2001). Indeed, in all United States Courts, "parties may plead and conduct their own cases personally or by counsel . . . ." 28 U.S.C. § 1654 (emphasis added). The Eighth circuit has recognized, "[t]here is no constitutional or statutory right to simultaneously proceed *pro se* and with benefit of counsel." *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir.1994) (holding that a court commits "no error" in refusing to rule on *pro se* motions raised by a represented party). *See also United States v. Oakey*, 853 F.2d 551, 553 (7th Cir. 1988) ("[A] defendant may not engage in 'hybrid' representation by acting as co-counsel along with either a court-appointed attorney or with his own attorney.").

The nature of Paul's motion appears to be one contemplated in Habeas Corpus. While it does not appear that the Eighth Circuit has yet to issue an opinion regarding hybrid representation in habeas corpus cases, other courts have held that no such right exists. In *Lee v. State of*



☆7th Circuit☆
(9)=(a)(2) (Doc 7)

*Alabama*, 406 F.2d 466, 469 (5th Cir.1969), the Fifth Circuit found that a habeas petitioner could proceed *pro se* or through counsel but had no right to hybrid representation). Other courts have held similarly. *See Keenan v. Bagley*, No. 1:01CV2139, 2010 WL 1133238, at *1 (N.D.Ohio, Mar.19, 2010) (granting respondent's motion to strike after finding the petitioner was represented by counsel, he could not file a *pro se* supplemental traverse when appointed counsel already had filed one); *Estrada v. Cockrell*, No. 3:01-CV-0371-P, 2003 WL 21488224, at *2 (N.D.Tex., Apr.23, 2003) (following Lee ); *Donovan v. State*, No. 00-268-P-H, 2001 WL 179887, at *1 (D.Me., Feb.16, 2001) (following criminal case jurisprudence and holding that a habeas corpus petitioner was not entitled to hybrid representation under § 1654).

The above findings and holdings are grounded in strong public policy. One purpose of legal counsel is to ensure that only meritorious motions are filed. Allowing defendants to circumvent this process through the filing of *pro se* motions both undermine appointed counsel and wastes precious resources, which is certainly the case here. By its Order of August 26, 2013, this Court recognized Paul has been appointed counsel to represent him on all post-conviction matters. (Doc. 392). The Court further recognized that all three court-appointed counsel remain counsel of record and ordered the Clerk to accept no further *pro se* filings by Paul. (Id.) Thus, this Court should enforce its Order and not allow Paul to proceed *pro se*. Paul will not prejudiced by this Court striking his motion since his counsel can file any non-frivolous motions. Thus, the Court should strike Paul's current motion.

## *CONCLUSION*

For the foregoing reasons, the United States respectfully requests that this Court **STRIKE** Paul's Motion for Discovery.



*7th Circuit*

(Doc. 395) (Doc. 8)

Respectfully Submitted,

Conner Eldridge
United States Attorney

By: */s/ Steven N. Snyder*
Steven N. Snyder
Assistant U.S. Attorney
Arkansas Bar No. 72101
414 Parker Avenue
Fort Smith, AR 72901
(479) 783-5125



☆ 7th Circuit ☆

(Doc. 4(?)) (Doc 9)

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF System which will send notification of such filing and I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/EC. participants:

Jeffery W. Paul
Register No. 10517-042
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

/s/ Steven N. Snyder
Steven N. Snyder
Assistant U.S. Attorney



*7th Circuit*

(Doc. 15) (Doc. 10)

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA PLAINTIFF

v. No. 96-60022

JEFFERY WILLIAM PAUL DEFENDANT

**ORDER**

Now on this 10th day of March, 2014, the above referenced matter comes before the Court for consideration of the motion of Jeffery William Paul entitled **Motion for Discovery & Assignment of Case No#** (document #389), and the government's response thereto. The Court, being well and sufficiently advised, finds and orders as follows:

1. On June 23, 1997, Jeffery William Paul was convicted of murder for the killing of a man in Hot Springs National Park, Hot Springs, Arkansas. Paul was sentenced to death as a result of that conviction in the United States District Court for the Western District of Arkansas.

2. A direct appeal and post-conviction proceedings followed. Counsel was appointed by this Court to represent Paul on all post-conviction matters. Specifically, Robert McGlasson was appointed on January 30, 2002; and, Sean O'Brien was appointed on September 15, 2003. In addition, Jennifer Merrigan was appointed on February 26, 2007 by the United States Court of Appeals for the Eighth Circuit.

3. All three court-appointed counsel remain counsel of record for Paul as of this date.

4. On February 7, 2013, Paul filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. The motion to vacate was filed pro se. Following that filing, Paul filed numerous other miscellaneous motions, all acting pro se. His court-appointed

(Doc-11)

counsel remain his counsel of record in this case, but did not join in any of the pro se filings.

5. On July 17, 2013, this Court referred this matter to Honorable Barry A. Bryant, United States Magistrate Judge, for a report and recommendation as to whether the Court should address the pro se filings of Paul when he remains represented by counsel.

6. Judge Bryant issued a report and recommendation finding that the Court has no obligation to consider pro se filings by litigants represented by counsel and recommends the Court decline to do so in this case going forward.

7. After reviewing the objections to the Report and Recommendation filed by Paul, the Court adopted the Report and Recommendation, and denied the pro se filings as the Court has no obligation to consider such. The Court further directed the Clerk of this Court to accept no further *pro se* filings by Paul in this matter until further notice by this Court.

8. Based on the Court's previous order, and the fact that Paul remains represented by three attorneys of record, the Court declines to address the instant motion and orders that it be stricken, as pro se filings by Paul will not be accepted in this matter.

IT IS SO ORDERED.

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE



(Doc. 12)

(Pg. 9 & 17 Missing)

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | | |
|---|---|---|
| JEFFERY WILLIAM PAUL<br>Petitioner | ) | |
| v. | ) | DOCKET NO. 13-2987 |
| UNITED STATES OF AMERICA<br>Respondent | ) | |

**RESPONSE TO MOTION FOR PERMISSION**
**TO FILE A SUCCESSIVE 28 U.S.C. § 2255 PETITION**

Pursuant to Eighth Circuit Rule 22B(c), comes now the United States of America, by and through the United States Attorney for the Western District of Arkansas, and for its response to petitioner's Motion for Permission to File a Successive 28 U.S.C. § 2255 Petition, states:

Petitioner, Jeffery William Paul ("Paul"), *pro se*, seeks permission from this Court to file a successive motion attacking his sentence pursuant to 28 U.S.C. § 2255 so that he can present new claims for relief based on actual innocence and ineligibility for the death penalty based on his age at the time of the murder.

PROCEDURAL HISTORY

On June 25, 1997, Jeffrey William Paul ("Paul") was convicted of aiding and abetting the murder of Sherman Williams on federal land and sentenced to death. (Docket Entry # 238). The evidence adduced at Jeffery Paul's trial established that

on June 22,1995, Paul and an acquaintance, Trinity Ingle, followed Mr. Williams, an 82-year-old man, from downtown Hot Springs, Arkansas, to a walking trail in Hot Springs National Park. Paul and Ingle robbed and beat Mr. Williams, and then shot him in the head and shoulder.

On September 25, 1998, Paul filed a notice of appeal. (Docket Entry # 249). On appeal, Paul contended among other allegations that:

1) the prosecutor took inconsistent actions at his trial and at Ingles trial by arguing that the defendant in each trial pulled the trigger;

2) his rights under the Federal Death Penalty Act and the Constitution were violated because the jury failed to unanimously find and consider as a relevant mitigating factor that Ingle only received a life sentence;

3) the prosecution relied upon unadjudicated bad act evidence at trial and at sentencing in violation of his statutory and constitutional rights;

4) the government presented unnecessary and prejudicial testimony during the guilt phase of the trial regarding Williams life; and

5) there was error in the prosecutor's closing argument.

On June 27, 2000, the Eighth Circuit filed its opinion affirming Paul's conviction. *United States v. Paul*, 217 F.3d 989 (8th Cir.2000).

Paul then sought a *writ of certiorari* with the Supreme Court on January 29,



 (Doc. 14)

2001, which was denied on October 1, 2001. *Paul v. United States*, 534 U.S. 829 (2001). Subsequently, on February 19, 2002, the Supreme Court denied Paul's petition for rehearing. *Paul v. United States*, 534 U.S. 1156 (2002).

Thereafter, on December 17, 2002, Paul filed a Motion for New Trial or to Vacate Defendant's Conviction and Death Sentence Under 28 U.S.C. § 2255. (Docket Entry # 271). Among Paul's grounds for relief were:

1) the government relied on inconsistent theories at Paul and Ingle's trials which violated Paul's right to a fair trial and due process;

2) he was actually innocent of killing Mr. Williams;

3) the jury failed to unanimously find and consider as a mitigating factor that Ingle was equally culpable and did not receive a death sentence; and

4) a myriad of conclusory assertions of alleged prosecutorial misconduct only one claim of which he identified any purported factual basis (that witnesses were paid for their testimony).

The United States filed its response on June 2, 2003. (Docket Entry # 284). The Court denied Paul's motion pursuant to 28 U.S.C. § 2255 on January 31, 2005. (Docket Entry # 323).

On August 24, 2005, Paul filed a notice of appeal. (Docket Entry # 334). Paul further moved pursuant to 28 U.S.C. § 2253 and Fed. R. App. Pro. 22 (b)(1), for a

Certificate of Appealability("COA"). (Docket Entry # 338).

On September 6, 2005, the Eighth Circuit remanded Paul's case for consideration in light of *Tiedeman v. Benson*, 122 F.3d 518 (8th Cir.1997), with directions that if granted, the COA specify the issue or issues that are to be considered on appeal. (Docket Entry # 341).

After reviewing Paul's application for a COA and finding it to be essentially a restatement and re-argument of contentions the Court had previously addressed and rejected, the Court, on October 26, 2005, declined to issue a COA. (Docket Entry # 345).

However, on January 25, 2007, the Eighth Circuit granted Paul a COA to address three issues:

1) Whether trial counsel were ineffective for failing to investigate and present evidence of Appellant's mental, medical and physical history;

2) Whether trial counsel were ineffective for failing to investigate and assert Appellant's incompetence to stand trial; and

3) Whether Appellant has a constitutional right to competence during federal habeas corpus proceedings and, if so, whether that constitutional right was violated.

(Docket Entry #351). On appeal, Paul argued:







(Doc. 16)

1) trial counsel were ineffective for failing to investigate and present evidence of his mental, medical, and physical history;

2) trail counsel were ineffective for failing to investigate and assert his incompetence to stand trial;

3) federal law guaranteeing meaningful access to the courts requires that a prisoner challenging a capital conviction and sentence be mentally competent during habeas corpus proceedings and that guarantee was violated in his case;

4) his right to due process of law was violated when key government witnesses clandestinely received cash rewards after the jury was told no such rewards would be forthcoming; and

5) improper *ex parte* communications between the government and the district court warranted assignment of a different judge pursuant to 28 U.S.C. § 2106.

The Eighth Circuit affirmed the Court's denial of Paul's petition on July 22, 2008. *Paul v. United States*, 534 F.3d 832 (8th Cir.2008). Paul then sought a *writ of certiorari* which was denied on October 5, 2009. *Paul v. United States*, 130 S.Ct. 51, 175 L.Ed.2d 43, 78 USLW 3171(2009).

On February 7, 2013, Paul, *pro se*, filed another Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the





(Doc. 17)

§ 2255 Motion). (Docket Entry # 362). In his § 2255 Motion,

Paul sought relief based on:

1) His actual innocence;

2) His sentence is unfair because his co-defendant was given a life sentence; and

3) Prosecutorial Misconduct.

The United States filed its response on March 8, 2013. (Docket Entry # 365).

Thereafter, Paul began a flurry of *pro se* filings which included among others:

1) Motions for Order (Docket Entry # 366 and 370) in which he again raised issues of wrongful conviction and his co-defendant's conviction as defenses to his own sentence;

2) Motion for Effective Assistance, (Docket Entry # 367) and Motion for Effective Assistance of Counsel (Docket Entry # 371), in which he argued, amongst others, issues raised in his appeal, first § 2255 Motion and his then current pending second § 2255 motion;

3) Motion for Order of Estoppel of Criminal Complaint, (Docket Entry # 368) wherein he again raised issues of the alleged illegality of his conviction;

4) Motion for Due Process (Docket Entry # 375) claiming a right to certify an "exonerating affidavit"; and





(Doc. 18)

5) Motions for Emergency Injunctive Relief, (Docket Entry # 378, 379, and 380), in which Paul requested his wife be taken into custody and claimed that he would produce evidence of actual innocence and claiming in Docket Entry # 379 that his co-defendant gave an affidavit exonerating him from the crime for which he was convicted.

Each of Paul's motions were denied by the Court on June 17, 2013. (Docket Entry # 381). That same day, the magistrate judge issued his report and recommendation on Paul's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and recommended the motion be denied. (Docket Entry # 382).

Paul then began another round of filings by first filing another *pro se* motion to vacate on June 27, 2013, claiming, among other issues, that he was under the age of 18 at the time of his conviction and that pursuant to *Roper v. Simmons*, 543 U.S. 551 (2005), minors are not competent to face the death penalty because it is cruel and excessive punishment. (Docket Entry # 383)

Next Paul filed a *pro se* Motion for Immediate Relief (Docket Entry # 384) and *pro se* Motion for Relief (Docket Entry # 385) claiming he was under age and not eligible for conviction under 18 U.S.C. § 1111 and requested a hearing on the issue (Docket Entry # 386).

Thereafter, Paul filed a *pro se* motion to amend in which he set forth his equations which the court should have used to properly determine his age at the time of the murder. (Docket Entry # 388).

On July 22, 2013, the magistrate issued his report and recommendation regarding Paul's Motion to Vacate (Docket Entry # 383), Motion for Immediate Relief (Docket Entry # 384), Motion for Relief (Docket Entry # 385), Motion for Hearing (Docket Entry # 387), and Motion to Amend (Docket Entry # 388), recommending these be denied and recommended the Clerk of the court be directed to accept no further *pro se* filings by Paul in this matter until further notice by the district court. (Docket Entry # 390). The magistrate based his recommendation on finding the district court has no obligation to consider Paul's *pro se* filings because he is represented by counsel and has no constitutional or statutory right to simultaneously proceed *pro se* and with benefit of counsel. Paul filed his *pro se* objections to the report and recommendation on July 31, 2013. (Docket Entry # 391).

On August 26, 2013, the district court issued its order adopting the magistrate's report and recommendation *in toto*. (Docket Entry # 392).

Paul now files a *pro se* Motion for Permission to File a Successive 28 U.S.C. § 2255 Petition in which he seeks to file a successive motion attacking his sentence pursuant to 28 U.S.C. § 2255 so he can present new claims for relief based on actual







(Doc 20)

Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h); *Rodgers v. United States*, 229 F.3d 704 (8th Cir. 2000).

Authorization to file a second or successive petition can only be granted where there is a *prima facie* showing that the application satisfies the aforementioned requirements of § 2255(h). *Johnson v. United States*, 720 F.3d 720 (8th Cir.2013). A *prima facie* showing in this context is "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Johnson*, 720 F.3d at 720 (citations omitted).

In this case, Paul claims newly discovered evidence by way of his codefendant's affidavit exonerates him of guilt in the murder of Mr. Williams. Additionally, Paul contends *Roper v. Simmons*, 543 U.S. 551 (2005), entitles him to pursue a successive collateral attack because it applies retroactively to his case. However, Paul's application is simply insufficient of possible merit to warrant a fuller exploration by the district court and his request to file a successive § 2255 motion should be denied.

B. Exoneration

1. *Timeliness*

Under the AEDPA, a one year period of limitations from the date on which the facts supporting the claim or claims presented could have been discovered through





(Doc. 21)

the exercise of due diligence has been imposed on the filing of motions for collateral relief by prisoners in federal custody. 28 U.S.C. § 2255(f)(4). Paul claims he has received a copy of an affidavit which exonerates him of guilt for aiding and abetting the murder of Mr. Williams. "To be entitled to invoke the statute of limitations contained in Section 2255(f)(4), this Court has said that a petitioner must show the existence of a new fact, while also demonstrating that he acted with diligence to discover the new fact." *Anjulo–Lopez v. United States*, 541 F.3d 814, 817 (8th Cir.2008) (internal quotation marks omitted). Due diligence does not require repeated exercises in futility or exhaustion of every imaginable option, but it does require " reasonable efforts." *Id.* at 818.

The new evidence Paul relies on consists of an unauthenticated declaration purported to have been made by his codefendant Trinity Ingle. This declaration is dated February 11, 2005. Paul states he received the declaration on approximately July 14, 2013. However, Paul's assertion does not in itself demonstrate he acted with diligence to discover the declaration or that this declaration could not have been presented sooner. Furthermore, nothing contained in the affidavit could be considered new as Paul and Ingle were codefendants. Thus, Paul knew or should have known Ingle could have offered such exculpatory testimony as to his role in the murder of Mr. Williams prior to his trial. Therefore, his claim is untimely.





Doc. 22

2. *New-Found Evidence, Standing Alone, Does Not Implicate a Constitutional Violation Warranting Habeas Relief*

Paul wants to raise a claim of actual innocence in a success federal habeas proceeding. The Supreme Court has recognized that a showing of actual innocence may be a gateway to get past a procedural default in order for a court to consider a claim on the merits. This is because procedurally barring a claim that establishes actual innocence is considered a fundamental miscarriage of justice. *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir.2005) (*citing Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also Clayton v. Roper*, 515 F.3d 784, 793 (8th Cir.2008); *Burton v. Dormire*, 295 F.3d 839, 848 (8th Cir.2002); *Meadows v. Delo*, 99 F.3d 280, 283 (8th Cir.1996). Chief Justice Warren made this clear in *Townsend v. Sain*, 372 U.S. 293, 317 (1963):

> "Where newly discovered evidence is alleged in a habeas application, evidence which could not reasonably have been presented to the state trier of facts, the federal court must grant an evidentiary hearing. Of course, such evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly





(Doc. 28)

discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus."

As the Court in Herrera stated, "[t]his rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution-not to correct errors of fact." *Herrera*, 506 U.S. at 400 (citations omitted). "Few rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence." *Id.* at 401. Because freestanding claims of actual innocence are not properly considered by a federal habeas court, a claim of actual innocence is not proper in this instance.

Notwithstanding the statement that claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation, the Supreme Court in *Herrera* left open the question whether freestanding innocence claims are cognizable under federal law. *See Herrera*, 506 U.S. at 417. There the Court stated:

> We may assume, for the sake of argument in deciding this case, that in a capital case a truly persuasive demonstration of "actual innocence" made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim. But because of the very disruptive effect that entertaining claims of actual innocence would have on the need for finality in capital cases, and the enormous burden that having to retry cases based on often stale evidence would place on the States, the threshold





(Doc. 24)

> showing for such an assumed right would necessarily be extraordinarily high. The showing made by petitioner in this case falls short of any such threshold.

*Herrera*, 506 U.S. at 417. Thus, while the Supreme Court has not affirmatively decided whether a persuasive demonstration of actual innocence after trial would render unconstitutional a conviction and sentence that is otherwise free of constitutional error, the Supreme Court has established, however, that the threshold for any such claim, if it were recognized, would be "extraordinarily high." *Id.*

In subsequent cases to *Herrera*, the Supreme Court has held "that prisoners asserting innocence as a gateway to default claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' " *House v. Bell*, 547 U.S. 518, 536-37 (2006) (*quoting Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This Court has stated a petitioner must satisfy a two-part test: 1) allegations of constitutional error must be supported with new reliable evidence that was not presented at trial and 2) petitioner must establish that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. *Bowman v. Gammon*, 85 F.3d 1339, 1346 (8th Cir.1996) (internal quotations omitted) As discussed below, Paul's claim of actual innocence based on his codefendant's unauthenticated declaration does not meet the standard adopted by the Supreme Court in *Schlup* and reiterated in *House*,

or that required by this Court, much less does it meet the "extraordinarily high" threshold of affirmative proof required to establish a successful freestanding claim of actual innocence as suggested in *Herrera*.

Paul's piece of new evidence is an unauthenticated declaration by Trinity Ingle which he alleges exonerates him of aiding and abetting the murder of Mr. Williams. Ingle and Paul were codefendant's who were tried separately. "Experience has shown, however, that such affidavits are to be treated with a fair degree of skepticism." *Herrera*, 506 U.S. at 424. Ingle was found guilty of aiding and abetting the murder of Mr. Williams and given a life sentence. *United States v. Ingle*, 157 F.3d 1147, 1149 (8th Cir.1998). Since Ingle has already been found guilty in Mr. William's murder, he faces no adverse consequences, under the protection against double jeopardy, as the result of any admission to the greater role in the murder.

Clearly the factual predicate of the claim, i.e. the murder was committed by Ingle with no involvement by Paul, could have been discovered previously. Paul himself would have been the obvious source of this information. Assuming he did not point the finger at Ingle himself, the fact remains Ingle was a codefendant, so his physical participation in the murder was known by defense counsel prior to trial. Also, the purported declaration does not explain the strong testimony of several of Paul's acquaintances that he confessed to his involvement in the crime along with

corroborating testimony by other witnesses. Additionally, the declaration fails to square with the jury's finding that Paul was more culpable than Ingle, because there was evidence that Paul and not Ingle shot Williams. Paul cannot possibly satisfy his burden of showing Ingle's declaration purporting to exonerate him of guilt is reliable or is of such convincing evidence that no reasonable factfinder could have found him guilty.

Paul's new evidence fails to demonstrate or substantiate a reasonable belief he is actually innocent under *Herrera*. A positive determination of actual innocence is rare and limited. *Herrera*, 506 U.S. at 404. The burden of proof is exceptionally high and permits only "truly persuasive demonstrations of actual innocence." *Id.* at 426-27. Which, in this case, Paul has failed to demonstrate and, therefore, the Court should deny his request to file a successive motion on his claim of actual innocence.

C. *Age*

Additionally, Paul asserts a claim that he is actually innocent of the death penalty based on the assertion that he was only 17 years, 9 months, and 27 days old on the date he aided and abetted in the murder of Mr. Williams. Paul seeks permission to file his successive motion under § 2255 based on the retroactive effect of *Roper v. Simmons*, 543 U.S. 551 (2005), which bars the execution of juvenile offenders. However, Paul's claim is procedurally defaulted and he has, otherwise, failed to

Fourteenth Amendments forbid imposition of the death penalty on offenders who were under the age of 18 when their crimes were committed. *Roper v. Simmons*, 543 U.S. 551, 568 (2005). Thus, a juvenile offender is actually innocent of the death penalty and in order to prevail Paul "must show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found [him] eligible for the death penalty under applicable [federal] law." *Sawyer v. Whitley*, 505 U.S. 333, 336 (1992).

"Under the *Sawyer* standard, [Paul] must show that by clear and convincing evidence that but for the constitutional error, no reasonable juror would have found him eligible for the death penalty under [Federal] law." *Nave v. Delo*, 62 F.3d 1024, 1032 (8th Cir.1995), *cert. denied*, 517 U.S. 1214, 116 S.Ct. 1837, 134 L.Ed.2d 940 (1996). Paul can "succeed on his claim only 'by showing no aggravating circumstance existed, or by showing some other condition of eligibility was not met. Additional mitigating evidence does not satisfy the standard.' " Id. at 1033 (*quoting Shaw v. Delo*, 971 F.2d 181, 186 (8th Cir.1992), *cert. denied*, 507 U.S. 927, 113 S.Ct. 1301, 122 L.Ed.2d 690 (1993)).

In this case, Paul is unable to rely on *Roper* to support his claim because he was 18 years of age at the time he aided and abetted in the murder of Mr. Williams. Despite Paul's suggested calculation of his age, this Court recognized during Paul's

original appeal in this case that his birth certificate was offered into evidence during the penalty phase and that birth certificate established Paul was 18 years old at the time of the murder. *United States v. Paul*, 217 F.3d 989, 1000 (8th Cir.2000). "At the sentencing phase of trial, the defense introduced Appellant's birth certificate, indicating that he was born on September 2, 1976. T. 978, DE 1. Thus, at the time of the offense, on June 22, 1995, Mr. Paul was eighteen years old." Brief of Appellant at 51, *Paul*, 217 F.3d 989 (No. 98-3497).

Therefore, Paul is unable to demonstrate he was ineligible for the death penalty based on his age.

## CONCLUSION

For the reasons and authorities cited herein this Court should deny Paul's Motion for Permission to File a Successive 28 U.S.C. § 2255 Petition and dismiss this case.

Respectfully submitted,

CONNER ELDRIDGE
UNITED STATES ATTORNEY

By: /s/ Steven N. Snyder

Steven N. Snyder
Assistant U. S. Attorney
Ark. Bar Number 72101
414 Parker Avenue
Fort Smith, AR 72902
(479) 783-5125 / fax: (479) 441-0578

CERTIFICATE OF SERVICE

I, Steven N. Snyder, Assistant U.S. Attorney for the Western District of Arkansas, hereby certify that a true and correct copy of the foregoing response to petitioner's Motion for Permission to File a Successive 28 U.S.C. § 2255 Petition was mailed this 25th day of September, 2013 to:

Jeffery William Paul
Register No. 10517-042
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

/s/ Steven N. Snyder
Steven N. Snyder
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JEFFERY WILLIAM PAUL, )
Petitioner, )
v. ) Case No. 2:13-cv-304-WTL-WGH
SUPERINTENDENT, )
Respondent. )

IS this my Habeas? USC cite? 1/31/14

**ENTRY**

**I.**

The petitioner shall have **through February 14, 2014,** in which to either pay the $5.00 filing fee for this action or demonstrate his financial inability to do so.

**II.**

The petitioner's motion for summary judgment [dkt. 3] and motion to amend [dkt. 4] are **denied** as inapt to the orderly development of case.

**IT IS SO ORDERED.**

Date: 01/29/2014

William T. Lawrence
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffery William Paul
No. 10517-042
Terre Haute-USP
Terre Haute U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

(Doc-31)

THE OFFICE OF THE
CLERK OF THE U.S. DISTRICT COURT
921 OHIO STREET
ROOM 104
TERRE HAUTE, IN 47807

OFFICIAL BUSINESS

Title 28 (in forma pauperis)
§1914, §1915

(60%)

(2) Cause, disposition
(3) Remedy for Dismissal
(4) cure default...

$0.48
US POSTAGE
FIRST-CLASS
062S0007939932
47807

350440.05

( 2:13-cv- 304 )
JEFFERY WILLIAM PAUL
10517-042
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE IN 47808

47808003333

(Doc. 32)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| JEFFERY WILLIAM PAUL, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 2:13-cv-304-WTL-WGH |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY**

A court may, in the exercise of its discretion, revise any non-final order "at any time before the entry of a judgment adjudicating all the claims . . . ." Fed. R. Civ. P. 54(b); *see also Galvan v. Norberg*, 678 F.3d 582, 587 and n.3 (7th Cir. 2012). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence," and should not "serve as the occasion to tender new legal theories for the first time." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665–66 (N.D.Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)).

This is an action for habeas corpus relief brought by an inmate confined in this District. It appears that the petitioner is entitled to representation in this action pursuant to 18 U.S.C. § 3599, although that appointment has not yet been made. The action has proceeded and will continue to be governed by 28 U.S.C. § 2243, which requires the court "to dispose of the matter as law and justice require."

The rulings to which the motion to reconsider refers were appropriate. The motion to reconsider conflates and many procedures and concepts, some of which may ultimately become

(Doc. 71, case ii) Appeals (Doc. 33)

pertinent in this case, but at present they are not. The motion to reconsider [dkt. 7] is **denied.** The request to proceed *in forma pauperis* [dkt. 7] is **granted**.

**IT IS SO ORDERED.**

Date: 02/27/2014

William T. Lawrence

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffery William Paul
No. 10517-042
Terre Haute U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

(Dec 7th circuit) Appeals (Doc. 34) (9.)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| JEFFERY WILLIAM PAUL, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 2:13-cv-304-WTL-WGH |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY**

The issuance of a default judgment in an action for a writ of habeas corpus is rarely warranted. *See Bleitner v. Welborn,* 15 F.3d 652 (7th Cir. 1994). This case is no exception to the general rule. Furthermore, the respondent has not yet been directed to respond to petitioner's petition. Accordingly, the respondent is not in default and the petitioner's motion for default judgment [11] is **denied.** Discovery has not been authorized in this action. The petitioner's motion for discovery [dkt. 11] is also **denied.**

Damages are not available in an action for habeas corpus relief. *See Nelson v. Campbell,* 541 U.S. 637, 646 (2004) (noting that "damages are not an available habeas remedy"), and *Wilkinson v. Dotson,* 544 U.S. 74, 78–82 (2005) (summarizing the distinctions between 42 U.S.C. § 1983 and habeas actions). Accordingly, the petitioner's request for damages [dkt. 11] is **denied.**

**IT IS SO ORDERED.**

Date: 03/13/2014

William T. Lawrence

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

(Doc. 35)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| JEFFERY WILLIAM PAUL, Petitioner, | ) | |
| v. | ) | Case No. 2:13-cv-304-WTL-WGH |
| SUPERINTENDENT, Respondent. | ) | |

**ENTRY**

The respondent need not respond to the habeas petition unless ordered by the court to do so at some future point. However, the respondent is requested to **appear** by counsel in the case as promptly as possible.

**IT IS SO ORDERED.**

Date: 03/13/2014

William T. Lawrence

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Office of the United States Attorney
10 West Market Street Suite 2100
Indianapolis, IN 46204-3048

Jeffery William Paul
No. 10517-042
Terre Haute U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

(Doc 36)

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

---

No: 13-2987

---

Jeffery William Paul

Petitioner

v.

United States of America

Respondent

---

Appeal from U.S. District Court for the Western District of Arkansas - Hot Springs

---

## JUDGMENT

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

The petition for authorization to file a successive habeas application in the district court is denied.

The mandate shall issue forthwith.

October 01, 2013

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.

---

/s/ Michael E. Gans

(Doc. 37)

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

No: 13-2987

Jeffery William Paul

Petitioner

v.

United States of America

Respondent

---

Appeal from U.S. District Court for the Western District of Arkansas - Hot Springs

---

## MANDATE

In accordance with the judgment of 10/01/2013, and pursuant to the provisions of Federal Rule of Appellate Procedure 41(a), the formal mandate is hereby issued in the above-styled matter.

October 01, 2013

Clerk, U.S. Court of Appeals, Eighth Circuit

(Doc. 38)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: Attorney At law
MS. Jennifer A. Merrigan;
Delaware Federal Defender
800 King St., Suite #200
Wilmington, DE. 19801

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Shannon Coen ☐ Agent ☐ Addressee

B. Received by (Printed Name) Shannon Coen
C. Date of Delivery 1/31

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7012 1010 0002 9139 9942

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
officer in Charge
Federal Bureau of Investigation
8825 Nelson B Klein Pkwy
Indianapolis, IN. 46250

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Deb Bryant ☒ Agent ☐ Addressee

B. Received by (Printed Name) Deb Bryant
C. Date of Delivery 2-12-14

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☒ Yes

2. Article Number (Transfer from service label) 7012 1010 0002 9139 9935

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

(Doc-39)

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Court Clerk, USDC WD/AR
John Paul Hammerschmidt Fed. Bldg.
35 E. Main Street, Rm. 510
Fayetteville, AR 72701-5354

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X [signature] ☒ Agent ☐ Addressee

B. Received by (*Printed Name*) [handwritten name]

C. Date of Delivery 2-18-14

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number
*(Transfer from service label)* 7009 1680 0000 7641 5648

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

---

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

C/o the Clerk of the Court;
8th Circuit; Mr Michael E Gans
U.S. Court of Appeals; 8th circuit
111 S. 10th St.
St. Louis, MO. 63102

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) [handwritten name]

C. Date of Delivery 3-5-14

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number
*(Transfer from service label)* 7012 1010 0002 9137 99fc

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

(Doc. 40)

7012 1010 0002 9139 9935

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

Paul 10517-042

| | |
|---|---|
| Postage | $ 1.47 |
| Certified Fee | $3.10 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.90 |

Postmark Here

Sent To: officer in charge; FBI
Street, Apt. No.; or PO Box No.: 8825 Nelson B Klein PKWY
City, State, ZIP+4: Indianapolis, IN. 46250

PS Form 3800, August 2006 See Reverse for Instructions

7009 1680 0000 7041 9648

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

PAUL # 10517-042 SCW

| | |
|---|---|
| Postage | $ 1.84 |
| Certified Fee | 3.30 |
| Return Receipt Fee (Endorsement Required) | 2.70 |
| Restricted Delivery Fee (Endorsement Required) | N/A |
| Total Postage & Fees | $ 7.84 |

Postmark Here

Sent To: US District Court / J.P.H. Federal Building
Street, Apt. No.; or PO Box No.: 35 E. Mtn Street, Room 510
City, State, ZIP+4: Fayetteville, AR. 72701-5354

PS Form 3800, August 2006 See Reverse for Instructions

7012 1010 0002 9139 9980

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

Paul 10517-042

| | |
|---|---|
| Postage | $2.45 |
| Certified Fee | $3.10 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $5.88 |

Postmark Here

Sent To: % The Clerk; 8th Cir. Court, Mr. Michael Gans
Street, Apt. No.; or PO Box No.: 111 S. 10th St.
City, State, ZIP+4: St. Louis, Mo. 63102

PS Form 3800, August 2006 See Reverse for Instructions

7009 1680 0000 7041 9655

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

Paul 10517-042

| | |
|---|---|
| Postage | $ 3.43 |
| Certified Fee | 3.10 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.86 |

Postmark Here

Sent To: % The Clerk; 7th Cir. Court of Appeals
Street, Apt. No.; or PO Box No.: Fed. Bldg. 219 S. Dearborn St. Rm 2722
City, State, ZIP+4: Chicago IL 60604

PS Form 3800, August 2006 See Reverse for Instructions

(Doc. 41)

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

**CASE NO. 98-3497**

**UNITED STATES OF AMERICA,**
Plaintiff/Appellee,

-vs-

**JEFFERY WILLIAM PAUL,**
Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**BRIEF OF APPELLANT**

**ORAL ARGUMENT REQUESTED**

**ROBERT L. MCGLASSON**
Attorney at Law
1024 Clairemont Ave.
Decatur, Georgia 30030
Telephone: (404) 373-9334
Facsimile: (404) 373-9338

**STEVEN D. OLIVER**
Bachelor, Newell & Oliver
P.O. Box 1620
Hot Springs, Arkansas 71913
Telephone: (501) 321-2222
Facsimile: (501) 624-0533

**ATTORNEYS FOR APPELLANT**

(Doc. 42)

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

NO. 05-3431

UNITED STATES OF AMERICA,

Plaintiff/Appellee,

v.

JEFFERY WILLIAM PAUL,

Defendant/Appellant.

# APPELLANT'S BRIEF

Respectfully submitted,

SEAN D. O'BRIEN, #30116
JENNIFER A. MERRIGAN, #56733
305 East 63rd Street
Kansas City, Missouri 64113
816-363-2795 • Fax: 816-363-2799

ROBERT L. MCGLASSON
Georgia Bar No. 492638
1024 Clairemont Ave.
Decatur, GA 30030
404-314-7664 • Fax: 404-373-9338

*Attorneys for Appellant*

(Doc. 43)

**Jeffery William Paul, Appellant, v. United States of America, Appellee.**
**UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT**
**534 F.3d 832; 2008 U.S. App. LEXIS 15571**
**No. 05-3431**
**December 10, 2007, Submitted**
**July 22, 2008, Filed**

**Editorial Information: Subsequent History**

US Supreme Court certiorari denied by Paul v. United States, 558 U.S. 828, 130 S. Ct. 51, 175 L. Ed. 2d 43, 2009 U.S. LEXIS 5457 (2009)

**Editorial Information: Prior History**

Appeal from the United States District Court for the Western District of Arkansas. 6:96-cr-60022. Jimm Larry Hendren, U.S. District Judge.United States v. Paul, 217 F.3d 989, 2000 U.S. App. LEXIS 14636 (8th Cir. Ark., 2000)

**Counsel** For **Jeffery William Paul**, Petitioner - Appellant: Robert L. McGlasson, Decatur, GA; Sean O'Brien, Jennifer A. Merrigan, PUBLIC INTEREST LITIGATION CLINIC, Kansas City, MO.

For **Jeffery William Paul**, Petitioner - Appellant, Pro se, Terre Haute, IN.

For United States of America, Respondent - Appellee: Richard Broughton, Margaret P. Griffey, U.S. DEPARTMENT OF JUSTICE, Criminal Division, Washington, DC; William M. Cromwell, Steven Northup Snyder, Sr., Assistant U.S. Attorney, U.S. ATTORNEY'S OFFICE, Western District of Arkansas, Fort Smith, AR.

**Judges:** Before COLLOTON, BEAM, and BENTON, Circuit Judges.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendant appealed from the U.S. District Court for the Western District of Arkansas where a jury convicted defendant of murder and other crimes. The jury sentenced defendant to death under the Federal Death Penalty Act, 18 U.S.C.S. § 3591. Defendant, in the instant proceeding, moved for habeas relief alleging a violation of his Sixth Amendment right to effective assistance of counsel.Defendant's ineffective assistance claims failed and because the district court received written and verbal communications from defendant as well as pretrial reports about defendant's competence, the district court had a sufficient basis for its finding that defendant was competent regarding his habeas action.

**OVERVIEW:** The district court concluded that counsel was not ineffective for declining to present a history of false admissions by defendant. The appellate court held that there was no reasonable probability that a jury would have acquitted defendant of capital murder if counsel had presented that history. The court next analyzed defendant's claim that he was mentally incompetent. Defendant had



© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(Doc. 44)

been examined by mental health professionals prior to trial, and he was found competent by doctors. Defendant's counsel cited a subsequent suicide attempt, and a different physician's "firm impression" from a telephone conference that defendant was thereafter experiencing a serious mental illness, as evidence of a change in circumstances. But after these events, the court received written communications directly from defendant and spoke directly with defendant during a video conference. These interactions, together with the pretrial reports about defendant's competence, gave the court a sufficient basis for its finding that defendant was fully lucid and fully capable of making decisions about his habeas corpus action. The district court's finding was adequately supported.

**OUTCOME:** The judgment of the district court was affirmed.

**LexisNexis Headnotes**

***Criminal Law & Procedure > Counsel > Effective Assistance > Tests***

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance is deficient, and that he suffers prejudice as a result. To show prejudice, a defendant must demonstrate a reasonable probability that the outcome would have been different but for the deficient performance. A reasonable probability is less than more likely than not, but it is more than a possibility. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

***Criminal Law & Procedure > Pretrial Motions > Competency to Stand Trial***
***Criminal Law & Procedure > Defenses > Insanity > General Overview***

In order to have been convicted and sentenced, a petitioner must have been judged competent to stand trial, or his competency must have been sufficiently clear as not to raise a serious question for the trial court. The state therefore may properly presume that petitioner remains sane at the time sentence is to be carried out, and may require a substantial threshold showing of insanity merely to trigger the hearing process.

***Criminal Law & Procedure > Pretrial Motions > Competency to Stand Trial***

Mental competence ultimately is an issue for the court, and it is not inappropriate for the court to consider its own observations of the petitioner, and even to disagree with experts on mental functioning where warranted.

**Opinion**

**Opinion by:** COLLOTON

**Opinion**

{534 F.3d 834} COLLOTON, Circuit Judge.

A jury convicted Jeffery William Paul of murder, while aiding and abetting another, in violation of 18 U.S.C. §§ 2 and 1111(a), and for knowing use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924. The jury sentenced Paul to death under the Federal Death



© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(Doc. 45)

Penalty Act, 18 U.S.C. §§ 3591, *et seq.* This court affirmed Paul's conviction and sentence. *United States v. Paul*, 217 F.3d 989 (8th Cir. 2000).

Paul then moved for a writ of habeas corpus under 28 U.S.C. § 2255, arguing, among other things, that he was denied his Sixth Amendment right to effective assistance of counsel at trial and sentencing. The district court 1 denied relief without a hearing, and denied Paul's application for a certificate of appealability. A panel of this court granted a certificate on two questions relating to the assistance of counsel: (1) whether trial counsel were ineffective for failing to investigate and present evidence of Appellant's mental, medical, and physical history, and (2) whether trial counsel were ineffective for failing to investigate and assert Appellant's incompetence to stand trial. On appeal, Paul also contends that he was mentally incompetent to proceed in the district court during {534 F.3d 835} this habeas corpus action. This court granted a certificate of appealability on the question whether Appellant has a constitutional right to competence during federal habeas corpus proceedings and, if so, whether that constitutional right was violated. For the reasons that follow, we affirm the district court's denial of Paul's § 2255 motion.

I.

Paul was convicted of murder, while aiding and abetting another, for the killing of 82-year-old Sherman Williams at the Hot Springs National Park in Arkansas. 2 According to evidence adduced at trial, on June 22, 1995, Paul and an acquaintance, Trinity Ingle, followed Williams from downtown Hot Springs to a walking trail in the National Park, where they first robbed and beat Williams, and then shot him in the head and shoulder. Paul and Ingle attempted to hide the body by dragging it away from the trail. Four days later, a hiker found Williams's body under logs and rocks, with hands and ankles bound by duct tape. A medical examiner testified that Williams suffered gunshot wounds to the head and chest, and that the wound to the head caused his death. Williams's vehicle was found in a remote area of the park, and Ingle's latent fingerprint was recovered from inside the car.

As explained in our opinion resolving Paul's direct appeal, several of Paul's acquaintances testified that he confessed to involvement in the murder. Kris Rogers testified that Paul admitted that he and Ingle had killed an old man in the park after beating him and kicking him in the head. According to Rogers, Paul stated that he and Ingle both shot Williams before dragging the body into the woods. Christine Capaglia testified that Paul told her that he had killed someone when he kicked him and broke his neck. Cindy Wallace testified that Paul had a recurring dream about following an old man, taking his money, beating him severely, and then shooting him in the head. Dan Coughlin testified that Paul admitted that he and another man had robbed an old man, and then shot and killed him. Paul's older brother testified that Paul and Ingle had picked him up on the afternoon of Williams's murder in a vehicle that matched the description of Williams's stolen car. *See Paul*, 217 F.3d at 995. Rebecca Pingle testified that she saw Paul on the day of the killing and that Paul "was limping." Paul told Kris Rogers the day after Williams was killed that "his foot hurt." And after admitting to Rogers that he had been involved in Williams's killing, Paul showed Rogers his shoe, "which looked like it had been splattered with blood."

Paul left Arkansas shortly after the murder, and he was eventually apprehended in South Carolina in August 1996. After his arrest, Paul confessed to participating in Williams's murder, but denied shooting Williams himself. Paul stated that after he and Ingle followed Williams into the federal park, Ingle drew a .38 caliber revolver from his waist and pointed it at Williams, demanding Williams's money and car keys. According to Paul's post-arrest statement, Ingle instructed Paul to bind Williams's wrists and ankles using duct tape, after which Ingle struck Williams using the butt of his gun and then kicked Williams twice in the head, while Paul kicked him once in the chest. Paul stated in the interview that he started {534 F.3d 836} to leave the scene when Ingle said that he was not



© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement

(Doc. 46)

going to do prison time for the robbery. Paul said the two men turned and walked back to Williams, where Ingle shot him twice. Paul explained that he and Ingle then dragged the body approximately thirty feet off the hiking trail, and that Paul hid the victim's wallet under some rocks. Ingle was convicted in a separate trial for aiding and abetting first degree murder and use of a firearm during and in relation to a crime of violence. He was sentenced to life imprisonment. *See United States v. Ingle*, 157 F.3d 1147 (8th Cir. 1998).

Paul's trial counsel presented no witnesses during the guilt phase of proceedings, and relied on cross-examination of prosecution witnesses to develop evidence in support of a defense. During the penalty phase, Paul's counsel presented testimony from Paul's mother, Paula Paul, and an audio recording of Ingle, created surreptitiously by the government, in which Ingle made statements to a cellmate that arguably supported Paul's mitigation case. 3 After a short deliberation, the jury decided to impose a sentence of death.

Paul filed his § 2255 motion, spanning 340 pages, on January 30, 2002. The district court denied relief on January 31, 2005. With respect to alleged ineffective assistance of counsel regarding investigation of Paul's personal history, the district court, citing *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), held that Paul's allegations were insufficient to allow an assessment of potential prejudice to the defense, because he had failed to identify the conjectural witnesses and the substance of their testimony. Alternatively, the court found no basis to conclude that the evidence discussed generally by Paul likely would have changed the result of the trial, because the proposed testimony would have been "cumulative at best." The court observed that the jury unanimously found four mitigating factors, that eight jurors found a fifth mitigating factor, and that the jury thus apparently accepted the mitigation testimony of Paul's mother. As for counsel's assistance on the issue of Paul's competency, the court ruled that trial counsel was sufficiently diligent, and that it was highly unlikely that the court would have ordered another competency hearing if counsel had requested it. In response to this order, Paul filed a motion to reconsider or to vacate the order, pursuant to Federal Rule of Civil Procedure 59(e) and 60(b), and submitted witness declarations to support his claim of ineffective assistance of counsel. The district court denied the motion, concluding that the arguments and affidavits raised issues that were previously addressed, and did not alter the court's conclusions. (A 1995).

II.

The first issue identified in the certificate of appealability is whether Paul's constitutional right to effective assistance of counsel was violated when his attorneys failed to investigate and present evidence of Paul's mental, medical, and physical history. Paul argues that counsel's failure in this respect prejudiced him at both the guilt and penalty phases of the trial.

No Investigator

To establish ineffective assistance of counsel, Paul must show that his counsel's performance was deficient, and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To show prejudice, Paul must demonstrate a [534 F.3d 837] reasonable probability that the outcome would have been different but for the deficient performance. *Malcom v. Houston*, 518 F.3d 624, 626 (8th Cir. 2008). A reasonable probability is less than "more likely than not," *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S. Ct. 1555, 131 L. Ed. 2d 490 (1995), but it is more than a possibility. *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Paul argues that counsel failed to interview and present prospective witnesses who could have strengthened his case at both phases of the trial. He points to several declarations gathered from these witnesses by post-conviction counsel to demonstrate that favorable evidence could have been



© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(Doc. 47)

presented on his behalf. Paul contends that if this evidence had been submitted to the jury, there is a reasonable probability that the jury would have acquitted him of capital murder or imposed a sentence of life imprisonment rather than death.

The government defends the professional competence of Paul's trial counsel, emphasizing that counsel spent several months preparing for trial, hired a mitigation specialist to compile background materials and to locate witnesses, requested additional funds (albeit unsuccessfully) when the specialist exhausted what was authorized by the district court, sought psychiatric experts to examine Paul, presented a mitigation case through Paul's mother and the tape-recording of Ingle, and succeeded in persuading many jurors to find several mitigating circumstances. The government also proffers strategic reasons why counsel may have limited their mitigation case to one live witness, pointing to Paul's disruptive behavior in the courtroom, and the potential that extending the trial in that situation would have caused the jury to react unfavorably to Paul. Indeed, the mitigation specialist declared that she learned that the defense chose not to present an extended mitigation case "because of Jeffs behavior in the court room." (A 2246).

The district court, however, rejected Paul's claims of ineffective assistance of counsel without a hearing, and the record is not developed concerning counsel's contemporaneous rationale for the actions that Paul now challenges. There appears to be a disagreement among the circuits on whether the reasonableness of counsel's performance may be assessed solely by reference to strategy that a hypothetical attorney might have pursued under the circumstances, without any inquiry as to counsel's actual strategy, *see, e.g., Cofske v. United States*, 290 F.3d 437, 444 (1st Cir. 2002); *Chandler v. United States*, 218 F.3d 1305, 1315 & nn. 16 & 17 (11th Cir. 2000); *Bonin v. Calderon*, 59 F.3d 815, 838 (9th Cir. 1995), or whether the petitioner is entitled to inquire into whether his counsel actually employed a purposeful strategy before a decision is reached on the adequacy of performance, *see Thomas v. Varner*, 428 F.3d 491, 499-500 & nn.7 & 8 (3d Cir. 2005); *Greiner v. Wells*, 417 F.3d 305, 320 & n.17 (2d Cir. 2005). Our court has said that where trial counsel is unable to recall or explain the reasons underlying a decision at trial, we will examine counsel's "trial tactics and strategy as revealed by the state court record," and we have held counsel's performance competent in that situation where we could "readily reconstruct at least two strategic reasons why counsel may have made this decision." *Fretwell v. Norris*, 133 F.3d 621, 624, 627 (8th Cir. 1998). But we have located no circuit precedent that directly addresses how the court should evaluate counsel's performance in the absence of an evidentiary hearing or where counsel admits that a particular decision was negligent or not (534 F.3d 833) strategic. We deem it unnecessary in this case to delve into these matters, because we conclude the record shows conclusively that Paul did not suffer prejudice from what he now alleges was deficient performance by counsel. *See Hill v. Lockhart*, 474 U.S. 52, 60, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) ("Because petitioner in this case failed to allege the kind of 'prejudice' necessary to satisfy the second half of the *Strickland v. Washington* test, the District Court did not err in declining to hold a hearing on petitioner's ineffective assistance of counsel claim.").

With respect to the guilt phase, Paul argues that further investigation by counsel would have produced witnesses to testify that Paul had a history of exaggerating his "badness," and that trial counsel in 1996 also should have interviewed Paul's accomplice, Ingle, who provided a statement in 2005 that exculpates Paul. Paul argues that the evidence of his tendency to exaggerate, combined with Ingle's acceptance of responsibility for the murder of Williams, would have persuaded the jury to disbelieve Paul's admissions to several persons that he participated in the murder.

To support this claim, Paul presents a declaration from Richard McCaslin, a boyhood friend of Paul, who recounts that Paul once "made up a story about shooting a kid at a shopping mall, but it never happened." (A 2257). Paul cites a report of psychiatrist Seymour Halleck that when Paul was

Judge S/Barnes tell me to Shut up!! they're lying obstr. cross / Denied to call witnesses

T.D.! they didn't believe that Trent Shot Sabatino!



© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(Doc. 48)

hospitalized at the Rivendell Psychiatric Hospital, he once reported to a counselor "that he had killed somebody," although "[t]his never happened." (A 2313). And he relies on a declaration of Michael Roberson, who knew Paul as a youth, that it "makes sense that Jeff tended to exaggerate his `badness' to gain status with his peers, as he had learned this from [his father], who was not a true master at much except the art of lying and living a lie." (A 2293). The Ingle declaration from 2005 asserts that Paul tried to convince Ingle to leave the park before Williams was killed, and avers that Ingle alone shot Williams while Paul yelled at him to stop. (A 2254).

The district court concluded that Paul's contention that counsel was ineffective in declining to present a history of false admissions by Paul was "strained at best," and we conclude there is no reasonable probability that a jury would have acquitted Paul of capital murder if counsel had taken these additional steps. Paul's trial counsel already elicited evidence - from the same witnesses who reported Paul's admissions about the Williams murder - that Paul had a history of concocting stories. Christine LaPaglia testified that she did not believe Paul's admission about the Williams murder. She acknowledged that "he's just known to tell lies,"and said she thought Paul had made up the story "because [they] were breaking up." Cindy Wallace testified that Paul's admission "didn't sound real," and that she had "caught [Paul] several times" telling her things that were not true. Additional testimony that Paul had made up stories many years earlier about his "badness" would have been largely cumulative of evidence already presented, and likely less powerful than testimony already elicited from the very witnesses to whom Paul made admissions about the Williams murder.

The certificate of appealability does not encompass whether counsel were ineffective for failing to contact Ingle, because that matter does not relate to Paul's "mental, medical, and physical history." But even if we were to expand the certificate to consider the point, we do not think there is a reasonable probability that the guilty verdict would have been different if Paul's counsel also had sought to contact Ingle about testifying in Paul's defense. Most {534 F.3d 839} important, Paul provides no reason to believe that, *at the time of Paul's trial in June 1997*, Ingle would have offered to take full responsibility for the murder of Williams and to exculpate Paul. At that point, Ingle had just been convicted and sentenced to life imprisonment. He was about to commence a direct appeal, in which he argued that his conviction should be reversed, and the case remanded for a new trial. *See Ingle*, 157 F.3d 1147. There is scant reason to believe that Ingle, still represented by counsel in his direct appeal, would have waived his rights against self-incrimination and given public testimony that would have ensured his conviction in the event of a new trial. That alone is reason to conclude that Paul suffered no prejudice from counsel's failure to contact Ingle about testifying in Paul's defense. 4

Even if Ingle had testified consistent with his 2005 declaration, moreover, the jury would have had good reason to be skeptical of Ingle's account. Ingle's declaration is inconsistent with statements he made in April 1996 during a recorded conversation with an FBI informant. In that discussion, Ingle used apparent code-names of "Bob" and "Andy" when describing the murder of Williams. *See T. Tr.* 1071. Although some portions of the recording could suggest that Paul was less culpable than Ingle, *see supra*, at 1150 n.2, Ingle's statements clearly indicated that both participants played a role in the murder, to wit: "ANDY and BOB, they, you know, did this for some money, you know?" (T. Tr. 1063); "BOB and ANDY both did this," (T. Tr. 1068) (in response to the question, "Did both of y'all shoot him or just one of y'all?"); "Whenever one did it ... both did it," (T. Tr. 1073); and "whenever BOB [making cocking of gun sounds again], ANDY automatically .... You know, they, they work together." (T. Tr. 1077). In the unlikely event that Ingle had volunteered to testify at Paul's trial, any testimony along the lines of the 2005 declaration could have been impeached substantially by Ingle's recorded statements in 1996. We therefore conclude that Paul has failed to make a sufficient showing to



© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

undermine confidence in the jury's guilty verdict on the capital offense.

Paul also contends that if trial counsel had conducted further investigation and presented additional witnesses at the penalty phase of his trial, then there is a reasonable probability that at least one juror would have voted to impose a sentence of life imprisonment rather than death. Because an evaluation of this contention requires a "predictive judgment" about how jurors would have weighed the totality of the evidence, including the new evidence that Paul now cites, *see Williams v. Taylor*, 529 U.S. 362, 397-98, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000), it is important first to review the record that was created in the trial itself, and the findings made by the jury on that record.

The government presented a strong case on aggravating factors that supported a [534 F.3d 840] 6

Jeff Read Carefully

lost Record

Remainder of this is missing!

Jeffery Paul

Jeffery Paul

3/19/2014



© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(Doc-50)

Coleman 501 U.S. at 750 (3)
Herrera 506 US. at 426-27

185 LED2D 1019, _ US _ McQUIGGIN v. PERKINS

GREG McQUIGGIN, WARDEN, Petitioner

*vs.*

FLOYD PERKINS

**569 US ___, 133 S Ct ___, 185 L Ed 2d 1019, 2013 US LEXIS 4068**

[No. 12-126]

**Argued February 25, 2013.**

**Decided May 28, 2013.**

**DECISION**

Actual innocence, if proved, held to be gateway through which state prisoner petitioning for federal habeas corpus relief might pass, regardless of whether impeded by procedural bar or expiration of 28 U.S.C.S. § 2244(d)(1)'s limitations period.

*Prior history:* 670 F.3d 665, 2012 U.S. App. LEXIS 4160

**SUMMARY**

*Procedural posture:* Respondent state inmate filed a petition for a writ of habeas corpus, seeking federal district court review of his conviction for first-degree murder. The district court dismissed the petition; however, the U.S. Court of Appeals for the Sixth Circuit reversed and remanded. The U.S. Supreme Court granted certiorari to resolve a conflict among the circuits on whether 28 U.S.C.S. § 2244(d)(1) could be overcome by a showing of actual innocence.

*Overview:* The inmate filed a petition for a writ of habeas corpus in 2008, more than eleven years after his conviction for first-degree murder became final, claiming that he was innocent and received ineffective assistance of counsel during his trial, and he submitted three affidavits signed by witnesses that supported his claim. The district court found that even if the affidavits could be characterized as newly discovered evidence, the inmate was not entitled to relief because he



© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement

(Doc. 51)

obtained the last affidavit in 2002 but did not file his petition until 2008. Although the Sixth Circuit found that the inmate's petition was untimely under 28 U.S.C.S. § 2244(d)(1), it held that his claim of actual-innocence allowed him to pursue his habeas petition as if it had been filed on time. The Supreme Court vacated the Sixth Circuit's decision and remanded the case. While the Court rejected the State's argument that habeas petitioners who asserted convincing actual-innocence claims had to prove diligence to cross a federal court's threshold, it found that the Sixth Circuit erred to the extent that it eliminated timing as a factor relevant in evaluating the reliability of the affidavits.

*Outcome:* The Supreme Court vacated the Sixth Circuit's decision and remanded the case. 5-4 Decision; 1 dissent.<*pg. **1020>** <***pg. 10**



© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(Doc. 52)

**GREG McQUIGGIN, WARDEN, Petitioner**

*vs.*

**FLOYD PERKINS**

# 569 US ___, 133 S Ct ___, 185 L Ed 2d 1019, 2013 US LEXIS 4068

[No. 12-126]

**Argued February 25, 2013.**

**Decided May 28, 2013.**

## DECISION

Actual innocence, if proved, held to be gateway through which state prisoner petitioning for federal habeas corpus relief might pass, regardless of whether impeded by procedural bar or expiration of 28 U.S.C.S. § 2244(d)(1)'s limitations period.

*Prior history:* 670 F.3d 665, 2012 U.S. App. LEXIS 4160

## SUMMARY

*Procedural posture:* Respondent state inmate filed a petition for a writ of habeas corpus, seeking federal district court review of his conviction for first-degree murder. The district court dismissed the petition; however, the U.S. Court of Appeals for the Sixth Circuit reversed and remanded. The U.S. Supreme Court granted certiorari to resolve a conflict among the circuits on whether 28 U.S.C.S. § 2244(d)(1) could be overcome by a showing of actual innocence.

*Overview:* The inmate filed a petition for a writ of habeas corpus in 2008, more than eleven years after his conviction for first-degree murder became final, claiming that he was innocent and received ineffective assistance of counsel during his trial, and he submitted three affidavits signed by witnesses that supported his claim. The district court found that even if the affidavits could be characterized as newly discovered evidence, the inmate was not entitled to relief because he



© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



(DOC. 53)

obtained the last affidavit in 2002 but did not file his petition until 2008. Although the Sixth Circuit found that the inmate's petition was untimely under 28 U.S.C.S. § 2244(d)(1), it held that his claim of actual-innocence allowed him to pursue his habeas petition as if it had been filed on time. The Supreme Court vacated the Sixth Circuit's decision and remanded the case. While the Court rejected the State's argument that habeas petitioners who asserted convincing actual-innocence claims had to prove diligence to cross a federal court's threshold, it found that the Sixth Circuit erred to the extent that it eliminated timing as a factor relevant in evaluating the reliability of the affidavits.

*Outcome:* The Supreme Court vacated the Sixth Circuit's decision and remanded the case. 5-4 Decision; 1 dissent.**<*pg. 1020> <*pg. 10**



© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(Doc. 54)

Exibit Page for The 8th Circuit Court of Appeals . . .

(1)

AMENDMENT VI.

**Right to speedy trial, witnesses, etc.**

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

(2)

AMENDMENT I.

**Religious establishment prohibited. Freedom of speech, of press, right to assemble and to petition.**

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

(Doc. 55)

IN THE SEVENTH/7th CIRCUIT COURT OF APPEALS

Jeffery W.Paul
Petitioner

V.
Superintendent
Respondant

-PRO-SE/CAPITAL-CASE

Case No#2:13 cv 304(WTL/WGH)

-IN REM-

-IN THE SOUTHERN DISTRICT OF INDIANA
UNITED STATES DISTRICT COURT-

-Motion for Due Process to Redress a Fundamental Miscarriage of Justice in a CAPITAL CASE-

[- TITLE 28,Ch.153-Habeas Corpus§2241-2255
-Federal Criminal Code(&)Rulebook -

---

-IN REM-

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS,HOT SPRINGS,GARLAND COUNTY

United States of America
Plaintiff

V. Case No#6:96 cr60022-001

Jeffery W.Paul
Defendant

(ct.1)18 U.S.C.§1111(a)
(ct.2)18 U.S.C.§ 924(c)
(ct.3)18 U.S.C.§924(i)(1)
(ct.4)18 U.S.C.§2

-Criminal Complaint;June 22,1995-

-Results,Guilty Cts.1-4-Death By Lethal Injection byway of superseding indictment under NEW LAW/AEDPA 1996-

---

-ON APPEAL IN THE SEVENTH/7th CIRCUIT COURT OF APPEALS FOR THE UNITED STATES OF AMERICA -

-30 Pages with Support/exibits-

IN THE SEVENTH/7th CIRCUIT COURT OF APPEALS

Jeffery W.Paul
Petitioner

Case No#2:13cv304(WTL/WGH)

V.

Superintendent
Respondant

-CAPITAL CASE/PRO SE-

-Motion for Due Process to Remedy a FUNDAMENTAL MISCARRIAGE OF JUSTICE in a CAPITAL CASE-

Comes now the Petitioner Pro-Se does submit this MOTION pursuant to redress a WRONGFUL CONVICTION(via)Title 28,Ch.153,§2241-2255 HABEAS CORPUS,claiming PRIMA FACIE Evidence of My ACTUAL INNOCENCE is Available(&)does constitute Clearly exonerating testimony in a new light-

(1.)Petitioner claims to be unlawfully detained(&)did submit the complaint in The Southern District of Indiana,Pursuant to,Title 28 §2243,Ch.153(HABEAS CORPUS),due process(&)request for remedy byway of ACTUAL INNOCENCE.

(2.)Hon.Judge,Mr.William T.Lawrence does respond but I have a Learning disability(&)raise several issues at a time,mostly relevant to the B.O.P.s refusal to redress grievances accruing injury while I Plea my innocence claims...but,USDC Southern District,refuses to expidite any resolution whatsoever in this case resulting in more than 9years of delays.

(3.)Petitioner re-raised fact that Court is Jurisdictionally appropriate to redress the cruel(&)unusual conditions of confinement(&) austerity that results,causing OBSTRUCTION OF JUSTICE in Pro Se Appellant procedures(&)injury of prolonged wrongful confinement.

(4.)Petitioner erroneously appealed denial to The Eighth/8th Circuit Court of Appeals,(&)does hereby Humbly Request to resubmit the Appeal appropriately in THIS COURTS JURISDICTION,though it be titled to THE OTHER,(&)request Court order Judge to enter his Authoritive recommendation pursuant to redress of this case,upon the evidence submitted (&)authenticated as The Confession of The Perpetrator,which wholly exonerates Petitioner(&)is Consistant with his stated intent during a recorded confession made in 4/3/96 at Van Buren jail,Crawford County ARKANSAS...that recording was used to convict both he(&)I(&)is subject in contention in the appeals I approved(not the one submitted by Councel) which was violative of my Confrontation Clause...Previous to this violation of my Confrontation Clause(&)1st,4th,5th,6th,8th,14th Amendments right to,Article 4§1(&)2,Federal Comity/Equal Protection Clause.

(5.)Please review pages( 1 -15 )which include the Motion to the 8th Circuit(&)respondant Motion from AUSA/Mr.Steven Snyder who attempts to srike action,I respond(&)to date have no response to that but do Move this Court to the Same(&)to ASSERT JURISDICTION,including THE DECLARATION OF TRINITY E.INGLE Pages:A02253-55(&)Cover Letter which are sent(&)declared genuine(&)true.

(6).Petitioner respectfully requests conviction be vacated(&)Court be ordered to assess Petitioners Claim for restitution(&)to be immediately released.

(7.)Petitioner Claims that Court(&)Bureau of Prisons has regularly refused to effectively redress any complaint(&)grievance,which has resulted in 17.6yrs of WRONGFULL CAPTIVITY of A Person who does claim to be ACTUALLY INNOCENT (&)can Prove that in a manner consistant with the requisites described therein statutory PRIMA FACIE claims for unlawfully enhanced(&)evidently false sentence(&)convictions.

Respectfully Submitted,

* Jeffery William Paul *

Jeffery William Paul
Rg.10517-042
P.O.Box 33
Terre Haute,IN.
47808-0033

Certificate of Service,I Jeffery W.Paul,do hereby swear a true(&) correct copy of this Motion was Placed in the US Postal Service to The Seventh/7th Circuit Court of Appeals-(3/11/14)-

(Doc.58) pg.3

IN THE SOUTHERN DISTRICT OF INDIANA
UNITED STATES DISTRICT COURT

Jeffery Paul
Plaintiff

- PRO-SE -

Case No#2:13 cv 304

V.

Superintendent
Respondant

- In-Rem:HABEAS CORPUS,T.28,Ch.153 §2241-2255,CAPITAL-CASE -

-Motion for Partial upfront Payment of Damages due to Prima Facie Nature of complaint(&)excessive Punitive effect of Current Plan for Payment of FEES(&)recidivist Prison,non-compliance to Petition for redress(&)due process-

Comes now the Petitioner Pro-Se does hereby Motion for due process move Court to assess Damages of Particular aspects of a multi-point claim submitted in THE SOUTHERN DISTRICT in attempts to remedy a ongoing violation of my Equal Protection Rights by several prohibitive Policies exerted by Officials acting under color of Law with an effect (&)to an extent that Prohibits my Appellate options,Quality of life on a Daily basis(&)Obstructs the redress of fundamental rights.

(1.)Petitioner asserts that actual Physical injury has occurred(&) Point of accrual for damages,is,8/22/96,see:Richards V.Mitcheff 696 F3d 635 (7th Cir.2012)(&)Devbrow V.Kalu,705 F3d 765(7th Cir.2013)(&) that damages are not limited to Physical injury,see:Salinas V.O'Neill 286 F3d 827(5th Cir.2002),Thompson V.OPIEU,74 F3d 1492(6th Cir.1996) (&)that Petitioner qualifies as ADA/American With Disability but does not have a means to redress grievances with effect or in good faith, which is a violation of my 1st Amendment rights,see:Gentala V.City of Tuscon,213 F3d 1055(9th Cir.2000),a compensable violation under any standard of review..."which,constitutes irreparable injury for even minimal periods of time for purposes of entitlement or relief"..

(2.)Petitioner asserts that my rights to access Court to redress the Criminal Conviction does not waive my rights to redress Civil Rights violations where redress is available,see:O'Keefe V.Van Boening,82 F3d 322(9th Cir.1996),Madrid V,Gomez,150 F3d 1030(9th Cir.1998)...(&)that I may receive both DAMAGES(&)trial(&)Appellate work Compensation at a Attorneys Rate,recovering costs,see:Rizzo V.Childrens World Learning Cemters,INC.,173 F3d 254(5th Cir.1999)...(&)do move Court to GRANT THAT, accordingly.

(3.)Petitioner asserts that Prisons refusal to facilitate even a modicum of direct dial options to solicit Legal Consultation for Civil rights complaints is OBSTRUCTION OF JUSTICE(&)in concert with no meaningful Procedure to redress Grievance of Medical,Legal(&)Fundamental rights with respect to Learning Disability is a Prima Facie Complaint submitted a Dozen Times!!!...with no effective resolution from Court either,violation of my DUE PROCESS RIGHTS,see:Bieber V.Dept.of Army, 287 F3d 1358(Fed.Cir.2002)(&)Ester V.Principi,250 F3d 1068(7th Cir.2001).

(Doc. 59) PG.1

IN THE SOUTHERN DISTRICT OF INDIANA
UNITED STATES DISTRICT COURT

(4.)Petitioner does hereby Move Court to review evidentiary insert (&)note that Prison refuses to Process without denial from SCU Team but they deny Purview(or)comprehension...do not provide visual references for the FORM Procedure or Assistance(&)have been aware of the complaints since 1999 in INDIANA, exhausting the remedy Procedure is futile(&)accordingly,not necessary unless Court Requires it but I need assistance because they dont facilitate that,...see:OXY USA,INC. V. Babbit,230 F3d 1178(10th Cir.2000),McCarthy V.Madigan,503 US 140,117 LEd2d 291,112 SCt 1081(1992),(&)agency action is procedural if its default,or fixes a Prohibition or substantative rule,see:City of SAN DIAGO V.Whitman,242 F3d 1097(9th Cir.2001),Zhao V.US Dept.of Justice, 265 F3d 83(2nd Cir.2001).

(5.)Petitioner asserts that Claim should not be dismissed,see:Amoco Oil Co.V.US,234 F3d 1374(Fed.2000),Herron V.Harrison,203 F3d 410(6th Cir.2000) US EX REL Thompson V.Columbia Healthcare Corp.125 F3d 899(5th Cir.1997) (&)Haines V.Kerner,404 US 519,30 LEd2d 652,92 SCt 594(1972)...Complaint SHOULD NOT BE DISMISSED unless it appears there is no set of facts that can be Proven which would entitle him to relief...

(6.)Petitioner asserts that for that reason,Court should grant a hearing to narrow scope of Complaints,DISCOVER Previous,inchoate Petitions I did join/file to redress grievance...but only resulted in accrual of debt in Title 28,§1914,§1915,(INFORMA PAUPERIS)filing fees...(&)Cycle of exacerbating Poverty(&)Denials...extensible in effect to my family(&)quest to pursue SPOUSAL MISCONDUCT OF CRIMINAL NATURE,(&)Appeal My DEATH-PENALTY Pro-Se,due to Inneffective Assistance of Councel...all of which has been thwarted due to fee schedules...though I was told I could recover the costs(&)Damages in Pro Se Pleadings wherein there is a redressable complaint...see:Ferrill V.Parker Group,INC.168 F3d 468(11th Cir.1998),(&) Lathen V.Dept.of Children (&)Youth Services,172 F3d 786(11th Cir.1998).

(7.)Accordingly,Petitioner does reraise violation of Marriage,see:Martin V.Snyder(§1983),(&)requests HEARING to determine appropriate resolution while not excluding Criminal Complaints against Perpetrators of Sexual offenses,(&)asserts that its really unfair that other Prisoners have had meaningful due process while I suffer through $24/less a month,while persons have sex with my wife(&)TANGIBLE EVIDENCE OF MY ACTUAL INNOCENCE,sits in limbo while Court decides whether Procedural Bars can be superseded by innocence claims or not...

(8.)Petitioner claims restitution for 17 Years of Estrangement is appropriate(&)would consider $17(mn)Nominal/Yearly with respect to Art.4 §1(&)2...full faith(&)Credit...but I need to Consolidate fees(&)PAY,so request Court assess Equal Protection Clause,for damages because other Prisoners are allowed to effectively grieve with redress,see:Anderson V. Romero,72 F3d 518(7th Cir.1995),Eagleston V.guido 41 F3d 865(2nd Cir.1994).

(9.)Petitioner asserts that District Court erred by omitting the financial assessment,because the assessment wouldve revealed my income is not only from underclass workers,but is relatively less than my needs with respect to hygiene(&)supplies(&)the few amenities they offer which are fundamental Commercial rights...Continued...

(Dec. 60)

IN THE SOUTHERN DISTRICT OF INDIANA
UNITED STATES DISTRICT COURT

cont...

(9.)see:Definitions for class(&)method to determine facts of the omission(&)chronic remittance is defined as,INDIGENCY,see:SHAPIRO V.THOMPSON(1969)SCt.(&)CRAIG V.BOREN(1976)SCt...(&)is satisfied byway of DISPARATE IMPACT in standard of review...(et al),VILLAGE OF ARLINGTON HEIGHTS V.METROPOLITAN DEVELOPMENT CORP.(1977)SCt... whereby prison does so confuse Policy for Petitioners,Plaintiffs are lured into a cycle of attempts to Plea in Courts that do not redress or adjust policy with any Plea,due to inneffective Pro Se style/Law Cites...Causing debt/despair(&)risk of other Courts.

(10.)Petitioner claims that collective filing fees accrue a majority portion of income which does not constitute a relative average,notably under poverty(&)that supplemental health(&)amenities are substandard (ie)...medicine has no effect(&)Prison does not redress initial Part of complaints...(ie)my glasses are insufficient(&)never seem to be up to par...so I want to try contact lenses/get an evaluation for a other,non-experimental option,My initial diagnosis for chronic skin condition was folliculitis,that requires grooming options I cant maintain(&)medical Baths that I never got,(&)My Psychological treatment resulted in impromptu electro-shocks(&)medication under threat of sanctions for refusal,that completely discombobulated Petitioner during crucial HABEAS CORPUS§2255 proceedings,wherein I filed Pro Se Pleas(&) did get Court to respond,but forgot crucial Presentations(&)could not afford materials(&)subsequently ran-out my appeals...which I am told is final(&)ACTUAL INNOCENCE Claims will not supersede a Procedural Bar in THE WESTERN DISTRICT OF ARKANSAS...I have no idea how that is Legal... that the Court is not obligated to follow precedents(&)at Least grant(&) disclose Evidentiary Hearing...(&)cannot find reference to the petition in the LAW LIBRARY that makes any sense...so apparently I will remain on DEATH ROW due to Procedural Default,despite having Tangible evidence of My ACTUAL INNOCENCE(&)at Least 6 Reversible Errors applicable to the Indictment,Trial(&)subsequent Pleas.

(11.)Petitioner does move this Court to review my financial condition (&)believes a more thorough look would reveal I really am(&)have suffered irreparable estrangement from councel,due to inability to Pay for calls (&)Postage(&)submit legible APPELLATE STRATEGY pursuant to relieve a wrongful DEATH PENALTY,(&)does cite grounds,using statutory language, see:US V.DAVIS,117 F3d 459(11th Cir.1997),District Court MUST evaluate defendants financial condition(&)ability to Pay,before determining Plan. ..(&)ROSS V.MOFFIT(1974)SCt.,JONES V.BOCK,127 SCt.910,166 L.Ed.2d 798,2007 US LEXIS 1325...(1.)Petitioner cannot exhaust grievance (&);but Court can Proceed with DAMAGES(&)RESOLUTION OF INJUNCTION,for both exhausted (&)unexhausted claims...(&)that Prison errs by diminishing right to effectively maintain Spousal(&)familial Consortium,as well as assist Councel in composition of Briefs(&)is the 3rd Party Liable Respondant (&)further has a litany of Precedents to Know they are negligent to initiate discriminatory management routine,see:BEUL V.ASSE INTERN.,INC. 233 F3d 441 (7th Cir.2000),Negligence in Performance of a contract that results in foreseeable injury,including emotional distress,is actionable under law...(&)P.O.P.S V.Gardner,998 F2d 764(9th Cir.1993), MONTGOMERY V.CARR,101 F3d 1117(6th Cir.1996),Right to MARRY,Have Children are fundamental(&)achieve substantial due proces(&)associative rights...which are actionable if violate,see:DOUZADO V.US,105 F3d 1389 (11th Cir.1997).

(Doc. 61)

IN THE SOUTHERN DISTRICT OF INDIANA
UNITED STATES DISTRICT COURT

(12.)Petitioner requests that court consider erroneus filings with respect to cite,controlling Pro Se Petition,see:BATEMAN V.US POSTAL SERVICE 231 F3d 1220(9th Cir.2000),Partys failure to cite relevant authority,or discuss Principals does not relieve Court of duty to apply legal standards...(&)Please Consolidate this Petitioners Complaints with respect to a multi claim settlement/assessment encompassing 13 YEARS of attempts to submit grievances of Prison Abuse,see:Torres-Viera V.Laboy-Alvarado,311 F3d 105(1st Cir. 2002)(&)Garrett Stratman,254 F3d 946(10th Cir.2001),both cites relevant to abuse of custodial nature,including tear gas...

(13.)Petitioner asserts as follows,Prison refuses to redress the grievances in any manner consistent with reasonable due process or redress,causing a litany of attempts to complain in Court,accruing dozens of filing fees with no restitution,creating a diminished resource,obstructing access to HABEAS COUNCEL,as well as exposing family to financial strife(&)estrangement(&)exacerbating complaints of deliberate interference of spousal relations,bringing final irreconcilable dissolution of marriage ,leaving me,penniless,childless(&)estranged from my family,infuriated with my LAWYERS for filing the wrong claims (&)not following through with APPELLATE Obligations,while I ran out my Pro Se Pleadings of a DEATH PENALTY which was a PRIMA FACIE INNOCENCE Claim...all because B.O.P.staff refuse to redress the most simple grievances,see;DAVIS V.GOORD,320 F3d 346(2nd Cir.2003),a Constitutional Right, guaranteed by the 1st amendment.

(14.)Petitioner requests that Court waive/Pay filing fees because hes indigent(&)that constitutes a PROTECTED CLASS FOR PLEAS(&)fees are a substantial Burden(&)proffers cites to support status,see:BODDIE V. CONNECTICUT(1971)SCt.(&)ZABLOCKI V.REDHAIL(SCt),analysis of effect of Marital filing fees...

(15.)Petitioner asserts that injury constitutes criminal offense(&) merits restitution(&)notice being ommitted,see:FCC(&)R,Title 18,Ch.237 (a)-(6),restitution, that is Cruel(&)Unusual penalty,see:Title 18, ch.227 §3563,violation of Civil Death,Corruption of Blood(&)Articles 4,§1(&)2,amendments,1-14th,INCORPORATION DOCTRINE...(&)that 17.7 Years of D.O.J.Oversight as a Plaintiff/Petitioner with a Learning Disability has resulted in nothing other than more burdensome fees(&)some sanctions, no redress see:ADAMES V.PEREZ,331 F3d 508(5th Cir.2003),GREGOIRE V.CLASS 236 F3d 413(8th Cir.2000),WILSON V.SEITER,501 US 294 115 LEd2d 271,111 SCt 2321(1991)..."DELIBERATE INDIFFERENCE",is standard for Prisoners claim that conditions of confinement constitute cruel(&)unusual punishment,viol.8th Amendment...again,staff refuse to process complaints for decades now(&)so Court does not get the overview necessary to appreciate the effect(&)extent of injury(&)omits ORDER FOR RELIEF(&)RESTITUTION.

(Doc.62) PG.4

IN THE SOUTHERN DISTRICT OF INDIANA
UNITED STATES DISTRICT COURT

(16.)Petitioner does hereby any relevant ground/cite,directly appeal to this court to review the estrangement(&)sexual abuse of my wife(&)Civil Rights violation Ive endured(&)note,for the record that THE WESTERN DISTRICT OF ARKANSAS Has refused to grant an evidentiary for 9 Consecutive YEARS despite having tangible evidence of my ACTUAL INNOCENCE which was received by THE B.O.P.,via US Postal Service,under color of law,appointed counsel,(&)that was in form of an exonerating AFFIDAVIT which was impugned by B.O.P.staff,(&)then authenticated by Councel,on 9/17/13,yet no redress of my wrongful Conviction(&)Penalty resulted,which seems like a malicious betrayal of my FUNDAMENTAL RIGHTS Constituting TORTURE in definition at code... see;Title 18,FCC(&)R.

(17.)Petitioner asserts that delay is Psychological harm(&)I have a right to due process(&)DAMAGES,PLEASE,see:CHRICOL V.PHILLIPS,169 F3d 313 (5th Cir 1999),delay may constitute a constitutional deprivation for prison grievances.

Respectfully Submitted,

Signed [signature]
Jeffery W.Paul 10517-042
P.O.BOX 33
Terre Haute,IN.
47808-0033

Certificate of service,I Jeffery Paul,do hereby swear a true copy of this motion was placed in US Postal Service this day(3/18/14)

(Doc.63) PG.5

IN THE SOUTHERN DISTRICT OF INDIANA
US DISTRICT COURT/FEDERAL JURISDICTION

| | | |
|---|---|---|
| Jeffery W.Paul<br>Petitioner<br>V.<br>Superintendent<br>Respondant | (<br>(<br>(<br>(<br>(<br>( | Case No#2:13-cv-304[WTL/WGH]<br>CAPITAL-CASE/PRO-SE |

AFFIDAVIT FOR ENTRY OF DEFAULT JUDGEMENT(&)REQUEST FOR DISCOVERY MATERIALS WITH SUPPORT DOCUMENTS(&)REQUEST FOR DUE-PROCESS OF CRIMINAL COMPLAINTS,ORDER FOR DAMAGES ASSESSMENT-

Comes now the Petitioner does submit this Affidavit/writ with request for Order/Injunction(or)Writ from a US District Court Under Title 28,Ch.153,§2241-55,HABEAS-CORPUS- 28 USCA §1746 -

(1.)Pursuant to PRO-SE evidentiary provisions,Petitioner does submit this request for a Complete set of Trial Transcripts from THE WESTERN DISTRICT OF ARKANSAS/Hot Springs Division:

| | |
|---|---|
| United States of America<br>Plaintiff<br>V.<br>Jeffery W.Paul<br>Defendant | Case No#6:96-cv-60022-001<br>ct.1)18 U.S.C.§1111(a)<br>ct.2)18 U.S.C.§924(c)<br>ct.3)18 U.S.C.§924(i)(1)<br>ct.4)18 U.S.C.§2 |

Complaint:June,22 1995-Guilty on ALL COUNTS
Sentenced to DEATH BY LETHAL INJECTION

(2.)Petitioner asserts that this affidavit supports claims that I am am being OBSTRUCTED in Appellate Petition to an extent(&)with an effect that is creating irreconcilable loss(&)Risk of more procedural defaults due to INCHOATE(&)Ill Advised Petitions submitted Pro-Se,that may result in my DEATH by writ,despite being ACTUALLY INNOCENT...or more captivity due to wrongful conviction(&)discrimination by Official Misconduct of Offices having caused this delay(&)injury with no consequence to date, (ie)17.6 YEARS...knowingly perpetuating a False Record(&)omitting Defense Material Guaranteed in disclosure of My 1st,4th,5th,6th,8th,(&)14th Amendment rights,see:U.S.Constitution.

(3.)Petitioner requests Court Review disclosure as Brady Violation,see: Brady V.Maryland,373 US 83,10 LEd2d 215,83 SCt 1194(1963)...asserting,that on 2/28/14,during Prison visitation,Attorney Jennifer A.Merrigan,of THE PUBLIC DEFENDERS OFFICE OF DELEWARE,did accept,COPYRIGHT MATERIAL(&)I requested a Copy of THE EXIBIT/"H",FBI File No#70A-LR-36698/Lab No#-60417026 E QL...from SAC,LITTLE ROCK,AR.(Squad 5)...described as,specimen Q7 [One Nagra blue cassete magnetic tape dated"34222"]...examined by: SSA Mr.George W.Clark,Jr...Processed on 6/13/96...she did not produce a copy of the AUDIO(or)Visual file.

(4.)That tape was made on 4/3/96 by Agent Bill Maddalena(SA/FBI)at Van Buren Jail,Crawford County AR.(&)was used to Indict me,it is supposedly the Confession of Trinity E.Ingle who was initially attempting to get advise from a jailhouse Lawyer after being approached by Persons acting under color of law seeking to ...

(Doc 64) Pg. 1

(4.)Cont...inculpate person of interest referenced on indictment for fatal shooting in National Park,Hot Springs,AR.

(5.)Although the rendition of events is vulgar,he rambles(&)speaks other-person plural,it exonerates the Codefendant...(&)concisely is his statement that he wants to remain in State jurisdiction,that he feels like hes being badgered into making false statements,because although he believed at the time that"Person"Codefendant knew he had committed a serious assault(&)would be agreeable to shoot victim,as a threat...he dont,(&)was downtown just to support his employment option at the adjacent Hotel,but that Codefendant might not Testify because it'll be ones word against another...but that he alone shot,beat(&) had an intention to receive stolen property.

(6.)Petitioner asserts that the recording was transcribed(&)played for a jury but that it was out of context(&)could not be rebutted due to ineffective ASSISTANCE(&)Omitted defense disclosure,but that the transcript clearly shows that there are several unintelligible portions which I believe may reveal UTTERANCES/NOISES of Affirmation(&)Denial(&)that MS.J.Merrigan does have/did have a copy of the tape(&)was not allowed to send it into the Prison with my Transcripts due to a Policy statement. ..attributed to former Counselor Bruce Ryherd(PROXY 2003)USP Terre Haute IN./Special Confinement Unit...violating my 6th amendment rights.

(7.)Petitioner asserts that the omission is one of a litany of interferences(&)snafus from COUNCEL(&)B.O.P...both of which are failing to Comply with my Grievances of interpersonal(&)procedural conflicts(&) Obstructions...including REPEATEDLY relegating my Priorities by Councel (&)initiating a litany of PROHIBITIVE Policies with no redress(or)due-process,seemingly in concert with Affirming Law/Cite,like insolence of an AGENCY against Demographics...Petitioner is Estranged from Wife(&) considers it a Priority(&)Councel does not(&)also,am ADA/Acknowledged, suffering from ADD/ADHD(Learning Disability)(&)need special access to Court(&)Provisions regularly unavailable...

(8.)Petitioner is indigent,suffering the Humiliation of being a convicted felon with no spousal rights,property rights(or)appellate rights, (&)does request Court order DAMAGES for the Alienation of Affection(&) cites,see:Hutelmyer V.Cox,514 S.E. 2d554(N.C.ct App.1999),claiming to have been separated for 17.6 YEARS,still suffering from the effects of being forcibly estranged by County Jail which(B.O.P.)as well,repeatedly diminishing my resources,communication(&)inappropriately Counseling her to Provide false testimony...(&)refusing to Process the Criminal Complaints I filed for Spousal misconduct/Stalking(&)Sexual Abuse... Conspiracy to violate my Civil Rights(&)Genocide....additionally I am Claiming that Court should Order Prison to Pay damages for Obstruction of Justice on The BRADY VIOLATION,as well as loss of Consortium,see: Salinas V.O'Neill,286 F3d 827(5th Cir.2002),Thompson V.Opeiu,74 F3d 1492(6th Cir.1996),(&)requests Court consider each Year(&)irreconcilability of the estrangement(&)disparate,futurity for me(&)recommend a \$1.000.000(Mn)Per Year DAMAGES Award(&)Criminal Due-Process for the Rape of my wife(&)subsequent Govt.Misconduct against a Witness(&)person from(&)in traditional spousal relationship,claiming to be actually innocent(&)attempting to appeal PRO-SE due to fundamental differences of writing(&)perspective with appointed Councel,causing YEARS of delay (&)a mire of Legal Bars to proceed in any Court...still under a death threat which is Plainly Unconstitutional.

(Dcl.65) pg.2

IN THE SOUTHERN DISTRICT OF INDIANA
US DISTRICT COURT/FEDERAL JURISDICTION

(9.)Petitioner claims that Plaintiffs may recover costs of filing CIVIL RIGHTS COMPLAINTS...(&)Consolidate Pleas(&)that if anyone was allowed to Plea indigence(&)injury to receive relief that I also should have that right,see:Lathen V.Dept.of Children(&)Youth Services, 172 F3d 1231(9th Cir.1999)(&)Fraternal Order of Police V.US,152 F3d 998(D.C.Cir.1998),equal protection clause same for Govt.(&)Civilians including Prisoners.

(10.)Please review the lists of my Complaints(&)release the PRO-SE Petitioners Material,Per 6th Amdt.(&)Order DAMAGES due to extreme austerity I suffer(&)genocidal effect of estrangement.

Respectfully Submitted,
Jeffery W. Paul *
Jeffery W.Paul
10517-042
P.O.Box 33
Terre Haute,IN.
47808-0033

Certificate of Service,
I Jeffery Paul,do swear I placed this [WRIT] in The US Postal Service to USDC SD INDIANA-to JUDGE LAWRENCE-(3/4 /14)

(Doc 66) pg.3

IN THE SOUTHERN DISTRICT OF INDIANA
US DISTRICT COURT



Jeffery W.Paul Reg.10517042
Plaintiff Pro-Se

V.

The Southern District
Of Indiana
Defendant

Case No. 6:96 CR 60022-001 *

-CAPITAL CASE-
PRO-SE

-Motion for Due-Process,Summary Judgement,pursuant to Habeas Corpus,Title 28,Ch.153,Federal Criminal Code(&)Rulebook-

Comes now the Petitioner does submit this motion for due-process in pro-se pleading pursuant to relief,remedy of redress by Court authority to vacate,set-aside or correct a sentence/Judgement of a United States Court.

1.This Motion is submitted byway of new law/cite,see:United States Supreme Court:Mcquiggen V.Perkins 133 Sct.1924,1928,1933 -36(&)N.4 185 LEd2d 1019(2013),which states that ACTUAL INNOCENCE is a gateway to redress a fundamental miscarriage of justice.

2.Petitioner asserts that all USC cases are applicable in retrospect at,US V.Matthews(USC)178 F3d 295(5th Cir.1999)(&) authoritive,byway of equal protection clause,Rouse V.Benson 193 F3d 936(8th Cir.1999)(&)that I have a right to file a successive Motion,Valona V.US 138 F3d 693(7th Cir.1998)(1.)without prior approval(&)that includes Federal Prisoners.

3.Petitioner asserts that a Fundamental Miscarriage of Justice constitutes a violation of my 2nd,3rd,8th(&)14th amendment rights(&)Court is obligated to cure procedural bar(&)form of pleading,Ross V.Ward 165 F3d 793(10th Cir.1999)(&)Caldwell V. Russell 181 F3d 731(6th Cir.1999)(&)Bateman V.US Postal Service 231 F3d 1220(9th Cir.2000).

4.Petitioner moves Court to vacate conviction,pursuant to due-process pursuant to cure Fundamental Miscarriage of Justice,see, Lee V.City of Los Angeles250 F3d 668(9th Cir.2001)which states that Prisoner shall be released when it was or should have been known that they were entitled to relief(&)Silveira V.Lockyer, 312 F3d 1052(9th Cir.2002)Court is required to give force to each statute(&)constitutional provision,always mindful of the Govt.'s duty to protect with respect to abridgement.

5.Petitioner asserts that district shall hold evidentiary on motion to vacate due to actual evidence due to meritorious claims involving factual issues,Biami V.US 144 F3d 1096(7th Cir.1998).

6.Petitioner moves Court to appoint Counsel of Record,Ms. Jennifer A.Merrigan,if shes agreeable but Petitioner wishes to proceed pro-se(&)has that right,with Counsel retained,US V.Kind 194 F3d 900(8th Cir.1999),pro-se defendants have right to assistance from person trained in law.

(Doc. 67)

IN THE SOUTHERN DISTRICT OF INDIANA
US DISTRICT COURT



-Summary in Brief Form-

1.Petitioner was arrested for the June 22,95"Shooting of a Person in Hot Springs,AR.National Park,on August 22,1996 in MS.State.

2.Petitioner was cooperative with FBI but statements made were in duress(&)misconstrued which constitutes sentence entrapment(&),concisely were lead(&)responsory(&)not given the established speech submitted thereof request to confirm previous ID of shooter Petitioner had made to acting deputy/vice informent in Hot Springs(&)denials duly of any blame.

3.FBI Agent John Lavoie stated that perpetrator had placed me at scene but stated that I had nothing to do with it(&)Petitioner was told that the officer arresting him,the perpetrator,was told the same(&)then on or about Nov.96",my trial attorney stated that his lawyers confirmed he made the wholly exonerating statements but that because I had attempted to get bail by opening discussion for departure to receipt of stolen property,it seemed suspicious so Prosecutors were talking to him again so there was no guarantee that he'd confirm the statements during my trial,which Prosecutor chose to proceed with when petitioner refused to confirm allegation of aggravating factors.

4.Prosecutor relied on perjured testimony to indicate an alternative Cause of death(&)Counsel failed to demonstrate Defense claim for Prima Facie rebuttal because evidence submitted was supposedly barred due to Expert Testimony(&)Crime Lab reports,but due to separate trial,Witness was allowed to expand testimony(&)petitioner could not confront that or call(&)confront perpetrator(&)could not effectively assist Consels attempt to revise defense,though I had assisted preliminarily,because my wife was repeatedly disobedient(&)Staff at Prison(&)Jail,non-responsive resulting in injury which aggravated concussion I suffered 10mos.previously.

5.Due to Secrecy of Extradition from AR.State Prison during Operation Golden Eagle,which was in 1999,moving Federal Prisoners to Death Row from all over the Country petitioner was estranged from appellate Counsel.

6.Due to Moratorium after 9/11/2001 attacks petitioner was estranged from appellate Counsel.

7.Due to discrimination against impoverished petitioner with ADHD,learning disability,petitioner had to reestablish familiarity with Counsel(&) Transcripts(&)requested copies of the perpetrators statements.

8.The Eighth Cir.of Appeals appointed Attorney Sean O'Brien(&)Ms. Jennifer A.Merrigan,who had been contacted by perpetrator/Counsel(&) they received a Copy of The Declaration of Trinity E.Ingle-,which was received through special mail by petitioner,see exibit pg 1.through 5. (&)petitioner attempted to append evidentiary already submitted,but that was unsuccsessful,after Prison impugned the authenticity of the documents,Petitioner complained about Counsel(&)ordered Counsel to conform authenticity of documents which occurred during visitation on 9/17/13,at USP Terre Haute,IN.with Attorney Jennifer A.Merrigan.

9.Petitioner does request that Court review document,which is wholly exonerating(&)credible,with context(&)order Court to redress this wrongfull conviction,avoiding a Fundamental Miscarriage of Justice.

Pro-Se

Respectfully Submitted,

Signed ________ * (Dec.6?)

IN THE SOUTHERN DISTRICT OF INDIANA



Jeffery William Paul
Plaintiff/Pro-Se
Signed ____________ *
P.O. Box 33
Terre Haute, IN.
47808

Certificate of Service

I, Jeffery Paul, do hereby swear this motion was placed in the institutional mail(1/9 /14) to the Southern District of IN. (via) certified mail, pursuant to Habeas Corpus, T.28-Ch.153 Appeals.

-Information TO Appoint Counsel-

ON EVIDENTIARY DOCUMENT 1.,2.

(Doc-69)

In The Southern District of Indiana

Jeffery W.Paul Reg.10517042
Plaintiff Pro-Se

V.

The Southern District
Of Indiana
Defendant

Case No. 6:96 CR 60022-001 *

-CAPITAL CASE-

Pro-Se

-Motion for Due-Process, amending Motion previously submitted (&)to expidite ruling,pursuant to remedy fundamental miscarriage of justice-Habeas Corpus,Title 28,Dh.153,Federal Criminal Code(&) Rulebook-

Comes now the petitioner does submit this motion to amend(&) expidite my right to due-process(&)remedy of a fundamental miscarriage of justice by a United States Court.

1.This Motion is to amend a Motion submitted in The Southern District of Indiana,pursuant to remedy,citing new law:Mcquiggen V.Perkins 133 Sct.1924,1928,1933-36(&)N.4 185 LEd2d 1019(2013) which is a Supreme Court case stating that ACTUAL INNOCENCE is a gateway to to redress;via inneffective assistance of Counsel, Petitioner does not know if Counsel raised issues that are substantially different in objectives but did not receive an intelligible evidentiary hearing in 2004 when legal advisors reported that the physical evidence had been estopped in my case meaning I would never be"ALLOWED" to prove my innocence with or without the Affidavits requested relevant to pretrial statements(&)context of Trinity(all) of which exonerated petitioner(&)alleged informants were coercive (&)leading,but with respect to Counsel,I am in extremely austere(&) punitive conditions(&)sustained irreconcilable injury so must move this Court to rule upon the merits(&)grant the due-process required by law to remedy a fundamental miscarriage of justice.

2.Petitioner does cite older Supreme Court law which is not ambiguous (&)collaterally authoritive,Williams V.Illinois 91 Crl 357(US 2012) which states a primary purpose test may be applied but affidavits are protected by confrontation clauses,RCP/Federal Criminal Code(&)Rules; IX-General Provisions-Rule 43 (a)(2)(3);1st,4th,5th,6th,7th,8th,(&) 14th Amendments of The US Constitution(&)Articles 1 Sec.9§3:ex post-facto laws(&)bills of attainders...that is to say,Trinity did relate a message to that effect pretrial when he was trying to negotiate a plea for lenity(&)complained that informants were pressuring him to inculpate this petitioner which was previous to his May 97 trial(&)not protected by Double Jeopardy clause;one of a couple dubious misstatements made by prosecuters,but attributed to my Counsel...but with regard to my due process rights,I was not allowed at Trinitys trial,despite being convicted circumstantially(&)explicitly,by name on Warrants(&)He was instructed to remain silent by his counsel(&)my Counsel refused to allow me to Call/Cross because the Bill of Particulars had been found(&)were supposedly exclusive,resulting in Prosecutions reliance upon a false police report including injury,equated with cause of death(&)physical evidence rebutted by the Courts own Lab...all of which may be considered with respect to new standards of evidence(&)intent of that,as submitted.

In The Southern District of Indiana

3.Petitioner asserts that the content of the affidavit is consistant with Trinitys previously stated intention(&)that he was unduly influenced by informants provided with money,privileges(&)immunity from what would generally be coercive rhetoric(&)demeanor(&)that the Documents titled;The Declaration of Trinity E.Ingle ;received by credible sources through mailing systems regularly screened for fraud or any other policy violation,is genuine(&)accurate to his knowledge according to his statement(&)thus,authentic(&)confirmed by Ms.Jennifer A.Merrigan an 8th Circuit appointee accepted by the bar of at least(1)State,(&) The Supreme Court(on)9/17/13;during prison visit...(&)that should merit an expidited docket due to petitioners duress(&)blatant illegality of my current conditions of captivity...(&)that my Due Process is guaranteed by the US Supreme Court,Nevius V.Summer 105 F.3d 453(9th Cir.1996)... which states that a new rule of constitutional law,made retroactive on review,grants collateral remedy on review in prima facie claims(&)that the Brady clause requires evidentiary hearing on any statements by co-defendants that co-defendant was innocent of charge;US V.Yizar 956 F 2d 230(11th Cir.1992);a case that I cite here to relate to the Williams V. Illinois 91 Crl 357(US 2012)(USC)case,because its really not the intent of The Justice Department/LAW to omit exculpatory evidence or confrontation thereof any certain ommissions/contradictions...(&)that statement confirms Trinity had agreed to exonerate petitioner previous to petitioners transfer to a psychiatric facility resulting from spousal misconduct(&)incidents at The Garland County Jail,during which I sustained injury(&)was told that my Guilt or Innocence would be determined by the perpetrator because hed already confessed(&)that he was being given privileges for indicating that hed inculpate me;that was reported in Prison legal circles to such an extent that I was alerted that I"belonged"to HIM;(Trinity),(&)I(&)another prisoner had to pay for protection at the facility,they tattooed CODE for GUILTY on me(&) a Penis on him(His Head),(&)knew my wifes name...which altogether caused a psychological breakdown excluding my participation in my own defense including during sentencing;which is Plain Error,not reviewed for Harmless error,see:Mayes V.Gibson 210 F3d 1284(10th Cir.2000) (&)constitutes a structural error,US V.Delgado 256 F3d 264(5th Cir.2001) which requires automatic reversal;Brown V.Artuz 283 F3d 492(2nd Cir. 2002).

4.Petitioner does hearby motion for remedy,Habeas Corpus,move the Court to relieve a fundamental miscarriage of justice(&)order any action determinable to be necessary(&)proper(&)duty of the court,pursuant to a wrongful murder conviction;Thomas V.Hubbard 273 F3d 1164(9th Cir.2001)(&) reverse this prejudicial indictment;US V.Choy 309 F3d 602(9th Cir.2002), cure my pleas,pursuant to Bateman V.US Postal Service 231 F3d 1220(9th Cir.2000)(&)procedural default/bars resulting;from prejudiced jury(&) failure of government to cure the record,see;Lam V.Kelchner 304 F3d 256 (3rd Cir.2002)(&)cede that petitiner suffered a substantial error by not being allowed to proceed during trial;US V.Riddle 249 F3d 529(6th Cir.2001) as a present/participating defendant(&)allow petitioner to be granted relief as requested in this Motion for due process;forgiving procedural default;Duggar V.Adams 489 US 401,411 N.6,109 S.ct 1211,1217 N.6 L ED 435 (1989)(&)remedying a Fundamental Miscarriage of Justice,which is chronic (&)a direct result of Govt.failure to perform duty upon the record on appeal which is a litany of false,physical evidence(&)one unintelligible plead after another;US V.Goodson 165 f3d 610(8th Cir.1999)...still not corrected.

Respectfully Submitted,
Signed [signature] *
Jeffery W.Paul

(Doc 71)

In The Southern District of Indiana

Jeffery W.Paul 10517042
PO Box 33
Terre Haute,IN.47808

Certificate of service,I Jeffery Paul W. do hereby swear that this Motion for T.28,Ch.153 Habeas, amending(&)expiditing was Placed in the mail,on /1/21/14

Jeffery William Paul

(Doc. 72)

Pg. 3

In The Southern District of INDIANA
US District Court/Federal Jurisdiction

INREM
Jeffery W.Paul(et al)Partys of Record
Plaintiff

V. Case No#________________

United States Bureau of Prisons(et al)
Partys of Record
Defendant

PRO-SE

-Motion for discovery(&)Due-Process-

Comes now The Petitioner Pro-Se does submit this Motion for Due Process(&)Discovery.

1.Petitioner asserts that he did submit SEVERAL Civil Rights complaints relevant to disparate treatment(&)deprivation of that in custody of The United State Bureau of Prisons,USP Terre Haute(&)that Court erred in dismissing complaints without appointing Counsel(or)ordering procedure to comply with Equal Protection Provisions,which create a substantial burden upon Plaintiff(&)Family/Legal Support consisting of several payment schedules of Informa Pauperis fees.

2.Petitioner was very grateful to be allowed to proceed Informa Pauperis but Court didnt review indigence or assess needs for indigent Petitioners...which causes a debt to income ratio exceeding 50%(&)the income is really not enough to cover costs of shoes,hygiene products etcetera already because my Parents are working poor...(&)wholly seems unfair because The Law recommends waiving fines for indigent Defendants who ARE guilty,see:US V.Aregbyen,251 F3d 337(2nd Cir.2001) ...where waiving fine SHOULD,generally be executed,Sentencing Court SHOULD waive fine...for indigent Defendants...(&)Murray V.Dosal,150 F3d 814(8th Cir.1998)...Prisoners have Constitutionally Protected Property interest in Money sent from outside sources...(ie)Protection I have not received for 10yrs now since filing a inchoate Plea in Hon. Jane M.Stinsons Court...which may or may not have been resolved,but with respect to the court,is a mystery to me,having no intelligible records of my Pleadings.

3.Petitioner does hereby Motion(PRO-SE),request a Hearing to determine the extent of my debt(&)intent with respect to Damages I am due(&) total Compensation for Filings,see:US V.Davis,117 F3d 13(11th Cir.1997) ...District Court must evaluate defendants financial condition(&)ability to pay before determining restitution amount.

4.Petitioner asserts as follows,The prison is liable for Civil rights violations in Prima facie claims,due to Cruel(&)Unusual Punishment byway of deliberate indifference(&)failure to protect guaranteed rights or comply with requests to facilitate stipulations for equal protection clause,see;Garrett V.Stratman,254 F3d 946(10th Cir.2001),Blyden V.Mancusti,186 F3d 252(2nd Cir.1999)(&)Edmonson V.Leesville Concrete Co.Inc. 860 F2d 1308(5th Cir.1988)...

(Doc.73)

In The Southern District of INDIANA
US District Court/Federal Jurisdiction

5.That Plaintiff was lead to believe(&)explicitly TOLD the only recourse for these complaints is Federal Court(&)that recovering costs was granted in most Cases where there has been Plain injury...see: Lathen V.Dept.of Children(&)Youth Services,172 F3d 786(11th Cir.1999) (&)Bieber V.Dept.of Army,287 F3d 1358(Fed.Cir.2002)...due process,14th Adt. (applies to Administrative Policy,especially,where there is a Prohibition) ...thats a Law...(&)Prison has currently refused to resolve any grievance Ive attempted to file for 10Yrs.consecutively,which is a violation of my 1st Adt.rights,see:Keenan V.Hall,83 F3d 1083(9th Cir.1996)(&)Pell V. Procunier,417 US 817,41 LEd2d 495,94 SCt 2800(1974(&)Southworth V.Grebe, 151 F3d 717(7th Cir.1998)...

6.Accordingly,petitioner asserts that from 2004(Proxy)-2014 he has filed (&)attempted to amend several Cases that have NO#attached which were destroyed by B.O.P.personnel or omitted due to inability to maintain or discover (&)Petitioner does hereby writ,request Court does order Clerk to compile (&)send list of Pertinent Cases(&)Original Copy Per(PRO SE)entitlements for amendment(&)consolidation of Actions,see:Vaughn V.Rosen,484 F2d 820(D.C. Cir.1973)VAUGHN INDEXES/F.O.I.A.(?),(&)cite,Noll V.Carlson,809 F2d 1446 (9th Cir.1987)..Pro Se Petitioners rights,§1-5.(&)Ingram V.Becher,3 f3d 1050 (7th Cir.19930...court SHOULD ordinaily give plaintiff opportunity to amend complaint before dismissing complaint for failure to state a claim...(&), US V.Huggins,191 F3d 532(4th Cir.1999),Defendant has a meaningful right to transcript on appeal...

7.Petitioner asserts that substantative prohibitions on Spousal(&)familial(&)Liberal rights of Citizenship constitutes an action of punitive(&) administrative nature (&)as such,The B.O.P.,refusing reasonable mediation (&)Courts repititious dismissals without redress constitute a violation of my 1st,2nd,3rd,4th,5th,6th,7th,8th,9th,(&)14th Adt.Rights...(&)restitution with review of the record would be appropriate,for the following reasons, (1.)Other Prisoners had their Grievances redress with respect to both disabilities(&)Race,(some foreigners)so Petitioner is being discriminated against see:Rouse V.Benson,193 F3d 936(&)Gentala V.City of Tuscon,213 F3d 1055(9th Cir.2000)Violation of 1st amendment is Prima facie(&)compensable injury... (2.)Loss of social Damages are actionable(&)relevant,see:McClain V.Owens-Corning Fiberglass Corp.,139 F3d 1124(7th Cir.1998)...(&)(3.)I suffer a disproportionate amount of frustration(&)delay which results in austerity(&) Appellate risk byway of Procedural defaults that cannot be reconciled(&) include Copyright interference(&)Genocide...violation of A.D.A./Americans with Disabilities Act,petitioner suffers from ADHD which often causes a state of Disorientation(&)loss,see:Taylor V.Phoenixville School District,184 F3d 296(3rd Cir.1999).(&)Hendricks-Robinson V.Excel Corp.,154 F3d 685(7th Cir. 1998 )...

8.Accordingly,petitioner asserts that a review(&)release to Pro Se Petitioner of Copies of all Original Complaints(&)Amending Motions would be appropriate(&)Petitioner requests to Consolidate,Revise(&)Amend(&)for Court to review the Nature of The Complaints which are Plain(&)constitute heinous violations of traditional morals(&)laws,extensible to my family(&)future,see: Martin V.Shawano-Gresham School Dist.295 F3d 701(7th Cir.2002)(&)P.O.P.s V.Gardner,998 F2d 764(9th Cir.1993).

(Doc.74) pg2.

In The Southern District of INDIANA
US District Court/Federal Jurisdiction

9.Petitioner claims that Prison knew special provisions would be necessary to maintain the Custody of Persons in a Special Confinement Unit(&)chose to maintain an extortionate system of Punitive/retaliatory Policies,surviving NEW LAW...including Supreme Court cites for facilitation provisions under Disability guidelines,Tennessee V.Lane(2004)(&) that D.O.J.knew Prisoners would suffer disproportionately(&)Damages would be appropriate in Part now because of that,see:Bailey V.Runyon, 220 F3d 879(8th Cir.2000)(&)Beul V.Asse intern,Inc.233 F3d 441(7th Cir. 2000)(&)that every night enduring the humiliation of having Your own Govt.facilitate the disolution of Marriage(&)complete disregard for(&) abuse resulting against my family(&)future which is demonstrable in Plain Sight(&)Summary assessment or review,with respect to Copyright Infringement,is a source of Constant anger(&)indignity...with or without regard for my actual innocence...the fact that Court chose to garnish 60% of my elderly Parents money,which is earmarked for Phones(&)some necessary but not appropriated medical care,such as SKIN CARE,that does me no Good after 10YRS.of omission,...is unbelievable(&)injurious in every sense of the word(&)Petitioner requests Partial damages be assessed with respect to my immediate distress(&)ongoing injury from YEARS of Futility,see:Salinas V.O'Neill,286 F3d 827(5th Cir.2002),Thompson V.Opeiu,74 F3d 1492(6th Cir. 1996)...damages are appropriate where Petitioner loses sleep,suffers stress, anxiety,marital problems(&)humiliation....

10.Petitioner asserts that Prisons Phone policy is obstructing justice (&)Constitutes both criminal offense(&)cited violation,Noel V.Norris,336 F3d 648(8th Cir.2003)...interference to both Councel(&)Pro-Se Petitions by diminishing resources(&)causing delay.

11.Petitioner asserts that Court failure to waive filing fees is cruel (&)discriminatory(&)income shouldve been exempted,see:InRe Scovis249 F3d 975(9th Cir.2001),(&)that my Complaints are Protected byway of Liberal due Process clauses,see:Moore V.McDonald,30 F3d 616(5th Cir.1994)...(&) that Court is obligated to apply Correct Standard to Pleas,whether theyre inchoate or not,see:Bateman V.US Postal Service,231 F3d 1220(9th Cir.2000).

12.Petitioner further asserts that he did satisfy intelligibility requirements in at least one Plea see:Berg V.County of Allegheny,219 F3d 261 (3rd Cir.2000)...(&)Chavez V.Illinois State Police,251 F3d 612(7th Cir.2001). ..Pursuant to deprivation of rights by Persons/Policy.

13.Petitioner asserts that Statutory Canon requires Court review(&)allot restitution for Pro-Se Petition including due process for copyrights(&)referrals for Criminal Complaints...see:McCormick V.City of Chicago,230 F3d 319(7th Cir.2000),Boag V.MacDougall,454 US 364 70 LEd2d 551,102 SCt 700(1982) (&)Haines V.Kerner 404 US 519,30 LEd2d 652 92 SCt 594(1972)...Pro Se litigants are to be liberally construed(&)held to less stringent standards in form of Plea(&)if Court can read Pleas,where reasonably litigant Could Prevail,it SHOULD prevail despite failure,citing legal authorities ,syntax(or)requirements.

(Doc. 75)

In The Southern District of INDIANA
US District Court/Federal Jurisdiction

14.Petitioner asserts that although I suffer the effect of being a Pariah(&)discrimination in oversight by "busy"workers(&)though I find no comfort from knowing I am innocent for reasons obvious to anyone from traditional moral/marital values(or)Patriot Pride being in a cycle of simpering groveling,I am privileged to be allowed to Petition a franchised Federal Court...still,I beg this Court to research the terms I reference because its really not the intent of Lawmakers to allow the type of discrimination Ive suffered to go on for very long,its a criminal deprivation(&)violation of my fundamental rights,...again,the Court errs where due process requires restitution,see:Salahuddin V.Mead, 174 F3d 271(2nd Cir.1999),US V.Myers,106 F3d 936(10th Cir.1997)...it is basic canon of statutory construction that use of word SHALL,indicates mandatory intent,SHOULD is futurity(&)controlling where appropriate so again,...where Court is required to find prevailing cause in Plea it SHOULD remedy the complaint.

15.Petitioner does hereby Move court to send copies for consolidation of Pro Se action with numbers,waive further filing fees(&)appoint deputy for Markman Hearing relevant to Ch.11,12,Bankruptcy(&)release a Partial upfront settlement for Yearly maintenance/attempts to maintain(&)diminished quality of life since 2004 at Minimum wage(or)Paralegal rate for Jeffery W.Paul(&)appoint Attorney of Record or Not to assist with the review of the record.

Respectfully Submitted,

* Jeffery W Paul

Jeffery W.Paul#10517042
PO BOX 33,Terre Haute,IN.
47808

Certificate of Service-
I,Jeffery W.Paul do hereby swear this Motion was placed in The US Postal Service to USDC/Southern District of IN.(2/27/14)

(Doc. 76)

(8th Circuit)

Jeffery W.Paul
Plaintiff

V.

Superintendent of America
Defendant
Southern District of Indiana
US District Court

Case No:2:13-cv-304 *
WTL/TAB

CAPITAL-CASE
PRO-SE

-Motion for Extraordinary writ for due-process with respect to extreme duress,pursuant to remedy a FUNDAMENTAL MISCARRIAGE OF JUSTICE-Title 28 Ch.153 Habeas Corpus-Federal Criminal Code(&)Rules-

Comes now the petitioner does submit this motion for real remedy of a wrongful conviction(&)fundamental miscarriage of Justice resulting thereof-

(1.)Petitioner asserts as follows,having cite to proceed(&)cause without requirement for prior approval to file for successive motion to vacate wrongful conviction in appeals court because I am a Federal Prisoner,see;Valona V.US,138 F3d 693(7th Cir.1998)(&)this is a Habeas Corpus Petition.

(2.)Petitioner asserts that Court did not search for error which is an omission placing Petitioner in extreme duress(&)does hereby motion Court to exert special solicitude(&)consider the nature of the case, which is a statutory requirement,see:Ross V.Ward,165 f3d 793(10th Cir. 1999)(&)Lam V.Kelchner,304 F3d 256(3rd Cir.2002)an error in Habeas case cannot be deemed harmless if it had a substantial effect or influence on jurys verdict(&)Chapman V.California,386 US 18,23-24,17 LEd2d 705,87 SCt 824(1967)/US V.Innamorati,996 F2d 456(1st Cir.1993)(1.) "HARMLESS BEYOND REASONABLE DOUBT"standard presumes prejudice(&)places burden on beneficiary of errors to prove beyond reasonable doubt that errors did not contribute to verdict.(2.)Harmless Plain Errors do not exist ,all plain errors are harmful.(3.)Harmless constitutional error test is stringently applied,resolving all reasonable doubts against government.

(3.)Petitioner asserts that not only did Defense Counsel during trial not call the Confessed perpetrator violating confrontation clause in 6th amendment,see:Splunge V.Parke,160 F3d 369(7th Cir.1998)(1.)Mistaken curtailment of cross-examination constitutes Trial Error.(2.)Defendant is entitled to cross witness about bias(&)other state of mind conditions. ..but that Prosecution established exclusive timelines(&)relevant Facts from Ballistics,resolving ambiguity to Bloodwork(&)Tamper Test but still allowed Witness to claim he saw evidence that at least 8(&)Possibly 12 other witnesses did not see in same context despite having cause to look(&)opportunity to check...which was relevant to the alleged statutory aggravating factor premised upon a False police report of injury to the victim positively determined to be the result of decomposition...no way that testimony(&)lack of context for any ambiguity of Perpetrators 1st of 3/three confessions during attempts for lenity that he made both previous to his trial(&)most recently ,2/11/05...(via)Affidavit...did not prejudice both Jury(&)Judge,violation of my Right to fair trial(&)all due process provisions/guarantees,see:Davis V.Alaska,415 US 308,39 LEd2d 347,94 SCt 1105(1974),Pointer V.Texas,380 US 400,13 LEd2d 923,85 SCt 1065 (1965),Haupt V.Dillard,17 F3d 285(9th Cir.1994),Liljerberg V.Health Serv. Corp.,486 US 847,100 LEd2d 855,108 SCt 2194(1988).

(Doc. 77)

(4.)Petitioner again submits the 5 pg.exibit with cover letter from(&) with US Public Defenders Credentials to support claim that Trinity did initiate contact with informant to get opinion on chances of procedure in Federal Court as opposed to State Court with respect to fact that he was being solicited to inculpate another person who was not guilty,(&) although 41minutes of this recorded statement was slang/vulgar(&)hes a rambler, he very clearly states that codefendant was there about a job opportunity(&)dont know/or participate in the incident...his statement is 3rd person plural(&)exculpates codefendant..he actually comments that he thought codefendant shouldve known getting into fight on Federal Land was that serious,serious enough to kill a witness,but admits that he(reference to Codefendant)...dont,(ie),at first,hes believing codefendeant has some understanding about that seriously..."Pow,Pow"indicating Punches ...but he dont,so Bob(reference to himself,"Pop,Pop")shoots the victim(&) wasnt trying to hear all that school(sh*t)(Reference to attempt to intercede) by codefendant...the prosecution allowed that statement to be a confession but did not call Witness,violation of rules/ Criminal Procedures(&) 6th,5th,14th(&)1st,4th,7th amendments,see:US V.Lopez-Lopez,282 F3d 1(1st Cir.2002),Bruton V.US,391 US 123,20 LEd2d 476,88 SCt 1620(1968),testimony by non testifying codefendant cannot be admitted in joint trial if its inculpatory...obviously the jargon/rhetoric was not clear as entered(&) that prejudiced jury because they found guilt of evidence submitted in that recording in the jury poll which was rebutted,such as receipt of stolen property...(&)perpetration(&)possession wholly resolved in another trial, (&) again,violates the 6th amendment...(&)constitutes a misconduct by US Attorneys Office,see:Schaff V.Snyder,190 F3d 513(7th Cir.1999)(&)is still creating a substantial violation of my rights that Office is obligated to correct,see:US V.Charley,189 F3d 1251(10th Cir.1999)...

(5.)Petitioner Asserts that Appeals Court is also obligated to construe Petitions for Post-Conviction relief liberally,see:Hohn V.US,262 F3d 811 (8th Cir.2001)...(&)Ricks V.Nickels,295 F3d 1124(10th Cir.2002),Florez V.Williams,281 F3d 1136(10th Cir.2002)(&)that is a subject in statutory canon,see:McCormick V.City of Chicago,230 F3d 319(7th Cir.2000),Boag V. MacDougall,454 US 364,70 LEd2d 551,102 SCt 700(1982),Haines V.Kerner,404 US 519,30 LEd2d 652,92 SCt 594(1972)...Pro Se Litigants are to be Construed liberally(&)held to less stringent standards in(composing pleas)...(&) If Court can reasonably read pleadings to state valid claim which would prevail(for Litigant),it[!SHOULD!],..despite failure to cite authority or discuss legal theory...(&)that this Complaint should NOT be DISMISSED due to factual claims that would entitle me to relief(&)cure a Fundamental Miscarriage of Justice,see:US EX REL Thompson V.Columbia/HCA Healthcare Corp.,125 F3d 899(5th Cir.1997)Haines V.Kerner,404 US 519,30 LED2d 652,92 SCt 594(1972)...(&)that my due process rights are being violated by a cycle of denials risking my life(&)lives of my family,causing great harm(&)violating my 1st,2nd,3rd,4th,5th,6th,7th,8th,(&)14th Amendment Rights,see: Nat.Council of Resistance to IRAN V.Dept.of State,251 F3d 192(DC Cir.2001), Matthews V.Eldridge,424 US 319,333,47 LEd2d 18,96 SCt 892(1976)(&)Arnstrong V.Monzo,380 US 545,552,14 LEd2d 62,85 SCt 1187(1965)(1.)Due Process requires opportunity to be heard in meaningful manner(&)time.(2.)Citizens must be afforded due process before being deprived of life,liberty(&)Property...

(Doc. 78) pg.2

(6.)Petitoner does byway,collateral cites,move Court to grant COA/Certificate of Appealibility upon ACTUAL INNOCENCE Claims,stating that I am still not in receipt of US Attorneys initial Disclosure for evidentiary purposes of the exibits including audio/visual recording of 4/3/96 recording made by S/A Bill Madelleana(sp)FBI at Van Buren Cty Jail,despite having repeatedly requested it from Appellate Councel(&)asserted my wish (&)right to proceed prose in Motions while retaining Councel due to the repeated conflicts I have attempting to comprehend their Pleas(&)previous disregard they exibited for my Priority in Pleas.

(7.)Petitioner claims that is a potential BRADY violation because Transcripts of TAPERECORDING does say unintelligibility is problematic for Court but I believe I may understand the tape/portions relevant.

(8.)Petitioner asserts that is a violation of my Appellate Rights(&)that I am entitled to all records on appeal(&)assistance to have meaningful review(&)that Court of Appeals resolves any DOUBT about entitlement to Certificate of Appealibility in favor of Granting it,see:Sonnier V.Johnson 161 F3d 941(5th Cir.1998),US V.Huggins,191 F3d 532(4th Cir.1999).

(9.)Pursuant to due process,Petitioner does include exibit pgs.( ) which is 3 motions filed in District that received no relief(&)the copy, highlighted of <u>THE DECLARATION OF TRINITY E.INGLE</u> ,A02253-55(Documents)that since been authenticated(&)clearly resolve any doubt about what the Witness would say lacking threat of/incentive by US Attorneys Office...altogether constituting an obligation for Court to Order see:US V.Dabeit,231 F3d 979 (5th Cir.2000)Court of Appeals has duty to follow Supreme Court Precedents, see CITES in Motions included(Pg. ),(&)Claims that Councel was inneffective during Trial(&)Appellate Councel non-responsive to needs of indigent prisoner to such an extent,not excluding evidentiary omissions that I could not effectively assist them If I tried...Please review this PRO-SE Petition ,by right submitted ,see:Noll V.Carlson,809 F2d 1446(9th Cir.1987) (&)pursuant to remedy a Fundamental Miscarriage of Justice...with ongoing substantial Constitutional violations occuring as a result of the dilatory effect of inchoate petitions submitted from bad equipment with incomplete exibits(&)unconvincing arguments despite PLAIN ERROR(&)egregious misconduct from Govt.Officers,see:Gentala V.City of Tuscon,213 F3d 1055(9th Cir.2000) 1st Amendment violations,even for minimal times,result in "irreparable-ijury" for purposes of ENTITLEMENT(&)RELIEF...(&)Lerman V.Board of Elections in City of New York,232 F3d 135(2nd Cir.2000)Court of Appeals will not overlook an unconstitutional restriction upon 1st Amdt.rights because it leaves others unimpaired,the violation of my due process rights by refusing to rule in a meaningful way is an equal protection violation causing gross personal injury to an actually innocent petitioner with evidence readily available to support that claim,violation of my Equal Protection Rights,see:Fraternal Order of Police V.US,152 F3d 998(DC Cir.1998)(&)Rouse V.Benson.193 F3d 936(8th Cir.1999)(&)cites including statutory canon,again,see:Lee V.City of Los Angeles,250 F3d 668(9th Cir.2001),Detainee has <u>right to be released</u> when its known they[!SHOULD!]be entitled to release...Please vacate this conviction (&)order Petitioner Released with restitution.

Attorney of Record

*______________________

Jennifer A.Merrigan
Federal Public Defender(DE)

Respectfully Submitted,

Signed ______________________ *

Jeffery William Paul
Rg#10517-042
P.O.Box 33
Terre Haute,IN.47808-0033

Certificate of service-
I,Jeffery Paul,do Place this in The US Postal Service to The 8th Cir.Appeals Court

(Doc.79)

pg.3

In The Southern District of Indiana
Terre Haute,Division
United States District Court

FEDERAL DEATH-PENALTY

CAPITAL-CASE

PRO-SE

Jeffery W.Paul
Petitioner

V.

Superintendent
Respondent

Case No.2:13-cv-304
WTL/WGH

-Motion for Court to reconsider previous 2/two motions(&) request that Court allow indigent prisoner to proceed without paying filing fees upfront to reopen case-

Comes now the Petitioner Pro-Se does submit this Motion for due process pursuant to meaningful access to Court,redress of grievance(&)financial consideration- T.28,Ch.153,Habeas Corpus-

1.Petitioner asserts that Court is obligated to redress a wrongful conviction referenced herein a simple plea(&)that petitioner has a right to due-process via precedent cites considering the nature of the claim,(&)that it is necessary(&)proper to resubmit the plea in a Pro-Se petition because of the cruel(&)unusual,excessive amount of time passing with no response elsewhere,of plea filed by Councel of record...which is an inexplicable violation of my 1st,2nd,3rd,4th, 5th,6th,7th,8th(&)14th Amendment rights.

2.Petitioner cites Salahaddin V.Mead 174 F3d 271(2nd Cir.1999),US V. Myers 106 F3d 936(10th Cir.1997)...which states that,"it is basic canon of statutory construction that using the word"shall"indicate mandatory intent"(&)Silveria V.Lockyer 312 F3d 1052(9th Cir.2002)"Court shall give weight to every statute"...(ie)pursuant to cure a Fundamental Miscarriage of Justice.

3.Petitioner asserts that,accordingly,the definition of SHOULD(is): Past of Shall,...used as an auxiliary to express condition,obligation or propriety,probability or futurity,from a point of view in the past; (ie)from:MERRIAM/WEBSTERS 11th Ed.Collegiate Dictionary;®2004 version Pg.666,ISBN-13 978-0-87779-930-6,Published from,Springfield,MO.

4.Petitioner does hereby cite,Shapiro V.Cantor,123 F3d 717(2nd Cir. 1997);"District Court SHOULD freely give leave to amend complaint",I do resubmit Petition filed under the following form,as well as the motion to amend that petition,(&)Moves Court to grant redress as necessary(&) proper further citing cause(&)collateral authority in this motion;see: exibit,copy of TWO Motions,Pgs./Doc#(  )through(  ).

5.Petitioner asserts that Court has an obligation to consider the petition see:Aron V.US 291 F3d 708(11th Cir.2002)(&)Urbina V.Thomas 270 F3d 292(6th Cir.2001);"Federal Court SHOULD construe a Habeas Petition filed by Pro-Se Litigant more Liberally...(&)McCormick V.City of Chicago,230 F3d 319(7th Cir.2000),Boag V.MacDougall,454 US 364,70 LEd 551, 102 SCt 700(1982)(&)Haines V.Kerner,404 US 519,30 LEd2d 652,92 SCt 594 (1972),"Pro-Se Litigants pleadings are to be construed liberally(&)held to less stringent standard than formal plea drafted by Assisting Councel, (ie)if Court can read pleas(&)reasonably determine that there is a valid claim on which litigant could prevail,it SHOULD do so,despite failure to cite proper legal authority,confusion of legal theories,poor syntax(&) composition,or unfamiliarity with requirements in pleads...Petitioner further asserts that he has a right to assist Councel(&)submit pleas as

(Doc. 80)
(Exhibit pg. 15)

In The Southern District of Indiana
Terre Haute,Division
United States District Court

5.Continued...necessary(&)proper to facilitate the objective in the appeals,hereby avoiding contention(&)retaining Councel,to assist with my 1st,4th,5th,6th,7th,8th(&)14th amendment rights,to..."Have the ASSISTANCE of Councel for MY defence"...6th Amendment USC Bill of Rights Quote...(&)cite,US V.Majors 329 F3d 791(5th Cir.2003)defendants have an absolute right to participate in defence(&)denial of that right is never harmless error(&)requires automatic reversal,(&)further;Vega V.Johnson, 149 F3d 354(5th Cir.1998)(&)US V.KIND,194 F3d 900(8th Cir.1999)...,Pro-Sē defendants have rights to submit briefs(&)have effective assistance from person trained in law.

6.Petitioner does hereby petition for due process,move court to grant relief via summary judgement(&)recommend conviction be vacated in light of ACTUAL INNOCENCE,see...cite;Frost V.Symington,197 F3d 348(9th Cir.1999)...(&)claims US Supreme Court grants Collateral Authority which requires evidentiary relevant to ACTUAL INNOCENCE Claims,see...Mcquiggen V. Perkins 133 SCt 1924,1928,1933,-36(&)N.4 185 LEd2d 1019(2013)...(&)that is Superseding;Hohn V.US 524 US 236 141 LEd2d 242 118 SCt 1969(1998).

7.Petitioner claims that The USDC of Southern District of Indiana may grant any Motion for any writ,sua sponte,Edwards V.US 114 F3d 1083 (11th Cir.1997)(&)that accordingly,Petitioner asserts conduct never reached level of Federal Offense,Howard V.US 135 F3d 506(7th Cir.1998) (&)that this Court is the only appropriate recourse for relief,see... Lee V.Wetzel 244 F3d 370(5th Cir.2001),as "District Court of Place of incarceration is only Court with Jurisdiction to entertain petitioner under T.28 Ch.153 Habeas Corpus,Federal Criminal Code (&)Rules.

Respectfully Submitted,

Signed Jeffery W. Paul *

Jeffery W.Paul 10517042
PO Box 33 Terre Haute,IN.47808-0033

Certificate of Service,
This motion was placed in the US Postal Service to The USDC,Southern District of IN. via,Institutional Mail from USP/Terre Haute,IN.(SCU/ Special Confinement Unit.)(2 / 5 /14

(Doc. 81)

7006 0100 0003 7176 3261

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ $1.54 |
| Certified Fee | $3.10 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ $5.66 |

Postmark Here

TERRE HAUTE IN

Sent To: Clerk, Southern District, IN, Col 2??

Street, Apt. No.; or PO Box No.: 921 OHIO St Rm. 104

City, State, ZIP+4: Terre Haute, IN 47807

PS Form 3800, June 2002 See Reverse for Instructions

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Clerk of The Court
US District Court
Southern District of IN.
921 OHIO St. Rm. 104
Terre, Haute, IN 47807

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X C. Ellis ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Ellis

C. Date of Delivery 1-13-14

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7006 0100 0003 7176 3261

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

(Doc. 82)
(Exhibit 15.17)

In The Southern District
US District Court/Federal Jurisdiction

Jeffery W.Paul
Plaintiff

V.

Superintendent
Respondant

Case No: 2:13 cv 304
WTL/TAB

CAPITAL-CASE/PRO-SE

-Instant Motion Pursuant to Affirmitive Due-Process of request for relief of Conviction(&)sentence(via)-Title 28,Ch.153:§2241-55 Federal Criminal Code(&)Rules-Amending-

Comes now The Petitioner Pro-Se does hereby cites of controlling authority ,submits this Motion by rights(via)delegated Powers to The US District Court,citing Double Jeopardy(et.al)Torture resulted in an illegal trial(&)sentence,violation of my 1st,2nd,3rd,4th,5th, 6th,7th,8th,9th,10th(&)14th Amendments.

(1.)Petitioner does bring this Motion citing,caselaw with documents in exibit supporting claim that he was ineligible for The Death Penalty due to statutory preclusion,change in Law...see,Jackson V.Norris,615 F3d 959,963 n.6(8th Cir.2010)(quoting,Sasser V.norris,553 F3d 1121,1126 (8th Cir.2009)..."A Petitioner is Actually Innocent where he is not eligible for The Death Penalty"...Petitioner asserts as follows,that the Antiterror(&)Effective Death Penalty Act(1996)was cause of the superseding Indictment issued in The Western District of AR.,when US Attorney announced he intended to seek the death penalty under new statutory guidelines,which had been revised to allow flexible Indictments after innocent omissions,introduced after development,prejudiced cases(&)resulted in release of demonstrably guilty partys despite Police(&)Prosecutions good faith efforts to show aggravators were relevant to prevent mistrials in other cases than mine...(supposedly Guilty Persons were being released)...but the new law unlawfully enhanced my penalty by creating ambiguity about the guidelines.

(2.)Petitioner was charged in joint indictment from offense date of 6/22/95(&)Codefendant was sentenced to Life imprisonment during a trial I was not allowed to attend,which was enough to prejudice my trial because I was not allowed to attend but proceeded from that conviction upon the same set of facts which is referenced elsewhere,but for the purpose of this claim,the Indictment was rendered(&)proceeded from the offense date which constitutes a violation of my Constitutional rights,see,USC Articles 1,sec.9§2,3(&)sec.10§1,Articles 4,sec.1,2(&) §1,4,Articles 6,§2,3(&)US Bill of Rights Amendments 1,2,3,4,5,6,7,8,9, 10,11,12,(&)14§1....(&)cites,see,Flores-Leon V.I.N.S.,272 F3d 433(7th cir.2001)ex post facto clause prohibits retrospective application of criminal/punitive laws(&)Turner V.Glickman,207 F3d 419(7th Cir.2000) statute challenged on double jeopardy grounds serves as criminal purpose(&)effect,Court must disregard Congress'intent to create a civil sanction,thats an abridgement...(&)US V.Karro,257 F3d 112(2nd Cir.2001) for purposes of determining which sentencing guidelines were in effect on date of offense,the date of the offense entered on The Indictment is the controlling date...so thats a PRIMA FACIE violation of Rules because the penalty was Double Counted,see,US V.Herrera-Rojas,243 F3d 1139(9th Cir.2001)US V.Rohwedder,243 F3d 423(8th Cir.2001)...

(Doc. 83)

(2.)Continued..."Double Counting"Occurs when one part of sentencing guidelines is applied to increase a defendants punishment on account of a Harm which has been fully accounted for elsewhere...Petitioner asserts that one Penalty or another is in effect upon conviction (&) that there is no doubt that would be the maximum penalty conjecturally because defendants found guilty must convince a Judge/Jury that the Maximum Penalty is inappropriate(&)receive an adjusted penalty... under sentencing guidelines...see,US V.Nappi,243 F3d 758(3rd Cir.2001) (&)US V.Eschman,227 F3d 886(7th Cir.2000)Due Process requires sentence must be based upon accurate information...(&)US V.Harris,244 F3d 828 (11th Cir.2001)sentencing guidelines cannot increase penalty beyond the Statutory Maximum...so the Penalty is in the Offense Class(&)Partys must prove they deserve a lesser Penalty(&)if I was Convicted of a 95' offense that require a superseding indictment for change in law to a 96' standard of procedure then the initial conviction had to be entered per Rules in 95'(&)thats a Plain Error,because if a constructive amendment prejudices defendant the conviction must be reversed,see,US.V CHOY 309 F3d 602(9th Cir.2002)...(&)according to Rules of lenity,see,US V. Lanier,73 F3d 1380,Bifulco V.US,447 US 381,65 LEd2d 205,100 SCt 2247(1980) (&)US V.Bass,404 US 336,92 SCt 515(1971)...(1.)Rules state that where there is ambiguity in statute,doubts resolve in favor of defendant,which appies to prohibitions(&)penalties(&)(2.)Criminal Statutes should normally be strictly construed...so NEW LAW Provisions are NEW LAW(&)The AEDPA is a ACT of 1996(&)Petitioner was not eligible for procedure of that nature because of intrinsic differences in statutory provisions...although my indictment was issued in March 96',(&)I was arrested in August 96',My Codefendant who was arrested in July 95'is indicted under the aiding(&) abetting clause(&)thats from June 22,95'.

(3.)Petitioner asserts that there is no ambiguity about the qualification of this claim as a Prima Facie Claim requiring affirmitive due process under Title 28,Ch.153 Habeas Corpus Provisions §2241-55...any reference appropriated(&)that more cites are available to guide Court in its decision making Process,see,US V.Malone,222 F3d 1286(10th Cir.2000),imposition of sentence in Federal Court based on erroneous interpretation of LAW is PLAIN ERROR warranting reversal,(&)US V.HASAN,205 F3d 1072(8th Cir. 2000),Rule of Lenity requires Court to resolve any ambiguity in favor of Defendant relevant to Sentencing statutes interpretation....

(4.)Petitioner asserts that his ongoing captivity is a Violation of his fundamental Civil Rights(&)that Government is in criminal violation of Law by refusing to Order remedy or correct the record in remonstration such as Physical Evidence(&)Inneffective Councel claims elsewhere(&)that although Petitioner is ACTUALLY INNOCENT(&)claiming that in Controlling Pleas,the dereliction of Prosecution(&)effect of procrastination is placing my family in danger,exposed to financial risks(&)plainly caused the estrangement(&)rape/sexual abuse of my wife respective of the harm I endure daily knowing how callous my captors are(&)how close I am to being killed at any time due to weight given the lies of complicit partys who admit theyre incentivized...wholly constitutes Torture,T.18,ch.113c,§2340 Federal Crminal Code(&)Rules(&)proves vindictiveness(&)Plain Error on Part of the GOVERNMENT:see,US V.Gomez-Orduno,235 F3d 453(9th Cir.2000), Prosecutor violates due process when he seeks to punish defendant for exercising constitutional or statutory right...which is referenced in plea elsewhere,when codefendant was found guilty Govt.offered to recommend a...

(Doc.84)

(4.)Continued...Lesser Sentence but refused to depart the Offense Class which meant that Petitioner would not be immediately released(&) thats either delusional/conspiratorial because if hed simply corrected the evidence the particulars in statutory aggravators clearly showed that was premised upon a False Police Report,that report created opportunity to claim that Petitioner was a knowing participant in a savage battery(&)robbery concealing a bloody murder,as opposed to an associate accompanying person who apparently got into an altercation (&)shot somebody he either thought may have been stealing a car he had claim to or something similarly confrontational due to exposure to drugs. ..(drugs that I did not provide)...but reported as credibly(&)in duetime to a person who claimed to be a Youth Vice DEPUTY(Law)...Prosecutor knew that but deliberately estranged petitioner from wife to create an option to cross without her husbands permission resulting in Sexual-Abuse(&)constituting one aspect of cumulative errors which wholly create a cruel(&)unusual Penalty/condition of captivity(&)violation of my dueprocess rights,see,US V.Johnson 171 F3d 139(2nd Cir.1999)Presumption of vindictiveness results when circumstances of case create a realistic likelihood of prosecutorial vindictiveness...(&)Bragan V.Poindexter,249 F3d 476(6th Cir.2001)(1.)Criminal Prosecution would not have been initiated but for vindictiveness is Constitutionally prohibited.(2.)Remedy for vindictiveness is dismissal of charges...Petitioner claims that the Govt.does not have to knowingly commit Civil Rights violation,but in scenario,choosing to initiate prejudicial indictment(&)then penalty was a violation of Law from 95'-96'(&)that having sought to make that fit a summary evidentiary including aggravating factors was vindictive(&) a violation of Statutory LAW(&)Canon,see,US V.Jeter,329F3d 1229(11th Cir. 2003)US V.Brown 79 F3d 1550(11th Cir.1996)"The RULE OF LENITY",commands that where alternative readings of criminal statute do not require a harsher Penalty ,statutes should be narrowly interprated...

(5.)Petitioner asserts that Court should Vacate Conviction(&)Penalty due to violation of Constitutional Rights(&)recommend restitution(&) release for wrongly convicted Petitioner.

Attorney of Record

*____________________

Jennifer A.Merrigan
Federal Defender(DE)
800 King ST,Suite 200
Wilmington DE
19801

Respectfully Submitted,

* Jeffery W. Paul (signature)

Jeffery W.Paul
Rg#10517-042
P.O.Box 33
Terre Haute,IN.
47808-0033

Certificate of Service-
I Jeffery W.Paul,do hereby submit this Motion for relief of T.28, ch.153,§2241-55(Habeas Corpus)FCC(&)R-Via US POSTAL SERVICE to THE Southern District of INDIANA-(2/ /14)

(Doc.85)

demonstrate he is actually innocent of the death penalty.

Under § 2255, a prisoner can obtain relief from a sentence imposed by a federal court that is contrary to the law. 28 U.S.C. § 2255(a). The statute of limitations for such a claim is one year and begins on "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). Paul has filed his motion some 8 years after the Supreme Court decided *Roper* and, as such, his claim is procedurally defaulted. "Out of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley*, 541 U.S. 386, 388 (2004). However, the Supreme Court has recognized a petitioner may surmount this procedural default if the prisoner can demonstrate that the alleged constitutional error has resulted in the conviction of one who is actually innocent of the underlying offense or, in the capital sentencing context, of the aggravating circumstances rendering the inmate eligible for the death penalty. *Id.* (*citing Murray v. Carrier*, 477 U.S. 478 (1986) and *Sawyer v. Whitley*, 505 U.S. 333 (1992)).

"A petitioner is 'actually innocent' of the death penalty where he is ineligible for the death penalty." *Jackson v. Norris*, 615 F.3d 959, 963 n. 6 (8th Cir.2010) (*quoting Sasser v. Norris*, 553 F.3d 1121, 1126 (8th Cir.2009)). The Eighth and



(4.) & (5)

 (Doc. 86)

THP88 540*23 * SENTENCE MONITORING * 01-23-2014
PAGE 001 * COMPUTATION DATA * 09:53:06
AS OF 01-23-2014

REGNO..: 10517-042 NAME: PAUL, JEFFERY WILLIAM

FBI NO...........: 220926WA9 DATE OF BIRTH: 09-02-1976 AGE: 37
ARS1.............: THP/A-DES
UNIT.............: SCU QUARTERS.....: X03-401L
DETAINERS........: NO NOTIFICATIONS: NO

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: DEATH SENT

----------------------CURRENT JUDGMENT/WARRANT NO: 020 ------------------------

COURT OF JURISDICTION...........: ARKANSAS, WESTERN DISTRICT
DOCKET NUMBER...................: 96-60022-001
JUDGE...........................: HENDREN
DATE SENTENCED/PROBATION IMPOSED: 06-25-1997
DATE COMMITTED..................: 07-01-1997
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

| | FELONY ASSESS | MISDMNR ASSESS | FINES | COSTS |
|---|---|---|---|---|
| NON-COMMITTED.: | $200.00 | $00.00 | $00.00 | $00.00 |

RESTITUTION...: PROPERTY: NO SERVICES: NO AMOUNT: $00.00

-------------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....: 721
OFF/CHG: T18:1111(A) & 2; KILL IN THE PERPETRATION OF A ROBBERY, AIDING AND ABETTING (COUNT 1). T18:924(C)(1),924(I)(1) & 2; KNOWINGLY CARRY AND USE A FIREARM, DEATH OF A PERSON THROUGH THE USE OF A FIREARM & AIDING AND ABETTING (COUNT 2)

SENTENCE PROCEDURE.............: 3559 VCCLEA VIOLENT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.: DEATH
DATE OF OFFENSE................: 06-22-1995

G0002 MORE PAGES TO FOLLOW . . .

(5 of 5)

(Dc-87)

In The Southern District
US District Court/Federal Jurisdiction

Jeffery W.Paul
Plaintiff

V.

Superintendent
Respondant

Case No: 2:13 cv 304
WTL/TAB

CAPITAL-CASE/PRO-SE

-Instant Motion Pursuant to Affirmitive Due-Process of request for relief of Conviction(&)Sentence(via)-Title 28,Ch.153:§2241-55 Habeas Corpus,Federal Criminal Code(&)Rules-Amending-

Comes now The Petitioner Pro-Se does hereby cites of controlling authority,submits this motion for relief by rights(&)affirmitive delegated powers in a District Court of The United States of America by Presenting a Prima-Facie,ACTUAL-INNOCENCE Claim.

(1.)Movant does submit exibit Pages(A.)to (C.)documents from the Honorable US Attorneys Office whereby duty he attaches proper cites in response from The 8th Circuit Court of Appeals.

(2.)Petitioner asserts as follows,Petitioner was actually innocent(&) codefendant confirms that Pre-Trial with no assurance of Lenity during a recorded attempt to procure that from jailhouse councel acting as a F.B.I. informant.

(3.)Petitioner asserts that incompentency byway of omitted communications with Councel(Court Appointed)resulted in False Belief that Physical Evidence rebutted by Labwork was subordinate to Limited Admissability rules in F.R.E.(Rule 101-6)during Petitioners Trial(&)Trial Councel mistakenly advised Petitioner to remain silent during both Guilt(&)Sentencing Phase of My Trial which excluded my attempt to rebutt alleged inculpatory statements.

(4.)Codefendants Councel admitted that he had exonerated Petitioner in pre-trial contact wherein he was advised to cease due to Prosecutions Commitment to Offense Class(&)intent to use a Witness who admittedly provided the Murder Weapon,Marijuana(&)Potential Facility to conceal or otherly facilitate the disposition of Property removed by Perpetrator from crime scene...in exchange for complete IMMUNITY of Accessory to a 1st Degree Murder Charge...who would say anything.

(5.)Petitioner asserts that Trial Councel erred by not calling Perpetrator who had already made exculpatory statements,but cedes that He (Trial Councel),was told the same thing about the testimony(&)that was that if the labwork excluded the statements theyre inadmissable...but at last minute Prosection convinced judge that evidence could be interprated(&)although the Labwork/Examiner showed no signs of evidence(or) tampering(&)jury was instructed to give that weight,they did not(&) returned a guilty verdict based upon a false Police Report that was submitted as an alternative cause of death.



(Doc.68)

(6.)Petitioner claims that no reasonable jury wouldve found a guilty verdict given the weight required to evidence submitted independently of Perpetrators confession,see:Sawyer V.Whitley,505 U.S. 333,336(1992),(&)Johnson V.US,720 F3d(8th Cir.1013),T.28§2255(h)requisites.

(7.)Petitioner was not allowed to take stand in my own defense(&) could not call Witness to Cross because of his Attorneys interference which allowed informants to resolve ambiguity of exculpatory statements attributed to him to my detriment in exchange for IMMUNITY(&)Crucial Medical Care(&)Privileges only The US Attorney/Government could Provide but that on 3 Separate Occasions the Perpetrator of This Crime Attempted to exonerate this Petitioner.

(8.)Petitioner asserts that He is ACTUALLY INNOCENT(&)that the evidentiary Appended to HABEAS CORPUS Petition does wholly constitute PLAIN/(PRIMA-FACIE)grounds for Evidentiary hearing(&)due-process for remedy of a wrongfull conviction...by any known(or)amending statutory provisions set forth in Title 28/Ch.153,§2241-2255...see,Cox V.Burger,398 F3d 1025, 1031(8th Cir.2005)(citing Coleman V.thompson,501 U.S.722,750(1991).... (&)that procedurally barring this claim is a Fundamental Miscarriage of Justice which has currently been ongoing for 9(of)17.6 Years...under one premise or another supposedly.

(10.)Please review(&)recommend my Conviction be vacated due to actual innocence by any means proper,to date,no evidentiary has been ordered to my knowledge(&)all remonstration has supposedly been ex parte(&)exclusive (&)still premised upon false reports despite US Attorneys duty to perform as defender where there is demonstrable pretense.

Attorney of Record

*______________________

Jennifer A.Merrigan
Federal Public Defender of(DE)

Respectfully Submitted,

* [signature]

Jeffery W.Paul(10517042)
PO Box 33
Terre Haute,IN.47808-0033

Certificate of service-
I,Jeffery Paul,do hereby US Postal Service submit this Motion Pro-Se to The Southern District Court of IN.(FEDERAL)-

(Doc.89)

Fourteenth Amendments forbid imposition of the death penalty on offenders who were under the age of 18 when their crimes were committed. *Roper v. Simmons*, 543 U.S. 551, 568 (2005). Thus, a juvenile offender is actually innocent of the death penalty and in order to prevail Paul "must show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found [him] eligible for the death penalty under applicable [federal] law." *Sawyer v. Whitley*, 505 U.S. 333, 336 (1992).

"Under the *Sawyer* standard, [Paul] must show that by clear and convincing evidence that but for the constitutional error, no reasonable juror would have found him eligible for the death penalty under [Federal] law." *Nave v. Delo*, 62 F.3d 1024, 1032 (8th Cir.1995), *cert. denied*, 517 U.S. 1214, 116 S.Ct. 1837, 134 L.Ed.2d 940 (1996). Paul can "succeed on his claim only 'by showing no aggravating circumstance existed, or by showing some other condition of eligibility was not met. Additional mitigating evidence does not satisfy the standard.' " Id. at 1033 (*quoting Shaw v. Delo*, 971 F.2d 181, 186 (8th Cir.1992), *cert. denied*, 507 U.S. 927, 113 S.Ct. 1301, 122 L.Ed.2d 690 (1993)).

In this case, Paul is unable to rely on *Roper* to support his claim because he was 18 years of age at the time he aided and abetted in the murder of Mr. Williams. Despite Paul's suggested calculation of his age, this Court recognized during Paul's

2. *New-Found Evidence, Standing Alone, Does Not Implicate a Constitutional Violation Warranting Habeas Relief*

Paul wants to raise a claim of actual innocence in a success federal habeas proceeding. The Supreme Court has recognized that a showing of actual innocence may be a gateway to get past a procedural default in order for a court to consider a claim on the merits. This is because procedurally barring a claim that establishes actual innocence is considered a fundamental miscarriage of justice. *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir.2005) (*citing Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also Clayton v. Roper*, 515 F.3d 784, 793 (8th Cir.2008); *Burton v. Dormire*, 295 F.3d 839, 848 (8th Cir.2002); *Meadows v. Delo*, 99 F.3d 280, 283 (8th Cir.1996). Chief Justice Warren made this clear in *Townsend v. Sain*, 372 U.S. 293, 317 (1963):

> "Where newly discovered evidence is alleged in a habeas application, evidence which could not reasonably have been presented to the state trier of facts, the federal court must grant an evidentiary hearing. Of course, such evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly





(Doc. 91)

Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h); *Rodgers v. United States*, 229 F.3d 704 (8th Cir. 2000).

Authorization to file a second or successive petition can only be granted where there is a *prima facie* showing that the application satisfies the aforementioned requirements of § 2255(h). *Johnson v. United States*, 720 F.3d 720 (8th Cir.2013). A *prima facie* showing in this context is "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Johnson*, 720 F.3d at 720 (citations omitted).

In this case, Paul claims newly discovered evidence by way of his codefendant's affidavit exonerates him of guilt in the murder of Mr. Williams. Additionally, Paul contends *Roper v. Simmons*, 543 U.S. 551 (2005), entitles him to pursue a successive collateral attack because it applies retroactively to his case. However, Paul's application is simply insufficient of possible merit to warrant a fuller exploration by the district court and his request to file a successive § 2255 motion should be denied.

B. Exoneration

1. *Timeliness*

Under the AEDPA, a one year period of limitations from the date on which the facts supporting the claim or claims presented could have been discovered through



(Doc. 92)

Laura Briggs
U.S.District Courthouse
921 Ohio St.
Terre Haute, IN 47807

March 24th, 2014

Re: Paul v. Marberry, et al., #10-cv-180-WTL-TAB

Dear Ms. Briggs,

Please find enclosed my notice of appeal to the Seventh Circuit Court of Appeal regarding the Judgment Order issued by the Court March 13th, 2014 in the above caption case. I have enclosed the original and two copies for filing with the court, plus a additional copy for a file stamp and return. If additional information and/or documentation is needed to perfect this appeal please advise.

Thank you for your attention to this matter.

Sincerely,

[signature]

Jeffery W. Paul #10517-042
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Plaintiff/Appellant/Pro SE

JWP/wip

cc: file

(Doc. 93)

IN THE EIGHTH CIRCUIT COURT OF APPEALS
(8th Circuit)
United States of America-Federal Court

-Evidentiary Section/Supporting Exibits-

Section(2/TWO)

[ Docs: 94 through 106 ]

Title 28-HABEAS CORPUS-Ch.153 APPEAL
- §2241-55-

-13[illegible] -Pages

IN THE EIGHTH/8th CIRCUIT COURT OF APPEALS

Jeffery W.Paul
Petitioner

V.

Superintendent
Respondant

-PRO-SE/CAPITAL-CASE-

Case No-2:13cv304(WTL/WGH)

- IN THE SOUTHERN DISTRICT of INDIANA-
UNITED STATES DISTRICT COURT

-Motion for Due Process to redress a Fundamental Miscarriage of Justice in a CAPITAL CASE-

[- TITLE 28,Ch.153-Habeas Corpus§2241-2255
Federal Criminal Code(&)Rulebook -]

---

-IN REM-

IN THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF ARKANSAS/HSD-
Hot Springs,Division-Garland County

United States of America
Plaintiff

V.

Jeffery William Paul
Defendant

Case No-6:96cr60022-001

(ct.1)18 U.S.C.§1111(a)
(ct.2)18 U.S.C.§924(c)
(ct.3)18 U.S.C.§924(i)(1)
(ct.4)18 U.S.C.§2

- Criminal complaint;June,22 1995-

- Results:Guilty Cts(1(&)2)-Death By Lethal Injection byway of Superseding Indictment under NEW LAW/AEDPA 1996-

---

RECEIVED
WD/AR
MAR 10 2014
U.S. CLERK'S OFFICE

RECEIVED
MAR - 5 2014
U.S. COURT OF APPEALS
EIGHTH CIRCUIT

(Doc 94)

Pg.1

Jeffery W.Paul
Petitioner

V. Case No.2:13 cv 304(WTL/WGH)

Superintendent -CAPITAL-CASE/PRO-SE-
Respondant

-Motion for Due-Process to redress a Fundamental Miscarriage of Justice in a CAPITAL CASE-

Comes now The petitioner does submit this Motion pursuant to redress a Wrongful Conviction(via),Title 28,Ch.153,§2241-2255-Habeas Corpus-byway of ACTUAL INNOCENCE-

(1.)Petitioner claims that US District Court/Southern District of Indiana errs by denying Motion for Due Process because it creates a 1st 2nd,3rd,4th,5th,6th,7th,8th(&)14th amendment violation...et al,Articles 4§1(&)2,violation by infringing upon my rights to redress grievance(&) Proceed with the disposition required where there is a Fundamental Miscarriage of Justice.

(2.)Petitioner requests Court should review(&)forgive previously submitted request in Plea/Petition which may have been procedurally default(&)suggests Rule of Lenity would require Court to allow this Pro-Se Petitioner to start over with NEW Case NO#(&)Certificate of Appealibility,see:US V.Lanier,73 F3d 1380(6th Cir.1996),Bilfuco V.US, 447 US 381,65 LEd2d 205,100 SCt2247(1980),US V.Bass,404 US 336,92 SCt 515(1971)(1.)Rule that where there is ambiguity in Criminal statute, Court is obligated to resolve that in favor of Defendant,applies to Penalty as well as Prohibition...So Appeals Court may(&)Should Grant a NEW CERTIFICATE OF APPEALIBILITY due to ACTUAL INNOCENCE Claim,still unresolved...(&)that Court is never in Doubt about entitlement to a Certificate of Appealibility in a Capital Case,especially where there is a Chance that a Fundamental Miscarriage of Justice will occur...see: Sonnier V.Johnson,161 F3d 941(5th Cir.1998).

(3.)Petitioner brings this Motion byway of NEW Supreme Court Cites,see: McQuiggen V.Perkins,133 SCt.1924(2013)...which states that ACTUAL INNOCENCE is the door to get back into Federal Court.

(4.)Petitioner has Currently been in captivity for 17.6 YEARS(&)suffers from ADD/ADHD,but failed to convince B.O.P.that I was having difficulty assisting Councel/receiving effective assistance due to austerity(&)inchoate attempts to Petition for redress PRO-SE,which resulted in a Garnishment for filing fees amounting to 60% of income which is creating a exacerbating burden upon my family(&)causes a diminished quality of life (&)Civil Rights infringement directly responsible for the estrangement(&) impoverishment of my family(&)separation(&)Rape of my Wife...all of which Bureau refuses to redress,violation of my Equal Protection(&)fundamental 1st-14th amendment rights...(&)supporting Policy(&)NEW Supporting cites for Americans With Disabilities,see:Davis V.Goord,320 F3d 346(2nd Cir. 2003)(&)Tennessee V.Lane,Sct.(2004)(&)Rouse V.Benson,193 F3d 936(8th Cir. 1999)...Petitioner requests Court not overlook fact that superficial responses from District Courts do not Constitute redress wherein there is a Plea to redress Captivity(&)Cruel(&)Unusual conditions of Captivity,see: Lerman V.Board of Elections in City of New York,232 F3d 135(2nd Cir.2000),



(Doc 95)

(4.)...(&)Moves Court to Apply appropriate Legal Standard,see: Bateman V.US Postal Service,231 F3d 1220(9th Cir.2000)(&)US V. Dabeit,231 F3d 979(5th Cir.2000),which obligates appeals courts to follow Precedent,esp.,USCt.

(5.)Petitioner Claims that USDC/Southern District of Indiana(&)USDC /Western District of Arkansas have had evidence of my ACTUAL INNOCENCE since 2/11/05 Available(&)Chose to not grant an evidentiary despite qualifying as a Prima Facie claim,by SAWYER STANDARDS,which states that Petitioner must show by Clear Standards that no Jury,but for Constitutional Error wouldve found him Guilty...see;Sawyer V.whitley, 505,U.S.333,336(1992),(&)House V.Bell,547 U.S.518,536-37(2006)quoting Schlup V.Delo,513 U.S.298,327(1995)...accordingly,Petitioner insists that District Courts err when denying Due Process because they cannot fulfill the obligation to redress the grievance(&)offer meaningful statements as to why they chose not to,if they never have a hearing, (&)if they never acknowledge the Duty to redress is to remedy a Fundamental Miscarriage of Justice,see:Cox V.Burger,398 F3d 1025,1031(8th Cir.2005)quoting Coleman V.Thompson,501 US 722,750(1991)...Procedurally barring a Claim that establishes ACTUAL INNOCENCE is a Fundamental Miscarriage of Justice...accordingly,Petitioner does Move Court to order District to review evidence Titled,THE DECLARATION OF TRINITY E. INGLE,Pg's.A02253-55,which is the Confession of the perpetrator,sans allegation of GOVERNMENT MISCONDUCT which was made by him in another statement wherein he also exonerates Petitioner(or)Codefendant...Doc. Attached...see:Biami V.US,144 F3d 1096(7th Cir.1998),Court must grant evidentiary upon claims which involve facts,relevant to MOTION TO VACATE sentence...finally,for the purpose of an evidentiary in this Context, Title 28,Ch.153§2255(h),(ie),supposedly that sentence was a violation of Laws(&)Constitutional Rights(&)relief is warranted...the only requirement to qualify as a PRIMA FACIE Application is to...simply show that claim POSSIBLY has merit,warrants fuller explanation by Court,see: Johnson V.US,720 F3d 720(8th Cir.2013).

(6.)Petitioner asserts that not only does he have a right to explicitly appeal this wrongful conviction in the appeals Court without permission see:Valona V.US,138 F3d 693(7th Cir.1998)§1(&)2...but that the 1st Amendment trumps abridgement of the Democratic Majority,being a failsafe clause...see:Southworth V.Grebe,151 F3d 717(7th Cir.1998)...(&)that this Court has an obligation to hear my appeals because the Districts have thus far,regularly refused without cause(or)upon suggestion of a false record,allowing Govt.remonstration without rebuttal option which is a due process violation as well,(&)result of Prosecutorial Misconduct,see: US V.Rosa,17 F3d 1531(2nd Cir.1994)(&)US V.Goodson,165 F3d 610(8th Cir. 1999),Hayes V.Woodford,301 F3d 1054(9th Cir.2002)...that Prosecution may not present false/misleading evidence(&)must correct the record if he knows it to be false...(&)that ongoing effect is Obstruction of a Capital Case(&)violates my 6th Amendment right to confirm the nature of the evidence,see:US V.Deering,179 F3d 592(8th Cir.1998).

(7.)Petitioner does hereby cite,move Court to Vacate the Conviction pursuant to Habeas Corpus§2241-55,Title 28,Ch.153,because offense did not rise to level of Federal Offense,see:Howard V.US,135 F3d 506(7th Cir. 1998)(&)that I have a right to have that Conviction vacated statutorialy, see:Garland V.US.837 F2d 1563(11th Cir.1988),because it is unconstituional(&)Court lacked Jurisdiction to impose sentence(&)sentence was excessive

(7.)...(&)Court is empowered(&)can grant redress entirely upon this Claim(&)evidentiary inclusion,as well as other available evidentiary summaries relevant to Prosecutorial Misconduct,Prejudicial Jury instructions(&)Ineffective Assistance,in addition to newly affirmed Standards of Review(LABWORK)reports from the F.B.I.crimelab which I cannot prepare properly but am in Possession of,all of which independently should grant review(&)redress where optional,see:Edwards V.US,114 F3d 1083,(11th Cir.1997)...(&)US V.Colon-Munoz,192 F3d 210(1st Cir.1999),Razzoli V.Federal Bureau of Prisons,230 F3d 371(D.C.Cir.2000),Holly V.Dept.of Veteran Affairs,165 F3d 244(3rd Cir.1999)...Where an equally convincing theory of Guilt/Innocence is supported by evidence,Court of Appeals must reverse Conviction(&)Courts obligated to read Pleadings Liberally.

(8.)Accordingly,Petitioner does Move court to grant a New Certificate of Appealibility(&)review record with respect to CONSTITUTIONAL DUE-PROCESS(&)REDRESS of a Fundamental Miscarriage of Justice already consuming 17.6 YEARS of INNOCENT PERSON's life,liberty(&)having caused an irreconcilable injury to my Posterity byway of Genocide/violation of my Spousal,familial(&)property-rights...Petitioner PRO-SE,claims to have rights,statutorialy to Move this Court(&)fully redress the Grievance,see:Salahuddin V.Mead,174 F3d 271(2nd Cir.1999),US V.Myers,106 F3d 936(10th Cir.1997),it is BASIC CANON of Statutory intent that using the word SHALL,indicates mandatory intent...(&),Court is required to give full force to word of statutory(&)constitutional provisions,WHEREVER POSSIBLE... see:Silviera V.Lockyer,312 F3d 1052(9th Cir.2002),(&)McCormick V.City of Chicago,230 F3d 319(7th Cir.2000),Boag V.MacDougall,454 US 364 70 LEd2d 551 102 SCt 700(1982)(&)Haines V.Kerner,404 Us 519 30 LEd2d 652 92 SCt 594 (1972)...PRO-SE litigants pleadings are to be construed liberally(&)held to less stringent standard than formal plea drafted by Lawyers,if Court can reasonably read Plea,to state a valid claim on which Petitioner COULD prevail,it SHOULD do so despite failure to cite proper Legal Authority,theories,poor syntax(&)sentence construction(or)unfamiliarity with Pleading Requirements..accordingly,Websters Dictionary defines SHOULD,as futurity of SHALL,which is STATUTORY CANON,thus Petitioner asserts that Court Can(&)SHOULD Vacate this Wrongful Conviction...on any Cause it may find or see in a new light...see:Lam V.Kelchner,304 F3d 256(3rd Cir.2002) (&)Ross V.Ward,165 F3d 793(10th Cir.1999)...(&)that Government Errs where Courts refuse to redress Grievance in a timely manner,violating the 5th, 6th Amendments...see:Lee V.City of Los Angeles,250 F3d 668(9th Cir.2001), ...Prisoner SHALL be released when it was known he SHOULD have been released...

(-PRO-SE-)

Respectfully Submitted,

Signed [signature] *

Jeffery William Paul
Rg#10517-042
P.O.Box 33
USP TERRE HAUTE/S.C.U.
Terre Haute,IN.
47808-0033

Certificate of service,

I,Jeffery W.Paul,do hereby swear that a True Version of This Motion for Appellate review was placed in the US Postal Service from USP Terre Haute,IN.47808-(3/2/14)-


(Doc 97)

Paul, Jeffery
Reg. No. 10517-042
Unit: SCU

INMATE REQUEST TO STAFF MEMBER RESPONSE

Your correspondence to the North Central Regional Office has been referred to this office for response. You request to be immediately released and provided restitution for your confinement.

Records indicate you were sentenced to Death on June 25, 1997, in the United States District Court, Western District of Arkansas. Your sentence can not be changed unless an amended criminal judgment, or some other type of order, is issued by the appropriate court. A review of Administrative Remedies you recently filed reveals you have received responses from the Institution and Regional level concerning your rights. If you are unsatisfied with these responses you may further utilize the Administrative Remedy Program.

I trust this has been responsive to your request.

9/10/09
Date

H. J. Marberry
Complex Warden

(Doc. 98)

In The Western District of Arkansas
US District Court

IN REM

United States
Plaintiff

V.

Jeffery Paul
Defendant

Case No#6:96-cr-60022

Hot Springs Division

CAPITAL-CASE

PRO-SE/Represented by Counsel

-Motion for Discovery(&)assignment of Case no#-

Comes now the Petitioner does submit this motion to discover (&)recover copies pursuant to the record on appeal(&)enter the new number which was filed in The Southern District of IN. Terre Haute Division,pursuant to Habeas Corpus,Title 28,ch.153 relief/remedy of conviction due to fundamental miscarriage of justice.

1.Petitioner was convicted of Aiding(&)Abetting Murder in a National Park on or about(6/22/95-6/27/97)(&)sentenced to death by Lethal Injection,(&)Appellate Councel Robert L.Mc-Glasson was appointed due to Petitioners Learning Disability.

2.Trial Councel refused to call Material Witness who repeatedly exonerated Petitioner during a Jailhouse confession recorded at Van Buren Cty Jail,April 3,96',during an attempt to get an inform-ant;acting as Jailhouse Counsel,to advise FBI that he wanted to stay in State Court(&)Plea but Person of interest really had no idea what was going to happen(&)did not perpetrate crime or receive thereof,any property removed...trial concel was told that perpetrator Ingle had been instructed to remain silent when US Attorney refused to depart the Offense...(&)then was told that allegations of Physical evidence would not be allowed due to exclusive LABWORK(&),FRE General Provisions Rules 101-6,applicable sections(Rules:103(a)(2)(b)(d) ...);(ie) Plain Error.

3.Petitioner asserts that Trial Councel advised him to remain silent upon the weight of exclusive Physical Evidence but that when Prosecutor announced that expanded testimony would be allowed from confessed accomplice suspect who'd provided LSD/Marijauna,.38 Caliber Pistol(&)Option to convert Stolen Property into Parts to Perpetrator,I asserted that I would have to testify on my own behalf (&)was repeatedly shocked by gaurds(&)struck in the head during a fight in jail over comments about my wifes spousal misconduct(&) aggravated a preexisting condition...resulting in a state of confusion during trial.

4.Trial Councel complained of lack of funds(&)did not present the agreed upon exibits relevant to eyewitnesses(&)timelines(&)supporting affidavits readily available from Public Officials(&)Venues confirming activity of note,including after alerts of gunshots were made(&)miss-ing persons reports were published which excluded consideration of crucial facts.

5.Trial Councel did not properly cross at least 4 eyewitnesses who stated they did not see Physical evidence reported by eyewitness on same day,in same room in same context.

6.Trial Councel did not adequately relate complaints of leading(&) coercive contact with FBI/Other Law Enforcement Agents reported during phone conversations pretrial with spouse(&)former spouse(&)US Coast Guard detail who was being promised a mere discharge instead of a Court Martial for providing I.D.$ to Persons under the impression they were being considered for witness protection(&)for abetting a Possible Sexual Abuse(&)Battery in Florida.

7.Trial Councel did not redress grievance Petitioner made as a result of inhumane conditions of captivity including medical default of a critical nature(&)stalking by other prisoners,pursuant to sexual humiliation of a person in a traditional spousal relationship(&)pursuant to developing options to act as paid informants...during pretrial(&)continuing into post 9/11 orientation for prisoners appealing from Special Confinement Units under NEW LAWS.

8.Petitioner asserts that a copy of Pro-se filings is necessary(&) Proper(&)subject to entitlement cite;Noll V.Carlson,809 F2d 1446 (9th Cir.1987):Pro Se litigant bringing civil rights suit Informa Pauperis is entitled to 5 Procedural Protections,(1.)Process issued (&)Served.(2.)Notice of any motion thereafter made by defendant or Court to dismiss complaint(&)grounds therefore.(3.)Opportunity to submit written opposition to such motion.(4.)Statement for grounds of Dismissal.(5.)Opportunity to aamend complaint to overcome deficiency unless it appears that the deficiency cannot be overcome by amendment.

9.Petitioner asserts as follows;The Court is Obligated to remedy a fundamental miscarriage of justice(&)do so within a reasonable amount of time not to exceed as soon as it can,lawfully do so,see:Lee V. City of Los Angeles 250 F3d 668(9th Cir.2001),which states that a Person has a right to be released when its reasonably known they SHOULD be...also;Salahaddin V.Mead 174 F3d 271(2nd Cir.1999),US V. Meyers 106 F3d 936(10th Cir.1997)..which states that it is basic canon that using the word SHALL/SHOULD indicates the mandatory intent (&)futurity of the statute/law..(&)that;see...Silviera V.Lockyer 312 F3d 1052(9th Cir.2002),Court SHALL give every weight to statutes,(ie) pursuant to Constitutional due process which guarantees liberty interest is the only cure for a fundamental miscarriage of justice.

10.Pursuant to assignments,Please attach new case no#(&)Heading,as described on next page.

In The Western District of Arkansas
US District Court

11.Jeffery W. Paul
Petitioner

V.

Superintendent
Respondent

Case NO#2:13 cv 304
WTL/WGH

Respectfully Submitted

* [signature]
Jeffery W. Paul 10517042
PO Box 33
Terre Haute, IN.
47808-0033

Certificate of service

I, do hereby note, swear that this motion was placed in the US Postal Service on (2 /11 /14 )to The Western District Court of AR.

pg.3

(page 101)

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS/H.S.D.
HOT SPRINGS DIVISION/GARLAND COUNTY ARKANSAS

In RE:
United States of America
Plaintiff

V.

Jeffery William Paul
Defendant

CASE NO#-6:96-cr-60022
JLH/BAB

Capital-Case
Pro-SE

- Objection to US Attorney Steven Snyder(AUSA),Motion to Strike Defense Motion Because its PRO-SE-

Comes now the Petitioner Pro-Se does submit this Motion to disregard/strike AUSA MR.STEVEN SNYDERS Motion to infringe my Appellate rights by exclusionary cites(&)grounds-

(1.)Petitioner does submit Documentary exibits to support Preliminary claim that Court has obligations to resolve Prima-facie violations of my Constitutional rights submitted in inchoate Pleas which were obstructed by communication difficulty(&)austerity.

(2.)Petitioner asserts that AUSA Mr.Snyders Motion to strike is innappropriate where redress is not forthcoming,pursuant to T.28 Ch.153§2241-2255 HABEAS CORPUS(supposedly §2243),due to requirement to apply Constitutional Law in retrospect on Direct Appeal.

(3.)Petitioner asserts that He Suffers from a Learning Disability (&)am indigent,which requires a EQUAL PROTECTION CLAUSE standard of review,constituting Protected Class,see:SHAPIRO V.THOMPSON,(1969) SCt.(&)CRAIG V.BOREN(1976)SCt.."Poverty(&)Indigence is a CLASS(&)as such,DISPARATE-IMPACT is the Standard of review"...Petitioner does have a right to ASSIST DEFENSE COUNCEL,see:FARETTA V.STATE OF CALIFORNIA,422 US 806,45 LEd2d 562,95 SCt 2525(1975),with assistance from Persons Trained in LAW,see:US V.KIND,194 F3d 900(8th Cir.1999)...(&) Petitioner does wish to retain Councel if further Appellate Procedure is required...but intends to receive the DUE-PROCESS Guaranteed by my 1st,2nd,3rd,4th,5th,6th,7th,8th,9th(&)10th Amendments(via)selected INCORPORATED-DOCTRINE of The FOURTEENTH/(14th)Amendment of The U.S. Bill of Rights...(&)ARTICLES OF THE UNITED STATES CONSTITUTION,Article 4,§1(&)2...Comity.

(4.)Petitioner asserts that he intends to submit briefs on appeal(&)has some right to due so,see:VEGA V.JOHNSON,149 F3d 354 (5th Cir.1998)...(&)that I have a right to DUE-PROCESS,but with respect to the COURT,The Rule of LENITY does Grant Court Powers to relieve Petition for Conviction(&)Sentence remedy sua sponte... as well as GUARANTEEING my PRO-SE Pleas are REVIEWED with the most serious solicitude(&)diligence,see:YONG V.I.N.S.,208 F3d 116(9th Cir. 2000)(&)LEE V.CITY OF LOS ANGELES,250 F3d 668(9th Cir.2001)...that Defendants have Right to SWIFT(&)IMPERITIVE REMEDY in Cases of Ill-egal restraint or confinement...(&)Due Process Clause Guarantees that Prisoner be released when it is known,or SHOULD have been they were entitled to release...STATUTORY CANON...(&)RULE OF LENITY states that Court is obligated to resolve any ambiguity in favor of Defendant,... see:US V.BASS,404 US 336,30 LEd2d 488,92 SCt.515(1971),(1.)"RULE OF LENITY",requires sentencing Court impose lesser of TWO sentencing options to resolve ambiguity...(2.)in favor of DEFENDANT where there is a statute (&)(3.)RULE Applies to Sentencing Guidelines(&)Criminal statutes...

(5.)Petitioner asserts that abridging 1st amendment right to submit PRO SE petitions(&)have meaningful due process violates my EQUAL PROTECT-ION CLAUSE,rights(&)constitutes EX POST-FACTO LEGISLATION,violation of INCORPORATION DOCTRINE(U.S.Supreme Court),see:SNOWDEN V.LEXMARK INT-ERN.,INC.237 F3d 620(6th Cir.2001),US V.MIRANDA,197 F3d 1357(11th Cir. 1999).

(6.)Petitioner Asserts that Courts not scrutinizing Appeals with respect to Comity/DUE PROCESS(&)thats because of Inchoate Consultation with Councel(&)subsequent Brief Writing style...dissonance...see: ROSS V.WARD,165 F3d 793(10th Cir.1999)...

(7.)Petitioner believes that Courts have defined statutes(&)do redress Petitions(&)intends for this Appeal to be resolved due to intrinsic unfairness(&)difficulty enduring a wrongfull conviction,(ie)I AM ACTUALLY INNOCENT(&)can submit convincing evidentiary to show that but get no real response,violation of statutory CANON(&)LAW,see:McCormick V.CITY OF CHICAGO,230 F3d 319(7th Cir.2000),BOAG V.Mac DOUGALL,454 US 364,70 LEd2d 551 102 SCt.700(1982),HAINES V.KERNER,404 US 519 30 LEd2d 652 92 SCt 594(1972)...PRO-SE Litigants Pleas are to be liberally con-strued (&)held to a less stringent standard than formal Pleas drafted by LAWYERS (&)if Court can reasonably read Petition(&)it COULD Prevail....



(Doc. 103)

(7.)Continued...it SHOULD prevail,despite failure to cite legal authority,confusion of theories,poor syntax(&)sentence construction or litigants unfamiliarity with Pleading requirements...(&)that is statutory canon,see:SALAHUDDIN V.MEAD,174 F3d 271(2nd Cir.1999), US V.MYERS,106 F3d 936(10th Cir.1997),Its basic CANON of statutory construction that use of the word SHALL,indicates mandatory intent.

(8.)Petitioner does object to Mr.Snyders Motion to Strike(&)does hereby respondant Plea,move Court to Dismiss Mr.Snyder(&)The US Attorneys Office due to Misconduct,attempting to violate my 1st Amdt. rights...Mr.Snyder is obligated to respond with respect to jurisprudence(&)can see that Petitioner is Plainly Claiming to be ACTUALLY INNOCENT (&)attempting to get a Meaningful resolution from the district (&)that the District is Plainly obligated to rule for my Motion with respect for STATUTORY INTENT(&)REMEDY of a FUNDAMENTAL MISCARRIAGE OF JUSTICE see:SILVIERA V.LOCKYER,312 F3d 1052(9th Cir.2002),Court is required WHEREVER POSSIBLE to give force to each word in every statute...with respect to rules of lenity(&)Due-Process...Petitioner is wrongfully convicted(&)Plainly sentenced in violation of the law under statutes he was not eligable for duly,my TRIAL(&)APPELLATE COUNCEL have,to date been inneffective in showing the violation(&)so,Petitioner must submit a PRO SE brief to cure the record on appeal...I was convicted of Aiding (&)Abetting(EQUALLY CULPABLE),Court Plainly refuses to allow petitioner to Cross Codefendant but there is no one else on the indictments for the initial party of note(&)that individual was convicted upon an inculpatory statement attributed to him that I STILL havent heard(&)only had partially in transcript,He was sentenced to Life(&)His Jury found that he was the Perpetrater of the Crime,but Judge refused to depart that(&) Sentenced me,in separate proceedings to DEATH,violating my rights to to Present an Alibi,review content of statements,or receive a departure from the Guidelines,see:US V.McClain,133 F3d 1191(9th Cir.1998),US V. DiFrancesco,449 US 117 66 LEd2d 328,101 SCt 426(1980),DOUBLE JEOPARDY Prohibits increase in sentence when legitimacy of expectation of finality has attached to sentence...which is a PRIMA FACIE claim,see:GREEN V.US, 355 US 184 2 LEd2d 199 87 SCt 221(1961),Constitutional right to not be placed in DOUBLE JEOPARDY is vital to safeguard American society(&) SHOULD not be given a narrow grudging application...(ie)PLAIN ERROR...

(8.)Continued...(&)violates my EQUAL PROTECTION RIGHTS...comity, ...constituting TORTURE viol.Title 18,Ch.113c§2340...the range for my sentencing was from Life,(&)attached from the equally culpable charge on the indictment,the Jury already found the Indictment was insufficient with respect to Article 4,§1(&)2,but was Instructed to consider TORTURE instead(&)did not give Probative value to the evidence in contention...which was diminished by Lack of Funds(&)rebuttal(&) misrepresentation to Trial Counsel about Witness Statements,still subject of my complaints on appeal as inchoate or coerced...according to THEM...those are PLAIN ERROR the Govt.still has not addressed which is a violation of the Burden of Proof(FRE)T.18,see:US V.CHARLEY, 189 F3d 1251(10th Cir.1999)(&)constitutes "GOVERNMENT MISCONDUCT"or "GROSS INNEFFECTIVE ASSISTANCE OF COUNCEL".

(9.)Again,Petitioner asserts that Mr.Snyders objection is recalcitrant (&)Petitioner is suffering undue(&)irreconcilable injury for a crime the Government knows I was not eligible to stand trial for,under the new law,AEDPA(1996),due to the violation of protection from any EX-POST FACTO SANCTIONS,see:TURNER V.GLICKMAN,207 F3d 419(7th Cir.2000), where Congress intends to create a sanction for Purpose of Punishment or with effect that may be materially disadvantaging,challenged upon DOUBLE JEOPARDY grounds..."COURT MUST DISREGARD INTENT"...(&),US V. KARRO,257 F3d 112(2nd Cir.2001),to determine which sentencing guidelines were in effect on date of offense ,the last date of THE OFFENSE is the DATE of THE OFFENSE ON THE INDICTMENT"...so June 22,1995,is the controlling date(&)Judge did not Properly instruct jury to the proper guidelines which require,ALSO,more than Presence(&)remiss post-offense activity to determine guilt or innocece...see:HOWARD V.US,135 F3d 506,(7th Cir.1998).

(10.)For those reasons,Concisely,Court is refusing to Rule in a meaningful way to Appellate Plea,despite a Litany of Controlling(&) Authentic,Pertinant cites(&)evidentiary exibits,causing 17.6 YEARS of Delay for an ACTUALLY INNOCENT(&)UNCONSTITUTIONALLY SENTENCED Person on FEDERAL DEATH ROW...Petitioner does move Court to Plea for redress of BOTH DISTRICT(&)APPELLATE COURT Omissions which have infringed upon my Due Process rights to Call Perpetrater for resentencing(&)release(&)restitution for wrongfull Conviction...due to omitted duty relevant to Comity,see;EXIBIT,wherein Judges determine...

(10.)Continued...that if Trinity had not been allowed to cross the source of out of Court declarants it wouldve been a violation of his CONFRONTATION CLAUSE rights,see:RAMSEY V.BOWERSOX,149 F3d 749,755 (8th Cir.1998). ..Yet my Councel are not inneffective(or)Court remiss for not applying that standard of review to my Pleas?(SEE,EXIBIT DOC.#2c)...

(11.)Petitioner claims Court should relieve Procedural Bar(&)enter into the record,THE DECLARATION OF TRINITY E.INGLE(Pgs.A02253-55) Dated 2/11/05,as being wholly exonerating,see:US.V.MORENO,102 F3d 994 (9th Cir.1996),US V.ARTHURS,73 F3d 444(1st Cir.1996),Duress has(3)elements(1.)immediate personal threat,(2.)cause to believe threat is real(&) (3.)no way to reasonably remove self from situation...the initial report was made,of a shooting by Person who claimed to have been exposed to to LSD/(other Psycho-active)substances,to Person who had been acting as a vice deputy(YOUTH),but misrepresented the statement due to his own bias(&)was rebutted by LABWORK(&)Eyewitnesses with no effect upon jury despite explicit instruction to weigh evidence...returning verdict of criminal offense not included on Indictment...(&)consequently,a Death-Penalty.(SEE,EXIBIT DOC.# 1 - 19 ).

(12.)Councel is impotent or being relegated with an effect that is causing irreconcilable loss(&)injury...for that reason,PRO SE Motions may be Necessary(&)Proper(&)Petitioner requests Court grant Discovery (&)reasonable Budget for composition of Brief with review for PRIMA FACIE Claims still not receiving the LIBERAL DUE PROCESS consideration they deserve....Petitioner has right to initiate this Plea for Title 28, Ch.153,§2241-55(HABEAS CORPUS)Relief in a Manner consistant with the claims I desire to make which best reflect how unfairly Ive been treated (&)how Plainly Innocent I am with respect to the oversight the US Government has(&)what that implies with respect to the violations of my fundamental 14th Amendment rights(&)Posterity of Marriage,Property Ownership (&)Restitution.

Certificate of service-
I,Jeffery Paul,do hereby US Postal Service submit this respondant motion to the Court of The Western District of AR. on this Day(3 /6 /14)-

Respectfully Submitted,
* Jeffery William Paul
Jeffery William Paul(#10517-042)
PO BOX 33
Terre Haute,IN.
47808-0033