**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

**UNITED STATES OF AMERICAL** **PLAINTIFF**

**Vs.** **CASE NO. 6:96-CR-60022**

**Jeffery William Paul** **DEFENDANT**

**MOVANT'S *UNOPPOSED* REQUEST TO LODGE § 2255 MOTION PENDING RULING ON SUCCESSOR APPLICATION**

Movant, Jeffery William Paul, by undersigned counsel, respectfully requests that this Court permit him to lodge the attached Motion to Vacate[1] pursuant to 28 U.S.C. § 2255, pending the Eighth Circuit's ruling on his application to file a successive motion, based on the following:

1. In 1997, Mr. Paul was capitally convicted in this Court with aiding and abetting murder in perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) & § 2, and for using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) & 924(i)(1). The jury returned a sentence of death, unrelated to any particular count, and the judge sentenced him to death on both counts. The Eighth Circuit affirmed Mr. Paul's conviction and sentence on appeal, *United States v. Paul*, 217 F.3d 989 (8th Cir. 2000), *cert. denied Paul v. United States*, 534 U.S. 829 (2001), and later affirmed this Court's denial of Mr. Paul's § 2255 motion. *Paul v. United States*, 534 F.3d 832 (8th Cir. 2008), *cert. denied Paul v. United States*, 558 U.S. 828 (2009).

2. On June 26, 2015, the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), as void under the due process clause. The residual clause of §

[1] Attached as Exhibit 1.

924(c), the statute under which Mr. Paul was convicted, is materially indistinguishable from the clause *Johnson* invalidated. On April 18, 2016, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Court held that *Johnson* applied retroactively.

3. Undersigned counsel has determined that the holdings of *Johnson* and *Welch*, rendered Mr. Paul's death sentence invalid. Because 28 U.S.C. § 2255(h)(2) permits a successive motion to be filed based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," undersigned counsel filed an application with the Eighth Circuit requesting permission to file a successive 2255 motion in this Court. The application was received in the Eighth Circuit on May 23, 2016, and stamped as filed on May 25, 2016. The 2255 motion was attached to the application.

4. Due to the Assistant United States Attorney's unavailability (as a result of a pre-existing vacation) and his paralegal's unavailability as well, the Government sought and obtained an extension in the Eighth Circuit to file its response to Mr. Paul's application. The Government's response is now due on or before July 11, 2016.

5. Section 2255 motions that are based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," must be filed within one year of the date of the decision announcing the new rule. 28 U.S.C. § 2255(f)(3). The statute of limitations on Mr. Paul's claim, based upon *Johnson* and *Welch*, expires on June 27, 2016. Since the Government's response to the application is not due until July 11, 2016, it seems likely that the Circuit will not rule on the application until after the statute of limitation expires on June 27, 2016.

6. For this reason, Mr. Paul respectfully asks this Court to lodge his motion and if the Circuit grants his application for successor status, deem his 2255 motion filed as of today,

and therefore within the limitations period. If, on the other hand, the application is denied, this Court could immediately dismiss the motion for want of jurisdiction.[2]

7. Undersigned counsel has been in contact with counsel for the United States in this matter. Recognizing that Mr. Paul's application was timely filed, and that he stood ready to file his § 2255 motion as early as May 23, 2016, the Government does not oppose this Court granting Mr. Paul's motion to lodge, and in the event that there is any issue regarding Mr. Paul's having timely filed his motion, will waive any statute of limitations defense.[3]

WHEREFORE, Mr. Paul respectfully requests that this Court lodge his 2255 motion, and if the Circuit grants his application for successor status, deem his 2255 motion filed as of today.

Respectfully Submitted:

EDSON BOSTIC
FEDERAL PUBLIC DEFENDER
DISTRICT OF DELAWARE

By: */s/Karl Schwartz*________________
Karl Schwartz,
Assistant Federal Defender

Dated: June 13, 2016

[2] Although Mr. Paul makes this request in an abundance of caution, it is his position that the filing of the § 2255 motion as an exhibit with the Circuit satisfies the statute of limitations as well.

[3] The United States may still oppose the application or the merits of the § 2255 motion. Its lack of objection to lodging the § 2255 motion simply recognizes that Mr. Paul is ready and able to timely file his motion.

## Certificate of Service

I, Karl Schwartz, hereby certify that on this 13th day of June, 2016, I submitted the forgoing Motion for filing with service via FedEx to:

Mark Webb, Esq
US Attorney's Office
414 Parker Ave
Fort Smith, AR 72901

Karl Schwartz