# Exhibit 1

## MOTION TO VACATE CONVICTION AND SENTENCE UNDER 28 U.S.C. § 2255

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| JEFFERY WILLIAM PAUL, | ) | |
| | ) | Criminal Case No. 6:96-cr-60022-TLB |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAPITAL CASE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MOTION TO VACATE CONVICTION AND SENTENCE UNDER 28 U.S.C. § 2255

Edson Bostic
Federal Defender
District of Delaware

Karl Schwartz
Assistant Federal Public Defender
Federal Defender Office
District of Delaware
800 North King Street, Suite 200
Wilmington, DE 19801

June 13, 2016

## TABLE OF CONTENTS

TABLE OF CONTENTS .......... i
TABLE OF AUTHORITIES .......... ii
PROCEDURAL HISTORY .......... 1
SUMMARY OF ARGUMENT .......... 3
ARGUMENT .......... 5
I. THE ROBBERY OFFENSE THAT THE JURY WAS INSTRUCTED ON DOES NOT QUALIFY AS A PREDICATE CRIME OF VIOLENCE UNDER § 924(c). 5
A. Under *Johnson*, the Residual Clause of § 924(c)(3)(B) is unconstitutionally vague .......... 6
1. *Johnson* expressly rejected the "ordinary case" approach to determining whether a felony qualifies as a "crime of violence." .......... 7
2. *Johnson* renders § 924(c)(3)(B) unconstitutionally vague .......... 8
B. The robbery offense that the jury was instructed on does not qualify as a crime of violence under the force clause of § 924(c)(3)(A). .......... 12
II. MR. PAUL'S INVALID § 924(c) CONVICTION ON COUNT 2 REQUIRES THAT HE BE RESENTENCED ON THE FELONY MURDER CONVICTION ON COUNT 1. .......... 19
III. MR. PAUL IS ENTITLED TO RELIEF UNDER 28 U.S.C. § 2255 BECAUSE HIS CLAIM UNDER *JOHNSON* IS COGNIZABLE, TIMELY, AND SATISFIES THE SUCCESSIVE PETITION REQUIREMENTS OF § 2255(h)(2) .......... 21
CONCLUSION AND PRAYER FOR RELIEF .......... 23

## TABLE OF AUTHORITIES

**Cases**

*Bachellar v. Maryland*, 397 U.S. 564 (1970) .......... 19
*Begay v. United States*, 553 U.S. 137 (2008) .......... 7, 10
*Billie Jerome Allen v. United States*, E.D. Mo. Case No. 97-CR-141 .......... 21
*Chaidez v. United States*, 133 S. Ct. 1103 (2013) .......... 22
*Chambers v. United States*, 555 U.S. 122 (2009) .......... 9
*Cokeley v. Lockhart*, 951 F.2d 916 (8th Cir. 1991) .......... 19
*Descamps v. United States*, 133 S.Ct. 2276 (2013) .......... 12, 13, 14
*Dimayo v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) .......... 11
*Flores-Lopez v. Holder*, 685 F.3d 857 (9th Cir. 2012) .......... 15
*James v. United States*, 476 F.2d 936 (8th Cir. 1973) .......... 20
*James v. United States*, 550 U.S. 192 (2007) .......... 22
*Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015) .......... passim
*Johnson v. United States*, 559 U.S. 133 (2010) .......... 13, 15, 16, 17
*Leocal v. Ashcroft*, 543 U.S. 1 (2004) .......... 13
*Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013) .......... 13
*Ortiz v. Lynch*, 796 F.3d 932 (8th Cir. 2015) .......... 13, 15, 16
*Paul v. United States*, 534 F.3d 832 (8th Cir. 2008) .......... 2
*Roberts v. Holder*, 745 F.3d 928 (8th Cir. 2014) .......... 9
*Stromberg v. California*, 283 U.S. 369 (1931) .......... 19
*Sykes v. United States*, 564 U.S. 1 (2001) .......... 22
*Taylor v. United States*, 495 U.S. 575 (1990) .......... 7
*Teague v. Lane*, 489 U.S. 288 (1989) .......... 22
*United States v. Ayala*, 601 F.3d 256 (4th Cir. 2010) .......... 10
*United States v. Bell*, 2016 WL 344749 (N.D. Cal. Jan. 28, 2016) .......... 11, 16, 17, 18
*United States v. Castleman*, 134 S.Ct. 1405 (2014) .......... 16
*United States v. Causey*, 185 F.3d 407 (5th Cir. 1999) .......... 20
*United States v. Dixon*, 805 F.3d 1193 (9th Cir. 2015) .......... 15, 18
*United States v. Edmundson*, 2015 WL 9311983 (D. Md. Dec. 23, 2015) .......... 11
*United States v. Fuerte*, 805 F.3d 485 (4th Cir. 2015) .......... 10
*United States v. Gardner*, No. 14-4533 (4th Cir. May 18, 2016) .......... 15, 17
*United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016) .......... 11
*United States v. Hollins*, 514 Fed. Appx. 264 (3d Cir. Mar. 7, 2013) .......... 17
*United States v. Keelan*, 786 F.3d 865 (11th Cir. 2015) .......... 10
*United States v. Ker Yang*, 799 F.3d 750 (7th Cir. 2015) .......... 14
*United States v. Lara-Ruiz*, 681 F.3d 914 (8th Cir. 2012) .......... 17

*United States v. Lattanaphom*, 2016 WL 393545 (E.D. Cal. Feb 2, 2016) ................ 11
*United States v. Leal-Rex*, 594 Fed. Appx. 844 (5th Cir. 2014) ................ 16
*United States v. Litzy*, 2015 WL 5895199 (S.D.W. Va. Oct. 8, 2015) ................ 17
*United States v. Miranda-Ortegon*, 670 F.3d 661 (5th Cir. 2012) ................ 16
*United States v. Moore*, 38 F.3d 977 (8th Cir. 1994) ................ 10, 12
*United States v. Paul*, 217 F.3d 989 (8th Cir. 2000) ................ 2
*United States v. Parnell*, 2016 WL 1633167 (9th Cir. Apr. 12, 2016) ................ 17
*United States v. Smith*, 652 F.3d 1244 (10th Cir. 2011) ................ 15
*United States v. Torres Villalobos*, 487 F.3d 607 (8th Cir. 2007) ................ 10, 12, 13, 18
*United States v. Tucker*, 404 U.S. 443 (1972) ................ 20
*United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015) ................ 11
*United States v. Williams*, 537 F.3d 969 (8th Cir. 2008) ................ 10
*Welch v. United States*, 136 S. Ct. 1257 (2016) ................ 1, 4, 23
*Whorton v. Bockting*, 549 U.S. 406 (2007) ................ 22, 23
*Williams et al. v. North Carolina*, 317 U.S. 287 (1942) ................ 19
*Zant v. Stephens*, 462 U.S. 862 (1983) ................ 19

**Statutes**

18 U.S.C. § 1111(a) ................ passim
18 U.S.C. § 16 ................ 9, 12, 13, 15
18 U.S.C. § 16(b) ................ 9, 10, 11, 18
18 U.S.C. § 2 ................ 1
18 U.S.C. § 924(c) ................ passim
18 U.S.C. § 924(c)(3)(A) ................ passim
18 U.S.C. § 924(c)(3)(B) ................ passim
18 U.S.C. § 924(e) ................ 6, 9
18 U.S.C. § 924(e)(2)(B)(ii) ................ 1, 3, 6
18 U.S.C. § 924(i) ................ 1, 2, 3, 4, 5, 19
18 U.S.C. § 924(j) ................ 1, 2, 21
18 U.S.C. § 2112 ................ 17
18 U.S.C. § 2113 (a) ................ 21
18 U.S.C. § 2113 (e) ................ 21
18 U.S.C. § 3593 ................ 3
18 U.S.C. § 3594 ................ 3
28 U.S.C. § 2255 ................ 2, 5
28 U.S.C. § 2255(a) ................ 21, 22
28 U.S.C. § 2255(f) ................ 2, 22
28 U.S.C. § 2255(h) ................ 2
28 U.S.C. § 2255(h)(2) ................ 2

Petitioner, Jeffery William Paul, through undersigned counsel, hereby files this motion seeking relief under *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), which struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as void for vagueness. After *Johnson*, there is no doubt that the alleged "crime of violence" for which Mr. Paul was sentenced to death under 18 U.S.C. § 924(c) & § 924(i)(1), *subsection redesignated as* § 924(j)(1) (1996), is not a valid crime. Accordingly, this motion seeks to set aside Mr. Paul's conviction on that count. The motion also seeks to set aside the sentence of death imposed upon him, requiring that he be resentenced on the remaining capital count charged in the indictment. As explained herein, the relief which Mr. Paul requests is mandated by the Supreme Court's recent decisions in *Johnson* and *Welch v. United States*, 136 S. Ct. 1257 (2016).

## PROCEDURAL HISTORY

Jeffrey Paul and his co-defendant, Trinity Ingle, were both charged in this court with aiding and abetting murder in perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) & § 2, and for using a firearm during a crime of violence and committing murder, in violation of 18 U.S.C. § 924(c) & 924(i)(1). In June 1997, Mr. Paul was convicted of both counts. The jury returned a sentence of death, unrelated to any particular count. A-25-40. A few weeks before Mr. Paul's trial, Trinity Ingle was convicted of the same two counts; he received a sentence of life imprisonment.

The Eighth Circuit affirmed Mr. Paul's conviction and sentence on appeal. *United States v. Paul*, 217 F.3d 989 (8th Cir. 2000), *cert. denied Paul v. United States*, 534 U.S. 829 (2001). On December 17, 2002, Mr. Paul filed a 28 U.S.C. § 2255 petition. W.D. Ark. Case No. 6:96-cr-60022-TLB, Doc. 271. The District Court denied the petition, without a hearing and without granting leave to conduct discovery, on January 31, 2005. W.D. Ark. Case No. 6:96-cr-60022-TLB, Doc. 323. After granting a certificate of appealability on two issues, the Eighth Circuit affirmed the denial of relief. *Paul v. United States*, 534 F.3d 832 (8th Cir. 2008), *cert. denied Paul v. United States*, 558 U.S. 828 (2009).[1]

Mr. Paul, now through counsel, files this successive petition under 28 U.S.C. § 2255(h)(2). Pursuant to 28 U.S.C. § 2255(f) & (h), this petition is timely filed as it is filed within one year of the date that *Johnson* was decided.

## FACTUAL BACKGROUND

In June 1997, Mr. Paul was convicted of aiding and abetting murder in the perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) & § 2 (Count 1). For the same killing, Mr. Paul was also convicted of using a firearm during a federal "crime of violence," specifically robbery in a national park, that resulted in murder, in violation of 18 U.S.C. § 924(c) & § 924(i)(1), *subsection redesignated as* § 924(j)(1) (1996) (Count 2). A-41-42. Mr. Paul received no notice in the indictment of what robbery statute he was being charged with violating as the underlying § 924(c)

[1] Subsequently, while represented by appointed counsel, Mr. Paul filed a series of pro se pleadings with various headings (including 28 U.S.C. § 2255) in this Court and courts around the country, alleging a wide variety of grievances. It is noted that Mr. Paul suffers from a serious and long-standing mental illness.

crime of violence. A-1-2. Nor is it apparent from the trial record that an extant robbery statute was employed as the § 924(c) predicate. The only source that exists in this case to determine the elements of robbery is the definition of robbery provided to the jury in the jury instructions. A-10. *See infra* Section I.B.

Both § 1111(a) and §§ 924(c) & (i) had a maximum sentence of death. The trial court instructed the jury regarding the range of sentence, A-3-4, 14, but did not direct the jury to consider each count separately or to issue a separate sentence for each count. Instead, the trial court directed the jury to "consider whether justice requires that the defendant be sentence to death or life imprisonment without the possibility of release for the commission of these crimes." A-16. Consistent with the trial court's instructions, the jury returned a sentence of death without specifying the conviction upon which its death verdict was based.[2]

## SUMMARY OF ARGUMENT

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. That clause, the Court held, requires courts to envision conduct that a crime involves in the "ordinary case" and "to judge whether that abstraction presents a serious risk of potential injury." *Id.* at 2557. The "indeterminacy of th[is] wide-ranging inquiry . . . both denies fair notice to

---

2 Although the jury sentenced Mr. Paul to one death sentence, the trial court subsequently issued a judgment attaching separate death sentences to each count. A-41-42. There was no basis for the trial court's judgment because under the Federal Death Penalty Act the jury is sentencer, and it issued but one death verdict. 18 U.S.C.A. §§ 3593, 3594

defendants and invites arbitrary enforcement by judges." *Id.* The residual clause therefore cannot constitutionally define a crime of violence for purposes of ACCA's sentencing enhancement provision. On April 18, 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

Section 924(c), the statute under which Mr. Paul was convicted, defines "crime of violence" in two alternative clauses. The first, § 924(c)(3)(A), commonly referred to as the "force clause," applies to any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The second clause, § 924(c)(3)(B), commonly referred to as the "residual clause," applies to any felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

Mr. Paul's conviction under § 924(c) & § 924(i)(1) cannot be upheld under § 924(c)(3)(B)'s residual clause because that clause is void for vagueness under *Johnson* and no longer serves as a valid basis for conviction. Section 924(c)'s residual clause is materially indistinguishable from the clause that *Johnson* invalidated. Like ACCA's residual clause, § 924(c)(3)(B) requires the same problematic application of risk to "the ordinary case" that *Johnson* deemed unconstitutional.

Mr. Paul's conviction likewise cannot be upheld under § 924(c)(3)(A)'s force clause because the robbery offense that the trial court instructed the jury on, does

not require the intentional use of physical force that § 924(c)(3)(A) requires.[3] Because the robbery does not qualify as a crime of violence under either clause, Mr. Paul's § 924(c) conviction is invalid.

Mr. Paul must be resentenced on the remaining, valid count under § 1111(a) (Count 1). The jury returned a general verdict of death and it is impossible to determine that the jurors did not based their death sentence on the § 924(i) count or upon consideration of both counts in the aggregate. This uncertainty is compounded by the penalty phase instructions, which effectively directed the jury to consider both counts as a whole. A-16. Under either plausible scenario, there is more than a reasonable likelihood that the inclusion of the unconstitutional § 924(c) count influenced the jury's decision to sentence Mr. Paul to death.

Accordingly, Mr. Paul respectfully asks this Court to grant his § 2255 motion, vacate his § 924(c) conviction and his death sentence, and order that he be resentenced.

## ARGUMENT

### I. THE ROBBERY OFFENSE THAT THE JURY WAS INSTRUCTED ON DOES NOT QUALIFY AS A PREDICATE CRIME OF VIOLENCE UNDER § 924(c)

Section 924(c) defines crime of violence in two alternate clauses: § 924(c)(3)(A), commonly referred to as the force clause, and § 924(c)(3)(B), commonly referred to as the residual clause.[4] The robbery offense that Mr. Paul's jury was

---

3 Here, and hereafter, the phrase "the robbery offense that the jury was instructed on" refers the definition of "robbery" that the trial court gave the jury.

4 Under § 924(c)(3), "crime of violence" is defined as follows:

instructed on cannot serve as a predicate crime of violence under either definition. First, no crime can be deemed a crime of violence under § 924(c)'s residual clause because, after *Johnson,* that clause is unconstitutionally vague. Second, robbery as defined by the trial court in this case is not a crime of violence under the force clause because it does not require the intentional use of physical force.

### A. Under *Johnson*, the Residual Clause of § 924(c)(3)(B) is unconstitutionally vague

Mr. Paul's conviction for using and carrying a firearm during a "crime of violence" cannot be upheld under § 924(c)'s residual clause because after *Johnson,* § 924(c)(3)(B) is void for vagueness. In *Johnson,* the Supreme Court analyzed the residual clause under ACCA, 18 U.S.C. § 924(e)(2)(B)(ii) (defining a violent felony as one that "involves conduct that presents a serious potential risk of physical injury to another"), which parallels in all material respects § 924(c)(3)(B)'s residual clause (defining a crime of violence as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used"). As § 924(c)(3)(B) suffers from the same flaws that compelled the Supreme Court to declare § 924(e) unconstitutionally vague, § 924(c)(3)(B) is unconstitutional as well.

---

(3) For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

**1. *Johnson* expressly rejected the "ordinary case" approach to determining whether a felony qualifies as a "crime of violence."**

In *Johnson*, the Supreme Court held that the ACCA residual clause is unconstitutionally vague because the process by which courts categorize convictions as violent is unacceptably "wide ranging" and "indeterminate." *Johnson*, 135 S. Ct. at 2557. The Court began by reaffirming that, under *Taylor v. United States*, 495 U.S. 575 (1990), the residual clause requires the categorical approach to determine whether a particular offense is a crime of violence. *Johnson*, 135 S. Ct. at 2557, 2562. Courts must therefore assess whether a crime is a violent felony "'in terms of how the law defines the offense and not in terms of how an individual might have committed it on a particular occasion.'" *Id.* (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)).

The Court observed that, under its precedents, the residual clause involves a two-step process that "conspires to make it unconstitutionally vague": (1) it "requires a court to picture the kind of conduct that the crime involves in the ordinary case, and [(2)] to judge whether that abstraction presents a serious risk of potential injury." *Id.* at 2557 (internal quotation marks omitted). Both of these steps are constitutionally problematic. The first step involves "grave uncertainty" in determining "how to estimate the risk posed by a crime" in the "judicially imagined 'ordinary case'" because "[t]he residual clause offers no reliable way to choose between . . . competing accounts of what 'ordinary' . . . involves." *Id.* at 2557. The Court thus concluded that the process of determining what is embodied in the

"ordinary case" is fatally flawed, rendering it unconstitutionally vague. *Id.* at 2557-58.

The second step—determining how much risk is required—lacks a meaningful gauge for determining when the quantum of risk under the "ordinary case" of a particular statute is enough to constitute a "serious potential risk of physical injury." *Id.* at 2558. Although the level of risk required under the residual clause could arguably be similar to the risk required under the enumerated offenses (burglary, arson, extortion, or crimes involving use of explosives), *Johnson* rejected the notion that comparing the risk posed by an "ordinary case" to the risk posed by enumerated offenses would cure the constitutional problem. *Id.*

Ultimately, the Court concluded that "[b]y combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* Thus, *Johnson* not only invalidated the ACCA residual clause; it invalidated the "ordinary case" analysis in determining the violence inherent in crimes. *See id.*

**2. *Johnson* renders § 924(c)(3)(B) unconstitutionally vague**

The residual clause in § 924(c) suffers from the same defects as ACCA's residual clause. The language in both provisions is materially indistinguishable; the federal courts treat the provisions the same; and both provisions depend on the problematic "ordinary case" analysis.

Section 924(e) defines a "violent felony" to include an offense that involves "a serious potential risk" of "physical injury" to another person. Section 924(c) defines a "crime of violence" to include an offense that involves "a substantial risk" that "physical force" may be used against a person or property. Both provisions thus define violent crimes according to the intrinsic risk that they may involve physical force or injury; and thus both statutes require that risk be assessed via the "ordinary case" method. Although the risk at issue in ACCA is risk of physical injury while the risk in § 924(c) is that physical force will be used, this distinction is immaterial under *Johnson*'s rationale. The Court's critique of the determination of risk did not turn on the type of risk at issue; rather, the Court's analysis turned on the shapeless "ordinary case" inquiry.

Federal courts, including the Eighth Circuit, regularly equate § 924(e)'s residual clause with § 924(c)(3)(B) and to the provision in 18 U.S.C. § 16(b)[5] (which is identical to § 924(c)(3)(B)). *See, e.g., Chambers v. United States*, 555 U.S. 122, 133 n.2 (2009) (Alito, J., concurring) (Section 16(b) "closely resembles ACCA's residual clause"); *Roberts v. Holder*, 745 F.3d 928, 930-31 (8th Cir. 2014) (ACCA's

---

5 18 U.S.C. §16 provides:

The term "crime of violence" means—

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

definition of a violent felony is "virtually identical to §16(b)" and both require the same "ordinary case" analysis); *United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (relying on ACCA case to interpret the definition of crime of violence under § 924(c)(3)(B)); *United States v. Keelan*, 786 F.3d 865, 871 n.7 (11th Cir. 2015) (describing the ACCA residual clause and § 16(b) as "analogous"); *see also United States v. Williams*, 537 F.3d 969, 971 (8th Cir. 2008) ("The present case involves the term "crime of violence" whereas the Supreme Court in *Begay* interpreted the term 'violent felony.' We have never recognized a distinction between the two.").

The two-step process struck down in *Johnson* is the same under both the ACCA and § 924(c). Both statutes require courts first to picture the "ordinary case" embodied by a felony, and then decide if it qualifies as a crime of violence by assessing the intrinsic risk posed by the "ordinary case." *See United States v. Moore*, 38 F.3d 977, 980 (8th Cir. 1994), *abrogated on other grounds by United States v. Torres Villalobos*, 487 F.3d 607 (8th Cir. 2007) (explaining that, when analyzing whether a predicate crime falls within the residual clause of § 924(c), "the question is not whether the particular facts constitute a crime of violence, but whether [the predicate crime itself] is a crime of violence," and in making this determination, courts must look to the elements of the crime, not the particular facts of the crime, to determine whether "by its nature" there is a "substantial risk that physical force will be used"); *see also United States v. Fuerte*, 805 F.3d 485, 498 (4th Cir. 2015) (applying the "ordinary case" inquiry to § 924(c)'s residual clause).

It is noteworthy that in litigating *Johnson*, the United States conceded that the residual clauses at issue in ACCA and § 16(b) (and necessarily in § 924(c)(3)(B)) pose the same problem:

> Although Section 16 refers to the risk that force will be used rather than that injury will occur, it is equally susceptible to petitioner's central objection to the residual clause: Like the ACCA, Section 16 requires a court to identify the ordinary case of the commission of the offense and to make a commonsense judgment about the risk of confrontations and other violent encounters.

*Johnson v. United States*, S. Ct. No. 13-7120, Supplemental Brief of Respondent United States at 22-23 (available at 2015 WL 1284964 at *22-*23) (March 30, 2015).

The Fifth, Seventh and Ninth Circuits have already struck down the identical residual clause of § 16(b) as unconstitutional under *Johnson*. *See United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016); *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015); *Dimayo v. Lynch*, 803 F.3d 1110 (9th Cir. 2015). The rationale in these cases applies equally to the determination of whether an offense qualifies as a "crime of violence" under 18 U.S.C. § 924(c). Indeed, several federal district courts have relied on the reasoning in these cases to declare § 924(c)'s residual clause unconstitutionally vague. *United States v. Bell*, 2016 WL 344749, at *11-13 (N.D. Cal. Jan. 28, 2016); *United States v. Lattanaphom*, 2016 WL 393545, at *3-6 (E.D. Cal. Feb 2, 2016); *United States v. Edmundson*, 2015 WL 9311983, at *2-6 (D. Md. Dec. 23, 2015). This Court should do the same.

**B. The robbery offense that the jury was instructed on does not qualify as a crime of violence under the force clause of § 924(c)(3)(A).**

Because § 924(c)'s residual clause is unconstitutionally vague, Mr. Paul's § 924(c) conviction depends on whether the robbery offense used as the predicate in this case satisfies § 924(c)(3)(A)'s force clause; that is, whether it has "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Well-established case law demonstrates, however, that the specific robbery offense charged to Mr. Paul's jury is not categorically a crime of violence under § 924(c)(3)(A) because it does not require the intentional use of physical force.

To determine whether a predicate offense qualifies as a crime of violence under § 924(c), courts must use the categorical approach. *See Descamps v. United States*, 133 S.Ct. 2276, 2283 (2013); *Moore*, 38 F.3d at 978-79, *abrogated on other grounds by Torres Villalobos*, 487 F.3d 607. Under the categorical approach, courts "may look only to the statutory definitions—i.e., the elements—of a defendant's [offense], and *not* to the particular facts underlying [the offense]" in determining whether the offense qualifies as a crime of violence. *Descamps*, 133 S.Ct. at 2283 (internal quotation marks omitted); *see also Torres Villalobos*, 487 F.3d at 614-615 (applying categorical approach to analyze crime of violence under 18 U.S.C. §16, which is identical in all relevant aspects to the "crime of violence" definition found in § 924(c)). The "focus" is "on the elements, rather than the facts, of a crime," because "the only facts the court can be sure the jury . . . found [unanimously and

beyond a reasonable doubt] are those constituting elements of the offense." *Descamps*, 133 S.Ct. at 2285, 2288.

Because courts are concerned only with what an offense necessarily involves, courts must presume that the predicate offense "'rested upon nothing more than the least of the acts criminalized'" by the statute in question. *Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015) (alterations omitted) (quoting *Moncrieffe v. Holder*, 133 S.Ct. 1678, 1680 (2013)). Thus, if the most innocent conduct penalized by a statute does not have an element of "physical force," the statute categorically fails to qualify as a crime of violence. 18 U.S.C. § 924(c)(3)(A).

"Physical force" in turn has two requirements. "Physical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson (Curtis) v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original) ("*Johnson I*"). Second, the use of such force must be intentional, not merely reckless or negligent. *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004); *Torres Villalobos*, 487 F.3d at 615 ("crimes requiring only reckless disregard for the risk of physical injury to another are not crimes of violence under [18 U.S.C.] § 16.").

Applying the categorical approach, the robbery offense that the jury was instructed on does not qualify as a crime of violence under § 924(c)(3)(A) because it does not require an element of physical force; and it does not require intentional use of physical force.

It is normally necessary to identify the statute of conviction in applying the categorical approach. However, Mr. Paul received no notice in the indictment of

what robbery statute he was being charged with violating as the underlying § 924(c) crime of violence; only that it was "a robbery in the national park in Hot Springs, Arkansas, on or about June 22, 1995." A-1-2. "Robbery" was undefined in the indictment, and Mr. Paul was not convicted of any robbery. Finally, the undersigned can find no federal robbery offense that contained the identical elements of the "robbery" instructed to the jury. In such a circumstance (i.e., in the absence of a clear statutory source), courts may "consult a limited class of documents, such as indictments and jury instructions," to determine what elements formed the basis of the conviction. *Descamps*, 133 S. Ct. at 2281; *see also United States v. Ker Yang*, 799 F.3d 750, 755 (7th Cir. 2015) (When "identity of the statute of conviction" is unclear, courts may look to jury instructions and charging documents to determine the "elements of the crime of conviction").

The only source that exists in this case to determine the elements of predicate robbery is the definition of robbery provided to the jury in the jury instructions. The court instructed the jury on robbery as follows: "The crime of robbery has three essential elements which are: One; that Sherman Williams had in his possession or on his person or presence anything of value. Two; that the defendant took and carried away anything of value from Sherman Williams by force or violence, and Three; that the taking occurred within the boundaries of the Hot Springs National Park." A-10.

Thus the – presumably hypothetical – robbery offense considered by the jury could be committed by "force *or* violence." (emphasis added). The jury was not

required to agree on which alternative means was used. In other words, robbery could be committed by force alone.[6] The Eighth Circuit has recognized that an offense that can be completed by means of "force or violence" includes less than violent force. In *Ortiz*, the Eighth Circuit held that the Minnesota statute for obstructing legal process "by force or violence" did not qualify as a crime of violence under 18 U.S.C. § 16 because "the minimum degree of force necessary to sustain a conviction. . . does not necessarily involve force capable of inflicting pain or causing injury to another." *Ortiz*, 796 F.3d at 936.

Other circuits have likewise held that offenses requiring "force or violence" do not satisfy *Johnson I*'s "physical force" requirement of crime of violence. *See, e.g.*, *United States v. Smith*, 652 F.3d 1244 (10th Cir. 2011) (Oklahoma battery law requiring "force or violence" not crime of violence under ACCA's force clause because "mere offensive touching satisfies the requirement for force in a battery"); *Flores-Lopez v. Holder*, 685 F.3d 857, 863 (9th Cir. 2012) ("force or violence" element in California's battery statute and resisting an executive officer statute "is

---

6 *See, e.g., United States v. Dixon*, 805 F.3d 1193 (9th Cir. 2015), in which the Ninth Circuit addressed California's robbery statute. That statute "prohibits 'the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of *force or fear*.'" 805 F.3d at 1196 (emphasis added). Because "[t]he disjunctively worded phrases in the statute and jury instructions are alternative means, not alternative elements," the jury could "return a guilty verdict even if some jurors believe the defendant used force and others believe the defendant used fear." *Id.* at 1198; *see also United States v. Gardner*, No. 14-4533, published opinion, Doc. 71 at 15 (4th Cir. May 18, 2016) (under North Carolina robbery statute, "which requires the taking of property by means of 'violence' or 'fear,'" "the jury need not agree unanimously that the felonious taking was committed by the use of violence or by instilling fear, only that one of the two means was employed"). A-46.

broader than the term 'physical force' in 18 U.S.C. § 16" and therefore not crime of violence under force clause); *United States v. Miranda-Ortegon*, 670 F.3d 661, 663 (5th Cir. 2012) ("use of 'force or violence'" element in Oklahoma's assault and battery-domestic violence statute does not make it crime of violence under sentencing guidelines because "only the slightest touching is necessary to constitute the force or violence element of battery"); *United States v. Leal-Rex*, 594 Fed. Appx. 844, 850 (5th Cir. 2014) (similar, addressing "force or violence" element of Utah's aggravated assault statute).

The jury instructions in this case did not modify the term "force" (e.g., such as "physical" force or "violent" force), or define "force." Nor did they require a finding of any particular level of force. In the absence of any definition or explanation of a term, courts give terms their common law meaning. *United States v. Castleman*, 134 S.Ct. 1405, 1410 (2014) (explaining that when federal statutes do not otherwise define the terms used, courts will assume that "Congress intends to incorporate the well-settled meaning of the common-law terms it uses.") (internal quotation marks omitted). At common law, the force element of a crime could be "satisfied by even the slightest offensive touching." *Johnson I*, 559 U.S. at 139. For example, under the common law rule, "there is sufficient force to constitute robbery where the property is so attached to the victim's person or clothing as to create resistance to the taking." *United States v. Bell*, 2016 WL 344749, at *9 (N.D. Cal. Jan. 28, 2016).

This Circuit's precedent is consistent with the common law. *See Ortiz*, 796 F.3d at 936 n.3 ("de minimus physical contact with another is not a 'crime of

violence'"); *United States v. Lara-Ruiz*, 681 F.3d 914, 920 (8th Cir. 2012) (recognizing that the term force without a modifier, like "violent," includes "lesser degrees of force, such as slight offensive touching."). It is also consistent with other courts, which have recognized that robbery with an element of force less than violent force no longer qualifies as physical force under *Johnson I*. *See United States v. Hollins*, 514 Fed. Appx. 264, 268 (3d Cir. Mar. 7, 2013) (recognizing that "robbery by force, however slight, no longer satisfies" the force clause definition of crime of violence). Common law robbery under North Carolina law, for example, is not a violent felony under ACCA's force clause because "the degree of force used is immaterial, so long as it is sufficient to compel the victim to part with his property." *United States v. Gardner*, No. 14-4533, published opinion, Doc. 71 at 17 (4th Cir. May 18, 2016) (internal quotation marks omitted). A-46. Similarly, robbery in Massachusetts does not qualify as violent felony under the force clause because the "*degree* of force is immaterial[;] any force, however slight, will satisfy this prong so long as the victim is aware of it. Such force is insufficient under *Johnson* [*I*]." *United States v. Parnell*, 2016 WL 1633167, at *2 (9th Cir. Apr. 12, 2016) (emphasis in original). The force element of Ohio's robbery statute is too broad to satisfy *Johnson I*'s "physical force" requirement because the force "need not be violent or direct" and "sufficient force occurs when the defendant impresses on the victim fear likely to induce a person to part with property." *United States v. Litzy*, 2015 WL 5895199, at *5 (S.D.W. Va. Oct. 8, 2015). Finally, robbery of government property under 18 U.S.C. § 2112 likewise "could be applied to nonviolent conduct" and

therefore doesn't satisfy *Johnson*'s physical force requirement. *Bell*, 2016 WL 344749, at *9-10 ("The amount of force necessary to commit a section 2112 robbery . . . is less than violent force.").

In addition to not requiring the requisite physical force, a robbery "by force or violence" does not require the use of *intentional* physical force. *See United States v. Torres Villalobos*, 487 F.3d 607, 616-617 (8th Cir. 2007) (second-degree manslaughter not a crime of violence under § 16 because it does not require intentional use of force); *United States v. Dixon*, 805 F.3d 1193, 1198 (9th Cir. 2015) (holding that California robbery statute did not qualify as a "violent felony" under the ACCA's force clause because it did not require the intentional use or threat of force). In *Torres-Villalobos*, the Eighth Circuit held that an offense that could be committed with reckless use of force does not qualify as a crime of violence under § 16(b)'s force clause, which the Eighth Circuit has recognized is identical to § 924(c)'s force clause. 487 F.3d at 616 (§ 924(c)(3)(A) is "worded identically to § 16(b)").

In *Dixon*, the Ninth Circuit recognized that robbery in California could be committed "by accidentally using force." 805 F.3d at 1197. The robbery statute does not require that jurors "agree on the defendant's state of mind as to the use of force, as long as they find that the defendant had the intent to steal at the time he used force." *Id.* at 1198. Because robbery could be committed without intentional use of force, it was not categorically a crime of violence under ACCA's force clause.

## II. MR. PAUL'S INVALID § 924(c) CONVICTION ON COUNT 2 REQUIRES THAT HE BE RESENTENCED ON THE FELONY MURDER CONVICTION ON COUNT 1.

Mr. Paul was convicted of both felony murder (Count 1) and violating § 924(c) & (i) (Count 2). The jury was not instructed to sentence Mr. Paul on each count separately, nor could it possibly have known to do so. It issued one death verdict, unrelated to any particular count. A-25-40. For this reason, the invalidation of Mr. Paul's § 924(c) conviction requires that he be resentenced on Count 1. When the jury "did not specify the basis on which [its death verdict] rested . . . the verdict of the jury for all we know may have been rendered on [the invalid ground] alone." *Williams et al. v. North Carolina*, 317 U.S. 287, 292 (1942). Without a sentencing verdict on each count, it is impossible to know whether the jurors found death based on § 1111(a) alone, on the constitutionally invalid § 924(c) alone, or on a combination of both. Any such speculation would be unconstitutional. "[I]f one of the grounds for [sentencing] is invalid under the Federal Constitution, the judgment cannot be sustained." *Williams*, 317 U.S. at 292 (citing *Stromberg v. California*, 283 U.S. 369, 368 (1931)); *see also Bachellar v. Maryland*, 397 U.S. 564, 567 (1970) (if verdicts "may have rested on an unconstitutional ground, they must be set aside"); *Cokeley v. Lockhart*, 951 F.2d 916, 921 (8th Cir. 1991) ("[A] general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient.") (quoting *Zant v. Stephens*, 462 U.S. 862, 881 (1983)).

Even if this Court could assume that Mr. Paul's death sentence did not rest on the § 924 count, a resentencing on Count 1 (§ 1111(a)) would still be constitutionally required. When a defendant has been convicted and sentenced on multiple counts, and one of the convictions is determined to be invalid, he must be resentenced on the remaining valid counts unless it is established that the sentencer did not rely on the invalid count in imposing the sentence. *James v. United States*, 476 F.2d 936, 937 (8th Cir. 1973) (citing *United States v. Tucker*, 404 U.S. 443 (1972)). The Eighth Circuit has articulated the "critical issue" as "whether the sentence imposed on Count I might have been different if the [sentencer] had known at the time of the sentencing that the Count II conviction was invalid." *Id.* Where it "appear[s] possible that [the sentencer] might have relied in part on an unconstitutional conviction," the defendant must be resentenced. *Id.* A defendant surely meets this standard where, as here, the trial court instructs the jury to consider the invalid count in combination with the valid one in deciding whether the defendant should receive the death penalty. A-16.

The § 924 conviction was thus essential, and inextricably linked, to the unitary death verdict. In this case, the use of a firearm in connection with a "crime of violence," resulting in "murder," may have been the offense that tipped the balance for the jury. This was the rationale of the Fifth Circuit in *United States v. Causey*, 185 F.3d 407, 423 (5th Cir. 1999) where, as here, the jury had returned one unitary death sentence for multiple (three) death eligible convictions. Following reversal of one of them, the Court ordered resentencing on the two remaining

convictions "[b]ecause it is impossible to say that the jury's penalty phase recommendations of the death penalty were not influenced by the fact that [the defendants] had received three death eligible convictions, rather than two."

There is simply no basis to conclude that the jury's death sentence was not based on the § 924 conviction; nor is there any basis to conclude that, assuming the jury considered both counts in combination (as instructed), the § 924 conviction did not inform the death sentence. Mr. Paul would not be the first federal capital defendant whose jury concluded that using a firearm in connection with a "crime of violence" resulting in "murder" was a more severe crime than the lead charge resulting in murder, and thus worthy of the ultimate punishment. *See, e.g., Billie Jerome Allen v. United States*, E.D. Mo. Case No. 97-CR-141 (defendant convicted of armed robbery resulting in murder under 18 U.S.C. §§ 2113 (a) & (e)) and §§ 924(c) & (j), and sentenced to death on only the §§ 924(c) & (j) count).

Given the fact that the jury did not return a sentence of death on any particular count and the overwhelming likelihood that the invalid conviction influenced the jury's sentencing verdict, this Court must order that Mr. Paul be resentenced by a jury.

## III. MR. PAUL IS ENTITLED TO RELIEF UNDER 28 U.S.C. § 2255 BECAUSE HIS CLAIM UNDER *JOHNSON* IS COGNIZABLE, TIMELY, AND SATISFIES THE SUCCESSIVE PETITION REQUIREMENTS OF § 2255(h)(2)

A federal prisoner may obtain relief under 28 U.S.C. § 2255(a) if his conviction "was imposed in violation of the Constitution or laws of the United States," or is in excess of this Court's jurisdiction. For the reasons set forth herein,

Mr. Paul's conviction on Count 2 (the § 924(c) charge) and his resulting death sentence, violates the Fifth Amendment's Due Process Clause because his conviction and sentence depended on the unconstitutionally vague residual clause. This Court therefore should grant him relief under § 2255(a).

Mr. Paul's claim under *Johnson* is timely. Section 2255(f) requires that § 2255 motions be filed within a one-year limitations period, running from the latest applicable triggering event. 28 U.S.C. § 2255(f). Among these triggers is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.*, § 2255(f)(3).

The Supreme Court decided *Johnson* on June 26, 2015. Mr. Paul has filed this application within one year of that date. *Johnson* announced a new rule of constitutional law that was previously unavailable to Mr. Paul. A case announces a new rule if its result was not "dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). In *Johnson*, the Supreme Court expressly overruled its prior decisions in *Sykes v. United States*, 564 U.S. 1 (2001) and *James v. United States*, 550 U.S. 192 (2007), which had held that ACCA's residual clause was not void for vagueness. *See Johnson*, 135 S. Ct. at 2563 ("Our contrary holdings in *James* and *Sykes* are overruled."). As the Supreme Court has made clear, "[t]he explicit overruling of an earlier holding no doubt

creates a new rule." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (citation omitted).

When it issued *Welch v. United States* on April 18, 2016, the Supreme Court put to rest any possible dispute on this front. In *Welch*, the Court proclaimed: "It is undisputed that *Johnson* announced a new rule." 136 S. Ct. at 1264. *Welch* also put to rest any dispute that *Johnson*'s rule is one of "constitutional law," or that *Johnson* is to be applied retroactively. *See id.*

**CONCLUSION AND PRAYER FOR RELIEF**

For all the reasons set forth above, Mr. Paul respectfully requests that this Court grant the following relief:

a) Vacate his conviction and sentence on Count 2, the invalid charge under 18 U.S.C. § 924(c);

b) Vacate his sentence on Count 1;

c) Remand this case for a new penalty phase trial on the § 1111(a) charge;

d) Grant him leave to amend this motion, including by submitting a supplemental memorandum of law to support it;

e) Grant him any other relief that may be necessary to correct Mr. Paul's invalid conviction and sentence.

Respectfully submitted,

**Edson Bostic**
**Delaware Federal Defender**

By: ____________________________

Karl Schwartz (PA # 38994)
Assistant Federal Defender
800 North King Street
Wilmington, De 19801
(302) 573-6441
Karl_Schwartz@fd.org
Dated: June 13, 2016