IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff/Respondent,<br>v.<br>JEFFERY WILLIAM PAUL,<br>Defendant/Petitioner. | CRIMINAL ACTION<br>6:96-cr-60022-TLB<br>**CAPITAL CASE** |

**MOTION FOR LEAVE TO APPEAR *PRO HAC VICE***
**WITHOUT LOCAL COUNSEL**

Counsel for Jeffery William Paul respectfully moves this Court for leave to appear *pro hac vice* without the association of local counsel. In support thereof, counsel avers as follows:

1. Mr. Paul is a death-sentenced federal prisoner currently incarcerated at the United States Penitentiary at Terre Haute who was convicted and sentenced to death in the above captioned case. His convictions and sentence were affirmed on appeal. *United States v. Paul*, 217 F.3d 989 (8th Cir. 2000). Mr. Paul filed a § 2255 Motion, which was denied. The denial of Mr. Paul's § 2255 motion was affirmed on appeal. *See United States v. Paul*, 534 F.3d 832 (8th Cir. 2008) (cert. denied Oct. 5, 2009).

2. On May 26, 2020, Mr. Paul requested permission to file a second or successive § 2255 motion from the United States Court of Appeals for the Eighth Circuit based on *United States v. Davis*, 139 S. Ct. 2310 (2019), which is still pending. *See* Petition, *Paul v. United States*, 20-2042 (8th Cir. May 26, 2020). On June 23, 2020, undersigned counsel filed a protective Second or Successive Motion to Vacate Conviction and Sentence under 28 U.S.C. §

2255 in order to ensure that he complied with the statute of limitations set forth under 28 U .S.C. § 2255(f) while awaiting the Eighth Circuit's ruling. *See* Dkt. No. 445.

3. Assistant Federal Defender Peter Williams, who is an attorney with the Federal Community Defender Office for the Eastern District of Pennsylvania ("FCDO"), respectfully requests that this Court grant him leave to appear *pro hac vice* on Mr. Paul's behalf. Mr. Williams is a member in good standing of the Pennsylvania bar as well as the bars of the Supreme Court of the United States, the United States Courts of Appeal for the Third, Fourth, and Seventh Circuits, and the United States District Courts for the Eastern District of Pennsylvania and the Southern District of Indiana.

4. Counsel for Mr. Paul also requests that he be permitted to represent Mr. Paul without local counsel. Although this Court's Local Rules generally require out-of-district counsel to associate with a member of the Western District of Arkansas bar who is located in Arkansas, this requirement can be waived by the Court. *See* L. R. 83.5(d). Suspending the local counsel requirement in Mr. Paul's case would serve the interests of both justice and efficiency. FCDO counsel have been representing Mr. Paul since the FCDO's appointment to his case in the Southern District of Indiana on May 8, 2014 in connection with his 28 U.S.C. § 2241 proceedings. The FCDO currently represents roughly 20% of the prisoners sentenced to death under federal statute, which is more than any other individual or office in the country. The undersigned is familiar with *Davis*-related issues in capital cases and has been litigating these issues in Mr. Paul's case in connection with his § 2241 proceedings since 2016. Finally, the appointment of local counsel would result in attorney's fees and additional expense to the court system. The FCDO has its own budget to cover the costs of this successor litigation should the Eighth Circuit grant Mr. Paul's application to file a successive § 2255 motion and will not seek

payment from this Court for attorney's fees or any other expenses associated with its representation of Mr. Paul.

5. Consistent with Local Rule 83.5(d), the undersigned affirms to the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas and to the jurisdiction of this Court in matters of discipline.

6. Because FCDO counsel is familiar with Mr. Paul's case and the issues involved in his successive § 2255 motion, counsel respectfully requests that he be permitted to appear *pro hac vice* in Mr. Paul's case without local counsel.

WHEREFORE, for the reasons set forth above, Mr. Paul's counsel respectfully request that the forgoing Motion is granted and the undersigned be granted leave to appear *pro hac vice* and without the appointment of local counsel. (A proposed order is attached.)

Respectfully Submitted,

/s/ Peter Williams
PETER WILLIAMS
Pa. Bar No. 90959
Capital Habeas Unit
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Pete_Williams@fd.org

Dated: June 25, 2020

**CERTIFICATE OF SERVICE**

I, Peter Williams, Esq., hereby certify that on this 25th day of June 2020, a copy of the foregoing was served via the Electronic Case Filing system on the following counsel of record:

Mark W. Webb
U.S. Attorney's Office
P.O. Box 1524
414 Parker Avenue
Fort Smith, AR 72902

/s/ Peter Williams
PETER WILLIAMS