United States Federal Court Orlando FL

FILED - USDC - FLMD - ORL
MAR 13 2024 PM2:55

Jeffery William Paul (Pro-Se)
Plaintiff -

VS.

The United States of America (etal)...
Any appropriate parties
Defendant / Respondents -

*- Petition for Writ of Habeas Corpus -*

— CAPITAL CASE —

Jeffery Paul W.
Reg. 10517042
USP Coleman Pen 2
PO Box 1034
Coleman, FL.
33521

3/9/2024

- TABLE OF CONTENTS - Support Documents (Total 34 pgs.)

(1) Page from Civil Rights Division form -

(6) pages from United States District Court for The Western District of AR - "Amended Judgement" in A Criminal Case No# 6:96 CR 60022-001 - Hon. Timothy Brooks -

(3) pages Syllabus from The United States Supreme Court case: McCoy v. Louisiana No# 16-8255 (Decided 5/14/18) -

(14) pages Application for leave to file Second or Successive Motion Pursuant to 28 USC § 2255(h) -

(10) pages Second or Successive Motion to Vacate Conviction (&) Sentence under 28 USC § 2255 -

★ Total (34) pages of Support Documentation for the petition for Writ of Habeas Corpus (&) Motion for further Relief -

United States Federal Court Orlando FL

(pg 1.)

Jeffery William Paul (Petitioner) (PRO-SE)
VS.
The United States of America (et al.);
appropriate parties.

- Petition for Writ of Habeas Corpus
or Motion for Further Relief of USC
T.28 § 2255, Federal Remedy -
→ (6 pgs. total) ←

Comes now the Petitioner PRO-SE does hereby any Controlling authority respectfully ask The Court to assume jurisdiction (&) forthrightly grant relief requested in the above-Styled action pursuant to Writ of Habeas Corpus -

- SUMMARY Background -

The Petitioner was Sentenced To Death in the Western District of AR in 1997 (&) has attempted to appeal with at least (3) Legal-Offices appointed by the Court, pursuant to Actual Innocence claims... most recently, the office of Attorney Shawn Nolan

United States Federal Court ORLANDO FL



Continued...

was appointed in 2014 (&) I believe his office was discriminated against (& I attempted to file several complaints on his behalf, (&) pursuant to DUE PROCESS, See (pg. 1) of attached Doc.'s. (&) (pg. 2 through 6) - which show that on 8/2/2023 The USDC for the Southern District of IN. granted The Petition for Writ (&) vacated The 924(c) Convictions but obviously left a 1st degree Homicide Conviction intact which allows The Western District of AR. to resentence me without a jury, which happened on 10/18/23 after the Government dismissed their appeal of the Southern Districts order granting the writ. This leaves me imprisoned for life byway of INVOLUNTARY PLEA BARGAIN, (&) qualifies as some kind of ineffective assistance of Counsel - Less than full remedy.

The Petitioner asks The Court to Review The Controlling Caselaw for Involuntary Plea Bargains, see (pg. 7 through 10.) Syllabus from United States Supreme Court cite: McCoy V. Louisiana No. 16-8255 (5/14/2018) - a

Continued...
Case which went to The Supreme Court while the 924(c) laws on appeal were being resolved (&) actually was decided before the decision that overturned my 924(c) conviction was returned.

The "McCoy" issue vacated my first degree Murder convictions Count 1 & 2 (&) should be remanded further because I am not lawfully convicted or imprisoned (&) never got evidentiary hearings on ACTUAL-INNOCENCE claims that include evidence the govt. relied on Material perjured Testimony (&) Coerced, false-Confessions.

I attempted to file discrimination complaints on behalf of my lawyer because he diligently filed the "McCoy" issue in The Western District of AR. (&) 8th Circuit (&) was denied or dismissed without Comment or prejudice, despite the issue being fundamental STRUCTURAL-ERROR requiring prompt Due-Process. See. (Pg. 10 through 21) copy of Application for leave to file Second or Successive

United States Federal Court, Orlando, FL



continued...
Motion Pursuant to 28 USC § 2255 - (&) (pg. 22 through 34); "the Motion" itself... Second or Successive Motions to Vacate Conviction (&) Sentence under 28 § 2255-, which Contained only (2) Major Typos; both in The Application for leave... (pg 15. which cross referenced Trial Transcripts (&, should've been pg. 900 instead of pg. 879., a very important (&) incriminating quote from trial Counsel; (&, pg. 20 which says MR. JACKSON instead of MR. PAUL).

During preparation for the filing of this issue, I attempted to urge Counsel to use several page numbers from the Transcripts which not only prove trial Counsel incriminated me attempting to Comply with terms of a rejected plea Bargain, but also that the Govt. (US Attorney) knew he did (&) commented on that. As well as, importantly, the fact that I denied the statements attributed to me (&) went to trial on related charges in Federal Court (&) denied ANY knowledge of criminal plans with the Same Co-

United States Federal Court, ORLANDO FL.



Continued...
defendant (&) Same Govt. Witnesses on the Stand testifying against me.

Reading Attorney Shawn Nolans attempts to file "The McCoy" issue in ARKANSAS, altogether, I cant say he didnt prove the issue is materially preserved in the transcripts, only the Court refused to remand the issue fully, or call a jury.

* — Request for Relief — *

(1.) That the Court grant the petition for Writ of Habeas Corpus on my "PRO SE" Motion (&) vacate the remainder conviction, (&) release me.

(2.) That the Court appoint Counsel of record Attorney Shawn Nolan to file any further or alternate plea's required by the Court if my PRO SE petition is denied because the issue is a Structural-Error (&) I am falsely convicted (&) imprisoned, (&) this Court is jurisdiction for my Custody.

United States Federal Court, Orlando, FL



Continued...

(3.) That the Court preserve for the record that I am in extreme duress & I do NOT waive rights to file for damages including prosecution for persons who knowingly provided false testimony in this case & obstructed the appeals process, causing exacerbating civil-rights violations including; spousal estrangement, genocide, property loss & physical injury from lost time.

(4) That the Court EXPEDITE this most sincere petitions & release me from prison to relieve the false convictions.

Respectfully Submitted.

Signed [signature]

-Done this day-
3/9/24

Rg. 10517042
USP Coleman Pen 2
PO Box 1034
Coleman, FL.
33521

(Pg. 1)

U.S. Department of Justice
# Civil Rights Division

## Report a civil rights violation

If you believe you or someone else has experienced a civil rights violation, please tell us what happened. Before starting, you can also read the instructions for this form (page 8) and what to expect after submission.

*You are not required to provide your name or contact information. If you want to remain anonymous, leave this section blank. If you choose to provide your contact information, we will only use it to respond to your submission.*

## ❶ Contact

SHAWN

First name

NOLAN

Last name

Fax#215-928-0826
Ph#215-928-0520

Email x

Phone

Federal DEFENDERS OFFICE of The Eastern District of PA.
Capital Habeas Unit/C.H.U.-The Curtis Building-Suite 545 West-
601 WALNUT STREET-PHILADELPHIA,PA.19106-
~~PHILADELPHIA,PA.~~ 19106

Mailing address 1

Mailing address 2

City

State

Zip code

Are you now or have ever been an active duty service member?
*If you're reporting on behalf of someone else, please select their status.*

◯ Yes ◯ No

- Due Process - Structural ERROR - Multiple Attempts to Complain Disc. -

Jeffery William Paul (Pro Se)



OMB No. 1190-0020
Expires: 8/31/2026

(Pg. 2)

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 1

(NOTE: Identify Changes with Asterisks (*))

VERIFIED ON PACER
DAPHNE WREN Digitally signed by DAPHNE WREN Date: 2023.10.18 14:56:28 -05'00'

# UNITED STATES DISTRICT COURT

Western District of Arkansas

UNITED STATES OF AMERICA
v.
JEFFERY WILLIAM PAUL

## AMENDED JUDGMENT IN A CRIMINAL CASE

Case Number: 6:96CR60022-001
USM Number: 10517-042
Shawn Nolan
Defendant's Attorney

**Date of Original Judgment:** June 25, 1997
*(Or Date of Last Amended Judgment)*

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☒ was found guilty on count(s) One (1s) of the Indictment on June 25, 1997* after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1111(a) and 2 | Murder in the First Degree, Aiding and Abetting | 06/22/1995 | 1 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 18 2023
Date of Imposition of Judgment

[signature]
Signature of Judge

Honorable Timothy L. Brooks, United States District Judge
Name and Title of Judge

October 18, 2023
Date

Jeffery William Paul (Pro Se)

(Pg 3.)

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 2 of 4

DEFENDANT: JEFFERY WILLIAM PAUL
CASE NUMBER: 6:96CR60022-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: life on Count One.*

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is currently in the custody of the United States Bureau of Prisons.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ________ ☐ a.m. ☐ p.m. on ________ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on ________ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ________ to ________

at ________ with a certified copy of this judgment.

UNITED STATES MARSHAL

By ________
DEPUTY UNITED STATES MARSHAL

Jeffery William Paul (Pro Se)

DEFENDANT: JEFFERY WILLIAM PAUL
CASE NUMBER: 6:96CR60022-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 100.00* | $ -0- | $ -0- | $ -0- | $ -0- |

☐ The determination of restitution is deferred until ____________. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ ____________ | $ ____________ | |

Jeffery William Paul (Pro Se)

☐ Restitution amount ordered pursuant to plea agreement $ ____________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

DEFENDANT: JEFFERY WILLIAM PAUL
CASE NUMBER: 6:96CR60022-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒ Lump sum payment of $ 100.00* due immediately.

☐ not later than ____________, or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal ________ (e.g., weekly, monthly, quarterly) installments ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal ________ (e.g., weekly, monthly, quarterly) installments ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within ________ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate. |
|---|---|---|---|

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

(Jeffery William Paul (Pro Se))

(Pg 6.)

AO 245C (Rev. 09/19) Criminal Judgment
Sheet 8 — Reason for Amendment

Not for Public Disclosure

**DEFENDANT:** JEFFERY WILLIAM PAUL
**CASE NUMBER:** 6:96CR60022-001
**DISTRICT:** WESTERN ARKANSAS

## REASON FOR AMENDMENT

**(Not for Public Disclosure)**

**REASON FOR AMENDMENT:**

- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R.Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R.Crim. P. 36)
- ☐ Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s)to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☒ Direct Motion to District Court Pursuant to ☒ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

Jeffery William Paul (Pro Se)

*On August 2, 2023, the United States District Court for the Southern District of Indiana granted the defendant's petition for writ of habeas corpus and vacated his conviction under 18 U.S.C. § 924(c) and his death sentence. *See* Doc. 450-1 of the case file. The case was then remanded to this Court for retrial of the penalty phase. On October 10, 2023, the United States notified the Court that it no longer intended to seek the death penalty for the defendant's conviction for aiding and abetting first-degree murder. *See* Doc. 458 of the case file. Accordingly, the only sentence the Court may impose pursuant to 18 U.S.C. §§ 2 and 1111(b) is life imprisonment. Both the defendant and the United States advised the Court in an email that they agreed no formal re-sentencing hearing was either desired or required prior to the entry of an amended judgment.

(Pg 7)



Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.*, 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## MCCOY *v.* LOUISIANA

CERTIORARI TO THE SUPREME COURT OF LOUISIANA

No. 16–8255. Argued January 17, 2018—Decided May 14, 2018

Petitioner Robert McCoy was charged with murdering his estranged wife's mother, stepfather, and son. McCoy pleaded not guilty to first-degree murder, insisting that he was out of State at the time of the killings and that corrupt police killed the victims when a drug deal went wrong. Although he vociferously insisted on his innocence and adamantly objected to any admission of guilt, the trial court permitted his counsel, Larry English, to tell the jury, during the trial's guilt phase, McCoy "committed [the] three murders." English's strategy was to concede that McCoy committed the murders, but argue that McCoy's mental state prevented him from forming the specific intent necessary for a first-degree murder conviction. Over McCoy's repeated objection, English told the jury McCoy was the killer and that English "took [the] burden off of [the prosecutor]" on that issue. McCoy testified in his own defense, maintaining his innocence and pressing an alibi difficult to fathom. The jury found him guilty of all three first-degree murder counts. At the penalty phase, English again conceded McCoy's guilt, but urged mercy in view of McCoy's mental and emotional issues. The jury returned three death verdicts. Represented by new counsel, McCoy unsuccessfully sought a new trial. The Louisiana Supreme Court affirmed the trial court's ruling that English had authority to concede guilt, despite McCoy's opposition.

*Held:* The Sixth Amendment guarantees a defendant the right to choose the objective of his defense and to insist that his counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty. Pp. 5–13.

(a) The Sixth Amendment guarantees to each criminal defendant "the Assistance of Counsel for his defence." The defendant does not

Jeffery William Paul (ProSe)

(Pg 8)



Syllabus

surrender control entirely to counsel, for the Sixth Amendment, in "grant[ing] to the accused personally the right to make his defense," "speaks of the 'assistance' of counsel, and an assistant, however expert, is still an assistant." *Faretta* v. *California*, 422 U. S. 806, 819–820. The lawyer's province is trial management, but some decisions are reserved for the client—including whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal. Autonomy to decide that the objective of the defense is to assert innocence belongs in this reserved-for-the-client category. Refusing to plead guilty in the face of overwhelming evidence against her, rejecting the assistance of counsel, and insisting on maintaining her innocence at the guilt phase of a capital trial are not strategic choices; they are decisions about what the defendant's objectives in fact *are*. See *Weaver* v. *Massachusetts*, 582 U. S. ___, ___. Counsel may reasonably assess a concession of guilt as best suited to avoiding the death penalty, as English did here. But the client may not share that objective. He may wish to avoid, above all else, the opprobrium attending admission that he killed family members, or he may hold life in prison not worth living and prefer to risk death for any hope, however small, of exoneration. See Tr. of Oral Arg. 21–22. Thus, when a client makes it plain that the objective of "his defence" is to maintain innocence of the charged criminal acts and pursue an acquittal, his lawyer must abide by that objective and may not override it by conceding guilt. Pp. 5–8.

(b) *Florida* v. *Nixon*, 543 U. S. 175, is not to the contrary. Nixon's attorney did not negate Nixon's autonomy by overriding Nixon's desired defense objective, for Nixon "was generally unresponsive" during discussions of trial strategy and "never verbally approved or protested" counsel's proposed approach. *Id.*, at 181. He complained about counsel's admission of his guilt only after trial. *Id.*, at 185. McCoy, in contrast, opposed English's assertion of his guilt at every opportunity, before and during trial, both in conference with his lawyer and in open court. Citing *Nix* v. *Whiteside*, 475 U. S. 157, the Louisiana Supreme Court concluded that English's refusal to maintain McCoy's innocence was necessitated by a Louisiana Rule of Professional Conduct that prohibits counsel from suborning perjury. But in *Nix*, the defendant told his lawyer that he intended to commit perjury. Here, there was no avowed perjury. English harbored no doubt that McCoy believed what he was saying; English simply disbelieved that account in view of the prosecution's evidence. Louisiana's ethical rules might have stopped English from presenting McCoy's alibi evidence if English knew perjury was involved, but Louisiana has identified no ethical rule requiring English to admit McCoy's guilt over McCoy's objection. Pp. 8–11.

Jeffery William Paul (Pro Se)

Case 6:24-cv-00534-SOH-BAB Document 1-1 Filed 03/13/24 Page 9 of 34 PageID #: 17

(pg 9)



Syllabus

(c) The Court's ineffective-assistance-of-counsel jurisprudence, see *Strickland* v. *Washington*, 466 U. S. 668, does not apply here, where the client's autonomy, not counsel's competence, is in issue. To gain redress for attorney error, a defendant ordinarily must show prejudice. See *id.*, at 692. But here, the violation of McCoy's protected autonomy right was complete when the court allowed counsel to usurp control of an issue within McCoy's sole prerogative. Violation of a defendant's Sixth Amendment-secured autonomy has been ranked "structural" error; when present, such an error is not subject to harmless-error review. See, *e.g.*, *McKaskle* v. *Wiggins*, 465 U. S. 168, 177, n. 8; *United States* v. *Gonzalez-Lopez*, 548 U. S. 140; *Waller* v. *Georgia*, 467 U. S. 39. An error is structural if it is not designed to protect defendants from erroneous conviction, but instead protects some other interest, such as "the fundamental legal principle that a defendant must be allowed to make his own choices about the proper way to protect his own liberty." *Weaver*, 582 U. S., at __ (citing *Faretta*, 422 U. S., at 834). Counsel's admission of a client's guilt over the client's express objection is error structural in kind, for it blocks the defendant's right to make a fundamental choice about his own defense. See *Weaver*, 582 U. S., at ___. McCoy must therefore be accorded a new trial without any need first to show prejudice. Pp. 11–12.

2014–1449 (La. 10/19/16), 218 So. 3d 535, reversed and remanded.

GINSBURG, J., delivered the opinion of the Court, in which ROBERTS, C. J., and KENNEDY, BREYER, SOTOMAYOR, and KAGAN, JJ., joined. ALITO, J., filed a dissenting opinion, in which THOMAS and GORSUCH, JJ., joined.

Jeffery William Paul (Pro Se)

(pg 10.)

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

**Case No. ______**

---

**In re JEFFREY PAUL,**

**Movant.**

---

# APPLICATION FOR LEAVE TO FILE SECOND OR SUCCESSIVE MOTION PURSUANT TO 28 U.S.C. § 2255(h)

---

**CAPITAL § 2255 PROCEEDINGS**

SHAWN NOLAN
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West, The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520

Jeffery William Paul / (Pro Se)

May 14, 2019

(Pg 11.)

Jeffrey William Paul, through counsel, respectfully applies for an order authorizing the United States District Court for the Western District of Arkansas to consider a successive motion[1] pursuant to 28 U.S.C. § 2255(h)(2) and Eighth Circuit Rule 22B. Mr. Paul's proposed successive motion is attached as Exhibit A.

**INTRODUCTION**

This Court "may authorize a second or successive petition under §2255 if the petition is based on a 'new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015)(quoting 28 U.S.C. § 2255(h)(2)). Mr. Paul's successive § 2255 petition is based on a new rule of constitutional law announced in *McCoy v. Louisiana*, 138 S. Ct. 1500 (May 14, 2018). *McCoy* held for the first time that a capital defendant has an absolute right under the Sixth Amendment to insist that his lawyers refrain from admitting his guilt during trial. This decision applies to Petitioner as his lawyers conceded his guilt to robbery in opening statements to the jury in the face of Mr. Paul's insistence that he not plead guilty to any of the charges. If authorized by this Court, Mr. Paul's § 2255 application

Jeffery William Paul (Pro Se)

[1] Attached as Exhibit 1.

(pg 12.)

would be timely, as it would be filed within the one-year limitations period from the date of the *McCoy* decision. This Court should therefore authorize Mr. Paul to file the attached amendment.

Mr. Paul herein makes a *prima facie* showing that his proposed claim under *McCoy* falls within the scope of § 2255(h)(2), which is "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003)(quotations omitted).

**PROCEDURAL HISTORY**

Jeffrey Paul and his co-defendant, Trinity Ingle, were both charged in the Western District of Arkansas with aiding and abetting murder in perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) & § 2, and for using a firearm during a crime of violence, in violation of both counts. The jury returned a sentence of death, unrelated to any particular count. A few weeks before Mr. Paul's trial, Trinity Ingle was convicted of the same two counts; he received a sentence of life imprisonment.

This Court affirmed Mr. Paul's conviction and sentence on appeal. *United States v. Paul*, 217 F.3d 989 (8th Cir. 2000), *cert. denied Paul v. United States*, 534 U.S. 829 (2001). On December 17, 2002, Mr. Paul filed a 28 U.S.C. § 2255 petition. W.D. Ark. Case No. 6:96-cr-60022-TLB, Doc. 271. The District Court denied the petition, without a

Jeffery William Paul (Pro Se)

hearing and without granting leave to conduct discovery, on January 31, 2005. W.D. Ark. Case No. 6:96-cr-60022-TLB, Doc. 323. After granting a certificate of appealability on two issues, this Court affirmed the denial of relief. *Paul v. United States*, 543 F.3d 832 (*th Cir. 2008), *cert. denied Paul v. United States*, 558 U.S. 828 (2009).[2]

On June 26, 2015, the Supreme Court held in *Johnson v. United* States, 135 S. Ct. 2551 (2015), that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B) (ii), is unconstitutional. On April 18, 2016, the Court held that Johnson applies retroactively. *Welch v. United* States, 136 S. Ct. 1257 (2016). On May 20, 2016, Mr. Paul filed an Application for Authorization to File a Successive Motion Under 28 U.S.C. § 2255(h)(2) and Eighth Circuit Rule 22B. *Application For Authorization to File a Successive Motion Under 28 U.S.C. § 2255, In re Jeffrey William Paul,* No. 16-2330 (May 20, 2016). This Court denied Petitioner's *Application for Authorization* on August 5, 2016. Order, *In re Jeffrey William Paul v. Unted States,* No. 16-2330 (8th Cir. Aug. 5, 2016).

Jeffery William Paul (Pro Se)

---

[2] Subsequently, while represented by appointed counsel, Mr. Paul filed a series of pro se pleadings with various headings (including 28 U.S.C. § 2255) in this Court and courts around the country, alleging a wide variety of grievances. It is noted that Mr. Paul suffers from a serious and long-standing mental illness.

## FACTUAL BACKGROUND

In June 1997, Mr. Paul was convicted of aiding and abetting murder in the perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) & 2 (Count 1). For the same killing, Mr. Paul, who was eighteen at the time of the crime, was also convicted of using a firearm during a federal "crime of violence…, to wit: a robbery in the national park, Hot Springs, Arkansas, on or about June 22, 1995," in violation of 18 U.S.C. § 924(c) & § 924(i)(1), *subsection redesignated as* § 924(j)(1)(1996)(Count 2). The indictment provided no notice as to which if any robbery statute constituted the underlying § 924(c) crime of violence. Nor is it apparent from the trial record that an extant robbery statute was even employed as the § 924(c) predicate. Both counts in the indictment carried a maximum sentence of death.

Prior to trial, the Government offered Mr. Paul a life sentence in exchange for a guilty plea. Petitioner rejected the offer despite trial counsel's repeatedly advising him that going to trial and denying guilt would increase the likelihood of the jury returning a sentence of death. Petitioner was adamant and unwavering, and, in trial counsel's view, completely nonsensical and irrational in his refusal to plead guilty and accept a life sentence. The manner in which Mr. Paul rejected trial counsel's advice to plead guilty was so bizarre and intense, trial counsel questioned whether or not he was competent to make this decision and go to trial.

After administering psychological testing and observing Mr. Paul on multiple occasions prior to trial, Dr. H. Anthony Semone, the forensic psychologist appointed to assist trial counsel, concluded that Mr. Paul had a neuropsychological impairment and was suffering from a borderline psychotic panic. He opined that Mr. Paul was not able to sufficiently understand the charges against him and was unable to cooperate sufficiently with counsel in assisting with his own defense.

Nevertheless, defense counsel proceeded to trial. And in his opening statement, trial counsel told the jury that Mr. Paul planned the robbery of the victim and took part in carrying it out. Tr. 6/18/1997, 496; ("[H]e did say that he did plan to rob[.]… Yes, he did take part in a robbery; yes he did take part in… taping this man's hands behind his back."). Throughout the trial, Mr. Paul's mental health deteriorated as did his behavior and physical appearance. And then in his closing statement, following an exceptionally short trial, defense counsel did not ask for an acquittal, but rather asked the jury to convict his client of second degree murder. Tr. 6/20/1997, 879 ("If the Government has not proved to your satisfaction – if the Government has not proved to your satisfaction that Jeffery Paul wanted to kill Sherman Williams during the robbery, then you must and I ask you, please, consider the less serious charge of murder in the second degree and find Jeffery guilty of murder in the second degree."). Petitioner was convicted of both counts. He was subsequently sentenced to death.

(Pg 16.)

## ARGUMENT

**I. COUNSEL'S CONCESSION BEFORE THE JURY THAT PETITIONER WAS GUILTY OF ROBBERY DENIED HIM HIS RIGHT TO COUNSEL AND HIS RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION TO MAKE FUNDAMENTAL DECISIONS CONCERNING HIS OWN DEFENSE.**

In *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), the Supreme Court held that "[w]hen a client expressly asserts that the objective of "his defense" is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt." *Id.* at 1509 (quoting the Sixth Amendment). The Court further stated, "[b]ecause a client's autonomy, not counsel's competence, is in issue, we do not apply our ineffective-assistance-of-counsel jurisprudence." *Id.* at 1510-11. Thus, counsel's failure to defer to his client's wish in such circumstances constitutes structural error not subject to harmless error analysis and thus requires the defendant's conviction to be vacated. *Id.* at 1511.

Petitioner consistently maintained to counsel that he did not want to plead guilty. Yet in his opening statement to the jury, trial counsel conceded that Mr. Paul planned the robbery of the victim and took part in carrying it out. Tr. 6/18/1997, 496; ("[H]e did say that he did plan to rob[.]... Yes, he did take part in a robbery; yes he did take part in... taping this man's hands behind his back.") This de facto plea of guilt was problematic in its own right vis-à-vis the robbery

Jeffery, William Paul (Pro Se)

Case 6:24-cv-06034-SOH-BAB Document 1-1 Filed 03/13/24 Page 17 of 34 PageID #: 25
(pg 17.)

charge. It was doubly problematic in light of the Government's presentation at trial that it did not matter whether Mr. Paul actually participated in the murder directly, so long as he contributed in some way as an aider and abettor.

Trial counsel's failure to maintain his client's innocence, and his assertions to the jury that his client was guilty of robbery, without his client's permission, was structural error which requires the grant of a new trial. Trial counsel was not legally or ethically entitled to concede and assert petitioner's guilt, and doing so undermined Mr. Paul's personally held right to choose the objective of his defense.

The United States Supreme Court has recognized "that the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal . . . . [Such choices] implicate inherently personal rights which would call into question the fundamental fairness of the trial if made by anyone other than the defendant." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). This fundamental legal principle found recent support from the United States Supreme Court in *McCoy v. Louisiana*, 138 S. Ct. 1500 (May 14, 2018). In finding structural error, the Supreme Court in *McCoy* recognized that the effects of an admission like trial counsel's here, "would be immeasurable, because the jury would almost certainly be swayed by a lawyer's concession of his client's guilt." (Id. 1510) As a result, Petitioner must be accorded a new trial without the need to show prejudice.

Jeffery William Paul (Pro Se)

Case 6:24-cv-00034-SGH-BAB Document 1-1 Filed 03/13/24 Page 18 of 34 PageID #: 26

(pg 18.)

## II. *MCCOY V. LOUISIANA* IS A NEW RULE OF CONSTITUTIONAL LAW THAT APPLIES RETROACTIVELY

Mr. Paul's *McCoy* claim relies on a new retroactive rule of constitutional law. The Supreme Court has explained that "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." *Teague v. Lane*, 489 U.S. 288, 302 (1989) (plurality op.). The Supreme Court was clear in announcing its holding in *McCoy* that it was announcing a right under the Sixth Amendment that they had not previously recognized:

> We hold that a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the best chance to avoid the death penalty. Guaranteeing a defendant the right "to have the Assistance of Counsel for his defence, " the Sixth Amendment so demands. With individual liberty – and in capital cases, life – at stake, it is the defendant's prerogative, not counsel's, to decide on the objective of his defense: to admit guilt in the hope of gaining mercy at the sentencing stage, or to maintain his innocence, leaving it to the State to prove his guilt beyond a reasonable doubt.

*McCoy*, 138 S. Ct. at 1505. This holding was not dictated by prior precedent: the Court had to distinguish its prior holding in *Nixon* to reach this holding. *Id.* at 1509-10; *see also id.* at 1517 (Alito, J., dissenting)(criticizing the majority opinion for "[h]aving discovered a new right…"). *McCoy* retroactively as a new watershed rule of procedural law. Such rules apply retroactively when they "implicat[e] the fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*, 494 U.S. 484, 495 (1990)(citing *Teague*, 489 U.S. at 311 (plurality op.)); *see also Schiro*

Jeffery William Paul (Pro Se)

*v. Summerlin*, 542 U.S. 348, 355 (2004). The Court was clear that its holding in *McCoy* implicated fundamental fairness. The case involved "Intractable disagreements about the fundamental objective of the defendant's representation," and the rule in *McCoy* is necessary to protect a capital defendant's right, "[i]n this stark scenario," to choose the fundamental objective. *McCoy*, 138 S. Ct. at 1510. A *McCoy* error "blocks the defendant's right to make the fundamental choices about his own defense," while affecting the accuracy of the conviction in an unquantifiable way, as "the effects of [defense counsel's] admission would be immeasurable, because a jury would almost certainly be swayed by a lawyer's concession of his client's guilt." *Id.* at 1511. ). In *Saffle,* the Supreme Court explained that the holding of *Gideon v. Wainwright*, 372 U.S. 335 (1963), that a defendant has the right to be represented by counsel, is the type of rule that falls under the watershed rule exception. *Id.* at 495. Consequently, the rule from *McCoy* applies retroactively as a new watershed constitutional rule of procedure.

Jeffery William Paul (Pro Se)

## III. MR. PAUL HAS MADE A SUFFICIENT SHOWING OF POSSIBLE MERIT ENTITLING HIM TO FILE A SUCCESSIVE MOTION IN DISTRICT COURT.

Mr. Paul has made the minimal "prima facie" showing that his new *McCoy* claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. §§ 2244 (3)(C); 2255(h)(2), required for this Court to issue leave for him to

raise this claim of possible merit in district court for full exploration. *See Williams*, 330 F.3d at 281. Indeed, this "'showing of possible merit'" relates only to whether the claims in this application satisfy the requirements for filing a second or successive motion, "not the possibility that the claims will ultimately warrant a decision in favor of the applicant." *Williams*, 330 F.3d at 282. While "this determination may entail a cursory glance at the merits," the "focus of the inquiry must always remain on the [§ 2255(h)(2)] standards." *Williams*, 330 F.3d at 282. Mr. Jackson has satisfied this standard by showing that, in light of *McCoy*, he can now raise a new claim of possible merit in district court.

Jeffery William Paul (Prose)

## CONCLUSION

WHEREFORE, because Mr. Paul has presented a *prima facie* claim that the requirements of 28 U.S.C. § 2255(h)(2) are satisfied, he respectfully requests that his application be granted and that he be authorized to amend his successive § 2255 in the District Court.

Respectfully Submitted,

/s/ Shawn Nolan

SHAWN NOLAN
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West, The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520

## CERTIFICATE OF SERVICE

I, Shawn Nolan, hereby certify that on this date I caused the foregoing was served via the Electronic Case Filing system on the following counsel of record:

James Robert Wood, Esquire
Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048

Jeffrey Bradford Kahan
U.S. Department of Justice, Criminal Division
Capital Case Section
1331 F Street, NW, 6th Floor
Washington, DC 20530

/s/ Shawn Nolan
SHAWN NOLAN

Dated: May 14, 2019

Jeffery William Paul (Pro Se)

(pg-22.)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| JEFFREY WILLIAM PAUL | : | CRIMINAL CASE |
| Petitioner | : | NO. 6:96-cr-60022-TLB |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **CAPITAL CASE** |
| Respondents. | : | |

Jeffery William Paul (Pro Se)

**SECOND OR SUCCESSIVE MOTION TO VACATE CONVICTION AND SENTENCE UNDER 28 U.S.C. §2255**

SHAWN NOLAN
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West, The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520

May 14, 2019

(pg. 23.)

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

PROCEDURAL HISTORY .......... 1

STATEMENT OF THE FACTS .......... 3

STATEMENT OF THE LAW .......... 5

I. MR. PAUL SHOULD BE GRANTED AN EVIDENTIARY HEARING TO ESTABLISH THAT HIS LAWYERS CONCEDED HIS GUILT IN VIOLATION OF *MCCOY V. LOUISIANA* .......... 5

A. There Is A Material Question Of Fact Regarding Whether Mr. Paul's Lawyers Conceded His Guilt In Violation Of *McCoy*. .......... 5

B. *McCoy* Applies Retroactively To Mr. Paul .......... 6

C. This Court Should Grant Mr. Paul Further Briefing And An Evidentiary Hearing To Prove His *McCoy* Claim .......... 8

CONCLUSION .......... 9

REQUEST FOR RELIEF .......... 10

Jeffery William Paul (Prose)

## TABLE OF AUTHORITIES

**Federal Cases**

*Gideon v. Wainwright*, 372 U.S. 335 (1963) ........ 8
*Johnson v. United States*, 135 S. Ct. 2551 (2015) ........ 2
*Lehman v. Nakshian*, 453 U.S. 156 (1981) ........ 6
*McCoy v. Louisiana*, 138 S. Ct. 1500 (2018) ........ *passim*
*Saffle v. Parks*, 494 U.S. 484 (1990) ........ 7
*Schriro v. Summerlin*, 542 U.S. 348 (2004) ........ 7
*Teague v. Lane*, 489 U.S. 288 (1989) ........ 7
*United States v. Castano*, 543 F.3d 826 (6th Cir. 2008) ........ 2
*United States v. Diaz*, 547 F. App'x 303 (4th Cir. 2013) ........ 9
*United States v. Paul*, 217 F.3d 989 (8th Cir. 2000) ........ 2
*Welch v. United States*, 136 S. Ct. 1257 (2016) ........ 2

**Federal Statutes**

18 U.S.C. § 924 ........ 2-3
18 U.S.C. § 1111 ........ 1, 3
28 U.S.C. § 2255 ........ *passim*

Jeffery William Paul (Prose)

(pg. 25.)

Jeffrey William Paul, a prisoner in the custody of the United States sentenced to death and housed a the United States Penitentiary, Terre Haute, Indiana, respectfully submits this Successive Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C.A. § 2255. In support of this motion, Mr. Paul states the following:

## INTRODUCTION

On May 14, 2018, the Supreme Court decided *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), which held for the first time that a capital defendant has an absolute right under the Sixth Amendment to insist that his lawyers refrain from admitting his guilt during trial. *Id.* at 1508-09. This decision applies to Petitioner, as his lawyers conceded his guilt during trial against his wishes. As set forth below, Mr. Paul is entitled to an evidentiary hearing to prove the facts in support of this claim entitling him to relief.

Jeffery William Paul (Pro Se)

## PROCEDURAL HISTORY

Jeffrey Paul and his co-defendant, Trinity Ingle, were both charged in the Western District of Arkansas with aiding and abetting murder in perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) & § 2, and for using a firearm during a crime of violence, in violation of both counts. The jury returned a sentence of death, unrelated to any particular count. A few weeks before Mr. Paul's trial,

Trinity Ingle was convicted of the same two counts; he received a sentence of life imprisonment.

The United States Court of Appeals for the Eighth Circuit affirmed Mr. Paul's conviction and sentence on appeal. *United States v. Paul*, 217 F.3d 989 (8th Cir. 2000), *cert. denied Paul v. United States*, 534 U.S. 829 (2001). On December 17, 2002, Mr, Paul filed in this Court a 28 U.S.C. § 2255 petition. W.D. Ark. Case No. 6:96-cr-60022-TLB, Doc. 271. This Court denied the petition, without a hearing and without granting leave to conduct discovery, on January 31, 2005. W.D. Ark. Case No. 6:96-cr-60022-TLB, Doc. 323. After granting a certificate of appealability on two issues, the Eighth Circuit Court of Appeals affirmed the denial of relief. *Paul v. United States*, 543 F.3d 832 (8th Cir. 2008), *cert. denied Paul v. United States*, 558 U.S. 828 (2009).[1]

On June 26, 2015, the Supreme Court held in *Johnson v. United* States, 135 S. Ct. 2551 (2015), that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional. On April 18, 2016, the Supreme Court held that Johnson applies retroactively. *Welch v. United* States, 136 S. Ct. 1257 (2016). On May 20,

Jeffery William Paul (Pro Se)

[1] Subsequently, while represented by appointed counsel, Mr. Paul filed a series of pro se pleadings with various headings (including 28 U.S.C. § 2255) in this Court and courts around the country, alleging a wide variety of grievances. It is noted that Mr. Paul suffers from a serious and long-standing mental illness.

2016, Mr, Paul filed an Application for Authorization to File a Successive Motion Under 28 U.S.C. § 2255(h)(2) and Eighth Circuit Rule 22B. *Application For Authorization to File a Successive Motion Under 28 U.S.C. § 2255, In re Jeffrey William Paul,* No. 16-2330 (May 20, 2016). Petitioner's *Application for Authorization* was denied on August 5, 2016. Order, *In re Jeffrey William Paul v. Unted States,* No. 16-2330 (8th Cir. Aug. 5, 2016).

## STATEMENT OF THE FACTS

In June 1997, Mr. Paul, who was eighteen at the time of the crime, was convicted of aiding and abetting murder in the perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) & 2 (Count 1). For the same killing, Mr. Paul was also convicted of using a firearm during a federal "crime of violence…, to wit: a robbery in the national park, Hot Springs, Arkansas, on or about June 22, 1995," in violation of 18 U.S.C. § 924(c) & § 924(i)(1), *subsection redesignated as* § 924(j)(1)(1996)(Count 2). The indictment provided no notice as to which if any robbery statute constituted the underlying § 924(c) crime of violence. Nor is it apparent from the trial record that an extant robbery statute was even employed as the § 924(c) predicate. Both counts in the indictment carried a maximum sentence of death.

Prior to trial, the Government offered Mr. Paul a life sentence in exchange for a guilty plea. Petitioner rejected the offer despite trial counsel's repeatedly

(pg-28.)

advising him that going to trial and denying guilt would increase the likelihood of the jury returning a sentence of death. Petitioner was adamant and unwavering, and in trial counsel's view, completely nonsensical and irrational in his refusal to plead guilty and accept a life sentence. The manner in which Mr. Paul rejected trial counsel's advice to plead guilty was so bizarre and intense, trial counsel questioned whether or not he was competent to make this decision and go to trial.

After administering psychological testing and observing Mr. Paul on multiple occasions prior to trial, Dr. H. Anthony Semone, the forensic psychologist appointed to assist trial counsel, concluded that Mr. Paul had a neuropsychological impairment and was suffering from a borderline psychotic panic. He opined that Mr. Paul was not able to sufficiently understand the charges against him and was unable to cooperate sufficiently with counsel in assisting with his own defense.

Head injury. no — explanation

Jeffery William Paul (Pro Se)

Nevertheless, defense counsel proceeded to trial. And in his opening statement, trial counsel told the jury that Mr. Paul planned the robbery of the victim and took part in carrying it out. Tr. 6/18/1997, 496; ("[H]e did say that he did plan to rob[.]… Yes, he did take part in a robbery; yes he did take part in… taping this man's hands behind his back."). Throughout the trial, Mr. Paul's mental health deteriorated as did his behavior and physical appearance. Following an exceptionally short trial, during which trial counsel presented no witnesses or

evidence, Petitioner was convicted of both counts. He was subsequently sentenced to death.

## STATEMENT OF THE LAW

### I. MR. PAUL SHOULD BE GRANTED AN EVIDENTIARY HEARING TO ESTABLISH THAT HIS LAWYERS CONCEDED HIS GUILT IN VIOLATION OF *MCCOY V. LOUISIANA*.

#### A. There Is A Material Question Of Fact Regarding Whether Mr. Paul's Lawyers Conceded His Guilt In Violation Of *McCoy*.

In *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), the Supreme Court held that "[w]hen a client expressly asserts that the objective of "his defense" is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt." *Id.* at 1509 (quoting the Sixth Amendment). The Court further stated, "[b]ecause a client's autonomy, not counsel's competence, is in issue, we do not apply our ineffective-assistance-of-counsel jurisprudence." *Id.* at 1510-11. Thus, counsel's failure to defer to his client's wish in such circumstances constitutes structural error not subject to harmless error analysis and thus requires the defendant's conviction to be vacated. *Id.* at 1511.

Jeffery William Paul / (Pro Se)

Petitioner consistently maintained to his trial counsel that he did not want to plead guilty. Yet in the opening statement to the jury, anticipating that this admission would help in the sentencing phase, defense counsel asserted that Petitioner was guilty of robbery. After *McCoy*, it is clear for the first time that

United States Federal Court Orlando FL

(pg-30.)

such a strategy, whether reasonable or not, results in structural error when, as Mr. Paul contends here, it is chosen over the client's expressed desire to contest guilt.

In distinguishing *Florida v. Nixon*, 453 U.S. 175 (2004), the Supreme Court in *McCoy* noted that Nixon's attorney did not negate Nixon's autonomy by overriding Nixon's desired defense objective, for Nixon never asserted such objective" and "Nixon 'was generally unresponsive' during discussions of trial strategy, and 'never verbally approved or protested' counsel's proposed approach." *McCoy*, 138 S. Ct. at 1509 (quoting *Nixon*, 543 U.S. at 181). Thus, the Court noted that "If a client declines to participate in his defense, then an attorney may permissibly guide the defense pursuant to the strategy she believes to be in the defendant's best interest." *McCoy*, 138 S. Ct. at 1509. But, "[p]resented with express statements of the client's will to maintain innocence, however, counsel may not steer the ship the other way." *Id.* Just as in *McCoy*, Petitioner alleges that he disagreed with his counsel's decision to concede guilt at trial, yet counsel chose, without Petitioner's consent and against Petitioner's expressed wishes, to concede his guilt at his capital trial.

Jeffery William Paul (Pro Se)

### B. *McCoy* Applies Retroactively To Mr. Paul

Mr. Paul's *McCoy* claim relies on a new retroactive rule of constitutional law. The Supreme Court explained that "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or Federal

Government." *Teague v. Lane*, 489 U.S. 288, 302 (1989)(plurality op.). The Supreme Court was clear in announcing its holding in *McCoy* that it was announcing a right under the Sixth Amendment that they had not previously recognized:

> We hold that a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the best chance to avoid the death penalty. Guaranteeing a defendant the right "to have the Assistance of Counsel for his defence, "the Sixth Amendment so demands. With individual liberty – and in capital cases, life – at stake, it is the defendant's prerogative, not counsel's, to decide on the objective of his defense: to admit guilt in the hope of gaining mercy at the sentencing stage, or to maintain his innocence, leaving it to the State to prove his guilt beyond a reasonable doubt.

*McCoy*, 138 S. Ct. at 1505. This holding was not dictated by prior precedent: the Court had to distinguish its prior holding in *Nixon* to reach this holding. *Id.* at 1509-10; *see also id.* at 1517 (Alito, J., dissenting)(criticizing the majority opinion for "[h]aving discovered a new right…"). *McCoy* retroactively as a new watershed rule of procedural law. Such rules apply retroactively when they "implicat[e] the fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*, 494 U.S. 484, 495 (1990)(citing *Teague*, 489 U.S. at 311 (plurality op.)); *see also Schiro v. Summerlin*, 542 U.S. 348, 355 (2004). The Court was clear that its holding in *McCoy* implicated fundamental fairness. The case involved "Intractable disagreements about the fundamental objective of the defendant's representation,"

Jeffery William Paul (Pro Se)

(pg. 32.)

and the rule in *McCoy* is necessary to protect a capital defendant's right, "[i]n this stark scenario," to choose the fundamental objective. *McCoy*, 138 S. Ct. at 1510. A *McCoy* error "blocks the defendant's right to make the fundamental choices about his own defense," while affecting the accuracy of the conviction in an unquantifiable way, as "the effects of [defense counsel's] admission would be immeasurable, because a jury would almost certainly be swayed by a lawyer's concession of his client's guilt." *Id.* at 1511. In *Saffle,* the Supreme Court explained that the holding of *Gideon v. Wainwright*, 372 U.S. 335 (1963), that a defendant has the right to be represented by counsel, is the type of rule that falls under the watershed rule exception. *Id.* at 495. Consequently, the rule from *McCoy* applies retroactively as a new watershed constitutional rule of procedure.

Jeffery William Paul / (Pro Se)

### C. This Court Should Grant Mr. Paul Further Briefing And An Evidentiary Hearing To Prove His *McCoy* Claim.

Although the facts underlying this claim will require further evidentiary development in district court, the facts proffered in Petitioner's first § 2255 petition and Petitioner's current averments establish that Petitioner should be allowed to offer evidence in support of his *McCoy* claim in this Court. The standard for such a hearing is low: "Under 28 U.S.C.A. § 2255(b), unless the pleadings, files and records conclusively show that the petitioner is not entitled to relief, the district

court shall hold an evidentiary hearing." *United States v. Diaz*, 547 F. App'x 303, 304 (4th Cir. 2013)(per curiam).

**CONCLUSION**

For these reasons, Mr. Paul respectfully requests that the Court grant him further briefing and an evidentiary hearing to prove the facts underlying his claim relying on the new rule of retroactive constitutional law announced in *McCoy v. Louisiana*.

Jeffery William Paul (Pro Se)

## REQUEST FOR RELIEF

Wherefore, based on the foregoing, Mr. Paul respectfully requests that the Court grant him the following relief:

(1) Leave to amend this amendment to his § 2255 motion;

(2) Leave to file a Memorandum of Law in support of this motion;

(3) An evidentiary hearing to prove facts in support of this motion;

(4) Should it assist the Court, a status conference to discuss the timing of the above; and

(5) A Writ of Habeas Corpus to vacate Mr. Paul's conviction and sentence.

Jeffery William Paul (Pro Se)

Respectfully Submitted,

/s/ Shawn Nolan
SHAWN NOLAN
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West, The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520

Jeffery Paul W.
Rg. 10517042
USP Coleman Pen 2
PO Box 1034
Coleman, FL.
33521

Extreme Duress & AA?




– Legal Mail –

Att: Office of the Court Clerk :
(– IN Rem) CAPITAL – CASE –
United States Courthouse
401 West Central Boulevard
Suite 1200
ORLANDO, FL.
32801

Att B

Extreme Duress

Unsealed Envelope (tape) ✓

