IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 6:96-CR-60022-001 |
| | ) | |
| JEFFERY WILLIAM PAUL | ) | |

**UNITED STATES' RESPONSE TO AMENDED MOTION TO MODIFY,
CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Comes now the United States of America, by and through David Clay Fowlkes, United States Attorney for the Western District of Arkansas, and for its Response to Defendant's Amended Motion to Modify, Correct, or Vacate Sentence Pursuant to 28 U.S.C. § 2255, states:

**FACTUAL AND PROCEDURAL HISTORY**

I.    ***Proceedings Related to the Western District of Arkansas and the Eighth Circuit***

On June 22, 1995, Jeffrey Paul and an acquaintance, Trinity Ingle, followed 82-year-old Sherman Williams onto a trail in Hot Springs National Park. Paul and Ingle robbed, beat, and fatally shot Williams. They pulled the victim's body about thirty feet from the trail in an effort to conceal it. But four days later, a hiker found the remains under logs and rocks. The victim's hands and ankles had been tightly bound in duct tape. A piece of tape presumed to have been used to gag Williams was found around his neck. Williams died from a gunshot wound to the head and suffered near decapitation. *United States v. Paul*, 217 F.3d 989, 994 (8th Cir. 2000).

On December 4, 1996, a federal grand jury in the Western District of Arkansas returned a superseding indictment in Criminal No. 6:96CR60022 that charged Paul with aiding and abetting murder within the special territorial jurisdiction of the United States (18 U.S.C. §§ 1111 & 2), and aiding and abetting firearm-use murder during and in relation to a crime of violence (18 U.S.C. §§ 924(j) & 2). (Doc. 86). Count 1 charged,

> On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, JEFFERY WILLIAM PAUL, and another person known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to Title 18 U.S.C. § 7(3), did, with malice aforethought, kill Sherman Williams, by means of gunshot wounds, in the perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) and § 2.

*Id.* Count 2 charged,

> On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, Jeffery William Paul, and another person known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to title 18 U.S.C. § 7(3), did knowingly carry and use a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: a robbery in the national park, Hot Springs, Arkansas, on or about June 22, 1995, as set forth in Court 1 of this indictment which is realleged and incorporated by reference herein, in violation of Title 18 U.S.C. § 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18 U.S.C. § 1111, in that the defendant, did unlawfully kill Sherman Williams by shooting him with the firearm in the perpetration of the robbery and attempted perpetration of the robbery in violation of 18 U.S.C. § 924(i)(1) and § 2.

*Id.* The Court instructed the jury during the guilt-innocence phase of trial that the crime of robbery has three essential elements which are:

> One; that Sherman Williams had in his possession or on his person or presence anything of value.

> Two; that the defendant took and carried away anything of value from Sherman Williams by force or violence, and

> Three; that the taking occurred within the boundaries of the Hot Springs National Park.

(Doc. 430-4, pg. 76). The petite jury convicted Paul as charged. *Paul*, 217 F.3d at 994. Following a penalty phase trial, the jury recommended a death sentence, which the trial court imposed. *Paul*, 217 F.3d at 994.

On September 25, 1998, Paul filed a notice of appeal. (Doc. 249). On appeal, Paul contended among other allegations that:

1)      The prosecutor took inconsistent actions at his trial and at Ingle's trial by arguing that the defendant in each trial pulled the trigger;

2)      His rights under the Federal Death Penalty Act and the Constitution were violated because the jury failed to unanimously find and consider as a relevant mitigating factor that Ingle only received a life sentence;

3)      The prosecution relied upon unadjudicated bad act evidence at trial and at sentencing in violation of his statutory and constitutional rights;

4)      The government presented unnecessary and prejudicial testimony during the guilt phase of the trial regarding Williams' life; and

5)      There was error in the prosecutor's closing argument.

On June 27, 2000, the Eighth Circuit filed its opinion affirming Paul's conviction. *Paul*, 217 F.3d at 1005.

Paul then sought a *writ of certiorari* with the Supreme Court on January 29, 2001, which was denied on October 1, 2001. *Paul v. United States*, 534 U.S. 829 (2001). Subsequently, on February 19, 2002, the Supreme Court denied Paul's petition for rehearing. *Paul v. United States*, 534 U.S. 1156 (2002).

Thereafter, on December 17, 2002, Paul filed a Motion for New Trial or to Vacate Defendant's Conviction and Death Sentence Under 28 U.S.C. § 2255. (Doc. 271). Among Paul's grounds for relief were:

1)      he was incompetent before and during trial;

2)      the Court failed to hold an adequate hearing to address and adequately resolve the issue of competence to stand trial, and

3)      trial counsel was ineffective in failing properly to assert their client's incompetence to stand trial and failing to seek a formal hearing regarding his competence.

The Court denied Paul's motion pursuant to 28 U.S.C. § 2255 on January 31, 2005.  (Doc. 323).

On August 24, 2005, Paul filed a notice of appeal.  (Doc. 334).  Paul further moved pursuant to 28 U.S.C. § 2253 and Fed. R. App. Pro. 22 (b)(1), for a Certificate of Appealability ("COA").  (Doc. 338).

On September 6, 2005, the Eighth Circuit remanded Paul's case for consideration in light of *Tiedeman v. Benson*, 122 F.3d 518 (8th Cir.1997), with directions that if granted, the COA specify the issue or issues that are to be considered on appeal.  (Doc. 341).

After reviewing Paul's application for a COA and finding it to be essentially a restatement and re-argument of contentions the Court had previously addressed and rejected, the Court, on October 26, 2005, declined to issue a COA.  (Doc. 345).

However, on January 25, 2007, the Eighth Circuit granted Paul a COA to address three issues:

1)      Whether trial counsel was ineffective for failing to investigate and present evidence of Paul's mental, medical and physical history;

2)      Whether trial counsel was ineffective for failing to investigate and assert Paul's incompetence to stand trial; and

3)      Whether Paul had a constitutional right to competence during federal habeas corpus proceedings and, if so, whether that constitutional right was violated.

(Doc. 351).  On appeal, Paul argued:

1)      Trial counsel was ineffective for failing to investigate and present evidence of his mental, medical, and physical history;

2)      Trial counsel was ineffective for failing to investigate and assert his incompetence to stand trial;

3)      Federal law guaranteeing meaningful access to the courts requires that a prisoner challenging a capital conviction and sentence be mentally competent during habeas corpus proceedings and that guarantee was violated in his case;

4)      His right to due process of law was violated when key government witnesses clandestinely received cash rewards after the jury was told no such rewards would be forthcoming; and

5)      Improper *ex parte* communications between the government and the district court warranted assignment of a different judge pursuant to 28 U.S.C. § 2106.

The Eighth Circuit affirmed the Court's denial of Paul's petition on July 22, 2008. *Paul v. United States*, 534 F.3d 832 (8th Cir.2008). Paul then sought a *writ of certiorari* which was denied on October 5, 2009. *Paul v. United States*, 130 S.Ct. 51, 175 L.Ed.2d 43, 78 USLW 3171 (2009).

On February 7, 2013, Paul, *pro se*, filed another Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 362). In his § 2255 Motion, Paul sought relief based on:

1)      His actual innocence;

2)      His sentence is unfair because his co-defendant was given a life sentence; and

3)      Prosecutorial Misconduct.

Thereafter, Paul began a flurry of *pro se* filings which included among others:

1)      Motions for Order (Docs. 366 and 370) in which he again raised issues of wrongful conviction and his co-defendant's conviction as defenses to his own sentence;

2)    Motion for Effective Assistance, (Doc. 367) and Motion for Effective Assistance of Counsel (Doc. 371), in which he argued, amongst others, issues raised in his appeal, first § 2255 Motion and his then current pending second § 2255 motion;

3)    Motion for Order of Estoppel of Criminal Complaint, (Doc. 368) wherein he again raised issues of the alleged illegality of his conviction;

4)    Motion for Due Process (Doc. 375) claiming a right to certify an "exonerating affidavit"; and

5)    Motions for Emergency Injunctive Relief, (Docs. 378, 379, and 380), in which Paul requested his wife be taken into custody and claimed that he would produce evidence of actual innocence and claiming in Docket Entry No. 379 that his co-defendant gave an affidavit exonerating him from the crime for which he was convicted.

Each of Paul's motions were denied by the Court on June 17, 2013. (Doc. 381). That same day, the magistrate judge issued his report and recommendation on Paul's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and recommended the motion be denied. (Doc. 382).

Paul then began another round of filings by first filing another *pro se* motion to vacate on June 27, 2013, claiming, among other issues, that he was under the age of 18 at the time of his conviction and that pursuant to *Roper v. Simmons*, 543 U.S. 551 (2005), minors are not competent to face the death penalty because it is cruel and excessive punishment. (Doc. 383).

Next Paul filed a *pro se* Motion for Immediate Relief (Doc. 384) and *pro se* Motion for Relief (Doc. 385) claiming he was underage and not eligible for conviction under 18 U.S.C. § 1111 and requested a hearing on the issue (Doc. 386).

Thereafter, Paul filed a *pro se* motion to amend in which he set forth his equations which the court should use to properly determine his age at the time of the murder. (Doc. 388).

On July 22, 2013, the magistrate issued his report and recommendation regarding Paul's Motion to Vacate (Doc. 383), Motion for Immediate Relief (Doc. 384), Motion for Relief (Doc. 385), Motion for Hearing (Doc. 387), and Motion to Amend (Doc. 388), recommending these be denied and recommended the Clerk of the court be directed to accept no further *pro se* filings by Paul in this matter until further notice by the Court.  (Doc. 390).  The magistrate based his recommendation on finding the Court has no obligation to consider Paul's *pro se* filings because he is represented by counsel and has no constitutional or statutory right to simultaneously proceed *pro se* and with the benefit of counsel.  Paul filed his *pro se* objections to the report and recommendation on July 31, 2013.  (Doc. 391). On August 26, 2013, Court issued its order adopting the magistrate's report and recommendation *in toto*.  (Doc. 392).

On September 9, 2013, separately, and without the assistance of counsel, Paul sought permission to file a successive motion for relief under § 2255, so he could present new claims for relief based on actual innocence and ineligibility for the death penalty based on his age at the time of the murder, which the Eighth Circuit denied. *Paul v. United States*, case no. 13-2987 (8th Cir. Oct. 1, 2013).

The following year, Paul petitioned *pro se* for an extraordinary writ, which the Eighth Circuit denied. *In re: Paul*, case no. 14-1832 (8th Cir. Apr. 22, 2014). Paul also petitioned *pro se* for an extraordinary writ in the Seventh Circuit in which he claimed he was actually innocent and being illegally detained, which that court denied. *Paul v. Lawrence*, case no. 16-2220 (7th Cir. May 26, 2016). With the assistance of counsel, Paul again unsuccessfully asked the Eighth Circuit Court for a second time for permission to file a successive § 2255 motion requesting permission to file a successive 2255 motion claiming the holdings of *Johnson* and *Welch* have rendered his death sentence invalid. *Paul v. United States*, case no. 16-2330 (8th Cir. Aug. 5, 2016). On May 14, 2019, Paul, for a third time, moved for permission to file a successive § 2255 motion, arguing trial

counsel's concession before the jury that Paul was guilty of robbery denied him his right to counsel and his rights guaranteed by the United States constitution to make fundamental decisions concerning his own defense and that *McCoy V. Louisiana* was a new rule of constitutional law that applied retroactively, which the Eighth Circuit denied. *Paul v. United States*, case no. 19-1994 (8th Cir. June 21, 2019).

## II.    *Proceedings Related to the Southern District of Indiana*

On August 20, 2013, Paul filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Indiana. (S.D.Ind., No. 2:13-cv-00304, Dkt. 1). That petition asserted, among other things, that Paul was entitled to a new sentencing hearing on his § 924(c) conviction in view of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The government moved to dismiss the petition for lack of jurisdiction. (S.D.Ind., No. 2:13-cv-00304, Dkt. 39). The Southern District of Indiana court denied the motion and permitted Paul to file an amended § 2241 motion. (S.D.Ind., No. 2:13-cv-00304, Dkt. 44). The amended motion alleged, among other things, that the Southern District of Indiana should vacate Paul's § 924 conviction under *Johnson*. (S.D.Ind., No. 2:13-cv-00304, Dkt. 103 at 42-57). In response, the government argued that the Southern District of Indiana should deny the petition under 28 U.S.C. § 2244 and § 2255(e). (S.D.Ind., No. 2:13-cv-00304, Dkt. 158). Without ruling on the response, the Southern District of Indiana stayed the proceedings pending the decision in the Supreme Court case of *United States v. Davis*, No. 18-431, concerning the constitutionality of § 924. (S.D.Ind., No. 2:13-cv-00304, Dkt. 220). On June 24, 2019, the Supreme Court issued an opinion in *Davis*, declaring a provision of § 924 unconstitutionally vague. *United States v. Davis*, 588 U.S. 445 (2019). Two days later, the Southern District of Indiana ordered the government to file a supplemental brief addressing *Davis*. (S.D.Ind., No. 2:13-cv-00304, Dkt. 224). The government, in its supplemental briefing, argued that Paul had improperly raised his claim under § 2241 rather than § 2255 and that

his predicate offense, robbery, satisfied § 924's valid definition of a "crime of violence." (S.D.Ind., No. 2:13-cv-00304, Dkt. 231).

On May 26, 2020, Paul for a fourth time filed in the Eighth Circuit Court of Appeals a motion for leave to file a successive § 2255 motion, asserting much the same *Davis* claim pending in his § 2241 action. *Paul v. United States*, No. 20-2042 (8th Cir.). On June 1, 2020, the Southern District of Indiana issued an Order staying the § 2241 proceedings so that Paul could pursue leave to file a successive § 2255 motion in the Western District of Arkansas. (S.D.Ind., No. 2:13-cv-00304, Dkt. 244). The Eighth Circuit denied Paul's motion for authorization to file a successive motion under 28 U.S.C. § 2255 on June 29, 2020. *Paul v. United States*, No. 20-2042 (8th Cir.). That same day, the Southern District of Indiana issued an Order lifting the stay and denying a multitude of Paul's *pro se* motions. (S.D.Ind., No. 2:13-cv-00304, Dkt. 265).

On September 28, 2021, Paul filed a Motion for Leave to File Amendment to Petition for Writ of Habeas Corpus within Thirty Days based on the Supreme Court's decision in *Borden v. United States*, 141 S.Ct. 1817 (2021), wherein the Supreme Court held that a criminal offense that requires only a *mens rea* of recklessness cannot count as a "violent felony" under the elements clause of the ACCA. The Southern District of Indiana granted Paul's motion on October 6, 2021. (S.D.Ind., No. 2:13-cv-00304, Dkt. 270).

Thereafter, on October 22, 2021, Paul filed his Amendment to Petition for Writ of Habeas Corpus arguing that he is actually innocent of the crimes for which he was convicted, that he is too mentally ill to be executed, that his indictment was defective, and that his § 924(c) conviction must be vacated because the robbery offense underlying that conviction is not a crime of violence under §924(c)(3)(A). (S.D.Ind., No. 2:13-cv-00304, Dkt. 271). The government opposed Paul's Amended Petition. (S.D.Ind., No. 2:13-cv-00304, Dkt. 272).

On August 2, 2022, the Southern District of Indiana granted, in part, Paul's § 2241 petition. (S.D.Ind., No. 2:13-cv-00304, Dkt. 281). As to Paul's actual innocence claim, the Southern District of Indiana found that his claim failed to satisfy any of the circumstances recognized by the Seventh Circuit for satisfying the § 2255(e) savings clause and even if it did, the claim still would not warrant relief. (S.D.Ind., No. 2:13-cv-00304, Dkt. 281, pp. 6 – 9). Additionally, the Southern District of Indiana found his claim that he is constitutionally ineligible to be executed would likely be barred by § 2255(e) but nonetheless found this claim not ripe. (S.D.Ind., No. 2:13-cv-00304, Dkt. 281, pp. 9 – 10). As to Paul's § 924(c) claim, the Southern District of Indiana found that any defect in the indictment could not be cured in a § 2241 filing as such claim could have been raised in a § 2255 motion. (S.D.Ind., No. 2:13-cv-00304, Dkt. 281, pp. 10 – 12). However, the Southern District of Indiana found that Paul could bring his claim under § 2241 on the question of whether the robbery offense qualified as a crime of violence and determined that neither Paul's "indictment nor his jury instructions required a showing that he knowingly used force during the course of a robbery" and vacated his § 924(c) conviction. (S.D.Ind., No. 2:13-cv-00304, Dkt. 281, pp. 12 – 16). Additionally, the Southern District of Indiana vacated Paul's death sentence. (S.D.Ind., No. 2:13-cv-00304, Dkt. 281, pp. 16 – 17).

On October 10, 2023, the government filed in this Court the United States' Withdraw of Notice to Seek the Death Penalty and Notice of Intent Not to Seek the Death Penalty in the resentencing of Paul. (Doc. 458). Thereafter, on October 18, 2023, this Court filed an Amended Judgment sentencing Paul to life imprisonment on his remaining felony murder conviction under § 1111. (Doc. 459).

On March 19, 2024, Paul filed a *pro se* Petition for Writ of Habeas Corpus requesting the Court to vacate his murder conviction, appoint counsel to file any further or alternate pleas if his petition were to be denied, preserve for the record further civil rights claims, and expedite his

release. (Doc. 462).  Thereafter, by Order, the Court redesignated Paul's petition as a Motion to
Modify, Correct or Vacate Sentence pursuant to 28 U.S.C. Sec. 2255, ordered Mr. Shawn Nolan of
the Federal Defender's Office for the Eastern District of Pennsylvania to notify the Court of his
status or his office's status with regard to the current representation of Paul, ordered Mr. Nolan to
file an Amended Motion on Paul's behalf, and ordered Paul to file no further *pro se* pleadings in
this matter until further order of the Court. (Doc. 461).

     After filing his notice of the status of the representation of Paul (Doc. 465) and a couple of
motions for extension of time to file an amended motion under § 2255 (Docs. 468 and 470), Mr.
Nolan filed the instant Amended Motion to Modify, Correct, or Vacate Sentence Pursuant to 28
U.S.C. § 2255 under seal (Doc. 474).

## **ARGUMENT**

### I.    *Paul's § 2255 Motion*

     The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) prohibits petitioners
from filing a "second or successive application" without authorization from the appropriate court
of appeals. 28 U.S.C. § 2244(b)(3)(A). The phrase "second or successive" is a term of art not
defined by AEDPA and not all second-in-time petitions are "second or successive." *Magwood v.
Patterson*, 561 U.S. 320, 332, 342 (2010). In *Magwood v. Patterson*, the Supreme Court held that
a habeas corpus petition is not "second or successive" under 28 U.S.C. § 2244(b) when the petition
challenges a "new judgment" entered subsequent to the filing of the first habeas petition. *Id*. at
339.

     In *Magwood*, the defendant was sentenced to death and challenged his sentence in an
application for a writ of habeas corpus. *Magwood*, 561 U.S. at 323. The district court granted the
federal habeas writ as to his sentence and ordered that the defendant be resentenced. *Id*. at 326.
The state trial court then "conducted a full resentencing and reviewed the aggravating evidence

afresh," i*d*. at 339, and entered a new judgment sentencing him to death. *Id*. at 326. The defendant then filed another application for a writ of habeas corpus in federal court challenging his "new sentence on the grounds that he did not have fair warning at the time of his offense that this conduct would permit a death sentence under Alabama law." *Id*. at 328. The error claimed by the defendant happened at both sentencing hearings. *Id*. at 329. The Eleventh Circuit dismissed the defendant's claim finding that the challenge to the new sentence was unreviewable because it was a "second or successive" challenge under § 2244(b). *Id*.

The question for the Supreme Court was whether this second-in-time petition, challenging the newly imposed death sentence, was "second or successive" under § 2254. *Id*. at 330. The Supreme Court decided that the second-in-time petition was not "second or successive" because the re-imposition of the death penalty constituted a new, intervening judgment. *Id*. at 339-42. In finding Magwood's second-in-time § 2254 petition challenging the new judgment was not second or successive, the Supreme Court stated:

> This is Magwood's *first* application challenging that intervening judgment. The errors he alleges are *new*. It is obvious to us—and the State does not dispute—that his claim of ineffective assistance at resentencing turns upon new errors. But, according to the State, his fair-warning claim does not, because the state court made the same mistake before. We disagree. An error made the second time is still a new error. That is especially clear here, *where the state court conducted a full resentencing and reviewed the aggravating evidence afresh*.

*Id*. at 339 (third emphasis added). Accordingly, the Court found that the defendant's second-in-time habeas petition was not second or successive under § 2244(b) because it was his first challenge to the "new judgment" authorizing his confinement. *Id*. at 342[1].

---

[1] Although *Magwood* interpreted statutes that apply to habeas corpus petitions filed by state prisoners, federal courts have applied it to § 2255 motions. *See*, *e.g.*, *Johnson v. United States*, 623 F.3d 41, 45 (2d Cir.2010) ("[N]othing in the AEDPA indicates that Congress intended the 'second or successive' rules to operate differently with regard to state and federal prisoners." (internal

The determination as to "[w]hether a new judgment has intervened between two habeas petitions [for purposes of the rule in *Magwood*], such that the second petition can be filed without this Court's permission, depends on whether a new sentence has been imposed." *In re Lampton*, 667 F.3d 585, 588 (5th Cir.2012). In applying *Magwood*, the Eighth Circuit, like other federal appellate courts, has recognized that "[n]ot every change to a judgment results in a new sentence or judgment that wipes clean the slate of post-conviction motions previously filed." *Dyab v. United States*, 855 F.3d 919, 923-24 (8th Cir.2017) (holding amended restitution judgment did not result in a new sentence or judgment); *see also United States v. Brown*, 915 F.3d 1200, 1201-02 (8th Cir. 2019), *cert. denied*, No. 19-5754, 2019 WL 4923543 (U.S. Oct. 7, 2019) (holding amended judgment entered to reflect sentence court orally pronounced was ministerial). For example, the modification of a sentence under 18 U.S.C. § 3582(c), does not result in a "new judgment" thereby allowing a petitioner to avoid the bar on second or successive habeas petitions. *Id*. (*citing United States v. Jones*, 796 F.3d 483, 486 (5th Cir.2015). Likewise, a clerical or typographical correction of an error in a judgment does not justify disregarding prior habeas petitions in determining whether a petition is second or successive under § 2244(b). *Id*. (*citing Marmolejos v. United States*, 789 F.3d 66, 70–71 (2d Cir.2015).

The Eighth Circuit's opinion in *Dyab v. United States* is instructive. There, the court noted, in dicta, that a sentence modification under 18 U.S.C. § 3582(c)(2) does not constitute a "new judgment" because it is "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dyab*, 855 F.3d at 923 (*citing Dillon v. United States*, 560 U.S. 817, 827 (2010) and *United States v. Jones*, 796 F.3d 483, 486 (5th Cir.2015)). In a § 3582(c) proceeding, a court may reduce a federal defendant's sentence to a term of imprisonment within

---

quotation marks omitted); *see also Magwood*, 561 U.S. at 342 n.16 (citing cases arising under § 2255).

an amended guideline sentencing range; the resentencing courts do not conduct plenary resentencing hearings and are restricted on the sentence they may impose. *Dillon*, 560 U.S. at 819, 826–27.

Similarly, the Court in this case did not conduct a plenary resentencing hearing; Paul was not resentenced following a new sentencing hearing. There was no hearing, no arguments from counsel, and no new assessment of evidence. Rather, the Court simply vacated one of Paul's counts of conviction and entered a new judgment to reflect the change. Paul is not making a claim about an error that occurred when the Court entered the new judgment reflecting the change of vacating his conviction under § 924(c) as occurred in *Magwood*. As a result, this mechanical reduction of Paul's death sentence, without a plenary resentencing hearing, did not result in an intervening new judgment. Because Paul did not receive a new judgment before filing the instant habeas motion, his application is successive.

The Eighth Circuit's recent decision in *Collins* also provides some guidance. In *Collins*, the movant's initial § 2255 motion was granted in part and the court entered an amended judgment. *Collins v. United States*, 822 Fed.Appx. 509, 510 (8th Cir.2020) (unpublished). The movant then filed another § 2255 motion "asserting claims concerning both his attorney in the original criminal proceedings and his attorney for the first section 2255 proceedings." *Id*. The district court dismissed the motion entirely on the grounds that it was an unauthorized successive motion. *Id*. The Eighth Circuit, however, vacated the district court's dismissal "only as to [the movant's] claim that his attorney failed to honor his request to file a [notice of appeal] from the amended judgment" and remanded for further proceedings. *Id*.

Additionally, the Seventh Circuit discussed the impact of *Magwood*. In *Suggs v. United States*, the defendant was convicted of a drug violation and was sentenced to 300 months in prison. He filed a petition under 28 U.S.C. § 2255 challenging his conviction and sentence on nine

grounds. He succeeded on one of those grounds and after a remand, was sentenced to 240 months. After his resentencing, defendant filed a second § 2255 motion, arguing new information showed his innocence. The Court found that defendant's second § 2255 motion was successive because it did not challenge any errors that occurred in his resentencing. *Suggs v. United States*, 705 F.3d 279 (7th Cir.2013). As in *Suggs*, Paul is not claiming any errors that occurred during the entry of the amended judgment, which vacated his § 924(c) conviction but left his conviction for Aiding and Abetting the First-Degree Murder of Sherman Williams in violation of 18 U.S.C. §§ 2 and 1111(a). None of Paul's current claims occurred during his resentencing and his current motion is successive and should be dismissed.

In *United States v. Orozco–Ramirez*, the defendant filed a motion challenging his sentence pursuant to § 2255, arguing that he received ineffective assistance of counsel because his counsel did not file a notice of appeal. 211 F.3d 862, 863 (5th Cir.2000). The district court ordered an out-of-time appeal, and the court of appeals affirmed the judgment. The defendant then filed another § 2255 petition, asserting a number of errors, including that he received ineffective assistance of trial counsel and ineffective assistance of counsel on his out-of-time appeal. *Id.* at 869. The Fifth Circuit Court of Appeals held that the defendant's ineffective assistance of trial counsel claim was successive because "the facts underlying [the petitioner's] claims relating to his counsel's performance at trial occurred before he filed his initial habeas motion" and "he could have alleged those claims in that [initial] motion." *Id.* The court of appeals also held, on the other hand, that defendant's claim of ineffective assistance of counsel on his out-of-time appeal was not successive because the facts underlying that claim did not arise until after his initial habeas application. *Id.*

Though decided pre-*Magwood*, the reasoning of *Orozco-Ramirez* remains relevant. As discussed previously, in *Magwood*, the Supreme Court emphasized the existence of new error in concluding that defendant's habeas petition challenging his new judgment was not second or

successive. *Magwood*, 561 U.S. at 339 ("This is Magwood's *first* application challenging that intervening judgment. The errors he alleges are *new*. . . . 'The present judgment and sentence has been the result of a *complete and new assessment* of all of the evidence, arguments of counsel, and law.'"). That emphasis reflects the Fifth Circuit's reasoning in *Orozco-Ramirez* that an otherwise-barred habeas petition should not be permitted to proceed merely because a judgment was reentered if the claims raised could have been asserted in the original habeas petition.

In the instant case, Paul does not challenge the new sentence imposed by the Court as a result of Paul's conviction on Count One, the first-degree murder count. Instead, Paul asserts the following: the indictment was defective in charging the elements for felony murder and counsel was ineffective for failing to object; the jury instructions were erroneous and counsel was ineffective for failing to litigate this issue; he was incompetent to be tried and counsel was ineffective for failing to litigate issue; and that his rights under *McCoy* were violated. Other than the *McCoy* issue, which arose after trial and has been previously denied, these grounds for relief were available to Paul in his first § 2255 motion. As in *Orozco–Ramirez*, Paul's claims are successive because the facts underlying his claims relate to his trial and occurred before he filed his initial habeas motion and "he could have alleged those claims in that [initial] motion." *See Orozco-Ramirez*, 211 F.3d at 869.

Paul's instant § 2255 motion is, therefore, barred as second or successive under § 2244(b), regardless of the fact that the judgment in the underlying criminal case was recently partially vacated and reentered. All the claims stated in Paul's motion challenge alleged errors that occurred during the original pretrial, trial, and sentencing process. His current claims related to defective indictment and defective jury instructions could have been asserted in his original § 2255 motion and his incompetency claims and *McCoy* challenge have been previously litigated.

**II.**     ***Result Of Paul's Motion Being A Second Or Successive § 2255 Motion***

Since Paul's motion was filed subsequent to the passing of the Anti-Terrorism and Death Penalty Act (April 1996) ("AEDPA"), it is subject to the "gate-keeping" provisions of the AEDPA for second or successive motions brought pursuant to § 2255.  1996, Pub.L. No. 104-132; 28 U.S.C. § 2241 *et seq*; *Lindh v. Murphy*, 117 U.S. 2059 (1997).  The AEDPA severely curtailed the filing of second and successive § 2255 motions.  *See* 28 U.S.C. §§ 2244(a)-(b), 2255.  Petitioners who have previously filed § 2255 motions face long odds proceeding under § 2255 a second time. *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061 (8th Cir.2002).

The AEDPA imposed procedural requirements on federal prisoners, like Paul, who wish to file "second or successive" motions to vacate their sentences.  The AEDPA amended 28 U.S.C. § 2244(b) to preclude the filing of any subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive motion or application.  In addition, 28 U.S.C. § 2255 provides that a second or successive § 2255 motion may not be filed without prior appellate court approval in the manner provided in 28 U.S.C. § 2244.  A second or successive motion must be certified under 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255(h); *Rodgers v. United States*, 229 F.3d 704 (8th Cir.2000).

The Eighth Circuit has indicated that when, as in this case, a successive § 2255 motion is filed in the district court without prior compliance with the certification requirement, a district

court lacks jurisdiction to entertain the § 2255 motion. *United States v. Matlock*, 107 Fed.Appx. 697, 2004 WL 1809451 (8th Cir. Aug. 13, 2004) ("[t]he district court properly dismissed the motion"); *Boykin v. United States*, 242 F.3d 373, 2000 WL 1610732 (8th Cir.2000) (the district court lacked the power and authority to entertain the defendant's second or successive § 2255 motion and the Eighth Circuit Court of Appeals remanded the case with directions to dismiss the motion for lack of jurisdiction). Here, Paul has filed a new § 2255 motion following the denial of his previous § 2255 motions. In his current § 2255 motion, Paul claims under Ground I that the indictment was defective in charging the elements for felony murder and counsel was ineffective for failing to object; under Ground II Paul claims that the jury instructions were erroneous and counsel was ineffective for failing to litigate this issue; under Ground III Paul claims he was incompetent to be tried and counsel was ineffective for failing to litigate issue; and under Ground IV that his rights under *McCoy* were violated. His claims are brand new collateral attacks upon his sentence imposed by the Court.

Because Paul's current § 2255 Motion is a "second or successive" § 2255 motion, this Court has no jurisdiction to consider his motion absent an appropriate certification from the Eighth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); *see Burton v. Stewart*, 549 U.S. 147, 153 (2007) (absent prior authorization, district court lacks jurisdiction to entertain successive § 2255 motion and should dismiss it or transfer it to court of appeals). Because this Court has not been authorized by the Eighth Circuit Court of Appeals to consider what amounts to be a second § 2255 motion, this Court must either dismiss the instant action or transfer it to the Eighth Circuit Court of Appeals. *Boyd v. United States*, 304 F.3d 813 (8th Cir.2002). Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. A second or successive § 2255 motion may be brought in the district

of conviction only if the applicable Court of Appeals has authorized such filing. *See* 28 U.S.C. § 2244.

In this case, it would not be in the interests of justice to transfer the matter to the Court of Appeals for the Eighth Circuit for authorization as a second or successive filing under § 2255. This is because Paul's claims that the indictment was defective in charging the elements for felony murder and that counsel was ineffective for failing to object; that the jury instructions were erroneous and that counsel was ineffective for failing to litigate this issue; that he was incompetent to be tried and that counsel was ineffective for failing to litigate issue; and that his rights under *McCoy* were violated (1) allege no newly discovered evidence that would demonstrate his innocence by clear and convincing evidence and (2) Paul does not argue that his claim rests on a new rule of constitutional law made retroactive by the Supreme Court. Moreover, it would not be in the interests of justice to transfer the matter to the Eighth Circuit because Paul's claims under Grounds I and II constitute an abuse of the writ, his claims under Ground III and IV have been previously denied adversely to him, and the Eighth Circuit does not recognize claims based on cumulative error.

### A.    Grounds I and II Constitute an Abuse of the Writ

"[C]laims in a later [or subsequent] petition are properly dismissed either as successive, if they have been heard and decided on the merits in a previous petition, or as abuse of the writ, if they were not previously raised but should have been." *Washington v. Delo*, 51 F.3d 756, 759 (8th Cir.1995) (*citing Sawyer v. Whitley*, 505 U.S. 333, 338 (1992).

"The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." *McCleskey v. Zant*, 499 U.S. 467, 470 (1991). This doctrine requires prisoners to "include all reasonably available claims and grounds for relief in their first habeas petition."

19

*Washington v. Delo*, 51 F.3d 756, 760 (8th Cir.1995). Thus, "where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition . . . the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ." *Kuhlmann v. Wilson*, 477 U.S. 436, 444, n.6 (1986). A court may dismiss a subsequent § 2255 habeas petition asserting a new claim for relief on the basis that the issue should have been raised in the previous habeas petition, unless the petitioner shows cause for failing to raise the issue previously and prejudice therefrom or unless the petition shows there would be a fundamental miscarriage of justice. *McCleskey*, 499 U.S. at 470, 483-84, 495.

To establish an abuse of the writ, the Supreme Court has invoked the following standard:

> When a prisoner files a second or subsequent application, the government bears the burden of pleading abuse of the writ. The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ.
>
> The burden to disprove abuse then becomes petitioner's. To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions. The petitioner's opportunity to meet the burden of cause and prejudice will not include an evidentiary hearing if the district court determines as a matter of law that petitioner cannot satisfy the standard. If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim.

*McCleskey*, 499 U.S. at 494–95.

In this case, Paul originally filed a § 2255 Motion on December 17, 2002, spanning 347 pages. (Doc. No. 271). Now Paul has filed a successive or second § 2255 motion so that he can challenge his sentence on five new claims of error, two of which are under Ground I that the indictment was defective in charging the elements for felony murder and that counsel was ineffective for failing to object; and under Ground II that the jury instructions were erroneous and that counsel was ineffective for failing to litigate this issue. However, these are simply new claims,

20

not based on newly discovered information or law, which Paul could have raised in his first § 2255 Motion that was denied and dismissed. Therefore, the motion currently before this Court is successive and constitutes an abuse of the writ.

Thus, the burden falls on Paul to demonstrate cause and prejudice, or his probable actual innocence, in order to allow his motion to proceed. *See LaRette v. Bowersox*, 70 F.3d 986, 987 (8th Cir.1995) ("To excuse an abuse of the writ, a successive habeas petitioner must show either cause and prejudice, or probable actual innocence."), *cert. denied*, 516 U.S. 1005 (1995) (citation omitted). "The requirement of cause in the abuse of the writ context is based on the principle that petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition." *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir.1992) (*quoting McCleskey*, 499 U.S. at 498). In order to satisfy the "cause" requirement, Paul must show that some external impediment prevented him from presenting this claim in a timely, and procedurally proper, manner. *Cornman,* 959 F.2d at 729. As the Supreme Court has stated, "cause under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him . . . [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available . . . or that some interference by officials made compliance impracticable[.]' " *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). "[F]or the actual innocence exception to apply in the noncapital sentencing context, a movant must show that he is factually innocent of the conduct or underlying crime that serves as the predicate for the enhanced sentence." *McKay v. United States*, 657 F.3d 1190, 1198–99 (11th Cir.2011) (emphasis omitted).

In this case, Paul fails to satisfy the "cause" requirement for his claims of sentencing error as no external impediment prevented him from raising his claims in his previously filed § 2255 Motion. The United States asserts each of these claims were known to Paul prior to the filing of

his first § 2255 motion. Thus, Paul fails to satisfy the cause requirement. Additionally, Paul does not allege factual innocence and is unable to demonstrate he is factually innocent of his conviction. Therefore, the United States submits these claims would be an abuse of the writ and should be denied.

### B.    Grounds III and IV Have Been Previously Raised and Denied

Additionally, the Eighth Circuit has already addressed Paul's incompetency claim alleged in Ground III. Paul, 534 F.3d at 844-45. Issues decided on direct appeal cannot be raised again in a § 2255 motion. *United States v. Kraemer*, 810 F.2d 173, 177 (8th Cir.1987) (defendant cannot raise the same issues in a motion to vacate a sentence that have been decided on direct appeal or in a new trial motion); *see United States v. Davis*, 406 F.3d 505, 511 (8th Cir.2005), cert. denied, 126 S.Ct. 1083 (2006) (same claim in different clothes will not be reconsidered on collateral review). The writ of habeas corpus is not meant to allow prisoners to relitigate their previously unsuccessful claims. Accordingly, "[c]laims which were raised and decided on direct appeal cannot be re-litigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) (per curiam), (*quoting United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir.1981) (per curiam).

Because the Eighth Circuit considered Paul's claim on direct review, his claim may not be relitigated in a petition for relief under 28 U.S.C. § 2255. *Thompson v. United States*, 7 F.3d 1377, 1379 (8th Cir.1993), cert. denied. 511 U.S. 1010 (1994) (Appellant's petition to vacate is procedurally barred when it constitutes an attempt to relitigate issues considered and rejected on direct appeal); *United States v. Gaus*, 751 F.2d 1506, 1507 (8th Cir.1985) (prisoner seeking post-conviction relief could not relitigate claim that was decided adversely to him on direct appeal). In the absence of an intervening change in the law, or newly discovered evidence, the District Court should not reconsider any claim that was resolved on direct appeal in a § 2255 habeas proceeding.

*See Davis v. United States*, 417 U.S. 333, 342 (1974) (Defendant was entitled to relitigate on motion to vacate judgment an issue which was decided on direct appeal where there had been an intervening change in the law.).    Therefore, because Paul's claim has been decided adversely against him on direct appeal and there has been no change in the law or newly discovered evidence relevant to his case, this claim should be dismissed.

Moreover, under Ground IV, Paul is seeking to reopen a claim that the Eighth Circuit has previously denied. Paul previously sought authorization from the Eighth Circuit to file a successive habeas application in this Court on the ground that his trial counsel's performance under *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018) was deficient. Application for Leave to File Second or Successive Motion Pursuant to 28 U.S.C. § 2255(h), *Paul v. United States*,  No. 19-1994 (8th Cir. May 14, 2019).

To the extent that Paul now seeks to relitigate whether his Sixth Amendment rights were violated under *McCoy*, the Eighth Circuit's controlling precedent appears to bar his claim. Section 2244(b)(1) states that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." The Eighth Circuit has held that the relitigation bar in § 2244(b)(1) also applies to motions under § 2255. *Winarske v. United States*, 913 F.3d 765, 768-69 (8th Cir.2019). In *Winarske*, the Eighth Circuit refused to consider a claim that the movant's prior burglary convictions did not qualify as violent felonies under 18 U.S.C. § 924(e) because the movant had presented that claim in a prior motion under § 2255. *Id*. That the movant's second § 2255 motion relied on an intervening decision, *Mathis v. United States*, 579 U.S. 500 (2016), did not matter. *Id*.; *see Thompson v. Nixon*, 272 F.3d 1098, 1100-02 (8th Cir.2001) (concluding that a new decision subsequent to the first habeas petition "simply provides a new argument (the merits of which we need not explore) in support of the same due-process claim that has been presented twice before"). Thus, this Court is prohibited from

considering a successive request for authorization to file a second or successive habeas petition where a prior request for authorization raising the same claim was previously denied on the merits.

### C.    The Eighth Circuit Does Not Recognize Claims Based on Cumulative Error

Finally, under Ground V, Paul claims to be entitled to relief based on the cumulative effect of the forgoing constitutional claims.  Such claim is without merit because the Eighth Circuit does not recognize a claim of "cumulative error." *Pryor v. Norris*, 103 F.3d 710, 714 n.6 (8th Cir.1997); *United States v. Stewart*, 20 F.3d 911, 917 18 (8th Cir.1994).  The Eighth Circuit has repeatedly recognized "a habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test." *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir.2006) (*quoting Hall v. Luebbers*, 296 F.3d 685, 692 (8th Cir.2002)); *see United States v. Brown*, 528 F.3d 1030, 1034 (8th Cir. 2008) (The Eighth Circuit has "repeatedly rejected the cumulative error theory of post-conviction relief.").  Instead, each claim must be examined independently rather than collectively, *Hall v. Luebbers*, 296 F.3d 685, 692-93 (8th Cir.2002) (*citing Wainwright v. Lockheart*, 80 F.3d 1226, 1233 (8th Cir.1996)), as each claim must rise or fall on its own merits, *Scott v. Jones*, 915 F.2d 1188, 1191 (8th Cir.1990).  Cumulative error will not justify habeas relief.  *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir.2006). As such, Paul's cumulative error claim must also be denied.

## <u>CONCLUSION</u>

WHEREFORE, for the reasons and authorities set forth above, the respondent respectfully urges the Court to dismiss Paul's Amended Motion to Modify, Correct, or Vacate Sentence Pursuant to 28 U.S.C. § 2255 as a second or successive motion.

Respectfully submitted,

David Clay Fowlkes
United States Attorney

By:    */s/ Kimberly D. Harris*
Kimberly D. Harris
Assistant U.S. Attorney
Arkansas Bar No. 2000152
414 Parker Avenue
Fort Smith, AR  72903
Telephone:  (479) 783-5125
E-mail: kimberly.harris@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 20, 2024, a copy of the foregoing Response To Amendment To Petition For Writ Of Habeas Corpus was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system:

> Shawn Nolan
> Federal Community Defender Office
> For the Eastern District of Pennsylvania
> Shawn_Nolan@fd.org
>
> Peter Williams
> Federal Community Defender Office
> For the Eastern District of Pennsylvania
> Pete_Williams@fd.org

/s/ Kimberly D. Harris

Kimberly D. Harris
Assistant United States Attorney
