**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

**UNITED STATES OF AMERICA** **RESPONDENT**

**V.** **CASE NO. 6:96-CR-60022;**
**CASE NO. 6:13-CV-06014**

**JEFFERY WILLIAM PAUL** **MOVANT**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Report and Recommendation ("R&R") (Doc. 489) filed in this case by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. The R&R recommends that the Court dismiss as second or successive the Amended Motion to Modify, Correct, or Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 474) filed by Defendant Jeffery William Paul. Mr. Paul filed timely objections to the R&R. *See* Doc. 492. Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the record *de novo* and **DECLINES TO ADOPT** the R&R for the reasons stated below. Further, because the Government only briefed its position on whether Mr. Paul's Amended Motion was second or successive, the Court will order the Government to file supplemental briefing on the merits.

## I. BACKGROUND

The R&R thoroughly recited the lengthy factual and procedural background of this case, which is incorporated by reference. *See* Doc. 489, pp. 1–14. The following facts are restated to orient the reader before addressing the objections to the R&R.

On June 23, 1997, Mr. Paul was convicted of one count of aiding and abetting first-degree murder in violation of 18 U.S.C. §§ 2 and 1111(a) and one count of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). (Doc. 489, p. 3). The evidence

at trial showed that he and an acquaintance named Trinity Edward Ingle robbed an elderly man at gunpoint in Hot Springs National Park and then shot and killed him. *Id.* at pp. 1–3. The murder conviction carried a possible sentence of either “death or life imprisonment,” *see* 18 U.S.C. § 1111(b), while the use-of-a-firearm conviction carried a broader range of punishment of “death or . . . imprisonment for any term of years or for life,” *see* 18 U.S.C. § 924(j)(1). After the jury returned its guilty verdict on both counts on June 23, 1997, the trial court commenced a separate death-penalty trial pursuant to 18 U.S.C. § 3594(b)(1) to determine the appropriate punishment for Mr. Paul’s crimes. *See* Doc. 232. The jury found unanimously that Mr. Paul should be sentenced to death, *see* Doc. 237, and the Court imposed a death sentence on both counts of conviction, *see* Doc. 238.[1]

On direct appeal, Mr. Paul raised an array of challenges to his conviction and sentence. *See United States v. Paul*, 217 F.3d. 989 (8th Cir. 2000). The Eighth Circuit affirmed the district court’s judgment, and the Supreme Court denied certiorari on October 1, 2001. *See Paul v. United States*, 534 U.S. 829 (2001). Mr. Paul then filed his first § 2255 petition on December 17, 2002, raising an additional set of challenges including an argument that he was not competent to stand trial. *See* Doc. 271. The Honorable Jimm Larry Hendren, who presided over all phases of the trial and sentencing, denied the habeas petition. *See* Docs. 322 & 323. Mr. Paul appealed, arguing that his trial counsel was ineffective for failing to: (1) investigate and present evidence of his mental, medical,

[1] Mr. Ingle went to trial before Mr. Paul and was convicted of first-degree murder and related charges. Although the Government sought a death sentence for him, Mr. Ingle received a life sentence after a contested penalty phase approximately two weeks before Mr. Paul's trial. The conviction and sentence were affirmed by the Eighth Circuit on appeal. *See United States v. Ingle*, 157 F.3d 1147 (8th Cir. 1998).

and physical history, and (2) investigate and present his incompetence to stand trial. *See Paul v. United States*, 534 F.3d 832, 834 (8th Cir. 2008). In addition, he argued that he was mentally incompetent to proceed in the district court during the habeas action. *Id.* at 835. The Eighth Circuit found that Mr. Paul suffered no constitutional violations and affirmed Judge Hendren's decision; it also found Judge Hendren's determination that Mr. Paul was competent to proceed with the habeas petition neither clearly erroneous nor prejudicial. *See id.* at 843, 847–48.

Over the ensuing years, Mr. Paul filed four more habeas petitions in this Court under § 2255. *See* Docs. 362, 383, 436, 445. Relief was denied in each instance. Then, in 2022, Mr. Paul filed a petition for habeas relief under 28 U.S.C. § 2241 in the Southern District of Indiana, where he was incarcerated. While most of his claims in that petition were barred under § 2255 as second or successive, the Indiana court vacated his firearm conviction because "the robbery underlying Mr. Paul's § 924(c) conviction did not require a knowing use of force, so it was not a crime of violence under *Borden* [*v. United States*, 141 S. Ct. 1817 (2021)]." *See* Doc. 450-1, p. 16. With the firearm conviction eliminated, the only remaining conviction was that of aiding and abetting first-degree murder. However, the Indiana court concluded that the death sentence on that count must also be vacated, as "the jury was not asked to specify the offense or offenses for which it imposed the death penalty," and without that information, the court could not determine whether the firearm conviction influenced the death sentence. *Id.* at pp. 16–17. The Indiana court remanded the case to this Court for resentencing, including retrial of the death-penalty phase. *See id.* at p. 17.

On October 10, 2023, the Government withdrew its notice to seek the death penalty. *See* Doc. 458. That meant the only possible sentence the Court could impose for the murder conviction was life imprisonment. *See* 18 U.S.C. §§ 2 and 1111(b). The Court inquired of all counsel by email whether a formal resentencing hearing was requested, and they responded in the negative.[2] *See* Exh. 1. Accordingly, on October 18, 2023, the Court entered an Amended Judgment (Doc. 459) sentencing Mr. Paul to life imprisonment for aiding and abetting first-degree murder.

Five months later, on March 19, 2024, Mr. Paul filed a *pro se* § 2255 petition. *See* Doc. 462. The Court referred it to Magistrate Judge Bryant, who appointed counsel to represent Mr. Paul. On August 29, 2024, new counsel filed an Amended § 2255 Motion (Doc. 474). The Government filed a response (Doc. 479) on December 20, 2024, arguing that the Motion was second or successive to those previously filed. Mr. Paul filed a reply (Doc. 488) on February 28, 2025, and on April 22, the Magistrate Judge issued an R&R recommending dismissal of the Amended Motion as second or successive. *See* Doc. 489, p. 23. Mr. Paul filed timely objections to the R&R (Doc. 492), which triggered this Court's *de novo* review.

## II. DISCUSSION

Mr. Paul contends that the Court's Amended Judgment sentencing him to life imprisonment on the murder conviction reset the habeas table, so to speak, and permitted him to file a new habeas petition without it being deemed second or successive. In addition, Mr. Paul believes that he may raise or re-raise any and all claims that he wishes

[2] The victim's family was also consulted, and the Government confirmed that they did not wish to appear for a hearing.

in this new petition, including ones attacking the underlying murder conviction. Ordinarily, a federal prisoner is afforded a single opportunity to challenge the legality of his sentence through a habeas action. Filing a "second or successive motion" requires the Eighth Circuit to certify in advance that the motion presents either: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Given this high bar, second or successive habeas motions are rarely certified.

In his R&R, the Magistrate Judge considered two questions. First, he contemplated whether the Amended Judgment qualified as a new sentence that permitted Mr. Paul to file a new § 2255 motion of right—without seeking prior "second or successive" certification from the Court of Appeals. Second, assuming the Amended Judgment was, in fact, a new sentence, the Magistrate Judge examined whether a new § 2255 motion could include any and all claims, including ones challenging the underlying conviction.

The Court begins with the first question. The Supreme Court's opinion in *Magwood v. Patterson* defined "second or successive" as a term of art that "does not simply refer to all . . . applications filed second or successively in time." 561 U.S. 320, 332–333 (2010) (citation modified). Said another way, the fact that a prisoner has filed more than one habeas petition is not determinative of the question; what matters instead is whether "a new judgment [has] interven[ed] between the two habeas petitions." *Id.* at 341 (citation

omitted). “[A]n application challenging the resulting new judgment is not second or successive at all.” *Id.* at 341–42.

But what constitutes a “new judgment” in the habeas context? The Eighth Circuit observed in *Dyab v. United States* that “[n]ot every change to a judgment results in a new sentence of judgment that wipes clean the slate of post-conviction motions previously filed.” 855 F.3d 919, 923 (8th Cir. 2017). *Dyab* involved a defendant who pleaded guilty to conspiracy to commit wire fraud and money laundering and was given a sentence of imprisonment plus a multi-million-dollar restitution judgment. *Id.* at 921. More than a year after the judgment was imposed, the government moved to amend to update the addresses of certain restitution payees and to “reflect that one of Dyab's co-conspirators . . . was jointly and severally liable for a portion of Dyab's restitution obligation.” *Id.* The sentencing court made those changes and entered an amended judgment, and Dyab filed a § 2255 motion—his third since the original judgment—to challenge the legality of the underlying money laundering conviction. *Id.* Dyab argued that the motion was not successive because it followed an amended judgment, but the district court disagreed and the Eighth Circuit affirmed, finding that “the inquiry into whether a district court has entered a *new*, intervening judgment” is the key to the analysis. *Id.* at 923 (emphasis added). “‘[T]he phrase “second or successive” must be interpreted with respect to the judgment challenged.’” *Id.* (quoting *Magwood*, 561 U.S. at 333). For example, “a sentence modification under § 3582(c) does not allow a prisoner to avoid the bar on successive § 2255 motions” because it is “a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding”; likewise, an amended judgment that only “[f]ix[es]

typographical errors and the like" does not "substantively alter a prisoner's sentence" and therefore does not qualify as an intervening judgment. *Id.*

Returning to the case at bar, the Magistrate Judge concluded that this Court's Amended Judgment was a mere "sentence adjustment," rather than a new sentence. (Doc. 489, p. 20). This was because: (1) the Court did not hold a substantive resentencing hearing before entering the Amended Judgment, and (2) the Court had no flexibility in the life sentence it imposed. *See id.* Although the Court concedes that entering the Amended Judgment was an uncomplicated and relatively speedy task, that fact has no bearing on whether the Amended Judgment imposed a new sentence on Mr. Paul. The circumstances that prompted the entry of the Amended Judgment are not remotely similar to those cited in *Dyab*. No addresses were updated; no typos were fixed. Instead, the Amended Judgment effectuated a *substantive change* to the sanction imposed on Mr. Paul: Before entry of the Amended Judgment, he faced retrial on the death penalty and a possible death sentence, and after the Amended Judgment, he faced life imprisonment.

Given that the Amended Judgment qualifies as a new sentence from which Mr. Paul may file a § 2255 motion without it counting as "second or successive," the next argument to address is whether the Amended § 2255 Motion must be limited to claims of error arising only from the resentencing or may, in addition, challenge the underlying murder conviction. On these points, the R&R observed:

> Paul does not seek to challenge any aspect of the resentencing. There is no alleged error either new or repeated in the entry of the Amended Judgment. Instead, Paul seeks to reassert claims of error made during the trial of his original 1997 conviction. All of these claims have been specifically addressed by the Federal Courts at trial, on direct appeal, and in the subsequent § 2255 proceedings. This case is unlike *Magwood* where the petitioner challenged an error made at the initial sentencing and additional errors made at the resentencing, leading the Court to note that "[a]n error

> made a second time is still a new error." There are no new errors, as Justice Thomas specifically noted were present in *Magwood*.

(Doc. 489, p. 23).

But *Magwood* did not hold that a habeas motion filed after a new sentence is limited to certain claims; Magwood did not challenge his underlying conviction, so the Supreme Court declined to address this particular question. *See* 561 U.S. at 342. However, a divided panel of the Seventh Circuit in *Suggs v. United States* "d[id] not find *Magwood*'s guidance to be clear enough to depart from [its] [pre-*Magwood*] precedent" and held that a new habeas motion filed after resentencing that purported to challenge the underlying conviction was successive to an earlier habeas motion challenging the conviction. 705 F.3d 279, 285 (7th Cir. 2013). According to the Seventh Circuit, *Magwood* distinguished between "events that are novel to the resentencing" and "events that predated the sentencing," with the latter constituting an impermissible "collateral attack on the original conviction and sentence, rather than as an initial challenge to the last sentence." *Id.* at 283–84.

The R&R in the instant case relied almost exclusively on *Suggs* in recommending that Mr. Paul be barred from raising or re-raising claims of error surrounding his underlying murder conviction. At the same time, though, the R&R acknowledged that the *Suggs* opinion is a clear outlier.[3] *See* Doc. 489, pp. 21–22. The Second, Third, Fourth, Sixth, Ninth, and Eleventh Circuits have all interpreted *Magwood* to mean that a district court's decision to vacate one count of a multi-count conviction yields a new judgment that

---

[3] The *Suggs* court also "recognize[d] that [its] reading of *Magwood* differs from the approach taken by other circuits." *Id.* at 284.

permits the prisoner to assert a renewed challenge to the undisturbed count or counts. *See Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010) ("[W]here a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both . . . . In light of *Magwood,* we must interpret successive applications with respect to the judgment challenged and not with respect to particular components of that judgment."); *In re Brown*, 594 F. App'x 726, 729–30 (3rd Cir. 2014) (per curiam) ("[G]iven *Magwood* 's focus on whether the applicant is challenging a new *judgment* rather than focusing on whether the applicant is bringing a new *claim*," a habeas petition subsequent to an amended judgment is not successive, even if it "challenges the [undisturbed] conviction." (citation modified))*;* *In Re Gray*, 850 F.3d 139, 143 (4th Cir. 2017) ("The *Magwood* Court made clear that it is the newness of the intervening judgment as a whole that resets the habeas counter to zero."); *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015) ("*Magwood* 's judgment-based rule ensures that a *court's* choice to reenter a different judgment does not leave a petitioner unable to raise a now-more-critical challenge free from the 'second or successive' limits."); *Wentzell v. Neven*, 674 F.3d 1124, 1127–28 (9th Cir. 2012) (agreeing with the Second Circuit in *Johnson* that "we treat the judgment of conviction as one unit, rather than separately considering the judgment's components, *i.e.,* treating the conviction and sentence for each count separately"); *Insignares v. Sec'y, Fla. Dep't of Corrections*, 755 F.3d 1273, 1281 (11th Cir. 2014) (per curiam) ("[T]here is only one judgment, and it is comprised of both the sentence and the conviction . . . . [W]hen a habeas petition is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction.").

In light of the above precedent, this Court declines to follow the Seventh Circuit and instead endorses the majority view that *Magwood* eliminated the claims-based approach to determining whether a petition is second or successive. "[A] habeas petition is deemed initial or successive by reference to the *judgment* it attacks—not which *component* of the judgment it attacks or the nature or genesis of the *claims* it raises." *Suggs,* 705 F.3d at 287–88 (Sykes, J., dissenting) (emphasis in original). This means that Mr. Paul's Amended § 2255 Motion is not successive, and the Court has no reason to believe the Eighth Circuit would disagree, particularly given its brief discussion of *Magwood* in *United States v. Brown*, 915 F.3d 1200 (8th Cir. 2019). *Brown* involved a § 2255 motion filed after the entry of an amended judgment. The *Brown* court held that the amended judgment was not a new sentence because it merely changed the written judgment to comport with the sentence announced orally in open court. *See id.* at 1202. However, before coming to that conclusion, the *Brown* court noted the Supreme Court's *Magwood* opinion and observed—in line with this Court's opinion here—that "[a] 2255 petition challenging a new sentence is not successive," even if it "rais[es] claims that could have been raised in a previous petition." *Id.* at 1201–02 (citing *Magwood*, 561 U.S. at 339).

For all these reasons, **IT IS ORDERED** that the Objection to the R&R is **SUSTAINED**, and the Court **DECLINES TO ADOPT** the R&R. The Magistrate Judge did not address the merits of Mr. Paul's Motion, and the Government's brief assumed the Motion was second or successive and therefore did not seriously address the Motion's merits. The Government is **ORDERED** to file supplemental briefing on the merits by no later than **February 12, 2026**.

**IT IS SO ORDERED** on this 15th day of January, 2026.

TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE