BACHELOR, NEWELL & OLIVER
211 Hobson Avenue
P. O. Box 1620
Hot Springs, Arkansas 71902
501-321-2222
Facsimile No. 501-624-0533

**FACSIMILE COVER SHEET**

**PLEASE DELIVER IMMEDIATELY**

DATE: June 10, 1997

TO: Mr. Mark Webb
U.S. Attorney

FAX NO.: 1-501-785-2442

FROM: Steven D. Oliver

TOTAL PAGES INCLUDING THIS PAGE: 74

REMARKS:

DOCUMENT TRANSMITTED: Defense's Proposed Jury Instructions and Verdict Form.

Client/Matter: U.S.A. vs. Jeffery William Paul;
U.S.D.C., W.D. Ark., H.S. Div.,
No. CR. 6:96CR60022-001

SENDER: Sherry

If all pages are not received, please contact us immediately at 501-321-2222.

---

This message is intended only for the use of the addressee(s). It contains information which is confidential under the attorney-client privilege or otherwise not subject to disclosure. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, any use of this information or dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

---

GOVERNMENT EXHIBIT

1

USA v. JEFFERY WILLIAM PAUL
Cr. No. 6:96CR60022-001

8th Cir. No. 3.01

DEFENDANT'S PROPOSED INSTRUCTION NO. 1

3.01 INTRODUCTION

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier, are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

8th Cir. No. 3.02

DEFENDANT'S PROPOSED INSTRUCTION NO. 2

3.02 DUTY OF JURY

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict unaffected by anything except the evidence, your common sense, and the law as I give it to you.

DEFENDANT'S PROPOSED INSTRUCTION NO. 3

You are here to determine the guilt or innocence of the Defendant from the evidence in the case. You have heard that another person, namely Trinity Edward Ingle, has also been charged with these crimes. However, you are not called upon to return a verdict as to the guilt or innocence of Trinity Edward Ingle or any other person or persons.

Therefore, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of the Defendant, you should so find, even though you may believe one or more other persons are also guilty. But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find the Defendant not guilty.

1 Devitt, Blackmar, Wolff & O'Malley, Federal Jury Practice and Instructions, 372-373, §12.11 (4th Ed. 1992) [Verdict as to Defendant Only]

8th Cir. No. 3.03

DEFENDANT'S PROPOSED INSTRUCTION NO. 4

3.03 EVIDENCE; LIMITATIONS

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, the facts that have been stipulated -- this is, formally agreed to by the parties, the facts that have been judicially noticed -- this is, facts which I say you may, but are not required to, accept as true, even without evidence.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now.

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

DEFENDANT'S PROPOSED INSTRUCTION NO. 5

The questions asked by a lawyer for either party to the case are not evidence. If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact. Only the answers are evidence.

1 Devitt, Blackmar, Wolff & O'Malley, Federal Jury Practice and Procedure, 347, §12.08 (4th Ed. 1992) [The Question is Not Evidence].

DEFENDANT'S PROPOSED INSTRUCTION NO. 6

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

1 Devitt, Blackmar, Wolff & O'Malley, Federal Jury Practice and Procedure, 344, §12.05 (4th Ed. 1992) [Inferences From the Evidence].

8th Cir. No. 3.04 (modified)

DEFENDANT'S PROPOSED INSTRUCTION NO. __7__

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

8th Cir. No. 4.10

DEFENDANT'S PROPOSED INSTRUCTION NO. 8

4.10 OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

DEFENDANT'S PROPOSED INSTRUCTION NO. 9

Interviews of Witnesses

A lawyer who calls a witness to testify in a criminal trial may properly conduct interviews of such witness before he or she takes the witness stand at trial so as to present the evidence in the case to the jury in an orderly and proper manner. By the same token, a witness may make his own free and voluntary choice to either discuss the case or to refuse to discuss the case with counsel. Accordingly, there is nothing improper in a lawyer interviewing a witness before he or she testifies.

8th Cir. No. 3.06

DEFENDANT'S PROPOSED INSTRUCTION NO. 10

3.06 DESCRIPTION OF CHARGES

The Indictment in this case charges the Defendant, Jeffery William Paul, with two different crimes and reads as follows:

Count 1

On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the Defendant, Jeffery William Paul, and another individual known to the Grand Jury, while aiding and abetting each other, within the confines of the Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to Title 18 U.S.C. §7(3), did, with malice aforethought, kill Sherman Williams, by means of gunshot wounds, in the perpetration of a robbery, in violation of 18 U.S.C. §1111(a) and §2.

Count 2

On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the Defendant, Jeffery William Paul, and another individual known to the Grand Jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to Title 18 U.S.C. §7(3), did, knowingly carry and use a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to-wit: a robbery in the National Park, Hot Springs, Arkansas, on or about June 22, 1995, as set forth in Count 1 of this Indictment which is realleged and incorporated by reference herein, in violation of Title 18 U.S.C. §924(c)(1) and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18 U.S.C. §1111, in that the Defendant did unlawfully kill

DEFENDANT'S PROPOSED INSTRUCTION NO. 10 (Page 2)

Sherman Williams by shooting him with the firearm in the perpetration of the robbery and attempted perpetration of the robbery in violation of Title 18 U.S.C. §924(i)(1) and Title 18 U.S.C. §2.

The Defendant has pled not guilty to these charges.

8th Cir. No.3.06

DEFENDANT'S PROPOSED INSTRUCTION NO. 11

3.06 INDICTMENT NOT EVIDENCE; PRESUMPTION OF INNOCENCE; BURDEN OF PROOF (SINGLE DEFENDANT, MULTIPLE COUNTS)

As I told you at the beginning of the trial, an Indictment is simply an accusation. It is not evidence of anything. To the contrary, the Defendant is presumed to be innocent. Thus the Defendant, even though charged, begins the trial with no evidence against him. The presumption of innocence alone is sufficient to find the Defendant not guilty and can be overcome only if the Government proves, beyond a reasonable doubt, each essential element of the crime charged.

Keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count.

8th Cir. No. 3.11

DEFENDANT'S PROPOSED INSTRUCTION NO. 12

3.11 REASONABLE DOUBT

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

DEFENDANT'S PROPOSED INSTRUCTION NO. 13

There are two types of evidence which are generally presented during a trial - direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes absolutely no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in this case. After weighing all the evidence, if you are not convinced of the guilt of the Defendant beyond a reasonable doubt, you must find him not guilty.

1 Devitt, Blackmar, Wolff & O'Malley, Federal Jury Practice and Procedure, 337, §12.04 (4th Ed. 1992) [Direct and Circumstantial Evidence]

DEFENDANT'S PROPOSED INSTRUCTION NO. 14

The Indictment charges that the offense alleged was committed "on or about" a certain date.

Although it is necesssary for the Government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the Government to prove that the offense was committed precisely on the date charged.

1 Devitt, Blackmar, Wolff & O'Malley, Federal Jury Practice and Procedure, 393, §13.05 (4th Ed. 1992) ["On or About" - Explained].

DEFENDANT'S PROPOSED INSTRUCTION NO. 15

In order to sustain its burden of proof for the crime of first degree felony murder as charged in count 1 of the Indictment, the Government must prove the following three (3) essential elements beyond a reasonable doubt:

One: The acts or act of killing Sherman Williams was without lawful justification;

Two: The acts or act of killing were done with malice aforethought; and

Three: Such acts or act of killing were done in the perpetration of a robbery.

For you to find the Defendant guilty of the crime charged under count 1, the Government must prove all of these essential elements beyond a reasonable doubt; otherwise, you must find the Defendant not guilty under count 1.

2 Devitt,Blackmar and Omalley, Federal Jury Practice and Instructions, 116, § 38B.18 (4th ed Supp. 1996) ["Felony Murder - The Essential Elements of the Offense Charged"].

DEFENDANT'S PROPOSED INSTRUCTION NO. 16

To kill "with malice aforethought" means either to kill another human being deliberately and intentionally or to act with extreme disregard for the human life of another.

2 Devitt, Blackmar and O'Malley, Federal Jury Practice and Instructions, 93, §38B.04 (4th ed. Supp. 1996) ["Malice Aforethought" and "Premeditation - Defined"] (modified).

DEFENDANT'S PROPOSED INSTRUCTION NO. 17

In determining whether the Government has sustained its burden of proof on the question of whether the Defendant acted "with malice aforethought", you may consider whether or not the Defendant used a weapon or other instrument and you may also consider the manner in which death was caused.

2 Devitt, Blackmar and O'Malley, Federal Jury Practice and Instructions, 108, § 38B.10 (4th ed. Supp. 1996) ["The Use of a Weapon - Inference Permitted"].

DEFENDANT'S PROPOSED INSTRUCTION NO. 18

You may not find the Defendant guilty of first-degree murder by reason of a killing during the perpetration of a robbery, unless you find beyond a reasonable doubt that at the time of the killing the Defendant was engaged in the perpetration of a robbery as defined in these instructions.

2 Devitt, Blackmar and O'malley, Federal Jury Practice and Instructions, 117, § 38B.19 (4th ed. Supp. 1996) ["Felony Murder - Guilt of Felony or Attempted Felony"].

DEFENDANT'S PROPOSED INSTRUCTION NO. 19

The crime of robbery has three (3) essential elements which are:

One: That Sherman Williams had in his possession, or on his person or presence, anything of value;

Two: That the Defendant took and carried away anything of value from Sherman Williams by force or violence; and,

Three: That the taking occurred within the boundaries of the Hot Springs National Park.

DEFENDANT'S PROPOSED INSTRUCTION NO. 20

Possession of property recently stolen, if not satisfactorily explained, is a circumstance from which a jury may infer that the person in possession of it not only knew that the property was stolen, but also participated in the theft in some way.

Possession of property in one state which was recently stolen in another state, if not satisfactorily explained, is a circumstance from which a jury may infer that the person in possession of it not only knew that the property was stolen, but also transported it, or caused it to be transported, in interstate commerce.

The term "recently" is a relative one and has no fixed meaning. Whether property may be considered as "recently stolen" depends upon the nature of the property and all of the other evidence received in the case.

If you should find beyond a reasonable doubt from the evidence in the case that the property described in the Indictment was stolen and that, while recently stolen, the property was in the possession of the Defendant, you may infer from these facts not only that the Defendant knew that the property was stolen, but also that the Defendant participated in some way in the theft of the property and transported it, or caused it to be transported, in interstate commerce.

It is solely for the jury to determine what inferences, if any, should be drawn from the evidence received in this case.

I remind you, however, that the Government has the obligation to prove the charge beyond a reasonable doubt and that the Defendant is not required to call any witnesses or produce any evidence.

1 Devitt, Blackmar, Wolff & O'Malley, Federal Jury Practice and Instructions, 591-592, §16.10 (4th Ed. 1992) ["Possession of Recently Stolen Property - Inferences Permitted"].

DEFENDANT'S PROPOSED INSTRUCTION NO. 21

The law permits the jury to determine whether the Government has proven the guilt of the Defendant for any other offense which is, by its very nature, necessarily included in the crime charge in count I of the Indictment.

If, therefore, you unanimously find the Defendant, JEFFERY WILLIAM PAUL, "not guilty" of the crime of Murder in the First Degree as charged in count I of the Indictment, or if after reasonable efforts you are unable to decide unanimously on the guilt or innocence of the Defendant for this charge, then you must proceed to determine whether or not the Government has proven the guilt of the Defendant, JEFFERY WILLIAM PAUL, beyond a reasonable doubt for any other offense necessarily included in that charge.

The crime of Murder in the First Degree as charged in count I of the Indictment necessarily includes the other offense of Murder in the Second Degree.

In order to sustain this burden of proof of the crime of Murder in the Second Degree included in the charge contained in count I of the Indictment, the Government must establish the following two (2) essential elements beyond a reasonable doubt:

1. The Defendant, JEFFERY WILLIAM PAUL, killed Sherman Williams without lawful justification; and,

2. The Defendant, JEFFERY WILLIAM PAUL, with malice aforethought.

2 Devitt, Blackmar and O'Malley, Federal Jury Practice and Instructions, §38B.06 (4th ed. Supp. 1996) ["Lesser Included Offense - Murder in the Second Degree"].

DEFENDANT'S PROPOSED INSTRUCTION NO. 22

When, upon the trial of the charge of murder, the jury is convinced beyond a reasonable doubt from the evidence in the case that the crime of murder has been committed by the accused, but has a reasonable doubt as to whether the murder was in the first or in the second degree, the jury should, of course, give the accused the benefit of that doubt, and return a verdict of guilty to the lesser included offense of Murder in the Second Degree.

2 Devitt,Blackmar and O'Malley, Federal Jury Practice and Instructions, §38B.07 (4th ed. Supp. 1996) ["Second Degree Murder"].

8[th] Cir. No. 2.04

DEFENDANT'S PROPOSED INSTRUCTION NO. 23

2.04 JUDICIAL NOTICE (RULE 201, F.R.E.)

Even though no evidence has been introduced about it, I have decided to accept as proved the fact that Hot Springs Mountain, Hot Springs, Arkansas, is within the exclusive jurisdiction of the United States. I believe this fact can be so accurately and readily determined from Acts of the United States and Arkansas that it cannot reasonable be disputed. You may, therefore, treat this fact as proved, even though no evidence was brought out on the point. As with any fact, however, the final decision whether or not to accept it is for you to make and you are not required to agree with me.

8[th] Cir. No. 6.18.924C
(modified with 3.09)

DEFENDANT'S PROPOSED INSTRUCTION NO. 24

6.18.924C FIREARMS - CRIME OF VIOLENCE [18 U.S.C. §924(c)]

3.09 ELEMENTS OF OFFENSE; BURDEN OF PROOF

The crime of using a firearm during and in relation to a crime of violence as charged in count 2 of the Indictment has two essential elements, which are:

One, the Defendant committed the crime of murder in the first degree;

Two, during and in relation to the commission of that crime, the Defendant knowingly used a firearm.

The phrase "used a firearm" means that the firearm was actively employed in the course of the commission of the crime. You may find that a firearm was used during the commission of the crime of murder in the first degree if you find that it was fired.

For you to find the Defendant guilty of the crime charged under count 2, the Government must prove all of the essential elements beyond a reasonable doubt. Otherwise, you must find the Defendant not guilty under count 2.

8th Cir. No. 5.01

DEFENDANT'S PROPOSED INSTRUCTION NO. 25

5.01 AIDING & ABETTING [18 U.S.C. §2(a)]

A person may be found guilty of any crime even if he aided and abetted the commission of that crime.

In order to have aided and abetted the commission of a crime, a person must, before or at the time the crime was committed:

(1) have known the crime was being committed or going to be committed; and

(2) have knowingly acted in some way for the purpose of causing, encouraging or aiding the commission of such crime.

For you to find the Defendant guilty of any crime by reason of aiding and abetting, the Government must prove beyond a reasonable doubt that all of the essential elements of the crime were committed by some person or persons and that the Defendant aided and abetted the commission of that crime.

[You should understand that merely being present at the scene of an event, or merely acting in same way as others or merely associating with others, does not prove that a person has become an aider and abetter. A person who has no knowledge that a crime is being committed or about to be committed, but who happens to act in a way which advances some offense, does not thereby become an aider and abetter.]

8th Cir. No. 7.05

DEFENDANT'S PROPOSED INSTRUCTION NO. 26

7.05 PROOF OF INTENT OR KNOWLEDGE

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the Defendant, and all the facts and circumstances in evidence which may aid in a determination of Defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

8th Cir. No. 4.01

DEFENDANT'S PROPOSED INSTRUCTION NO. 27

4.01 DEFENDANT'S FAILURE TO TESTIFY

There is no burden upon a defendant to prove that he is innocent. According, the fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

8th Cir. No. 3.12

DEFENDANT'S PROPOSED INSTRUCTION NO. 28

3.12 ELECTION OF FOREPERSON; DUTY TO DELIBERATE; PUNISHMENT NOT A FACTOR; COMMUNICATIONS WITH COURT; CAUTIONARY; VERDICT FORM

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict - whether guilty or not guilty - must be unanimous.

Each of you must make your own conscientious decisions, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if the Defendant is found guilty, the sentence to be imposed will be submitted to you separately. You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

Fourth, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone -

DEFENDANT'S PROPOSED INSTRUCTION NO. 28 (Page 2)

including me - how your votes stand numerically.

Fifth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. The form reads: (read form). You will take this form to the jury room, and when each of you has agreed on the verdict(s), your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

If more than one form was furnished, you will bring the unused forms in with you.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 29

Members of the jury, at the beginning of this trial I told you that a capital case such as this potentially has two stages:

(a) The first stage requires the jury to determine whether the government can prove its charges against the defendant beyond a reasonable doubt;

(b) The second stage, if any, occurs only if the jury determines that the government has proved its charges against the defendant beyond a reasonable doubt and, in the second stage, the jury is required to consider whether the death penalty should be imposed on the defendant.

1. By your verdict, you have unanimously found the defendant guilty of the offense charged in counts 1 and 2 of the indictment. Accordingly, we now move to the second stage of this capital proceeding which is the penalty phase of the trial.

2. The law of the United States provides that the punishment for first degree murder may be :

(a) death;

(b) life imprisonment without possibility of release.

3. In this second phase of the trial, it will be your responsibility to make the following determinations with respect to the sentence to be imposed upon the defendant:

(a) whether you unanimously find that there are aggravating circumstances; and, if so

(b) whether any one or more of the jurors find that there are mitigating circumstances; and, if so

(c) whether aggravating circumstances outweigh mitigating circumstances; and, finally

(d) whether defendant should be sentenced to death, to life imprisonment without possibility of release.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 29 (Page 2)

4. You are told that you must not consider the race, color, religious beliefs, national origin, or sex of the defendant or of the victim in deciding whether to impose the death penalty.

At the time you return your verdict, each of you will be required to certify that he or she has not been influenced by such factors in connection therewith.

5. This second phase of the trial will proceed in the following fashion:

(a) First, the government will make an opening statement, which is simply an outline to help you understand the evidence concerning alleged aggravating factors which it intends to try to put before you for your consideration.

(b) Next, the defendant's counsel may -- but, of course, do not have to -- make an opening statement which, again, would simply be an outline to help you understand the evidence concerning any alleged mitigating factors which the defendant may intend to try to put before you for your consideration.

(c) The government will then be permitted to present any witnesses and/or other evidence it may have concerning any alleged aggravating circumstances, and counsel for defendant will be allowed to cross examine any such witnesses and contest the appropriateness of any other evidence which may be offered by the government.

(d) Following the government's presentation, the defendant may, if he wishes, present any witnesses and/or other evidence he may have concerning any alleged mitigating circumstances, and counsel for the government will be allowed to cross examine any such witnesses and contest the appropriateness of any other evidence which may be offered by the defendant.

6. In this second phase of the trial, there are certain rules and principles which you should keep in mind and must follow:

DEFENDANT'S PROPOSED PUNISHMENT PHASE I NSTRUCTION NO. 29 (Page 3)

(a) You will recall that, in the first phase of the case, you were told that the government must prove its contentions beyond a reasonable doubt. That requirement remains the same in this second phase of the case -- the government is required to prove any aggravating factors beyond a reasonable doubt.

(b) You will also recall that, in the first phase of the case, you were told that the defendant was not required to prove anything; that he had no legal obligation to testify; to call witnesses; to present evidence; or to present any case at all. You were also told that you could not consider -- in connection with your deliberations as to whether the charges against defendant had been proved beyond a reasonable doubt -- the fact that defendant may not have testified or that he may not have seen fit to present any evidence at all.

You are told that the foregoing instructions still apply in this second phase of the case with respect to the aggravating factors alleged by the government. That is to say, the defendant has no obligation to testify or to try to present any evidence to disprove the government's assertions -- the government must prove any aggravating factors beyond a reasonable doubt.

However, you are further told that, in this second phase of the trial, defendant does have an obligation to prove any mitigating factors by a preponderance of the evidence -- not beyond a reasonable doubt.

When a party is obligated to prove something by a preponderance of the evidence, that party has to produce evidence which, considered in the light of all the facts, leads you to believe that what that party claims is more likely true that not. To put it differently, if you were to put the evidence offered by the opposing parties on opposite sides of a set of scales, the evidence offered by the party trying to prove something must cause the scales to tip somewhat on that party's side.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 29 (Page 4)

If the party trying to prove something doesn't make the scales tip -- or if you cannot say that the scale tips either way -- then you must conclude that the party did not prove the issue by a preponderance of the evidence.

7. Except as modified by these instructions, my earlier instructions remain in effect and you will continue to be guided by them.

8. I will give you more instructions when both sides have completed their presentations in this second phase of the trial and those instructions -- as well as these I am giving you now -- will be in writing and will be available to you in the jury room while you are deliberating.

9. As I did at the conclusion of the first phase of the trial, after I have given you further instructions, the attorneys will once again be given an opportunity to present their summations in which they will give you their thoughts on the law and the evidence applicable to the issues to be decided by you.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 30

Members of the jury, you have unanimously found the defendant guilty of the offenses charged in Counts 1 and 2 of the indictment. You must now consider whether justice requires that the defendant be sentenced to death or life imprisonment without the possibility of release.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 31

Regardless of any opinion you may have as to what the law may be - or should be - it would be a violation of your oaths as jurors to base your verdict upon any view of the law other than that given to you in these instructions.

Some of the legal principles that you must apply to this sentencing decision duplicate those you followed in reaching your verdict as to guilt or innocence. Others are different. I have prepared full instructions on the law applicable to the sentencing decision in order to ensure that you are clear in your duties at this extremely serious stage of the case. I have also prepared a special verdict form that you will complete. The form details special findings you are asked to make in this case and will help you perform your duties properly.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 32

As I have just instructed you, the government must meet its burden of proof beyond a reasonable doubt. A "reasonable doubt" is doubt based upon reason and common sense after careful and impartial consideration of all the information received in this trial. It is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

The defendant does not have the burden of disproving the existence of anything the government must prove beyond a reasonable doubt. The burden is wholly upon the government -- the law does not require the defendant to produce any evidence at all.

It is the defendant's burden to establish any mitigating factors -- but only by a preponderance of the evidence. This is a lesser standard of proof under the law than proof beyond a reasonable doubt. A factor is established by a preponderance of the evidence if its existence is shown to be more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, produces in your mind the belief that something is more likely true than not.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 33

In making all the determinations you are required to make in this phase of the trial, you may consider any evidence that was presented during the guilt phase of the trial as well as any evidence that is presented at this sentencing phase of the trial.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it. As I instructed you previously, in deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 34

This case involved, in part, an undercover FBI investigation. This tool is often necessary because certain crimes are committed in secret or under cover, that is to say, under circumstances so secretive that the participants to the crime might never be discovered of persons cooperating with the government were not themselves permitted to participate to some extent. The planning to commit a crime is often done in secret, not likely to be detected as long as the participants maintain their secret. In order to investigate such criminal activities, stealth and strategy must be permitted as weapons in the arsenal of law enforcement officials. That is why it is sometimes necessary for the government to use strategies, artifices, ruses, undercover agents, investigators, or cooperating witnesses who may conceal their true intentions when investigating possible criminal activities. Doing so in the case was entirely lawful.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. __ 35

You have heard tape recordings of conversations. These conversations were legally recorded and you may consider the recordings just like any other evidence

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 36

As you have also heard, there is a typewritten transcript of the tape recording I just mentioned. That transcript also undertakes to identify the speakers engaged in the conversation.

You are permitted to have the transcript for the limited purpose of helping you follow the conversation as you listen to the tape recording and also to help you keep track of the speakers. The transcript, however, is not evidence. The tape recording itself is the primary evidence of its own contents.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the conversation or the identities of the speakers is entirely for you to decide based upon what you have heard here about the preparation of the transcript and upon your own examination of the transcript in relation to what you hear on the tape recording. If you decide that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

Differences in meaning between what you hear in the recording and read in the transcript may be caused by such things as the inflection in a speaker's voice. You should, therefore, rely on what you her rather than what you read when there is a difference.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. __ 37

You have heard evidence that witnesses Derrick Bell and Jonah Jones were once convicted of a crime. You may use that evidence only to help you decide whether to believe the witnesses and how much weight to give their testimony.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 38

The death penalty may be imposed only on persons who were eighteen years of age or older at the time of the offense.

If you find that the government met its burden of proof in this regard, you should so indicate on the appropriate page of the Special Verdict Form and continue your deliberations. If you find that the government did not meet its burden of proof in this regard, you should so indicate on the appropriate page of the Special Verdict Form, and no further deliberations will be necessary.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. _ 39

Before you may consider the imposition of the death penalty, you must first unanimously find beyond a reasonable doubt that the defendant intentionally aided and abetted in the killing of Sherman Williams.

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

If you find that the government met its burden of proof in this regard, you should so indicate on the appropriate page of the Special Verdict Form and continue your deliberations.

If you find that the government did not meet its burden of proof in this regard, you should so indicate on the appropriate page of the Special Verdict Form, and no further deliberations will be necessary.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 40

If you unanimously find beyond a reasonable doubt that defendant intentionally aided and abetted in the killing of Sherman Williams, you must then proceed to determine whether the government has proven beyond a reasonable doubt the existence of any of the following alleged statutory aggravating factors:

1. That the defendant committed the offenses in an especially heinous, cruel or depraved manner in that they involved torture or serious physical abuse to Sherman Williams;

2. That the defendant committed the offenses in the expectation of the receipt of something of pecuniary value; or

3. That Sherman Williams was particularly vulnerable due to old age.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 41

To establish that the defendant killed the victim in an especially heinous, cruel, or depraved manner, the government must prove that the killing involved either torture or serious physical abuse to the victim. The terms "heinous, cruel, or depraved" are stated in the disjunctive: any one of them individually may constitute an aggravating circumstance warranting imposition of the death penalty.

"Heinous" means extremely wicked or shockingly evil, where the killing was accompanied by such additional acts of torture or serious physical abuse of the victim as to set it apart from other killings.

"Cruel" means that the defendant intended to inflict a high degree of pain by torturing the victim in addition to killing the victim.

"Depraved" means that the defendant relished the killing of showed indifference to the suffering of the victim, as evidenced by torture or serious physical abuse of the victim.

"Torture" includes mental as well as physical abuse of the victim. In either case, the victim must have been conscious of the abuse at the time it as inflicted; and the defendant must have specifically intended to inflict severe mental or physical pain or suffering upon the victim, apart from killing the victim.

"Serious physical abuse" means a significant or considerable amount of injury or damage or damage to the victim's body which involves a substantial risk of death, unconsciousness, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty. Serious physical abuse -- unlike torture -- may be inflicted either before or after death and does not require that the victim be conscious of

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 41 (Page 2)

the abuse at the time it was inflicted. However, the defendant must have specifically intended the abuse apart from the killing.

Pertinent factors in determining whether a killing was especially heinous, cruel, or depraved include: infliction of gratuitous violence upon the victim above and beyond that necessary to commit the killing; needless mutilation of the victim's body; senselessness of the killing; and helplessness of the victim.

The word "especially" should be given its ordinary, everyday meaning of being highly or unusually great, distinctive, peculiar, particular, or significant.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 42

To establish that the defendant committed the offense in the expectation of the receipt of anything of pecuniary value, the government must prove, in essence, that the defendant committed the offense or assisted in committing it expecting to receive anything of pecuniary value. the words "receipt or expectation of receipt" should be given their ordinary, everyday meaning which includes obtaining or expecting to obtain something. "Anything of value" means anything in the form of money, property, or anything else having some economic value, benefit, or advantage.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 43

If the government does not satisfy each of you beyond a reasonable doubt that at least one of these statutory aggravating factors exists, you should enter a finding to that effect on the appropriate page of the Special Verdict Form, and no further deliberations will be necessary.

In the event that you unanimously find that the government has proven beyond a reasonable doubt the existence of at least one of the statutory aggravating factors, please enter that finding on the appropriate page of the Special Verdict Form.

You must then consider whether the government has proved, beyond a reasonable doubt, the existence of any non-statutory or miscellaneous aggravating factors it has alleged.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 44

As in the case for the statutory aggravating factors, you must unanimously agree that the government has proven, beyond a reasonable doubt, the existence of any of the alleged non-statutory aggravating factors before you may consider such factors in your deliberations on whether the penalty of death is the appropriate punishment for the defendant in this case.

The law permits you to consider and discuss only those aggravating factors specifically claimed by the government and listed below. You are not free to consider any other facts in aggravation which you conceive of on your own.

The non-statutory aggravating factors that the government has alleged in this case are as follows: (to be supplied by the Government).

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 45

As with the statutory aggravating factors, the government bears the burden of proving beyond a reasonable doubt the existence of any of these non-statutory aggravating factors. Please enter your findings as to the non-statutory aggravating factors on the appropriate page of the Special Verdict Form, and continue your deliberations.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 46

Before you may consider whether the penalty of death is the appropriate punishment, you must consider whether the defendant has established the existence of any mitigating factors. A mitigating factor is a fact about the defendant's life or character, or about the circumstances surrounding the intentional, aggravated killing that would suggest, in fairness, that a sentence of death is not the most appropriate punishment, or that life imprisonment without possibility of release is the more appropriate punishment.

Unlike aggravating factors, you do not need to find the existence of a statutory mitigating factor before you can proceed to determine the existence of any non-statutory mitigating factor. It is the defendant's burden to establish any mitigating factors, but only by a preponderance of the evidence. This is a lesser standard of proof under the law than proof beyond a reasonable doubt. A factor is established by a preponderance of the evidence if its existence is shown to be more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, produces in your mind the belief that what is sought to be established is, more likely than not, true.

Also, unlike aggravating factors, which you must unanimously find proved beyond a reasonable doubt in order for you to consider them in your deliberations, the law does not require unanimity with regard to mitigating factors. Any juror persuaded of the existence of a mitigating factor by a preponderance of the evidence must consider it in this case.

In the Special Verdict Form relating to mitigating factors, you are asked to report the total number of jurors that find a particular mitigating factor established by a preponderance of the evidence.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 47

The statutory mitigating factors which the defendant asserts he has proved by a preponderance of the evidence are:

1. That defendant's participation in the offense was relatively minor.

2. That defendant does not have a significant prior history of other criminal conduct.

3. That defendant committed the offense while experiencing emotional disturbance.

4. That other factors in defendant's background or character mitigate against imposition of the death sentence.

5. Another defendant, Trinity Edward Ingle, equally culpable in the crime, will not be punished by death.

The last factor, which derives from the statute, permits you to consider *anything* else about the commission of the crime or about defendant's background or character that would mitigate against imposition of the death penalty. Thus, if there are any such mitigating factors, whether or not specifically argued by defense counsel, which are established by a preponderance of the evidence, you are free to consider them in your deliberations.

The non-statutory mitigating factors defendant asserts he has proved by a preponderance of the evidence are:

1. Parental neglect and abandonment;

2. Mild neuropsychological impairment;

3. Inappropriate/inadequate family structure;

4. Chaotic instability;

5. Modeled irresponsibility;

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 47 (Page 2)

6 Modeled criminal involvement;

7. Identification with troubled peers;

8. Alcohol and drug dependence;

9. Methamphetamine enhanced violent responses; and

10. Youthfulness

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 48

You are asked on the jury form to identify any mitigating factors, statutory or non-statutory, that any one of you finds has been proved by a preponderance of the evidence, but you are not required to do so.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 49

## WEIGHING AGGRAVATION AND MITIGATION

After you have completed your findings as to the existence or absence of any aggravating or mitigating factors, you will then engage in a weighing process. In determining whether a sentence of death is appropriate, all of you must weigh any aggravating factors that you unanimously found to exist - whether category one, category two, or miscellaneous - and each of you must weigh any mitigating factor(s) that you individually found to exist.

If you unanimously conclude that the aggravating factors found to exist sufficiently outweigh any mitigating factor or factors found to exist, or in the absence of any mitigating factors, that the aggravating factors are themselves sufficient to justify a sentence of death, you may recommend a sentence of death. Keep in mind, however, that regardless of your findings with respect to aggravating and mitigating factors, you are never required to recommend a death sentence.

In reaching your findings about the aggravating and mitigating factors in this case, the instructions I gave you prior to your deliberations at the guilt phase about determinations of credibility issues apply equally here. In other words, you, the jury, determine the credibility of the witnesses and the weight to give to this testimony and the other evidence. Also, in determining whether to recommend a death sentence, you must avoid any influence of passion, prejudice, or sympathy. Your deliberations should be based upon the evidence you have seen and heard and the law on which I have instructed you.

In this regard, you should note that the statutory aggravating factor concerning the Defendant's intent duplicates the intent element of the offense. Also, you should note that the

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 49 (Page 2)

statutory aggravating factor concerning pecuniary gain duplicates one of the elements of the offense of robbery. It is stressed that you consider the importance of the quality of the information introduced at the sentencing hearing rather than its quantity. The process of weighing aggravating and mitigating factors against each other are weighing aggravating factors alone if there are no mitigating factors, in order to determine the proper punishment is not a mechanical process. In other words, you should not simply count the number of aggravating and mitigating factors and reach a decision on which number is greater; you should consider the weight and value of each factor.

The law contemplates that different factors may be given different weights or values by different jurors. Thus, you may find that one mitigating factor outweighs all aggravating factors combined. If so, you should recommend that a sentence of death not be imposed. Similarly, you may find that a particular aggravating factor outweighs all mitigating factors combined. If so, you may recommend that a sentence of death be imposed. The death penalty cannot be imposed unless the aggravating factors are themselves serious enough to warrant capital punishment. Only you, the jury, are to decide what weight or value is to be given to a particular factor in your decision-making process. You are never required to recommend a defendant's execution.

In order to bring back a verdict recommending the punishment of death, all twelve of you must unanimously vote in favor of recommending the death penalty.

18 U.S.C. §3593(c)-(e); United States v. Chandler, 996 F. 2d 1073, 1091-92, reh'g en banc denied, 5 F. 3d 1501 (11th Cir. 1993), cert. denied, 114 S.Ct. 2724 (1994); United States v. Pitera, 795 F. Supp. 546, 557 (E.D.N.Y.), aff'd, 986 F. 2d 499 (2d Cir. 1992).

This "weighing" instruction is similar to the Court's Instruction No. 44 in the Trinity Edward Ingle case (weighing process) but has been modified to reflect the holding in United States v. Pitera, supra, 546, 557.]

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 50

Consequences of Deliberations

If you unanimously return a verdict that the death penalty shall be imposed, then I am required to sentence the Defendant to death. If you unanimously return a verdict of life imprisonment without the possibility of release, I am required to impose that sentence. In other words, I cannot change your verdict.

If you unable after full and careful deliberations to reach a unanimous verdict as to either sentence, I will sentence the Defendant to life imprisonment without release.

18 U.S.C. §3591, 3593(d)-(e), 3594, 3596(a); 18 U.S.C. §3553(B); U.S.S.G. §§2A1.1 and 5K2.0; Simmons v. South Carolina, 114 S.Ct. 2187, 2190 (1994); California v. Ramos, 463 U.S. 992, 1011-14 (1983); United States v. Chandler, 996 F.2d 1073, 1086, reh'g en banc denied, 5 F.3d 1501 (11th Cir. 1993), cert. denied, 114 S.Ct. 2724 (1994); United States v. Villarreal, 963 F.2d 725, 727 (5th Cir.), cert. denied, 113 S.Ct. 353 (1992); Byrne v. Butler, 845 F.2d 501, 507 (5th Cir.), cert. denied, 487 U.S. 1242 (1988); United States v. Pitera, 795 F. Supp. 546, 552 (E.D.N.Y.), aff'd, 986 F.2d 499 (2d Cir. 1992). See generally 12 A.L.R. 3d 832 (1967).

Defense prefers this Instruction because if guilty verdicts are returned on both counts pursuant to the calendar a finding of guilt to count 1, 18 U.S.C. §1111(a), a defendant is to be sentenced to death or imprisonment for life. The defendant will not be sentenced to a term of years as reflected in count 2. 18 U.S.C. §§924(c), 924(i)(1).

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 51

It is your duty as jurors to discuss the issue of punishment with one another in an effort to reach agreement, if you can do so. Each of you must decide this remaining question for yourself, but only after full consideration of the information with the other members of the jury. Please discuss all aspects of these sentencing issues among yourselves with candor, frankness, and a due regard for the opinions of one another. While you are discussing this matter, do not hesitate to re-examine your own opinion, and to change your mind if you become convinced that you are wrong. But do not give you your honest beliefs as to the weight or the effect of the information solely because others think differently or simply to finish the case.

Remember that the parties and the court are relying upon you to give full, considered, and mature consideration to this sentencing issue. By so doing, you carry out to the fullest your oaths as jurors, to well and truly try the issues of this case and to render a just result.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 52

Defendant did not testify in this second phase of trial. There is no burden upon a defendant to prove that he should not be sentenced to death. The burden is entirely on the prosecution to prove beyond a reasonable doubt that a sentence of death is justified. Accordingly, the fact that the defendant did not testify in this phase of the trial must not be considered by you in any way, or even discussed, in arriving at your decision.

DEFENDANT'S PROPOSED PUNISHMENT PHASE INSTRUCTION NO. 53

Because I recognize that these instructions provide you with a variety of conclusions you can reach, and because your decision in this phase of the case, unlike the first, cannot be reported by pronouncing as simple a conclusion as "guilty" or "not guilty," I have prepared a form entitled "Special Verdict Form" to record your determinations.

The Special Verdict Form contains detailed instructions regarding how you are to proceed in this phase of the trial. You are to read and follow the Special Verdict Form explicitly.

You are each required to sign the Special Verdict form.